UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
IN ADMIRALTY
CASE NO.:

**SEACOAST NATIONAL BANK**,

 Plaintiff,

vs.

**M/V SLOW UR ROLL II**, a 2008 Everglades 350LX Express, Official No. 1220768, HIN: RJDE005I708 together with all masts, boilers, cables, engines, machinery, etc., *in rem*, and **STARBOARD YACHT GROUP LLC**, a Florida limited liability company, *in personam*,

 Defendants.
_____/

## VERIFIED COMPLAINT IN ADMIRALTY

 Plaintiff, SEACOAST NATIONAL BANK, ("Seacoast" or "Plaintiff"), by and through its undersigned counsel, sues Defendants, SLOW UR ROLL II, a 2008 Everglades 350LX Express, Official No. 1220768, along with her equipment, furniture, accessories, electronic equipment, personal property, apparel, belongings, fittings, sails, rigging, engines, etc. *in rem*, and STARBOARD YACHT GROUP LLC, a Florida limited liability company, *in personam*, and alleges as follows:

### Parties, Jurisdiction, and Venue

 1. This case involves the foreclosure *in rem* of a statutory mortgage encumbering the SLOW UR ROLL II, a 2008 Everglades 350LX Express, Official No. 1220768, together with all masts, boilers, cables, engines, machinery, bowsprits, sails, rigging, boats, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, equipment and supplies, and all fishing and other

85134797;1

appurtenances and accessories and additions, improvements and replacements now or hereafter belonging thereto, whether or not removed there from.

2. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3. This Court has jurisdiction over this proceeding under 28 U.S.C. § 1333, 46 U.S.C. §§ 31301-31343, under the General Maritime Law of the United States.

4. Defendant SLOW UR ROLL II, Official No. 1220768 and Hull ID RJDE005I708 ("Vessel") is a 2008 Everglades 350LX Express that, upon information and belief, will be located in Broward County, Florida, within the Southern District of Florida.

5. Defendant STARBOARD YACHT GROUP LLC ("Borrower"), is the owner of the Vessel, and is a Florida limited liability company with its principal place of business in Broward County, Florida.

6. Venue is proper within the Southern District of Florida pursuant to the provisions of 28 U.S.C. § 1391, and under the General Maritime Law of the United States, as the Vessel is currently located within this District in Broward County, Florida, or will be located within the district while the action is pending.

7. Plaintiff is a banking institution authorized to do business in the state of Florida.

## The Loan and the Loan Documents

8. On or about July 17, 2020, Plaintiff made a loan ("Loan") to the Borrower. To evidence the Loan, Borrower executed and delivered a Promissory Note ("Note") dated July 17, 2020, and became indebted, to Plaintiff in the original principal amount of $176,503.10. The Note

called for 240 payments of principal and interest due monthly, beginning August 17, 2020.  A true and correct copy of the Note is attached as **Exhibit A**.

9. In order to secure payment of the Note and interest thereon, on July 17, 2020, Borrower executed a First Preferred Ship Mortgage ("Mortgage"), encumbering the Vessel.  A true and correct copy of the Mortgage is attached as **Exhibit B**.

10. By the terms of the Mortgage, Borrower mortgaged the Vessel along with her equipment, furniture, accessories, electronic equipment, personal property, apparel, belongings, fittings, sails, rigging, engines, *etc.* to Plaintiff to secure payment of all sums due under the Note and Mortgage to Plaintiff.

11. The Vessel is a documented vessel of the United States.

12. The Mortgage was filed in substantial compliance with 46 U.S.C. § 31321(b) with United States Coast Guard Vessel Documentation Center.

13. The Note, Mortgage, and all other documents executed and delivered from time to time in connection with, or otherwise evidencing, securing, or related to, the Loan are collectively referred to as the "Loan Documents."

## The Defaults and Amounts Due

14. Borrower is in default under the terms of the Note, Mortgage, and all other Loan Documents, by failing to make payments as and when due, including those payments due on November 17, 2025 and December 17, 2025.

15. Additionally, Borrower is in default under the terms of the Mortgage and all other Loan Documents by creating, incurring, or permitting a lien to be placed or imposed on the Vessel, and by mortgaging the Vessel without permission of the Plaintiff. *See* Mortgage, Art. I ¶¶ 5, 10. On June 24, 2024, Locality Bank recorded a Preferred Ships Mortgage on the Vessel with United

States Coast Guard Vessel Documentation Center. A true and correct copy of the abstract provided by the United States Coast Guard Vessel Documentation Center is attached as **Exhibit C.**

16. As a result of the defaults, the Note and Mortgage provide that Plaintiff may demand full payment of the unpaid principal balance, accrued interest, fees, costs and charges, repossess the Vessel, and foreclose on the Vessel.

17. On December 18, 2025, Plaintiff sent a letter ("Demand Letter") to Borrower, accelerating the indebtedness and demanding payment in full of all sums due under the Note and other Loan Documents, but payment has not been made. A true and correct copy of the Demand Letter is attached as **Exhibit D**.

18. By its Demand Letter, Plaintiff further demanded that Borrower make the Vessel immediately available to Plaintiff for inspection. Borrower further defaulted under the terms of the Mortgage and other Loan Documents by failing to respond to such demand.

19. On January 9, 2026, Plaintiff sent a letter ("Reaffirming Demand Letter") to Borrower, reaffirming its demand for payment in full of all sums due under the Note and other Loan Documents, but payment has not been made. A true and correct copy of the Reaffirming Demand Letter is attached as **Exhibit E**.

20. Borrower is indebted to Plaintiff under the Note in the total principal amount of $143,054.75, plus accrued and unpaid interest of $2,345.64 through and including January 23, 2026 (with a per diem thereafter of approximately $70.5475), plus attorneys' fees and costs accrued and accruing under the Note and Mortgage, plus any other expenses as may be due under the Note and Mortgage, including, without limitation, substitute custodian expenses, the expenses of arrest, taxes, insurance, and sums advanced by Plaintiff, together with interest thereon.

21. Plaintiff owns and holds the Note and all Loan Documents, and thus, it is entitled to all of the rights and remedies provided for under the Loan Documents and provided under federal law.

22. All conditions precedent to Plaintiff's rights under the Loan Documents and to the bringing of this action have occurred, been waived, or been otherwise satisfied.

23. Plaintiff has retained the services of the undersigned attorneys in connection with the collection of the indebtedness due under the Note, and has agreed to pay them a reasonable fee for their services. Pursuant to page 2 of the Note and page 2 of the Mortgage, Plaintiff is entitled to recover its attorneys' fees herein.

24. Actual notice of this Complaint will be given to the custodian, caretaker, or master of the Vessel, and to any person, firm, or corporation with a recorded notice of claim of an undischarged lien upon the Vessel in accordance with 46 U.S.C. § 31325(d).

## COUNT I – FORECLOSURE OF SHIP MORTGAGE *IN REM*

25. The allegations of Paragraphs 1–24 above are incorporated herein and made a part hereof.

26. Plaintiff holds a valid and subsisting Mortgage on the Vessel. *See* Ex. B.

27. Borrower defaulted under the terms of the Note and Mortgage referenced above, where Borrower failed to make the payments due on November 17, 2025 and December 17, 2025, failed to make the Vessel available to Plaintiff for inspection, and by creating, incurring, or permitting a lien to be placed or imposed on the Vessel and by granting a mortgage on the Vessel to Locality Bank without permission of the Plaintiff. *See* Exs. A, B, C.

28. Plaintiff alleges that Vessel is liable, *in rem*, for all debts still owed on the Mortgage, as the Vessel is now in default.

29. Borrower is indebted to Plaintiff under the Note in the total principal amount of $143,054.75, plus accrued and unpaid interest of $2,345.64 through and including January 23, 2026 (with a per diem thereafter of approximately $70.5475), plus attorneys' fees and costs accrued and accruing under the Note and Mortgage, plus any other expenses as may be due under the Note and Mortgage, including, without limitation, substitute custodian expenses, the expenses of arrest, taxes, insurance, and sums advanced by Plaintiff, together with interest thereon.

30. The Mortgage provides that in the event of default, Mortgagee "may sell the Vessel, free from any claim by Owner of any nature whatsoever, in the manner provided by law." *See* Ex. B, Art. II, §1(C).

31. The Mortgage also provides that Mortgagee may exercise "all powers or remedies now or hereafter existing in admiralty, in equity, at law or by statute," *see* Ex. B, Art. II, § 3, and because the Mortgage is a preferred mortgage on a documented vessel, under 46 U.S.C. §§ 31325, 31326, the Mortgagee may enforce it in a civil action *in rem* and the Vessel may be sold to pay the preferred mortgage lien.

32. Pursuant to the Mortgage and 46 U.S.C. §§ 31325 and 31326, Plaintiff is entitled to foreclose its statutory ship mortgage against the Vessel, and to recover all sums due and owing, including its reasonable attorneys' fees, costs, interest and expenses. *See* Ex. B.

**WHEREFORE**, Plaintiff, SEACOAST NATIONAL BANK, requests from this Court the following:

(a) That all persons that have any claim and interest in said Vessel may be cited to appear and answer before the matters aforesaid, that said Vessel may be condemned and sold to pay the demands aforesaid, with interest, costs and reasonable attorney's fees, and to pay any other amounts to be paid to Plaintiff, and that Plaintiff have such other and

further relief as in law and justice it may be entitled to receive;

(b) That the Mortgage on said Vessel be declared to be a valid and subsisting lien against said Vessel, superior to the interest, liens, or claims of any and all persons, firms, or corporations whatsoever, except such persons, firms, or corporations as have preferred maritime liens over said Vessel;

(c) That Defendants be found in default of the payment of the sums found to be due and payable to Plaintiff under the Note and Mortgage;

(d) That all persons, firms, and corporations claiming any interest in said Vessel, including Defendants, are forever barred and foreclosed of all right or equity of redemption or claim of, in, or to said mortgaged Vessel;

(e) That this Court shall direct the manner in which actual notice of the commencement of this suit shall be given by Plaintiff to the master, ranking officer or caretaker of said vessel, and to any persons, firms or corporations having interest therein;

(f) That judgment be entered for Plaintiff against the Defendants for the debt evidenced by the Note and Mortgage in the amount (as of January 23, 2026) of $145,400.39, with per diem interest thereafter in the amount of $70.5475 each day, plus costs, post judgment interest, expenses and attorneys' fees;

(g) That the Vessel be condemned and sold to pay the demands aforesaid, together with all interest, costs, expenses and attorneys' fees;

(h) That the Plaintiff be permitted to credit bid all or part of its judgment against the Vessel at any court ordered sale of the Vessel in lieu of cash;

(i) That the proceeds of the sale of the subject Vessel be disbursed and applied to pay the fees, costs, and expenses of this action and the amounts due Plaintiff herein; and

  (j)  That Plaintiff be awarded any other and further relief as this Court may deem just and proper.

## COUNT II – BREACH OF NOTE AGAINST BORROWER

  33.  The allegations of Paragraphs 1–24 above are incorporated herein and made a part hereof.

  34.  Borrower defaulted under the terms of the Note and Mortgage referenced above, when Borrower failed to make the payments due November 17, 2025 and December 17, 2025, by failing to make the Vessel available to Plaintiff for inspection, by creating, incurring, or permitting a lien to be placed or imposed on the Vessel, and by mortgaging the Vessel without permission of the Plaintiff. *See* Exs. A, B, C.

  35.  Borrower is indebted to Plaintiff under the Note in the total principal amount of $143,054.75, plus accrued and unpaid interest of $2,345.64 through and including January 23, 2026 (with a per diem thereafter of approximately $70.5475), plus attorneys' fees and costs accrued and accruing under the Note and Mortgage, plus any other expenses as may be due under the Note and Mortgage, including, without limitation, substitute custodian expenses, the expenses of arrest, taxes, insurance, and sums advanced by Plaintiff, together with interest thereon.

  36.  Plaintiff is entitled to a judgment for damages against Borrower in the amounts referenced above, less any proceeds from the sale of the Vessel.

  WHEREFORE, Plaintiff, SEACOAST NATIONAL BANK, requests from this Court the following:

  (a)  That Borrower be found in default of the payment of the sums found to be due and payable to Plaintiff under the Note;

(b) That judgment be entered for Plaintiff against Borrower for the debt evidenced by the Note in the amount (as of January 23, 2026) of $145,400.39, with per diem interest thereafter in the amount of $70.5475 each day, plus costs, post judgment interest, expenses and attorneys' fees; and

(c) That Plaintiff be awarded any other and further relief as this Court may deem just and proper.

Date: ~~January 23~~ February 2, 2026

Respectfully submitted,

/s/ Amanda Klopp
Amanda Klopp, Esq.
Florida Bar Number: 124156
E-mail: amanda.klopp@akerman.com
Jenna M. Yoss, Esq.
Florida Bar Number: 1049858
E-mail: jenna.yoss@akerman.com
**AKERMAN LLP**
777 South Flagler Drive
Suite 1100 West Tower
West Palm Beach, FL 33401
Phone: (561) 653-5000
Fax: (561) 659-6313

*Attorneys for Plaintiff*

### VERIFICATION OF COMPLAINT

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true to the best of my knowledge and belief.

a/s/Jonathan P. Taylor
Name: Jonathan Taylor
Title: Vice President, Special Assets Officer II
For Plaintiff – **SEACOAST NATIONAL BANK**

85134797;1