



Akerman LLP<br>
777 South Flagler Drive<br>
Suite 1100 West Tower<br>
West Palm Beach, FL  33401<br>
<br>
T: 561 653 5000<br>
F: 561 659 6313<br>
DirF: 561 651 1589<br>
amanda.klopp@akerman.com

January 9, 2026

**VIA CERTIFIED MAIL, REGULAR MAIL AND EMAIL (jake@starboardyacht.com)**

| | |
|---|---|
| Starboard Yacht Group LLC | Charles J. Stratmann |
| 850 NE 3rd St., Ste. 208 | 545 NE 17th Ave. |
| Dania Beach, FL 33004 | Fort Lauderdale, FL 33301 |

**Re:** **Loan of $176,503.10 ("Loan") from Seacoast National Bank ("Lender" or "Seacoast") to Starboard Yacht Group LLC ("Borrower"), as evidenced by the Promissory Note dated July 17, 2020 ("Note"), secured by a Commercial Guaranty ("Guaranty") from Charles J. Stratmann ("Guarantor") and a First Preferred Ship Mortgage ("Mortgage") granted by Borrower as Owner of the vessel, Slow Ur Roll II, a 2008 Everglades 350LX Express, Official No. 1220768, Hull ID RJDE005I708 ("Vessel"), including any and all related security documents (the Note, Guaranty, Mortgage, and related security documents are collectively the "Loan Documents")**

Dear Borrower and Guarantor:

This correspondence follows my prior letter on December 18, 2025. In that correspondence, the Lender demanded that Borrower immediately make the Vessel available for inspection under the terms of the Mortgage. On my telephone conversation with Guarantor yesterday, January 8, 2026, the Guarantor declined to reveal the location of the Vessel, or whether the Vessel was insured. Although Guarantor stated that the location and insurance information would be provided in subsequent written correspondence, the Guarantor's subsequent correspondence continues to withhold the requested information concerning the Vessel. The continuing failure to make the Vessel available for inspection is an additional default under the Mortgage that has continued for more than 15 days, and is therefore another basis for Lender's acceleration of the Loan. *See* Mortgage Article I, Section 9; Article II, Section 1(a).

It has also come to Lender's attention that at least two lawsuits have been filed against Borrower, which, together with the Borrower's continued withholding of information as to the Vessel, has caused the Lender to believe that the prospect of payment or performance of this Note is impaired, and, in good faith, believes itself insecure. *See* Note, p. 2.

The Lender reaffirms the acceleration of the Loan and demand for the balance of the Loan in full. **Furthermore, effective January 9, 2026, the Lender hereby exercises its right to**

January 9, 2026
Page 2

_____

**institute the default rate of interest of 18.00% per annum, in accordance with the terms under the Note.**

The balance due on the Loan as of January 8, 2026 is $143,054.75 in principal and $1,287.43 in interest, for a total of **$144,342.18**, plus attorneys' fees and costs which have accrued and continue to accrue (the "Balance Due"). Please contact the undersigned for the total interest and legal fees and costs due as of the date you intend to pay off the Loan. Your payment must be in the form of a certified check made payable to Seacoast National Bank, mailed to Seacoast National Bank, Attn: Jonathan Taylor, 50 SE Kindred St., Ste. 203, Stuart, FL 34994, and reference Loan Number ████6326-1 in connection with the payment, or by wire pursuant to the wire instructions attached hereto. Payment should not be sent to any other individual, department, or location. If partial payment is received by Lender, it will be treated as partial satisfaction of the amounts past due, but will not be sufficient to release Borrower or Guarantor from their obligations to pay the Balance Due.

Moreover, by this letter and pursuant to the terms of the Guaranty, Guarantor is notified of the demand upon Borrower to repay the Loan in full, and Lender hereby demands the Balance Due from Guarantor in accordance with this letter.

Lender reserves the right to exercise any and all of its rights and remedies under the Loan Documents, and in law and equity.  For the avoidance of doubt, Lender has not consented to accept the Vessel as full or partial satisfaction of your obligations under the Loan.  The acceptance by Lender of any future payments on the Loan, to the extent that the Balance Due on the Loan is not timely paid in full as set forth above, shall not constitute a waiver by Lender of any defaults under the Note, and other Loan Documents executed in connection with the Loan.  The foregoing demand also is made without waiving any of Lender's other default rights and remedies available under the Note or the other Loan Documents and under applicable law, all of which rights and remedies are hereby reserved by Lender.

For the avoidance of doubt, to the extent you have received or receive any other correspondence that is inconsistent with this letter, this letter supersedes all such correspondence. We look forward to your prompt and timely response to this demand and full payment of the Loan as set forth above in order to avoid further action.

                                            Sincerely,

                                            **AKERMAN LLP**

                                            */s/ Amanda Klopp*
                                            Amanda Klopp

cc:     Jonathan Taylor

January 9, 2026
Page 3
_____

# WIRE INSTRUCTIONS

Seacoast Bank

815 Colorado Ave.

Stuart, FL 34994

ABA# ▓▓▓▓▓▓▓▓

Credit Account(s): STARBOARD YACHT GROUP

▓▓▓▓▓▓6326-00001

Special Instructions: Attn: Jonathan Taylor Ph: ▓▓▓▓▓▓▓705

84969742;1