**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
IN ADMIRALTY
CASE NO.: 0:26-cv-60289-WPD

**SEACOAST NATIONAL BANK**,

Plaintiff,
vs.

**M/V SLOW UR ROLL II**, a 2008 Everglades 350LX Express, Official No. 1220768, HIN: RJDE005I708 Together with all masts, boilers, cables, engines, machinery, etc., *in rem*, and **STARBOARD YACHT GROUP LLC**, a Florida limited liability company, *in personam*,

Defendants.
_______________________________________/

**PLAINTIFF'S MOTION FOR APPOINTMENT OF SUBSTITUTE CUSTODIAN**

Plaintiff, SEACOAST NATIONAL BANK ("Seacoast" or "Plaintiff"), by and through its undersigned counsel, and pursuant to Rule E(10) of the Local Admiralty and Maritime Rules, files this Motion requesting the Court to appoint G Robert Toney and Associates Inc. DBA National Liquidators ("Substitute Custodian" or "National Liquidators") as Substitute Custodian and represents the following:

1. On or about or about February 2, 2026, Plaintiff initiated the above-styled action against Defendant M/V SLOW UR ROLL II, a 2008 Everglades 350LX Express, Official No. 1220768, HIN: RJDE005I708 together with all masts, boilers, cables, engines, machinery, etc. ("Vessel") *in rem.*

2. Contemporaneously with the filing of this Motion, Plaintiff is filing a Motion for Warrant of Arrest *In Rem* requesting that the Court command the United States Marshal of this

District take custody of the Defendant Vessel, and to retain custody of the Vessel pending further Order of this Court.

3. Once the warrant is issued, the U.S. Marshal will execute the Warrant of Arrest, thereupon immediately seizing the Defendant Vessel. Thereafter, continual custody by the Marshal will require the services of one or more keepers at a cost of at least in excess of One Thousand eighty U.S. Dollars and 00/100 Cents (US $1,080.00) per diem exclusive of dockage and other maintenance. Notwithstanding the foregoing, pursuant to Rule E(10)(a) of the Local Admiralty and Maritime Rules in this District it is the practice of the Marshal to not take custody of any arrested vessel or execute an arrest warrant until as a substitute custodian is in place.

4. Upon information and belief, the Defendant Vessel is currently in Fort Lauderdale, FL. Subject to approval of the Court, the Substitute Custodian is prepared to keep the Vessel at its facility at 800 Old Griffin Rd, Dania Beach, FL 33004, and provide security, wharfage, and routine services for the safekeeping of the Vessel at a cost substantially less than that required by the Marshal. The Substitute Custodian has also agreed to continue providing these services pending further Order of this Court.

5. Substitute Custodian has agreed to assume the responsibility for the safekeeping of the Defendant Vessel as the Substitute Custodian.

6. Frank Kups has executed a declaration attached as **Exhibit A** in which he avers that Substitute Custodian has made adequate arrangements for the care, maintenance, and security of the Vessel. In discharging its obligation to care, maintain, and secure the Vessel, the Substitute Custodian shall comply with all orders of the Captain of the Port, United States Coast Guard, including, but not limited to, an order to move the Vessel; and any applicable federal, state, and local law, regulations and requirements pertaining to Vessel and port safety. The Substitute

Custodian shall advise the Court, the parties to the action, and the United States Marshal, of the movement of the Vessel pursuant to the Captain of the Port, within twenty-four (24) hours of any Vessel movement.

7. Frank Kups, in his declaration, also avers that Substitute Custodian possesses adequate insurance with Matsui in the amount of $5,000,000 or assets adequate to respond in damages for loss or injury to the Defendant Vessel or for damage sustained by third parties due to any acts, faults, negligence by said custodian. Further, in said declaration, Substitute Custodian accepts, in accordance with the terms of the order, possession of the Defendant Vessel, their engines, tackle, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging which are the subject of the action herein.

8. Plaintiff, in consideration of the Marshal's consent to the substitution of custody, agrees to release the United States and the Marshal from any and all liability and responsibility arising out of the care and custody of the defendant, Vessel, its engines, tackle, apparel, furniture, equipment and other necessaries thereunto appertaining and belonging from the time the Marshal transfers possession of said Vessel over to Substitute Custodian, and further agrees to hold harmless and indemnify the United States and the Marshal from any and all claims whatsoever arising out of the Substitute Custodian's possession and safekeeping.

9. In accordance with Local Admiralty Rule E(10)(c)(ii), attached to this motion as **Exhibit B**, is a Consent and Indemnification Agreement executed by or on behalf of Plaintiff and Substitute Custodian.

**WHEREFORE**, in accordance with the representations set forth in this Motion, Plaintiff, SEACOAST NATIONAL BANK, requests this Court to enter an order providing:

a. G Robert Toney and Associates, Inc. DBA National Liquidators be appointed the Substitute Custodian for the M/V SLOW UR ROLL II, a 2008 Everglades 350LX Express, Official No. 1220768, HIN: RJDE005I708 together with all masts, boilers, cables, engines, machinery, etc.; and

b. That G Robert Toney and Associates Inc. DBA National Liquidators be authorized to keep the Vessel at the location of 800 Old Griffin Rd, Dania Beach, FL 33004.

Date: February 13, 2026

Respectfully submitted,

*/s/ Amanda Klopp*
Amanda Klopp, Esq.
Florida Bar Number: 124156
amanda.klopp@akerman.com
Jenna M. Yoss, Esq.
Florida Bar Number: 1049858
jenna.yoss@akerman.com
**AKERMAN LLP**
777 South Flagler Drive
Suite 1100 West Tower
West Palm Beach, FL 33401
Phone: (561) 653-5000
Fax: (561) 659-6313
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this same day via transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

/s/ *Amanda Klopp*
Amanda Klopp, Esq.