**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
IN ADMIRALTY
CASE NO.: 0:26-cv-60289-WPD

**SEACOAST NATIONAL BANK**,

Plaintiff,

vs.

**M/V SLOW UR ROLL II**, a 2008 Everglades 350LX Express, Official No. 1220768, HIN: RJDE005I708 Together with all masts, boilers, cables, engines, machinery, etc., *in rem*, and **STARBOARD YACHT GROUP LLC**, a Florida limited liability company, *in personam*,

Defendants.
__________________________________________/

**ORDER APPOINTING SUBSTITUTE CUSTODIAN**

This matter came before the Court on the Motion for Appointment of Substitute Custodian (ECF No. 7) filed by Plaintiff, SEACOAST NATIONAL BANK ("Seacoast" or "Plaintiff"), and Plaintiff, having appeared by and through its counsel, and made the following recitals:

1. On or about or about February 2, 2026, Plaintiff initiated the above-styled action against Defendant M/V SLOW UR ROLL II, a 2008 Everglades 350LX Express, Official No. 1220768, HIN: RJDE005I708 together with all masts, boilers, cables, engines, machinery, etc. ("Vessel") *in rem*.

2. Plaintiff has also moved for an Order directing the Clerk of this Court to issue a Warrant of Arrest *In Rem* requesting that the Court command the United States Marshal of this District take custody of the Defendant Vessel, and to retain custody of the Vessel pending further Order of this Court.

3. Custody by the United States Marshal requires the services of one or more keepers

at a charge of at least $1,080.00 per day for the keepers alone and not including charges for services usually associated with safekeeping vessels similar to this Vessel.

4. Frank Kups of G Robert Toney and Associates Inc. DBA National Liquidators ("Substitute Custodian"), by Declaration filed with Plaintiff's Motion for Appointment of Substitute Custodian, avers that G Robert Toney and Associates Inc. DBA National Liquidators has arranged for adequate facilities and supervision for the proper safekeeping of the Vessel, and that it possesses insurance with Matsui in the amount of $5,000,000.00 or assets adequate to respond in damages for loss or injury to the Vessel or for damage sustained by third parties due to any acts, faults, negligence by said custodian. Further, in said Declaration, substitute custodian accepts, in accordance with the terms of this Order, possession of the Defendant Vessel.

5. Frank Kups of G Robert Toney and Associates Inc. DBA National Liquidators, by declaration, further states that G Robert Toney and Associates Inc. DBA National Liquidators has arranged for adequate facilities and supervision for and can safely keep said vessel in place of the Marshal during the pendency of suit herein and until further order of the Court. The rates to be charged by the Substitute Custodian shall be in accordance with the amounts outlined in Frank Kups' Declaration.

6. Plaintiff, in consideration of the U.S. Marshal's consent to the substitution of custody, agrees to release the United States and the Marshal from any and all liability and responsibility arising out of the care and custody of the Vessel and all other necessaries thereunto appertaining and belonging to said Vessel, over to said substitute custodian, and said Plaintiff further agrees to hold harmless and indemnify the United States and the Marshal from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping.

**WHEREFORE, IT IS HEREBY ORDERED** that the Motion is **GRANTED**, and the United States Marshal for the Southern District of Florida be and is hereby authorized and directed (upon his seizure of said Defendant Vessel, her engines, tackle, apparel, furniture, equipment, and all other necessaries thereunto appertaining and belonging, pursuant to the Warrant of Arrest) to surrender the possession thereof to the Substitute Custodian named herein, and that upon such surrender the United States Marshal shall be discharged from his duties and responsibilities for the safekeeping of said Vessel and held harmless from any and all claims arising whatever out of said substitute possession and safekeeping.

**IT IS FURTHER ORDERED** that G Robert Toney and Associates Inc. DBA National Liquidators be and is hereby appointed the Substitute Custodian of said Vessel to retain the same in its custody for possession and safekeeping for the compensation as described until further Order of this Court.

**IT IS FURTHER ORDERED** that any appurtenances or parts of the Vessel which have been removed from the Vessel shall be taken into custody by the U.S. Marshal, and shall be turned over to the Substitute Custodian.

**IT IS FURTHER ORDERED** that G Robert Toney and Associates Inc. DBA National Liquidators may keep the Vessel at the location of 800 Old Griffin Rd, Dania Beach, FL 33004.

**IT IS FURTHER ORDERED** that all Marshal’s costs be paid prior to release of said Vessel and all further constructive costs will be borne by Plaintiff, Centennial Bank.

**IT IS FURTHER ORDERED** that the Substitute Custodian must acknowledge receipt for the M/V SLOW UR ROLL II and the U.S. Marshal shall attest to the date and time of release on a certified copy thereof.

**DONE AND ORDERED** at Fort Lauderdale, Broward County, Florida, this _____ day of February, 2026.

______________________________________
UNITED STATES DISTRICT JUDGE
WILLIAM P. DIMITROULEAS

Copies to:
Counsel of record
United States Marshal