# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION
# IN ADMIRALTY

## CASE NO.: 0:26-cv-60289-WPD

SEACOAST NATIONAL BANK,

Plaintiff,

v.

M/V SLOW UR ROLL II, a 2008 Everglades 350LX Express, Official No. 1220768, HIN: RJDE0051708, Together with all masts, boilers, cables, engines, machinery, etc., *in rem*, and STARBOARD YACHT GROUP LLC, a Florida limited liability company, *in personam*,

Defendants.

_____/

## CLAIMANT CHARLES JACOB STRATMANN'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Claimant Charles Jacob Stratmann ("Claimant" or "Stratmann"), appearing pro se in his individual capacity as the personal guarantor of the Note at issue, as the sole member and manager of Defendant Starboard Yacht Group LLC ("SYG"), and as the verified claimant to Defendant vessel M/V SLOW UR ROLL II pursuant to his Verified Claim of Interest previously filed under Supplemental Rule C(6), hereby files this Answer, Affirmative Defenses, and Counterclaim in

1

response to Plaintiff Seacoast National Bank's ("Seacoast" or "Plaintiff") Verified Complaint [DE 1].

---

## PART I — ANSWER TO VERIFIED COMPLAINT

### PRELIMINARY STATEMENT

1. Claimant is the personal guarantor of the Promissory Note dated July 17, 2020 (the "Note") executed by SYG in favor of Seacoast in the original principal amount of $176,503.10.

2. Claimant is the sole member, manager, and registered agent of SYG.

3. Claimant has a direct, substantial, and legally protectable interest in the Defendant vessel M/V SLOW UR ROLL II (the "Vessel") as the personal guarantor whose guaranty liability is directly at issue and whose personal assets are subject to the relief sought.

4. Claimant previously filed a Verified Claim to the Vessel pursuant to Supplemental Rule C(6) for Certain Admiralty and Maritime Claims, reflected in the workspace filing set as filed on March 11, 2026, and this Answer is timely filed.

5. Claimant's standing in this filing is asserted in claimant posture under Supplemental Rule C(6), not as a renewed request for discretionary intervention under Rule 24. To the extent prior intervention relief was denied, Claimant asserts

2

this responsive filing on the separate basis of a previously filed verified claim to the arrested vessel.

### RESPONSES TO ALLEGATIONS

6. Claimant admits that Seacoast is a banking institution and that it held a Promissory Note dated July 17, 2020 in the original principal amount of $176,503.10, executed by SYG.

7. Claimant admits that a First Preferred Ship Mortgage was executed and recorded against the Vessel.

8. Claimant admits that scheduled monthly payments were not made in October, November, and December 2025.

9. Claimant denies that the defaults were willful or that the claimed balance is accurate as stated, and affirmatively states that Claimant communicated with Seacoast regarding the payment status and the reasons for the temporary payment disruption, which were directly caused by the coordinated enterprise conduct described in the Counterclaim below.

10. Claimant denies that Seacoast acted in good faith in accelerating the Note and filing this action and affirmatively states that the acceleration and filing were timed and coordinated with other adverse actions against Claimant and SYG by Seacoast's conflicted counsel, Akerman LLP.

11. Claimant admits that the Vessel is described as a 2008 Everglades 350LX Express, Official No. 1220768, HIN: RJDE005I708.

12. Claimant denies all remaining allegations not specifically admitted herein.

---

## PART II — AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE: Unclean Hands / Conflicted Counsel

12. Plaintiff's claims are barred or should be reduced because Plaintiff's counsel, Akerman LLP (Amanda Klopp, Esq., FL Bar No. 124156), is operating under an irreconcilable conflict of interest that taints the prosecution of this action.

13. Akerman LLP simultaneously: (a) represents Ivankovich Family LLC as approved DIP counsel in Chapter 11 bankruptcy proceedings (Case No. 1:24-bk-15755-LMI, S.D. Fla.), where Amanda Klopp was designated as Article 9 Sale Counsel and approved by court order on July 22, 2024; (b) represents Seacoast National Bank in a separate foreclosure action against the Ivankovich entities (Case No. 1:25-cv-25958, S.D. Fla.), filed December 17, 2025; and (c) represents Seacoast National Bank in this action against SYG and the Vessel, with the demand letter sent December 18, 2025 — one day after the Ivankovich suit was filed.

14. Akerman LLP previously represented Safe Harbor Marinas / Lauderdale Marine Center ("SHM LMC") in settlement negotiations and enforcement proceedings adverse to SYG from approximately March 2024 through January 2025, thereby possessing confidential information about SYG's financial condition, vessel assets, and business operations that is directly material to this foreclosure.

15. This triple conflict violates Florida Rules of Professional Conduct 4-1.7 (concurrent conflict), 4-1.9(a) (former client adverse representation), and 4-1.9(c) (use of confidential information from prior representation).

16. Claimant provided written notice of this conflict to Seacoast National Bank on January 6, 2026. Seacoast took no corrective action.

17. A formal Bar Complaint has been filed with The Florida Bar against Amanda Klopp (Bar No. 124156) in connection with these conflicts.

### SECOND AFFIRMATIVE DEFENSE: Bad Faith Acceleration

18. Seacoast's acceleration of the Note was pretextual and made in bad faith. At the time of default, the loan was less than 60 days past due and the arrearage was less than $3,000 in missed payments on a 20-year note with approximately $143,000 remaining principal.

19. Claimant had communicated with Seacoast regarding the payment status and was working to reconcile accounts and cure the arrearage.

20. Seacoast's stated basis for "insecurity" in the January 9, 2026 demand letter — that "lawsuits have been filed against Borrower" — is circular: the referenced litigation was filed or orchestrated by the same enterprise participants whose coordinated conduct caused SYG's cash flow disruption.

### THIRD AFFIRMATIVE DEFENSE: Failure to Mitigate / Good Faith and Fair Dealing

21. Seacoast failed to act in good faith and failed to mitigate damages by: (a) refusing to accept cure or workout proposals; (b) accelerating the full Note balance over a de minimis arrearage; (c) immediately filing suit and arresting the Vessel rather than permitting orderly cure; and (d) invoking the punitive 18% default interest rate effective January 9, 2026.

22. These actions violated the implied covenant of good faith and fair dealing inherent in the loan relationship.

### FOURTH AFFIRMATIVE DEFENSE: Waiver / Estoppel

23. Seacoast's prior course of dealing, including continued acceptance of payments and modification of terms, created a reasonable expectation that minor temporary payment disruptions would be addressed through communication and cure rather than immediate acceleration and vessel arrest.

### FIFTH AFFIRMATIVE DEFENSE: Spoliation / Evidence Preservation Failure

24. Claimant has placed Seacoast and its counsel on notice of their obligation to preserve all communications, conflict disclosures, engagement records, and internal deliberations regarding the timing and basis for acceleration and filing of this action. To the extent such records have been destroyed or withheld, Claimant reserves the right to seek appropriate inference instructions and sanctions.

### SIXTH AFFIRMATIVE DEFENSE: Coordination with Enterprise Conduct

25. The timing and execution of this foreclosure action, including the December 17-18, 2025 coordination between the Ivankovich suit filing and the SYG demand letter, are part of a broader pattern of coordinated economic strangulation directed at Claimant and SYG across multiple case tracks and commercial relationships. This defense is more fully set forth in the Counterclaim below and in the related action CJS v. Madison Industries, Inc. and Seakeeper, Inc. (to be assigned, S.D. Fla.).

---

## PART III — COUNTERCLAIM

### COUNTERCLAIM PARTIES

26. Counter-Plaintiff Charles Jacob Stratmann is a natural person residing in Florida.

7

27. Counter-Defendant Seacoast National Bank is a banking institution doing business in Florida.

### COUNTERCLAIM FACTUAL ALLEGATIONS

28. The Note at issue was executed on July 17, 2020 and had a 20-year maturity date of July 17, 2040. The loan was current for over five years before the alleged default.

29. Beginning in late 2024 and continuing through 2025, Claimant and SYG were subjected to a coordinated series of adverse actions by multiple parties across multiple case tracks, including: (a) the January 31, 2025 termination of SYG's Seakeeper dealership; (b) the physical lockout of SYG from its marina facility at SHM LMC (Lauderdale Marine Center); (c) the filing of a $100,000 forced settlement demand by SHM LMC, in which Akerman LLP served as SHM LMC's counsel; and (d) the arrest of SYG's demo vessel (M/V Slow UR Roll II) in this action.

30. These coordinated actions destroyed SYG's working capital, disrupted its revenue streams, and directly caused the temporary payment interruption on the Seacoast loan.

31. On December 17, 2025, Akerman LLP — while still serving as approved DIP counsel for Ivankovich Family LLC in Chapter 11 bankruptcy — filed suit on

behalf of Seacoast against Ivankovich entities in Case No. 1:25-cv-25958 (S.D. Fla.).

32. One day later, on December 18, 2025, Akerman LLP sent the first demand and acceleration letter to SYG demanding $143,992.38.

33. The back-to-back filing against Ivankovich and demand against SYG, executed by the same conflicted counsel, is evidence of coordination rather than independent credit administration.

34. Claimant sent formal written notice of the Akerman conflict to Seacoast on January 6, 2026. Seacoast did not respond, did not investigate, and did not change counsel.

35. Instead, on January 9, 2026, Akerman sent a second demand letter invoking the 18% default interest rate and citing "lawsuits filed against Borrower" as the basis for insecurity — referencing the very litigation orchestrated by enterprise participants.

36. On February 2, 2026, Seacoast filed this foreclosure action.

37. On February 25, 2026, the Vessel was arrested pursuant to a Warrant In Rem.

38. The Vessel is material evidence in Claimant's related case against Seakeeper, Inc. and Madison Industries, Inc., as it served as SYG's primary Seakeeper demo vessel and contains Seakeeper equipment installations relevant to

trade secret and damages claims with a claimed value exceeding $26 million in the related action.

### COUNT I — ABUSE OF PROCESS

39. Claimant realleges and incorporates by reference paragraphs 26 through 38.

40. Seacoast, through its conflicted counsel Akerman LLP, used this foreclosure action and the resulting vessel arrest for an improper ulterior purpose: to seize an asset that is material evidence in Claimant's related litigation, to increase financial pressure on Claimant during an already-coordinated strangulation campaign, and to leverage a de minimis arrearage into a forced liquidation.

41. The filing of this action over a sub-$3,000 arrearage on a 20-year note that was current for five years, combined with the immediate vessel arrest and the refusal to accept cure, constitutes an abuse of the admiralty process.

42. Claimant has suffered damages as a result, including loss of use of the Vessel, accruing custodian fees, loss of the Vessel's evidentiary value, and increased litigation costs.

WHEREFORE, Claimant requests judgment on Count I, including compensatory damages and such other relief as the Court deems proper.

### COUNT II — BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

43. Claimant realleges and incorporates by reference paragraphs 26 through 38.

44. The loan relationship between SYG/Claimant and Seacoast carried an implied covenant of good faith and fair dealing.

45. Seacoast breached this covenant by: (a) accelerating the Note over a de minimis arrearage without permitting cure; (b) retaining conflicted counsel with adverse interests to Claimant; (c) invoking the punitive 18% default rate; (d) arresting the Vessel immediately rather than pursuing orderly resolution; and (e) ignoring Claimant's written notice of conflict and preservation obligations.

46. Claimant has suffered damages as a result.

WHEREFORE, Claimant requests judgment on Count II, including compensatory damages and such other relief as the Court deems proper.

### COUNT III — DECLARATORY RELIEF (CONFLICT DISQUALIFICATION)

47. Claimant realleges and incorporates by reference paragraphs 26 through 38.

48. An actual controversy exists regarding whether Akerman LLP's concurrent representation of Seacoast in this action — while simultaneously representing Ivankovich Family LLC in related bankruptcy proceedings and having previously represented SHM LMC adverse to SYG — violates the Florida Rules of Professional Conduct and prejudices Claimant's rights in this proceeding.

49. Claimant seeks a declaration that Akerman LLP's representation of Seacoast in this action is impermissibly conflicted and that Seacoast must retain independent, non-conflicted counsel.

WHEREFORE, Claimant requests declaratory relief as stated and such other relief as the Court deems proper.

---

## PART IV — PRAYER FOR RELIEF

Claimant respectfully requests that the Court:

**A. Deny Plaintiff's Verified Complaint or reduce the recovery to the actual arrearage amount owed;**

**B. Enter judgment in favor of Claimant on the Counterclaims;**

**C. Award compensatory damages on the Counterclaims in an amount to be proven at trial;**

**D. Enter declaratory relief regarding Akerman LLP's conflict of interest;**

**E. Order Plaintiff to retain non-conflicted counsel;**

**F. Award taxable costs and such other relief as the Court deems just and proper.**

Dated: April 1, 2026

*/s/ Charles Jacob Stratmann*
**CHARLES JACOB STRATMANN**
Claimant, Pro Se

545 NE 17th Avenue
Fort Lauderdale, FL 33301

(954) 873-8546

jake@starboardyacht.com

## CERTIFICATE OF SERVICE

I certify that on April 1, 2026, a true and correct copy of the foregoing was served via electronic mail on:

Amanda Klopp, Esq.

Jenna M. Yoss, Esq.

AKERMAN LLP

777 South Flagler Drive, Suite 1100 West Tower

West Palm Beach, FL 33401

13

amanda.klopp@akerman.com

jenna.yoss@akerman.com

*/s/ Charles Jacob Stratmann*
Charles Jacob Stratmann

---

Note: Standing is asserted in the filed Rule C(6) claimant posture. If the Clerk or Court determines a supplemental claimant filing is required to accompany this Answer, the March 11, 2026 verified-claim filing should be presented with this package.