UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
IN ADMIRALTY
CASE NO.: 0:26-cv-60289-WPD

SEACOAST NATIONAL BANK,

      Plaintiff,

vs.

M/V SLOW UR ROLL II, a 2008 Everglades 350LX
Express, Official No. 1220768, HIN: RJDE005I708,
Together with all masts, boilers, cables, engines,
machinery, etc., *in rem*, and STARBOARD YACHT
GROUP LLC, a Florida limited liability company, *in
personam*,

      Defendants.

_____/

### MOTION TO DISMISS CLAIM OF INTEREST OF CHARLES JACOB STRATMANN, TO STRIKE ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM, AND FOR DEFAULT AGAINST THE VESSEL

Plaintiff, SEACOAST NATIONAL BANK ("Plaintiff" or "Seacoast"), by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(b), 12(f) and 55, hereby moves to dismiss the *Verified Claim of Interest in Vessel Pursuant to Supplemental Admiralty Rule C(6)* [DE 41] (the "Claim"), with prejudice, to strike *Claimant Charles Jacob Stratmann's Answer, Affirmative Defenses, and Counterclaim* [DE 43] (the "Answer"), filed by Charles Jacob Stratmann ("Stratmann"), *pro se*, and for default against Defendant M/V SLOW UR ROLL II (the "Vessel"). In support, Plaintiff states as follows:

### I.     INTRODUCTION

The Claim and Answer filed by Stratmann attempts to assert claims and defenses of Defendant Starboard Yacht Group LLC ("SYG" or "Borrower") in defiance of the Court's orders striking non-lawyer Stratmann's previous filings for SYG [DE 15] and denying Stratmann's

86075525;2

request for intervention [DE 30].  Stratmann's Claim is legally insufficient under Supplemental Admiralty Rule C(6) as it fails to allege a valid interest in the Vessel.  As this Court has previously held, "Stratmann does not hold a substantial and legally protectable interest in the Vessel." [DE 30 at 2.]  Accordingly, the Claim must be dismissed and the Answer—predicated upon the Claim—stricken for lack of standing.  Stratmann further raises arguments as to purported non-existent conflicts of undersigned counsel, which arguments have already been heard and rejected by Judge Singhal in another case before this Court, which is further reason to strike Stratmann's pleadings.

## II.      SUMMARY OF STRATMANN'S CLAIM

Stratmann's Claim asserts three grounds for a claim of interest in the Vessel [DE 41 at ¶¶ 1-4], most of which have previously been rejected by this Court, and none of which can confer standing under Supplemental Admiralty Rule C(6).

First, Stratmann contends his status as a guarantor of the loan secured by the Vessel, and his corresponding personal liability under such guaranty, gives rise to an interest in the Vessel. [DE 41 at ¶¶ 1-2].  This is identical to the arguments raised by Stratmann in his motion to intervene and supplements thereto [DE 17, 27, 29], which were squarely addressed and rejected by the Court in its order denying Stratmann's intervention. [DE 30.]

Second, Stratmann asserts his role as managing member of SYG gives rise to a cognizable interest in the Vessel [DE 41 at ¶ 3], another argument already rejected by this Court [DE 30].  This Court has acknowledged Stratmann's status as "the sole corporate representative of Defendant SYG" and held that "Stratmann does not hold a substantial and legally protectable interest in the Vessel."  [DE 30 at 2.]  This Court previously ordered SYG to retain counsel in order to protect its ownership interest in the Vessel [DE 15], and held that "Stratmann may not simultaneously benefit

2

from the protections afforded by LLC status and then shirk the responsibilities that naturally accompany that status." [DE 30 at 3.]

Next, Stratmann alleges his "constructive possession and control" of the Vessel [DE 41 ¶ 4] is the basis for his interest, but it is undisputed that SYG is the sole owner of the Vessel and Stratmann's "possession" of the Vessel was due to his role in SYG, not due to any *personal* right or entitlement to possession.  Again, this Court's prior orders prohibit Stratmann from acting on SYG's behalf. [DE 15, 30.]

Lastly, Stratmann also purports to assert interests allegedly held by third parties, without any authority to do so. [DE 41 ¶ 5.]  Nor would it be common sense for Stratmann to have authority to assert interests by non-party banks who are currently suing him in other cases. *See infra* at note 2.

As explained below, none of Stratmann's asserted bases for an interest establishes a valid ownership, possessory, or lien interest in the Vessel, and therefore the Claim must be dismissed, and the Answer, predicated upon the Claim, stricken.

## III.    ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

### A.    <u>Stratmann's Claim Should Be Dismissed Since He Has No Valid Interest in the Vessel</u>

Under federal admiralty law, a party that lacks a valid ownership or possessory interest in a vessel cannot properly file a verified statement of interest under Supplemental Admiralty Rule C(6), and, consequently, has no standing to file an answer, assert affirmative defenses, or maintain a counterclaim.

Only "a person who asserts a right of possession or any ownership interest in the property that is the subject of the action" has standing to file a claim of interest. Supplemental Admiralty Rule C(6)(a)(i); *see Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1233, 1237 (11th Cir.

2006). "Compliance with Supplemental Rule C(6) is obligatory in order for a party to have standing to challenge an *in rem* claim" *Id*. (citing *United States v. Commodity Account No. 549 54930 at Saul Stone & Co*., 219 F.3d 595, 597 (7th Cir. 2000)). "[T]he Local Admiralty Rules 'recognize[] two distinct groups of in rem claimants[:]' those with ownership interests that would entitle them to possession of the vessel and those with non-possessory lien interests." *Robbie's of Key West v. M/V Komedy III*, No. 4:19-cv-10193-KMM, 2020 WL 13389895, at *7 (S.D. Fla. Oct. 14, 2020) (citing S.D. Fla. Admiralty Rule C(8)–(9) Advisory Note) (alterations in original). A verified statement of interest "must describe the interest in the property that supports the person's demand for its restitution or right to defend the action." Supplemental Admiralty Rule C(6)(a)(ii).

Stratmann claims neither an ownership or lien interest in the subject Vessel, as required by Supplemental Admiralty Rule C(6). As this Court has already held, serving as a guarantor on a loan does not confer standing upon the guarantor to contest an action to foreclose on the vessel. [DE 30]; *Reedsburg Bank v. Apollo*, 508 F.2d 995, 998 (7th Cir. 1975). In support of his Claim, Stratmann cites *Talisman Cap. Alternative Invs. Fund, Ltd. v. Moutet*, No. 10-24577-CIV, 2011 WL 13223534, *3 (S.D. Fla. May 19, 2011) for the proposition that "guarantor has independent standing in [an] admiralty proceeding." [DE 41 ¶ 2.] However, *Talisman* does not concern an admiralty proceeding, or a guarantor's standing. Instead, *Talisman* held neither a borrower, nor a party with a prior interest in the note, were necessary parties to a breach-of-guaranty lawsuit. *See id.*at *3–4.

Aside from Stratmann's guaranty-based interests, the remainder of Stratmann's alleged personal interests arise only from Stratmann's position as managing member of SYG. [DE 41, ¶¶ 3-4.] As Stratmann admits, the sole owner of the Vessel is SYG, which has not yet appeared in this matter with counsel, as ordered. [DE 15.] As this Court stated, "Stratmann may not

simultaneously benefit from the protections afforded by LLC status and then shirk the responsibilities that naturally accompany that status." [DE 30 at 3.]  Stratmann's "constructive possession and control" of the Vessel [DE 41, ¶ 4] is implicitly explained by his position with SYG, the owner of the Vessel, and is not otherwise based in any legal grounds to support a demand for restitution, or right to defend the action. *See* Supplemental Admiralty Rule C(6)(a)(ii); *see also Marine Servicenter v. My Way*, 574 F.Supp. 1025, 1026 (W.D. Wash. 1983) (a claimant under the supplemental admiralty rules "refers only to one with a proprietary interest in a vessel.")[1]

Stratmann's Claim also contains a section titled "Additional Interests in Vessel," which alleges interests of Scott Jarvie, Locality Bank, and TD Bank N.A. (and Plaintiff). [DE 41, ¶ 5] Without a valid statement of authority, Stratmann does not have standing to assert claims on behalf of these third parties. *See* Supplemental Admiralty Rule C(6)(a)(iii) ("an agent, bailee, or attorney must state the authority to file a statement of right or interest on behalf of another"). Stratmann is not an attorney, and has not stated his right to represent any of those three parties as agent, at least two of which are presently suing him.[2]

Since Stratmann holds no ownership interest in the Vessel, has no possessory right to the Vessel, holds no lien against the Vessel, and has no authorization to file a claim on behalf of third parties, the Claim fails to comply with the requirements set forth in Supplemental Admiralty Rule C(6) and should be dismissed. *See Dresdner Bank AG*, 463 F.3d at 1237 (holding that the District Court properly dismissed purported lien claims that could not possibly give rise to a maritime lien that would have priority over the preferred ship mortgage).

---

[1]  Black's Law Dictionary defines "proprietary interest" as "the interest held by a property owner together with all appurtenant rights." Proprietary Interest, BLACK'S LAW DICTIONARY (12th ed. 2024).

[2] *See Locality Bank v. Starboard Yacht Group LLC et al*., Case No. 0:2026cv60068 (S.D. Fla.); *TD Bank, N.A. Plaintiff vs. Starboard Yacht Group LLC, et al*, Case No. CACE25018262 (Broward County Circuit Court).

86075525;2

**B.     Stratmann's Answer Should be Stricken**

**1.     Stratmann Lacks Standing to File the Answer Since He Has No Valid Interest**

In addition to dismissing the Claim, this Court should strike the Answer that was subsequently filed by Stratmann. [DE 43.]  Where an answer is filed without a preceding valid claim, federal courts may strike the answer for lack of standing. *Gregory Boat Co. v. Vessel Big Beaut*, 938 F.Supp. 414, 416 (E.D. Mich. 1996) (striking answer where defendant filed to comply with Supplemental Rule C(6) and therefore lacked standing); *RR Caribbean, Inc. v. Dredge "Jumby Bay"*, 147 F. Supp. 2d 378, 381-82 (V.I. 2001) (striking answer to *in rem* claim since party lacked standing based on failure to file verified claim under Supplemental Rule C(6)); *U.S. v. One (1) 1979 Mercedes 450SE Vehicle ID No. 116032-12-081839 License No. MKS 706*, 651 F. Supp. 351, 353 (S.D. Fla. 1987) ("The court may grant a motion to strike an answer which is not preceded by a properly filed claim").  Accordingly, this Court should strike the Answer in its entirety since the Claim itself is defective and noncompliant, and therefore, the Answer was not preceded by any valid claim of interest.

**2.     Stratmann Lacks Authority to Assert his Counterclaims**

Although the counterclaims in the Answer should be stricken given the lack of any valid claim, as argued *supra*, Stratmann's counterclaims must also be stricken since he lacks authority to bring them. A member or manager of a limited liability company may not assert claims belonging to the entity in his individual capacity.  *Dinuro Invs., LLC v. Camacho*, 141 So. 3d 731, 743 (Fla. 3d DCA 2014) (members lack standing to assert claims individually based on injury to an LLC). Claims arising from injuries to an LLC—including alleged misconduct affecting company assets—belong exclusively to the entity and must be pursued by the entity itself, through

6

counsel. *See id*.; *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (non-lawyer officers of corporate entities may not assert corporate claims without counsel).

The counterclaims in Stratmann's Answer assert injuries that, by Stratmann's own allegations, flow from conduct allegedly affecting SYG's rights, financial position, or litigation posture. Stratmann cannot circumvent this limitation by styling entity claims as personal "counterclaims," particularly where this Court has already ordered SYG to appear through counsel and prohibited Stratmann from acting on SYG's behalf. [DE 15, DE 30.]   Because the counterclaims assert claims (albeit non-meritorious) that belong to SYG—and not Stratmann individually—they must be stricken in their entirety.

3.       **Stratmann's Counterclaims are Improper in This *In Rem* Foreclosure Action**

Independently, Stratmann's counterclaims are procedurally improper since they seek to inject unrelated grievances into a narrow *in rem* foreclosure proceeding. An action to foreclose a preferred ship mortgage is limited in scope and directed solely towards the adjudication of interests in the res. *See Reedsburg Bank*, 508 F.2d at 998 ("The sole function of the in rem proceeding is to foreclose the mortgage, effect the sale of the vessel, and establish the priority of all claims directly against the vessel").  Stratmann's counterclaims—seeking monetary and declaratory relief regarding alleged attorney conflicts and other collateral matters—do not relate to the existence, priority, or enforcement of Plaintiff's preferred ship mortgage. Allowing such counterclaims would undermine the efficiency of maritime foreclosure remedies.

4.       **Stratmann's Counterclaims Are Based on Arguments Previously Rejected**

Stratmann's third counterclaim alleges that Plaintiff's counsel's representation of Seacoast in this case violates the Florida Rules of Professional Conduct [DE 43, ¶¶ 47-49), despite already having received an adverse ruling from another judge of this Court on this specific issue.

86075525;2

Specifically, Stratmann asserts Akerman LLP is conflicted based on "representing Ivankovich Family LLC in related bankruptcy proceedings and having previously represented SHM LLC adverse to SYG." [DE 43, ¶ 48.]  Given that there is no conflict arising from either representation, this counterclaim should be dismissed and stricken.[3]

As to the first purported conflict, Stratmann objects to Akerman's bankruptcy representation on the basis that Akerman also sued "on behalf of Seacoast against Ivankovich entities in Case No. 1:25-cv-25958 (S.D. Fla.)." [DE 43, ¶ 31.]  However, this is simply false as Akerman never represented Seacoast in such case.[4]  Moreover, there is no overlap in parties between the bankruptcy proceeding and the instant action, and Stratmann otherwise fails to explain how a completely unrelated representation could present a conflict of interest in this action.

As to the second purported conflict, based on Akerman's representation of Safe Harbor Marina LLC in Case No. 23-61696-CIV-Singhal, Judge Singhal has already ruled against Stratmann on the precise issue.  On February 17, 2026, Stratmann filed a *Motion in Limine to Disqualify Akerman LLP and Stay Related Foreclosure Proceedings Due to Irreconcilable Conflict of Interest*, referring to the same alleged conflict of Akerman LLP that Stratmann raised in his counterclaim. *See* DE 293, *Starboard Yacht Group LLC v. Contessa Marine Research LLC*, No. 23-61696-CIV-Singhal (S.D. Fla. Feb. 17, 2026).  On March 13, 2026, Judge Singhal denied such motion, stating, in plain language: "Stratmann insists Akerman LLP is involved in a conflict of interest because it represents two different clients who are litigating against Stratmann in different cases. Under no definition is this a conflict of interest … [t]his is not the law and it is not

---

[3] Moreover, the Florida Bar already discharged the complaint Stratmann filed, which (like the counterclaims) was filled with objectively false statements, such as the repeated assertion by Stratmann that the undersigned represents Seacoast against Contessa Marine Research in Case No. 1:25-cv-25958 (S.D. Fla.).  [DE 43, ¶ 31.]

[4] The law firms of McIntosh Schwartz, P.L. and Fowler White Burnett, P.A. represent Seacoast National Bank in such action.

8

86075525;2

a common sense application of the law. There is no per se conflict between two or more people who both have claims against the same entity." *Id.* at DE 313. Just twenty days after receiving Judge Singhal's adverse ruling on his motion to disqualify, Stratmann filed his Answer which asserts the same conflict allegations already rejected.  This is a hallmark of a vexatious litigant.[5]

A court may strike "any redundant, immaterial, impertinent, or scandalous matter from a pleading." Fed. R. Civ. P. 12(f).  Additionally, "the power to strike a pleading[] is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982).  Because Stratmann's allegations of a conflict of interest are based on either false and defamatory allegations, or already-rejected issues, and are clearly being used a pressure tactic to discredit Seacoast's counsel, the counterclaim and its allegations of conflict should be stricken.

C.    **The Court Should Enter a Default Against the Vessel**

Where a claimant's answer has been stricken, and no other parties have filed a claim or answer for the Vessel, a default should be entered.  *See Gregory Boat Co. v. Vessel Big Beaut*, 938 F.Supp. 414, 416 (E.D. Mich. 1996) (striking answer and entering default); *RR Caribbean, Inc. v. Dredge "Jumby Bay"*, 147 F. Supp. 2d 378, 383 (V.I. 2001) (same).

Supplemental Admiralty Rule 6(a)(i) and Local Admiralty Rule C(6)(a) require that within fourteen days of arrest, any claimant of property subject to an action *in rem* shall file a claim. Supplemental Admiralty Rule 6(a)(iv) and Local Admiralty Rule C(6)(b) require that any claimant shall thereafter serve an answer within twenty-one (21) days after filing the claim.

---

[5] Florida Vexatious Litigant Law defines a *pro se* person to be a vexatious litigant where they repeatedly file "pleadings, requests for relief, and other documents that have been the subject of previous rulings by the court in the same action" or "unmeritorious pleadings, requests for relief, or other documents; conducts unnecessary discovery; or engages in other tactics that are frivolous or solely intended to cause unnecessary delay in any action". Fla. Stat. § 68.093(c)(4).  Plaintiff reserves the right to request sanctions from Stratmann for its costs in responding to these vexatious tactics.

86075525;2

Here, no parties other than Stratmann have filed a claim. The arrest warrant was executed on March 4, 2026 [DE 33], and therefore the time for filing a claim elapsed after March 16, 2026, and no claim or answer (other than Stratmann's) has been filed or served.

Local Admiralty Rule C(8) provides that a plaintiff seeking the entry of default must demonstrate: (a) service of notice of the action and arrest on the master or person having custody of the vessel, (b) mailing notice by certified mail to the owner of the vessel, and all other persons claiming a possessory interest in the vessel, and (c) publication of the notice of the arrest as required by Local Admiralty Rule C(4).

Pursuant to Local Admiralty Rule C(8)(a), due notice of the action and arrest has been given by service upon "the master or other person having custody of the property." Due notice of the action and arrest was served on the person in custody of the Vessel at National Liquidators pursuant to the Process Receipt and Return filed by the U.S. Marshal [DE 33].

Pursuant to Local Admiralty Rule C(8)(b), due notice of the action and arrest must be been given by "[d]elivery, or by certified mail, return receipt requested (or international equivalent), to every other person, including any known owner, who has not appeared or intervened in the action, and who is known to have, or claims to have, a possessory interest in the property." Due notice of the action and arrest was sent by regular and certified mail to SYG, the owner of, and only known person to have a possessory interest in, the Vessel. [DE 34, 45].[6] Notice was also sent to: (i) Locality Bank[7], as an entity with a junior mortgage on the Vessel pursuant to the abstract attached as **Exhibit A** hereto, (ii) Fowler White Burnett P.A. (at their pre-arrest request),[8] and (iii) National

---

[6] The certified mail was delivered to Starboard Yacht Group, LLC at 545 NW 17th Ave, Ft. Lauderdale, FL 33301 [DE 45 at 2, 8] (evidencing status of "delivered" for tracking number 9589 0710 5270 1455 6117 25).

[7] The certified mail to Locality Bank was delivered on March 27, 2026. [DE 45 at 2, 12] (evidencing status of "delivered" for tracking number 9589 0710 5270 1455 6117 87).

86075525;2

Liquidators.[9] *Id*. Although the certified mail receipt was returned unsigned from SYG, due notice of the action and arrest was also served by "delivery" because SYG was personally served due notice of the action and arrest, [DE 44], and clearly Stratmann, the sole managing member of SYG, has received actual notice given his appearance in this action.  In sum, Defendant SYG, the owner of the Vessel, has been given due notice of the action and arrest in compliance with Local Admiralty Rule C(8)(b).

Pursuant to Local Admiralty Rule C(8)(c), publication as required by Supplemental Rule C(4) has been made.  [DE 42.] The Notice of Action in Rem and Arrest Of Vessel was published in the Sun Sentinel on March 18, 2026. *Id*.

Here, Plaintiff has satisfied all requirements for entry of default.  Plaintiff arrested the Vessel through the U.S. Marshal and served the person in custody of the Vessel, National Liquidators, at the time of the arrest as evidenced by the U.S. Marshal's Process Receipt and Return. [DE 33.]  Plaintiff provided written notice of the action and arrest by certified mail, return receipt requested to the owner of the Vessel, SYG, by certified mail and personal delivery. [DE 44, 45.]  Plaintiff also published notice of the action and arrest in the Sun Sentinel.  *See* Ex. D.

There have been no claims made other than Stratmann's Claim, which should be stricken, and the owner, SYG, has failed to respond. Therefore, the Court may "enter default in accordance with Federal Rule of Civil Procedure 55." *See* Local Admiralty Rule C(8).[10]

---

[8] Although the certified mail to Fowler White Burnett P.A. does not show as delivered, they also received a copy by US Mail [DE 34], and a courtesy copy was sent via email. [DE 47.]

[9] The certified mail to National Liquidators was delivered on March 30, 2026. [DE 45 at 2, 16] (evidencing status of "delivered" for tracking number 9589 0710 5270 1455 6117 18).

[10] The Rule provides that the Clerk of Court may enter the default, however Plaintiff requests the Court enter it due to the fact that Stratmann has filed a statement of claim which may cause the Clerk to decline entry of the default.

86075525;2

IV.    **CONCLUSION**

WHEREFORE, Plaintiff, SEACOAST NATIONAL BANK, respectfully requests that the Court:

(i) dismiss Stratmann's *Verified Claim of Interest in Vessel Pursuant to Supplemental Admiralty Rule C(6)* [DE 41], with prejudice,

(ii) strike *Claimant Charles Jacob Stratmann's Answer, Affirmative Defenses, and Counterclaim* [DE 43],

(iii) enter a default against the Vessel, and

(iv) grant such other and further relief as the Court deems just and proper.

Dated:  April 15, 2026                                      Respectfully submitted,

/s/ *Amanda Klopp*
Amanda Klopp, Esq.
Florida Bar Number: 124156
amanda.klopp@akerman.com
Jenna M. Yoss, Esq.
Florida Bar Number: 1049858
jenna.yoss@akerman.com
**AKERMAN LLP**
777 South Flagler Drive
Suite 1100 West Tower
West Palm Beach, FL 33401
Tel: (561) 653-5000 /Fax: (561) 659-6313
*Attorneys for Seacoast National Bank*

12

86075525;2

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 15, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify the foregoing document is being served the same day via transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case, and via US Mail and email to those listed below.

Charles Jacob Stratmann
545 NE 17th Avenue
Fort Lauderdale, FL 33301
E-mail: jake@starboardyacht.com
*Alleged Claimant*

Starboard Yacht Group LLC
545 NE 17th Ave.
Ft. Lauderdale, FL 33301
*Defendant*

National Liquidators
800 Old Griffin Rd
Dania Beach, FL 33004
*Substitute Custodian*

/s/   *Amanda Klopp*
Amanda Klopp, Esq.

86075525;2