UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60289-CIV-DIMITROULEAS

SEACOAST NATIONAL BANK,

     Plaintiff,

vs.

M/V SLOW UR ROLL II, a 2008 Everglades 350LX
Express, Official No. 1220768, HIN: RJDE005I708,
Together with all masts, boilers, cables, engines,
machinery, etc., in rem, and STARBOARD YACHT
GROUP LLC, a Florida limited liability company, in
personam,

     Defendant.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS CLAIM OF INTEREST OF CHALRES JACOB STRATMANN, TO STRIKE ANSWER AFFIRMATIVE DEFENSES AND COUNTERCLAIM, AND FOR DEFAULT AGAINST THE VESSEL

THIS CAUSE is before the Court upon Plaintiff's Motion to Dismiss Claim of Interest of Charles Jacob Stratmann, to Strike Answer, Affirmative Defenses and Counterclaim, and for Default against the Vessel [DE 49] filed herein on April 15, 2026. The Court has carefully considered the Motion [DE 49], Chales Jacob Stratmann's "Verified Claim of Interest" [DE 41] filed herein on March 11, 2026, and Chales Jacob Stratmann's Answer and Affirmative Defenses and Counterclaim [DE 43], filed on April 1, 2026., is otherwise fully advised in the premises.

As this Court has already observed, "Stratmann does not hold a substantial and legally protectable interest in the Vessel." [DE 30]. Therefore, Stratmann lacks standing to file claim of interest pursuant to Supplemental Rule C, because only "a person who asserts a right of possession or any ownership interest in the property that is the subject of the action" has standing to file a claim of interest. Supplemental Admiralty Rule C(6)(a)(i); *Dresdner Bank AG v. M/V*

*Olympia Voyager*, 463 F.3d 1233, 1237 (11th Cir. 2006) ("Compliance with Supplemental Rule C(6) is obligatory in order for a party to have standing to challenge an in rem claim") (citing *United States v. Commodity Account.,* 219 F.3d 595, 597 (7th Cir. 2000)). The Court will therefore strike Stratmann's claim for lack of standing and as improper.

Likewise, Stratmann's answer is due to be stricken. Where an answer is filed without a preceding valid claim, striking the answer is likewise appropriate for lack of standing. *See e.g.*, *U.S. v. One (1) 1979 Mercedes 450SE Vehicle ID No. 116032-12-081839 License No. MKS 706*, 651 F. Supp. 351, 353 (S.D. Fla. 1987) ("The court may grant a motion to strike an answer which is not preceded by a properly filed claim") (citing *United States v. Beechcraft Queen Airplane,* 789 F.2d 627, 629–30 (8th Cir. 1986)). Moreover, and in the alternative, Stratmann, as a member of Starboard Yacht Group, LLC, may not assert counterclaims on behalf of the entity without counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).

Without a valid and timely filed claim or answer, the Court agrees that default is appropriate. In an in rem action, any claimant of property subject to an action must file a claim within fourteen days of arrest. *See* Supplemental Admiralty Rule 6(a)(i); Local Admiralty Rule C(6)(a). Thereafter, the claimant shall serve an answer within twenty-one (21) days. *See* Supplemental Admiralty Rule 6(a)(iv); Local Admiralty Rule C(6)(b). Here, the arrest warrant was executed on March 4, 2026 [DE 33]. Thus, the time for filing a claim and answer has elapsed, and no parties other than Stratmann have filed a claim or answer. Plaintiff has complied with the notice requirements in Local Admiralty Rule C(8) for a party seeking the entry of default judgment in rem. *See* [DEs 33, 34, 42, 44, 45].

Accordingly, it is **ORDERED AND ADJUDGED** that as follows:

1.   The Motion to Dismiss [DE 49] is **GRANTED** as follows:

2.   The Claim of Charles Jacob Stratmann [DE 41] is **STRICKEN**;

3.   The Answer of Charles Jacob Stratmann [DE 43] is **STRICKEN**;

4.   The Clerk is **DIRECTED** to enter default against the Vessel in accordance with Federal Rule of Civil Procedure 55.

5.   The Clerk shall serve notice of the entry of default upon all parties represented in the action.

6.   The Clerk is **DIRECTED** to mail and email a copy of this Order to the addresses below.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County Florida, this 15th day of April, 2026.

WILLIAM P. DIMITROULEAS

Copies to
Counsel of record
**Charles Jacob Stratmann**
*Pro Se*
545 NE 17th A venue
Fort Lauderdale, Florida 3330 I
j ake@starboardyacht.com
Tel: (954) 873-8546

3