---

```
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

Case No. 0:26-cv-60289-WPD



SEACOAST NATIONAL BANK,

Plaintiff,

v.

M/V SLOW UR ROLL II (USCG Official No. 1220768),
in rem,
STARBOARD YACHT GROUP, LLC,
in personam,

Defendants.

\\_\\_\_\_\_\_\\_\\_WPD\_\_\_Document\_56\_\_Entered\_on\_FLSD\_Docket\_04/22/2026\_\_\_\_\\_\\_\\_\

_\_\_/

```
```

CLAIMANT CHARLES JACOB STRATMANN'S EMERGENCY MOTION TO VACATE

CLERK'S ENTRY OF DEFAULT AS TO DEFENDANT M/V SLOW UR ROLL II

UNDER FEDERAL RULE OF CIVIL PROCEDURE 55(c) AND SUPPLEMENTAL

ADMIRALTY RULE C, AND MOTION FOR LEAVE TO REFILE

VERIFIED CLAIM OF INTEREST AND ANSWER TO COMPLAINT

[EXPEDITED CONSIDERATION REQUESTED - VESSEL AT RISK]

Claimant Charles Jacob Stratmann ("Claimant" or "Stratmann"), in his individual

```
```

capacity as owner, operator, and sole member of Starboard Yacht Group, LLC, and as the

person with a direct possessory and ownership interest in the Defendant vessel M/V SLOW

UR ROLL II (USCG Official No. 1220768) (the "Vessel"), proceeding pro se, respectfully

moves this Court pursuant to Federal Rule of Civil Procedure 55(c) and Supplemental

Admiralty Rule C for relief from the Clerk's Entry of Default as to the Vessel entered on April 16, 2026 (DE 54), and for related relief as set forth below.

```
```

This motion is filed on an emergency basis. The Vessel, valued in excess of

```
```

$300,000, is currently held by a custodian under an in rem arrest warrant. Default judgment against the Vessel - the next procedural step - would permit Plaintiff Seacoast National Bank ("SCB") to obtain a decree of sale, permanently depriving Claimant of his property without a merits determination, and at a fraction of market value. Good cause exists to vacate the default for the reasons stated herein.

```
```

## BACKGROUND

1.      On February 2, 2026, SCB commenced this admiralty in rem action against

```
```

the Vessel and in personam against Starboard Yacht Group, LLC, asserting claims for foreclosure of a preferred ship mortgage. See Compl. (DE 1).

```
```

2.      On March 11, 2026, Claimant timely filed a Verified Claim of Interest

```
```

pursuant to Supplemental Admiralty Rule C(6), asserting his ownership interest in the

Vessel. See DE 41.

```
```

3.      On approximately April 1-2, 2026, Claimant filed an Answer to the Complaint

```
```

in the in rem action, together with Affirmative Defenses and Counterclaim (DE 43). Claimant acknowledges this filing was made approximately one to two days after the 20-day answer period established by Supplemental Admiralty Rule C(6)(b).

```
```

4.      On April 15, 2026, SCB filed a Motion to Dismiss Claimant's Verified Claim

```
```

(DE 41), a Motion to Strike the Answer and Counterclaim (DE 43), and a Motion for Entry of Default against the Vessel (DE 49). SCB served these documents on Claimant

on April 15, 2026 at approximately 3:35 PM. See DE 47 (Certificate of Service).

```

5.     On April 16, 2026 - less than twenty-four (24) hours after service - the
```

Court issued an Order granting SCB's motion (DE 53), and the Clerk entered the

Vessel's

default pursuant to DE 54.

```

6.     Claimant had no meaningful opportunity to oppose DE 49 before the

Court
```

acted. Under SDFL Local Rule 7.1(c), a motion ordinarily may not be decided

until after

the 14-day response period has expired unless the Court orders otherwise. Here,

the Court

acted within one day of service, without affording Claimant any opportunity to

respond.

```
```

## LEGAL STANDARD

7.     Under Federal Rule of Civil Procedure 55(c), a court may set aside a

clerk's

```
```

entry of default for "good cause." The Eleventh Circuit uses a three-factor test: (1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the non-defaulting party; and (3) whether the defaulting party presents a meritorious defense. Compania Interamerica Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). The Eleventh Circuit has stated that defaults are "disfavored" in the law and that courts have an "obligation to construe Rule 55 liberally" where a defendant presents any hint of a meritorious defense. Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc., 740 F.2d 1499, 1510 (11th Cir. 1984).

```
```

8.      Because Claimant is proceeding pro se, his filings are "liberally construed."

```
```

Erickson v. Pardus, 551 U.S. 89, 94 (2007). Pro se litigants are entitled to "reasonable opportunity to offer proof" of their defenses. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

```
```

## GOOD CAUSE EXISTS TO VACATE DEFAULT

```
```

### A. The Default Was Not Culpable or Willful

```
```

9.    Claimant is the owner of the Vessel and has actively participated in this

```
```

litigation since its inception. Claimant filed a timely Verified Claim of Interest (DE 41)

on March 11, 2026. Claimant's Answer (DE 43) was filed within days of the stated deadline -

a de minimis delay caused by the complexity of pro se admiralty pleading requirements, not

by willful disregard of this Court's orders or scheduling.

```
```

10.    Upon receiving SCB's motions (DE 48, DE 49) on April 15, 2026 at

```
```

approximately 3:35 PM, Claimant began preparing a response. The Court's Order (DE 53)

issued the following morning - before Claimant had any opportunity to file a written

opposition. This sequence of events does not reflect willfulness; it reflects the procedural

disadvantage of a pro se party responding to motions filed by experienced

maritime counsel.

```
```

11. At no point has Claimant abandoned this action or signaled any intent to
```
```
default. The docket record reflects active participation in every stage of these proceedings.

B. Setting Aside the Default Will Not Prejudice SCB

```
```

12. SCB will not be prejudiced by vacatur of the Vessel default. The Vessel
```
```
remains under active arrest and in the custody of the custodian appointed by this Court.

SCB's lien on the Vessel is not impaired by permitting Claimant to assert his defenses.

The only effect of vacatur is to permit a merits determination of the parties' competing

claims - which is exactly what a judicial proceeding is designed to provide.

```
```

13. SCB's own conduct in this litigation suggests that it does not stand to be
```
```
prejudiced by a merits determination. If SCB's preferred ship mortgage is as valid

and

senior as it claims, it will prevail on the merits, which provides equivalent or superior

relief to a default judgment sale.

## C. Claimant Presents Meritorious Defenses

```

14.    Claimant presents multiple meritorious defenses to the in rem action,
```

including but not limited to:

```

(a)    Competing Lien Priority: The same Vessel (USCG Official No. 1220768) is
```

also the subject of an in rem action by Locality Bank in Case No. 0:26-cv-60068-AHS

(Locality Bank v. Starboard Yacht Group, LLC et al., S.D. Fla.) in connection with an

SBA-guaranteed loan. The SBA's federal priority rights under the Small Business Investment

Act, 15 U.S.C. § 695, may supersede SCB's preferred ship mortgage lien, rendering the

hierarchy of competing claims a factual and legal question requiring merits adjudication -

not a default decree;

```
```

(b)   Disqualification / Conflict of Interest of Akerman LLP: Plaintiff's counsel
```
```

Akerman LLP previously represented entities and interests within the Ivankovich family
enterprise in related bankruptcy and commercial proceedings while simultaneously opposing
SYG and Stratmann in multiple matters. Claimant timely moved to disqualify Akerman LLP
(DE 28) on this basis; that motion was denied, but the underlying conflict of interest
remains probative of the good faith of the adversarial proceedings in this case;

```
```

(c)   Pattern of Enterprise Targeting: The Vessel was arrested through proceedings
```
```

in which affiliated counsel (Akerman LLP - SCB's counsel, and Fowler White Burnett - SCB's
counsel in a related matter) have coordinated actions across multiple federal court cases
targeting SYG and Stratmann, as part of a broader pattern of enterprise pressure. This
pattern is the subject of active RICO proceedings filed by Claimant in Case No.

0:26-cv-61001-JMS;

```
```

(d)    Breach of Loan Obligations: SCB's acceleration of the preferred ship
```
```

mortgage may have been premature and in breach of its own contractual obligations,
including applicable notice and cure provisions; and

```
```

(e)    Valuation and Damage Disputes: The liquidated value of the Vessel in a
```
```

custodial sale will be materially less than its fair market value, causing irreparable harm
to Claimant in an amount not compensable by any remedy available after a default decree
is entered.

```
```

## REQUEST FOR LEAVE TO REFILE PLEADINGS

15.    Claimant further requests that this Court, upon vacating the Vessel's
```
```

default, grant Claimant leave to refile his Verified Claim of Interest under Supplemental

Admiralty Rule C(6) and to refile or reinstate his Answer, Affirmative Defenses, and

Counterclaim. Claimant is prepared to file an amended Answer that cures any technical

deficiencies identified in the Court's Order (DE 53) within ten (10) days of any order

of vacatur.

```
```

## CONCLUSION

For the foregoing reasons, Claimant Charles Jacob Stratmann respectfully requests

```
```

that this Court:

```
```

   (a)   VACATE the Clerk's Entry of Default as to M/V SLOW UR ROLL II (USCG

```
```

Official No. 1220768) entered on April 16, 2026 (DE 54) for good cause shown;

```
```

   (b)   GRANT Claimant leave to refile his Verified Claim of Interest pursuant to

```
```

Supplemental Admiralty Rule C(6) within seven (7) days of any order of vacatur;

```
```

(c)     GRANT Claimant leave to file his Answer, Affirmative Defenses, and
```
```

Counterclaim within ten (10) days of any order of vacatur;

```
```

(d)     STAY any motion for default judgment as to the Vessel pending resolution
```
```

of this motion; and

```
```

(e)     GRANT any other relief this Court deems just and proper.

Respectfully submitted,

/s/ Charles Jacob Stratmann

Charles Jacob Stratmann

Claimant, Pro Se

545 NE 17th Avenue

Fort Lauderdale, Florida 33304

Phone: (954) 873-8546

Email: jake@starboardyacht.com

```
```

Dated: April 21, 2026

```
```

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Prior to filing this motion, Claimant attempted to confer with counsel for Plaintiff

```
```

Seacoast National Bank, Akerman LLP, to determine whether Plaintiff would agree to

vacatur of the default and a brief extension of time. Plaintiff's counsel has not agreed to

this relief, and this motion is therefore submitted for the Court's determination. Because

of the emergency nature of these proceedings and the imminent risk of default judgment

proceedings against the Vessel, Claimant respectfully requests an expedited briefing

schedule.

```
```

CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2026, a true and correct copy of the foregoing

```
```

was filed with the Clerk of Court and served upon counsel of record by the

Court's

CM/ECF system and by email to:

```
```

Akerman LLP

Counsel for Plaintiff Seacoast National Bank

Attorneys of record: Tyler Klopp and Michael Yoss

Akerman LLP West Palm Beach, Florida office

Email addresses of record per CM/ECF

/s/ Charles Jacob Stratmann

Charles Jacob Stratmann

```
```