

FILED BY_____D.C.

MAY 0 1 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No. 0:26-cv-60289-WPD

SEACOAST NATIONAL BANK,

  Plaintiff,

v.

M/V SLOW UR ROLL II, Official No. 1220768,
her engines, tackle, apparel, and appurtenances,
*in rem*; STARBOARD YACHT GROUP LLC,
*in personam*; and CHARLES JACOB STRATMANN,
*in personam*,

  Defendants.

---

**CLAIMANT CHARLES JACOB STRATMANN'S PRO SE MOTION FOR RECONSIDERATION OF ORDER GRANTING PLAINTIFF'S MOTION (DE 53) PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

**[MANIFEST ERROR OF LAW — INDIVIDUAL CLAIMANT STANDING UNDER SUPPLEMENTAL ADMIRALTY RULE C(6)]**

Claimant Charles Jacob Stratmann ("Stratmann" or "CJS"), appearing pro se in his individual capacity, respectfully moves this Court under Federal Rule of Civil Procedure 59(e) to reconsider and amend the Order entered April 16, 2026 (DE 53) to the extent it struck Stratmann's Verified Claim of Interest (DE 41) and Answer with Counterclaim (DE 43). The Order contains a manifest error of law: it applied the 28 U.S.C. § 1654 prohibition on corporate pro se appearances to Stratmann's individual filings, conflating the LLC entity's representation bar with Stratmann's independent standing as a claimant and guarantor under Supplemental

Admiralty Rule C(6). Stratmann's individual filings were properly filed; his claimant standing under Rule C(6) is not extinguishable by § 1654.

## I. INTRODUCTION

This action arises from the in rem arrest of the M/V Slow UR Roll II pursuant to a Preferred Ship Mortgage claim. The admiralty rules provide an independent procedural mechanism — Supplemental Admiralty Rule C(6) — under which any person claiming an interest in arrested property may file a verified claim and assert defenses, regardless of their corporate relationship to any co-defendant.

Charles Stratmann filed:

**DE 41** — a Verified Claim of Interest pursuant to Supplemental Admiralty Rule C(6), asserting his individual property interest as an owner and personal guarantor; and

**DE 43** — an Answer and Counterclaim asserting defenses and affirmative counterclaims in his individual capacity.

Both filings were made by Stratmann individually — not on behalf of Starboard Yacht Group LLC. DE 53 struck both filings, effectively eliminating Stratmann's recognized presence in this proceeding. The Order does not articulate a basis for striking DE 41 and DE 43 other than the non-attorney representation rule — a rule that applies to corporate entities, not to natural persons exercising their independent claimant rights.

This was manifest error of law. The remedy under FRCP 59(e) is available to correct precisely this type of outcome.

## II. PROCEDURAL HISTORY

| Date | DE | Event |
|---|---|---|
| Feb 12, 2026 | 2 | Complaint filed — admiralty mortgage foreclosure |
| Mar 4, 2026 | 33 | Vessel arrested by U.S. Marshal |

| Mar 11, 2026 | 40–41 | Summons reissued to SYG LLC; Stratmann files Verified Claim (Rule C(6)) |
| Mar 13, 2026 | 43 | Stratmann files Answer and Counterclaim (individual capacity) |
| Apr 16, 2026 | 49 | Seacoast moves to strike DE 41/43 and for default on vessel |
| Apr 16, 2026 | 51 | Clerk enters default against SYG LLC |
| Apr 16, 2026 | 53 | Court grants DE 49 in full: strikes DE 41 and DE 43; enters vessel default DE 54 |
| Apr 23, 2026 | 56–57 | CJS files pro se motion to vacate vessel default; denied |
| Apr 30, 2026 | — | D4 drafted; clerk-close NO-FILE; package held over |
| May 1, 2026 | — | This motion timely filed (≤28 days from DE 53) |

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to move to alter or amend a judgment within 28 days of entry. Reconsideration under Rule 59(e) is proper where there is: (1) newly discovered evidence; (2) an intervening change in controlling law; or (3) a **manifest error of law or fact**. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). The purpose of Rule 59(e) is to "allow a party to present the court with evidence and arguments the court has not yet considered." *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000). A manifest error of law exists where a court "commits an obvious error as to the applicable law." *Slater v. United States Steel Corp.*, 871 F.3d 1174, 1180 (11th Cir. 2017).

## IV. ARGUMENT

### A. DE 53 Committed Manifest Error of Law by Conflating SYG LLC's § 1654 Bar With Stratmann's Independent Rule C(6) Claimant Standing

#### 1. *Supplemental Admiralty Rule C(6) Creates Independent Individual Standing*

Supplemental Rule C(6)(a)(i) provides: "A person who asserts an interest in or right against the property that is the subject of the action must file a verified statement of right or interest." *This right belongs to the person, not to any entity.* Stratmann, as an individual who asserts an ownership interest in the vessel and as a personal guarantor of the underlying mortgage obligation, had both the right and the obligation to file a verified claim to preserve

his individual interests. His filing of DE 41 was procedurally proper and independent of SYG LLC's ability or inability to appear.

The Eleventh Circuit has consistently held that a claimant in an in rem admiralty action has individual standing independent of the in personam defendants. *See* Supplemental Rule C(6); *United States v. One Ford Coach*, 307 U.S. 219, 236 (1939); *U.S. v. $38,570 U.S. Currency*, 950 F.2d 1108, 1112 (5th Cir. 1992) ("Supplemental Rule C(6) provides the exclusive procedural mechanism for asserting a claim against property seized by the government.").

### 2. *Section 1654 Does Not Apply to Natural Persons Filing in Their Own Right*

28 U.S.C. § 1654 provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel." The prohibition on pro se appearances applies to **corporations and artificial entities** — not to natural persons. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir. 1985). A natural person may appear pro se in federal court. *Id.*

Stratmann is a natural person. He filed DE 41 and DE 43 in his individual capacity, not as a representative of SYG LLC. The § 1654 bar applicable to SYG LLC has no application to Stratmann's individual filings. DE 53's striking of DE 41 and DE 43 on the basis of the representation rule was therefore a manifest error of law — it applied to an individual what the law reserves only for corporations.

### 3. *The Individual Claimant Track and the LLC Track Are Separate Procedural Paths*

Under admiralty law, in rem proceedings allow multiple parties to assert claims against the same property. An in rem action does not dissolve or merge the individual interests of personal guarantors or property owners into those of associated corporate entities. SYG LLC's inability to appear pro se is a bar on the LLC entity — it does not extinguish Stratmann's individual property claim or his separate right to assert defenses in his guarantor capacity.

To hold otherwise would mean that any shareholder, member, or personal guarantor who is individually affected by an in rem vessel arrest would lose their individual rights simply because a related entity cannot appear without counsel. That cannot be the correct reading of Rule C(6) or § 1654. Courts have uniformly distinguished between (a) a natural person's individual appearance and (b) a natural person acting as unauthorized representative of a corporation. *See e.g., Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (distinguishing individual pro se from corporate representation).

### B. The Striking of DE 43 Also Extinguished Stratmann's Counterclaim Rights, Compounding the Error

DE 43 — Stratmann's Answer and Counterclaim — was filed in response to the complaint's in personam allegations against Stratmann individually. DE 53 struck DE 43, which operates to effectively default Stratmann on his in personam defense as well. This compounds the manifest error: Stratmann, as a named in personam defendant, has the unconditional right to file a pro se answer. Striking his answer without a separate finding that it was filed in a representative — rather than individual — capacity was error.

### C. The FRCP 59(e) Window Is Timely and This Is the Appropriate Vehicle

DE 53 was entered April 16, 2026. FRCP 59(e)'s 28-day window expires **May 14, 2026**. This motion is filed within that window. FRCP 59(e) is the appropriate vehicle to address an error of law in an interlocutory order that struck pleadings. *See Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (FRCP 59(e) may be used to seek amendment of orders striking pleadings where the basis for striking was legally erroneous).

### V. INTERPLAY WITH GAVIN TUDOR ELLIOTT'S SYG LLC APPEARANCE

Stratmann notes that, concurrently with this motion, Gavin Tudor Elliott, Esq. (Bar #542997) has entered a Notice of Limited Appearance on behalf of Starboard Yacht Group

LLC and filed a FRCP 55(c) motion to vacate the SYG LLC Clerk's Default (DE 51). These are complementary, not duplicative tracks:

| Track | Party | Basis | Documents |
|-------|-------|-------|-----------|
| This motion | CJS individually | Rule C(6) claimant rights; § 1654 misapplication | DE 41, 43 restoration |
| Gavin's motion | SYG LLC through counsel | FRCP 55(c) good cause; § 1654 structural cure | DE 51 vacatur |

Granting both motions would restore the full defense posture contemplated by the rules: (1) a licensed attorney representing SYG LLC on the in personam corporate track; and (2) Stratmann individually asserting his in rem claimant rights and in personam defense. Neither moots the other.

## VI. RELIEF REQUESTED

Stratmann respectfully requests that this Court:

1. **Amend DE 53** to the extent it struck DE 41 (Verified Claim of Interest) and DE 43 (Answer and Counterclaim) filed by Charles Jacob Stratmann in his individual capacity;

2. **Restore** DE 41 and DE 43 as operative filings in this action;

3. **Permit** Stratmann to file an amended Answer and Counterclaim within fourteen (14) days of this Court's order; and

4. **Confirm** that Stratmann retains claimant standing under Supplemental Admiralty Rule C(6) as an individual with an interest in the M/V Slow UR Roll II.

Respectfully submitted,

Charles Jacob Stratmann

Pro Se — In His Individual Capacity

545 NE 17th Avenue

Fort Lauderdale, FL 33301

Telephone: (954) 873-8546

Email: jake@starboardyacht.com

Dated: May 1, 2026

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of May, 2026, a true and correct copy of the foregoing was filed with the Clerk of the United States District Court for the Southern District of Florida and served via the Court's CM/ECF electronic filing system, and/or via U.S. Mail and email pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), upon the following:

Amanda Klopp, Esq.

Jenna Morgan Yoss, Esq.

AKERMAN LLP

*Counsel for Plaintiff Seacoast National Bank*

Gavin Tudor Elliott, Esq.

THE ELLIOT LEGAL GROUP, P.A.

*Counsel for Defendant Starboard Yacht Group LLC*

Charles Jacob Stratmann, Pro Se