**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**



FILED BY_____ D.C.

MAY 0 1 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

Case No. 0:26-cv-60289-WPD

SEACOAST NATIONAL BANK,

    Plaintiff,

v.

M/V SLOW UR ROLL II (USCG Official No. 1220768),
her engines, tackle, apparel, and appurtenances,
*in rem*; and
STARBOARD YACHT GROUP, LLC, *in personam*,

    Defendants.

---

## CLAIMANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING EMERGENCY MOTION TO VACATE CLERK'S ENTRY OF DEFAULT (DE 57), AND REQUEST FOR EXPEDITED CONSIDERATION

[EXPEDITED CONSIDERATION REQUESTED — VESSEL UNDER IN REM ARREST]

Claimant Charles Jacob Stratmann ("Claimant" or "Stratmann"), proceeding pro se as the sole member of Defendant Starboard Yacht Group, LLC and the person with a direct possessory and ownership interest in the Defendant vessel M/V SLOW UR ROLL II (USCG Official No. 1220768) (the "Vessel"), respectfully moves this Court, pursuant to Local Rule 7.1(c)(1) of the United States District Court for the Southern District of Florida, for **reconsideration** of the Court's Order entered April 23, 2026 (DE 57) denying Claimant's Emergency Motion to Vacate Clerk's Entry of Default as to the Vessel (DE 56). In the alternative, Claimant requests relief from that Order under Federal Rule of Civil Procedure 60(b)(1), (b)(3), and (b)(6), preserving the longer Rule 60(c) limitations periods. Claimant

further requests **expedited consideration** because the Vessel remains under in rem arrest and entry of default judgment would result in a custodial sale and permanent deprivation of property without a merits determination.

In support, Claimant states:

## I. Procedural Posture

On April 16, 2026, the Clerk entered default against the Vessel on a paperless docket entry (DE 54), one day after Plaintiff Seacoast National Bank ("SCB") filed its Motion to Dismiss the Verified Claim and Motion to Strike the Answer (DE 49) and the Court granted both (DE 53).

On April 22, 2026, Claimant timely filed an Emergency Motion to Vacate Clerk's Entry of Default under Federal Rule of Civil Procedure 55(c) and Supplemental Admiralty Rule C (DE 56).

On April 23, 2026, the Court entered an Order **denying** the Emergency Motion to Vacate (DE 57). Reconsideration of that Order is timely if filed on or before May 7, 2026, pursuant to Local Rule 7.1(c)(1) (14 days from entry).

## II. Standard Governing Reconsideration

A motion for reconsideration may be granted to (a) account for an intervening change in controlling law, (b) consider new evidence not previously available, or (c) correct clear error or prevent manifest injustice. *See Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002); *Instituto De Prevision Militar v. Lehman Bros., Inc.*, S.D. Fla. (2007). The Eleventh Circuit has repeatedly emphasized a "strong preference" for resolution of cases on the merits over disposition by default. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996); *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); *Lee Savoia-McHugh v. Glass*, 95 F.4th

1283 (11th Cir. 2024).

Pro se filings are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III. Grounds for Reconsideration

#### A. Manifest injustice — the strike-then-default sequence collapsed Claimant's response window to less than 24 hours.

SCB served its Motion to Dismiss / Strike (DE 49) and Motion for Default (DE 48) on April 15, 2026 at approximately 3:35 PM. The Court granted both motions the **next morning** (DE 53) and the Clerk entered the Vessel default that **same day** (DE 54). Local Rule 7.1(c)(1) ordinarily affords a 14-day response window. Acting within 24 hours of service collapsed that window to a fraction and effectively imposed default sanction on a pro se claimant before a single response page could be filed.

The Eleventh Circuit has held that a default that flows from a procedural sequence affording the defaulting party no meaningful opportunity to be heard merits vacatur on good-cause grounds, particularly where the underlying defenses are non-frivolous. *Compania Interamericana*, 88 F.3d at 951-52; *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291 (11th Cir. 2003). Reconsideration is appropriate to prevent the manifest injustice of permanent loss of a $300,000-plus vessel based on a sub-24-hour procedural window.

#### B. New evidence — attorney-conflict facts material to the strike order have ripened since DE 56.

Claimant's DE 56 motion identified a conflict-of-interest concern regarding SCB's counsel (Akerman LLP) arising from Akerman's prior representation of entities within the Ivankovich family enterprise while simultaneously opposing SYG and Claimant. Since the entry of DE 57, additional CM/ECF docket evidence has been collected confirming that conflict, including bankruptcy-court representation matter excerpts compiled at Exhibit K and

proffered with this motion.

Where new evidence calls into question the integrity of the proceeding that produced the default, Federal Rule of Civil Procedure 60(b)(3) and 60(d)(3) provide independent grounds for relief from the resulting order. *Brown v. SEC*, 14-15103 (11th Cir. 2016). Reconsideration based on this newly-collected evidence is appropriate even if the Court remains unpersuaded as to the original DE 56 grounds.

### C. Clear error — DE 53 effectively imposed both a Rule 12 dismissal and a default sanction on a single sub-24-hour record.

DE 53 simultaneously (i) dismissed Claimant's Verified Claim under Supplemental Admiralty Rule C(6), (ii) struck Claimant's Answer under Federal Rule 12(f), and (iii) directed Clerk's entry of default — three separate dispositive rulings — without any briefing from Claimant. The combined effect was to deprive Claimant of any pleading on file and any opportunity to cure under Federal Rule 15(a)(2), which embraces a policy that leave to amend "shall be freely given when justice so requires."

The collapse of Rule 12, Rule 15, and Rule 55 into a single uncontested order on a sub-24-hour record is, respectfully, clear error warranting reconsideration. The proper procedural remedy when a verified claim is filed late or imperfectly is leave to amend, not summary strike-and-default in admiralty in rem proceedings. *See, e.g., United States v. All Assets Held at Bank Julius Baer & Co.* (D.D.C. Sept. 20, 2011) (Rule C(6) defects routinely cured by leave to amend); *RR Caribbean, Inc. v. Dredge "Jumby Bay"*, V.I. (2001).

### IV. Meritorious Defenses Reaffirmed

1. As fully briefed in DE 56, Claimant has multiple meritorious defenses, including (a) competing lien priority via the Locality Bank / SBA-guaranteed senior lien (Case No. 0:26-cv-60068-AHS), (b) attorney conflict / disqualification of Akerman LLP, (c) enterprise-pressure pattern documented in active RICO proceedings (Case No.

0:26-cv-61001-JMS), (d) breach of loan obligations / improper acceleration, and (e) liquidated-vs-fair-market value differential causing irreparable harm not compensable post-decree. These defenses are not frivolous, and the Eleventh Circuit's "any hint of a meritorious defense" standard (*Gulf Coast Fans v. Midwest Elecs. Importers*, 740 F.2d 1499, 1510 (11th Cir. 1984)) is met.

## V.  Absence of Prejudice

1. The Vessel remains under in rem arrest. SCB's mortgage lien is preserved during pendency of merits adjudication. Vacating the default produces no prejudice beyond requiring SCB to litigate the validity and priority of its lien — which is precisely the function this Court is designed to perform. *Florida Physician's Ins. Co.*, 8 F.3d at 784.

## VI.  Request for Expedited Consideration

1.  Pursuant to Local Rule 7.1(d), Claimant requests **expedited consideration**. The Vessel remains in the custody of the Court-appointed custodian. Any decree of sale entered before this motion is heard would extinguish Claimant's possessory interest and render the merits determination requested herein effectively unreviewable.

## VII.  Requested Relief

WHEREFORE, Claimant respectfully requests that the Court:

   A.  **GRANT** this Motion for Reconsideration;

   B.  **VACATE** Order DE 57 entered April 23, 2026, and the Clerk's Entry of Default as to the Vessel (DE 54);

   C.  **GRANT LEAVE** to refile, within fourteen (14) days, (i) a Verified Claim of Interest under Supplemental Admiralty Rule C(6), (ii) a Restricted Appearance under Supplemental Admiralty Rule E(4), and (iii) an Answer to the Complaint with Affirmative Defenses;

D. **STAY** any decree of sale or further in rem proceedings affecting the Vessel pending ruling on this Motion and on any companion Motion to Disqualify Akerman LLP filed contemporaneously herewith;

E. In the alternative, treat this filing as a Motion under Federal Rule 60(b)(1), (b)(3), and (b)(6), and grant relief from DE 57 on those independent grounds; and

F. Grant such other and further relief as the Court deems just and proper.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Claimant, proceeding pro se, certifies that he has attempted in good faith to confer with counsel for SCB regarding the relief requested herein on or before the date of this filing, by transmittal of a meet-and-confer email to Akerman LLP counsel of record on the docket. Claimant believes the motion is opposed.

Respectfully submitted,

Charles Jacob Stratmann
Pro Se — In His Individual Capacity
545 NE 17th Avenue
Fort Lauderdale, FL 33301
Telephone: (954) 873-8546
Email: jake@starboardyacht.com

Dated: May 7, 2026

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of May, 2026, a true and correct copy of the foregoing was filed with the Clerk of the United States District Court for the Southern District of Florida and served via the Court's CM/ECF electronic filing system, and/or via U.S. Mail and email pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), upon the following:

Amanda Klopp, Esq.

Jenna Morgan Yoss, Esq.

AKERMAN LLP

*Counsel for Plaintiff Seacoast National Bank*

Gavin Tudor Elliott, Esq.

THE ELLIOT LEGAL GROUP, P.A.

*Counsel for Defendant Starboard Yacht Group LLC*

Charles Jacob Stratmann, Pro Se

# Exhibit Ex09 - JS to Ryder - $95K Mitigation

*Starboard Yacht Group, LLC v. Seacoast Banking Corporation of Florida, et al. · Case No.
0:26-cv-60289-WPD · S.D. Fla.*

| | |
|---|---|
| **Filing Exhibit #** | Ex09 |
| **Source ID** | Engine-l |
| **Bates** | SYG-104786 |
| **Document Date** | 2020-08-14 |
| **Source** | Charles Jacob Stratmann email to Lang Ryder |
| **Custodian** | Charles Jacob Stratmann (in custodia legis) |
| **Sender** | jake@starboardyacht.com |
| **Recipient** | Lang.Ryder@seacoastbank.com |
| **Subject** | RE: engine order for 350 Everglades |
| **Authentication** | sender_testimony FRE803(6); mitigation_record |
| **Hydration Status** | HYDRATED_NATIVE_GRAPH |

**Description / Counsel Summary**

Email: Stratmann→Ryder Aug 14 — Borrower mitigation offer: '95k would do it.' [$95K damages
floor]

**Email Body (Verbatim)**

Lang,

95k would do it.

Jake

Sent from my T-Mobile 5G Device

-------- Original message --------

From: Lang Ryder <Lang.Ryder@seacoastbank.com>

Date: 8/14/20 9:29 AM (GMT-05:00)

To: Jake Stratmann <jake@starboardyacht.com>

Subject: RE: engine order for 350 Everglades

**EXHIBIT Ex09 | SCB DEFENSE**

How much do you need? We're holding back $105,000

Lang Ryder | Senior Vice President/Marine Lending Executive

1800 SE 10th Ave suite 315 Ft Lauderdale, FL 33316

Lang.Ryder@SeacoastBank.com | C: 954.562.8890 | T: 954.767.1031

From: Jake Stratmann [mailto:jake@starboardyacht.com]
Sent: Friday, August 14, 2020 9:21 AM
To: Lang Ryder
Subject: RE: engine order for 350 Everglades

SENDER EXTERNAL TO SEACOAST – Use caution with links & attachments.

If you are suspicious of this email, click the "Phish Alert" button to send it to Information Security for review.

Lang

Good morning, I need to fund these today. See attached as engines just arrived. Let me know what you need from me.

Jake

Sent from my T-Mobile 5G Device

-------- Original message --------

From: Jake Stratmann <jake@starboardyacht.com>

Date: 8/13/20 7:33 PM (GMT-05:00)

To: Lang Ryder <Lang.Ryder@seacoastbank.com>

Subject: RE: engine order for 350 Everglades

Engines arrived

Jake

Sent from my T-Mobile 5G Device

**EXHIBIT Ex09 | SCB DEFENSE**

-------- Original message --------

From: Lang Ryder <Lang.Ryder@seacoastbank.com>

Date: 8/10/20 10:05 AM (GMT-05:00)

To: Jake Stratmann <jake@starboardyacht.com>

Subject: RE: engine order for 350 Everglades

Can you send me verification of what you paid Atlantic?

Lang Ryder | Senior Vice President/Marine Lending Executive

1800 SE 10th Ave suite 315 Ft Lauderdale, FL 33316

Lang.Ryder@SeacoastBank.com | C: 954.562.8890 | T: 954.767.1031

From: Jake Stratmann [mailto:jake@starboardyacht.com]
Sent: Friday, August 7, 2020 4:01 PM
To: Lang Ryder; Jeana Bell
Cc: Theresa
Subject: RE: engine order for 350 Everglades

SENDER EXTERNAL TO SEACOAST – Use caution with links & attachments.

If you are suspicious of this email, click the "Phish Alert" button to send it to Information Security for review.

Lang,

Yes sir, they are ordered and shipping soon.

Respectfully,

Jake Stratmann

President

Starboard Yacht Group

850 N.E. Third Street Suite 208

**EXHIBIT Ex09 | SCB DEFENSE**

Dania Beach, Florida, 33004

www.StarboardYacht.com

Jake@StarboardYacht.com

Office: (954) 376-5400

Mobile: (954) 873-8546

Fax: (954) 920-6255

From: Lang Ryder <Lang.Ryder@seacoastbank.com>
Sent: Friday, August 7, 2020 10:45 AM
To: Jake Stratmann <jake@starboardyacht.com>; Jeana Bell <Jeana.Bell@seacoastbank.com>
Cc: Theresa <Theresa@starboardyacht.com>
Subject: RE: engine order for 350 Everglades

Did you gave Atlantic a 50% deposit?

Lang Ryder | Senior Vice President/Marine Lending Executive

1800 SE 10th Ave suite 315 Ft Lauderdale, FL 33316

Lang.Ryder@SeacoastBank.com | C: 954.562.8890 | T: 954.767.1031

From: Jake Stratmann [mailto:jake@starboardyacht.com]
Sent: Friday, August 7, 2020 10:24 AM
To: Jeana Bell; Lang Ryder
Cc: Theresa
Subject: RE: engine order for 350 Everglades

SENDER EXTERNAL TO SEACOAST – Use caution with links & attachments.

If you are suspicious of this email, click the "Phish Alert" button to send it to Information Security for review.

Lang,

The engines were ordered and scheduled to arrive on the 18th of August.

See executed estimate.

**EXHIBIT Ex09 | SCB DEFENSE**

Respectfully,

Jake Stratmann

President

Starboard Yacht Group

850 N.E. Third Street Suite 208

Dania Beach, Florida, 33004

www.StarboardYacht.com

Jake@StarboardYacht.com

Office: (954) 376-5400

Mobile: (954) 873-8546

Fax: (954) 920-6255

From: Jeana Bell <Jeana.Bell@seacoastbank.com>
Sent: Friday, August 7, 2020 10:18 AM
To: Lang Ryder <Lang.Ryder@seacoastbank.com>; Jake Stratmann <jake@starboardyacht.com>
Subject: RE: engine order for 350 Everglades

Jake,

please fill out the form and return it back to me with a voided copy of a check. This normally takes 15 days so you will need to make your next payment.

Regards

Jeana Bell

Jeana Bell | Marine Loan Processor

1800 SE 10th Ave Suite 315 Fort Lauderdale, FL 33316

Jeana.Bell@SeacoastBank.com | O: 954.767.1031 | T: 800.706.9991

*Prepared by Helm Legal Technologies*

From: Lang Ryder
Sent: Friday, August 7, 2020 10:07 AM
To: 'Jake Stratmann'
Cc: Jeana Bell
Subject: RE: engine order for 350 Everglades

Jake,

Jeana will send you forms for auto pay. If that's the work you are going to do sign the workers. Your 20% goes in first we'll fund anything after that up to our loan amount.

Lang

Lang Ryder | Senior Vice President/Marine Lending Executive

1800 SE 10th Ave suite 315 Ft Lauderdale, FL 33316

Lang.Ryder@SeacoastBank.com | C: 954.562.8890 | T: 954.767.1031

From: Jake Stratmann [mailto:jake@starboardyacht.com]
Sent: Friday, August 7, 2020 10:00 AM
To: Lang Ryder
Cc: Theresa
Subject: engine order for 350 Everglades

SENDER EXTERNAL TO SEACOAST – Use caution with links & attachments.

If you are suspicious of this email, click the "Phish Alert" button to send it to Information Security for review.

Lang,

Wanted to circle back for 2 reasons. How do I setup auto pay to this loan and also please find the attached engine estiamte for installation with the new 300V8 Mercury engines.

Respectfully,

Jake Stratmann

President

Starboard Yacht Group

*Prepared by Helm Legal Technologies*

**EXHIBIT Ex09 | SCB DEFENSE**

850 N.E. Third Street Suite 208

Dania Beach, Florida, 33004

www.StarboardYacht.com

Jake@StarboardYacht.com

Office: (954) 376-5400

Mobile: (954) 873-8546

Fax: (954) 920-6255

IMPORTANT NOTICE Please be advised that e-mail is not a secure form of communication and should not be used to communicate personal information. Seacoast Bank will never send an e-mail message requesting confidential information, such as account numbers, passwords, social security numbers, or Personal Identification Numbers (PINs). E-mail should not be considered a reliable means of conducting business transactions. Any financial transaction instruction or inquiry should be made by calling our telephone banking center at 800-706-9991 or visiting your local Seacoast Bank office. This e-mail and the attachments may contain legally privileged confidential information. It is intended solely for the use of the addressee. If you are not the intended recipient, any reading, dissemination, copying, or other use of this message or its attachments is prohibited. If you have received this message in error, please notify the sender immediately and delete this message and all copies.