**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
IN ADMIRALTY
CASE NO.: 0:26-cv-60289-WPD

**SEACOAST NATIONAL BANK**,

     Plaintiff,

vs.

**M/V SLOW UR ROLL II**, a 2008 Everglades 350LX
Express, Official No. 1220768, HIN: RJDE0005I708,
Together with all masts, boilers, cables, engines,
machinery, etc., *in rem*, and **STARBOARD YACHT
GROUP LLC**, a Florida limited liability company, *in
personam*,

     Defendants.

_____/

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
**AGAINST M/V SLOW UR ROLL II AND STARBOARD YACHT GROUP LLC**

Plaintiff, SEACOAST NATIONAL BANK ("Seacoast" or "Plaintiff"), by and through

undersigned counsel, pursuant to Local Rule 7.1(a)(1)(E), and Local Admiralty Rule C(9) hereby

files this Motion for Final Default Judgment against Defendants, M/V SLOW UR ROLL II, a 2008

Everglades 350LX Express, Official No. 1220768, HIN: RJDE0005I708, together with all masts,

boilers, cables, engines, machinery, etc., *in rem*, (the "Vessel") and STARBOARD YACHT

GROUP LLC, a Florida limited liability company*, in personam* (the "Borrower"), and alleges as

follows:

**PROCEDURAL POSTURE**

Plaintiff filed its Verified Complaint in Admiralty on February 2, 2026 to enforce its

preferred ship mortgage against the Vessel pursuant to 28 U.S.C. §§ 31301 *et seq.* and enforce its

promissory note against the Borrower. [DE 1.] Thereafter, on February 25, 2026, a warrant of

86292058;3

arrest *in rem* was issued. [DE 24.]  The Court appointed G Robert Toney and Associates, Inc. DBA National Liquidators as the Substitute Custodian. [DE 23.] On March 4, 2026, the Vessel was arrested by the U.S. Marshal and turned over to the Substitute Custodian. [DE 33.]

On March 9, 2026, Borrower was served with Notice of Action in Rem and Arrest of Vessel. [DE 34.]  On March 17, 2026, Borrower was personally served with the summons and Complaint. [DE 44.] Borrower failed to file an answer within twenty-one days, and on April 16, 2026, the Clerk entered a default against Borrower. [DE 51.]

Local Admiralty Rule C(6)(a) requires that, within fourteen days of arrest, any claimant of property subject to an action *in rem* shall file a claim. On April 16, 2026, the Court entered its *Order Granting Plaintiff's Motion to Dismiss Claim of Interest of Charles Jacob Stratmann, to Strike Answer, Affirmative Defense, and Counterclaim, and for Default Against the Vessel*, which struck the only claim filed against the Vessel, and directed the Clerk to enter default against the Vessel. [DE 53.]  Accordingly, the Clerk entered a default against the Vessel on April 16, 2026. [DE 54.]

Contemporaneously with the filing of this Motion, Plaintiff filed an Amended Verified Complaint that corrects a scrivener's error as to the HIN of the Vessel in one paragraph of the Verified Complaint, pursuant to a previous motion granted by the Court. [DE 46, 50].  The Amended Verified Complaint does not assert any new claim for relief, and therefore was not required to be served on the defaulted Defendants.  *See Campbell v. Bennett*, 47 F.4th 1362, 1366 (11th Cir. 2022); Fed. R. Civ. P. 5(a)(2).

Therefore, due to the entry of defaults, all well-pled facts have been admitted, and Plaintiff is entitled to default judgment against Defendants.

**STATEMENT OF FACTS**

**A.      Undisputed Material Facts Relevant to Motion**

1.      The Vessel is a 2008 Everglades 350LX Express, Official No. 1220768, Hull ID RJDE0005I708.   *See* Am. Verified Compl. ¶ 4; Affidavit of Kevin Picart annexed hereto as **Exhibit 1**, ¶ 3 [DE 33.]

2.      The Vessel is located within the Southern District of Florida in Broward County, Florida, and currently under arrest. [DE 33.]

3.      Plaintiff is a banking institution authorized to do business in the state of Florida. *See* Verified Compl. ¶ 7; Picart Aff. ¶ 5.

4.      On or about July 17, 2020, Plaintiff made a loan ("Loan") to the Borrower.  To evidence the Loan, Borrower executed and delivered a Promissory Note ("Note") dated July 17, 2020, and became indebted, to Plaintiff in the original principal amount of $176,503.10.  The Note called for 240 payments of principal and interest due monthly, beginning August 17, 2020. *See* Verified Compl. ¶ 8; Picart Aff. ¶ 6, Ex. A.

5.      In order to secure payment of the Note and interest thereon, on July 17, 2020, Borrower executed a First Preferred Ship Mortgage ("Mortgage"), encumbering the Vessel. *See* Verified Compl. ¶ 9; Picart Aff. ¶ 7, Ex. B.

6.      By the terms of the Mortgage, Borrower mortgaged the Vessel along with her equipment, furniture, accessories, electronic equipment, personal property, apparel, belongings, fittings, sails, rigging, engines, *etc.* to Plaintiff to secure payment of all sums due under the Note and Mortgage to Plaintiff. *See* Verified Compl. ¶ 10; Picart Aff. ¶ 8.

7.      The Vessel is a documented vessel of the United States. *See* Verified Compl. ¶ 11; Picart Aff. ¶ 9.

86292058;3

8.      The Mortgage was filed in substantial compliance with 46 U.S.C. § 31321(b) with United States Coast Guard Vessel Documentation Center. *See* Verified Compl. ¶ 12; Picart Aff. ¶ 10.

9.      The Note, Mortgage, and all other documents executed and delivered from time to time in connection with, or otherwise evidencing, securing, or related to, the Loan are collectively referred to as the "Loan Documents." *See* Verified Compl. ¶ 13; Picart Aff. ¶ 11.

10.     Borrower is in default under the terms of the Note, Mortgage, and all other Loan Documents, by failing to make payments as and when due, including those payments due on November 17, 2025 and December 17, 2025. *See* Verified Compl. ¶ 14; Picart Aff. ¶ 12.

11.     Additionally, Borrower is in default under the terms of the Mortgage and all other Loan Documents by creating, incurring, or permitting a lien to be placed or imposed on the Vessel, and by mortgaging the Vessel without permission of the Plaintiff. *See* Mortgage, Art. I ¶¶ 5, 10. On June 24, 2024, Locality Bank recorded a Preferred Ships Mortgage on the Vessel with United States Coast Guard Vessel Documentation Center. *See* Verified Compl. ¶ 15; Picart Aff. ¶ 13, Ex. C.

12.     As a result of the defaults, the Note and Mortgage provide that Plaintiff may demand full payment of the unpaid principal balance, accrued interest, fees, costs and charges, repossess the Vessel, and foreclose on the Vessel. *See* Verified Compl. ¶ 16. Picart Aff. ¶ 14.

13.     On December 18, 2025, Plaintiff sent a letter ("Demand Letter") to Borrower, accelerating the indebtedness and demanding payment in full of all sums due under the Note and other Loan Documents, but payment has not been made. *See* Verified Compl. ¶ 17. Picart Aff. ¶ 15, Ex. D.

4

14.     By its Demand Letter, Plaintiff further demanded that Borrower make the Vessel immediately available to Plaintiff for inspection. Borrower further defaulted under the terms of the Mortgage and other Loan Documents by failing to respond to such demand. *See* Verified Compl. ¶ 18; Picart Aff. ¶ 16.

15.     On January 9, 2026, Plaintiff sent a letter ("Reaffirming Demand Letter") to Borrower, reaffirming its demand for payment in full of all sums due under the Note and other Loan Documents, but payment has not been made. *See* Verified Compl. ¶ 19; Picart Aff. ¶ 17, Ex. E.

16.     The balance due to Plaintiff under the Note is in the total principal amount of $143,054.75, accrued and unpaid interest of $9,118.21 through and including April 29, 2026 (with a per diem thereafter of approximately $70.5475), $695.00 of repossession fees, $5,600.00 of transportation fees, $850.00 of recovery fees, $3,330.25 of storage fees, $540.00 of insurance fees, $5,535.00 of service and repair fees, plus $50.00 in abstract fees, plus attorneys' fees and costs accrued and accruing under the Note and Mortgage, plus any other expenses as may be due under the Note and Mortgage, together with interest thereon. *See* Verified Compl. ¶ 20; Picart Aff. ¶ 18, Ex. F.

17.     Plaintiff owns and holds the Note and all Loan Documents, and thus, it is entitled to all of the rights and remedies provided for under the Loan Documents and provided under federal law. *See* Verified Compl. ¶ 21; Picart Aff. ¶ 19.

18.     All conditions precedent to Plaintiff's rights under the Loan Documents and to the bringing of this action have occurred, been waived, or been otherwise satisfied. *See* Verified Compl. ¶ 22; Picart Aff. ¶ 20.

86292058;3

19.     Plaintiff has retained the services of the undersigned attorneys in connection with the collection of the indebtedness due under the Note, and has agreed to pay them a reasonable fee for their services.  Pursuant to page 2 of the Note and page 2 of the Mortgage, Plaintiff is entitled to recover its attorneys' fees herein. *See* Verified Compl. ¶ 23; Picart Aff. ¶ 21.

**ARGUMENT AND MEMORANDUM OF LAW**

**A.     Jurisdiction and Venue**

**1.     Subject Matter Jurisdiction**

This action, and this Motion, involves the foreclosure *in rem* of a statutory mortgage encumbering the M/V SLOW UR ROLL II, a 2008 Everglades 350LX Express, Official No. 1220768, HIN: RJDE0005I708, together with all masts, boilers, cables, engines, machinery, etc. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  This Court has jurisdiction over this proceeding under 28 U.S.C. § 1333, 46 U.S.C. §§ 31301-31343, under the General Maritime Law of the United States.  Specifically, this action, and the Motion, involves the foreclosure *in rem* of a statutory mortgage and a claim for the outstanding indebtedness secured by the mortgaged vessel and therefore this Court has exclusive subject matter jurisdiction.   *See* 46 U.S.C. § 31325(c) ("The district courts have original jurisdiction of a civil action brought under subsection (b)(1) or (2) of this section. . . However, for a documented vessel . . . this jurisdiction is exclusive of the courts of the States for a civil action brought under subsection (b)(1) of this section.")

**2.     Personal Jurisdiction**

Both Defendants are amenable to the jurisdiction of this Court because one is Vessel that is subject to the *in rem* jurisdiction of the Court, and the other is a Florida limited liability company that was served in Florida.

6

86292058;3

The arrest of the Vessel established this Court's *in rem* jurisdiction. *See* Supplemental Rule C(2)-(3)[1]; *Harper v. M/V OURO DO BRASIL*, No. 8:12-CV-1976-T-23TGW, 2013 WL 12388568, at *5 (M.D. Fla. July 10, 2013) ("Service of process on an *in rem* vessel requires a verified complaint seeking to arrest the vessel, which results in the issuance of a warrant for the arrest of the vessel, although, in lieu of arrest, a defendant may issue a bond or letter of undertaking."(citing Supplemental Rule C(3)).

The Verified Complaint alleges that Borrower "is the owner of the Vessel, and is a Florida limited liability company with its principal place of business in Broward County, Florida" [DE 1, ¶ 5] and Borrower was served in Broward County, Florida. Therefore, personal jurisdiction over Borrower is proper.  *See* Fla. Stat. § 48.193(2).

In sum, Plaintiff has demonstrated that this Court has both subject-matter and personal jurisdiction over Defendants.

### 3.      Venue

Venue is proper within the Southern District of Florida pursuant to the provisions of 28 U.S.C. § 1391(b)(2), and under the General Maritime Law of the United States, as the Defendant Vessel is currently located within this District in Fort Lauderdale, Broward County, Florida. *See* Verified Compl. ¶ 5. *See also* Supplemental Rule C(2) ("In an action in rem the complaint must . . . state that the property is within the district or will be within the district while the action is pending."); Supplemental Rule E(3) ("In admiralty and maritime proceedings process in rem . . . may be served only within the district.")  The Vessel is currently within the district and under arrest. [DE 33.]

---

[1] Supplemental Rule refers to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

**B.**     **Legal Standard on Default**

The entry of a default against a defendant, unless set aside pursuant to Rule 55(c), severely limits the defendant's ability to defend the action. While "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," a defaulted defendant is deemed to "admit [] the plaintiff's well-pleaded allegations of fact." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages.  Thus, if liability is well-pled in the complaint, it is established by the entry of a default.  *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

**C.**     **Plaintiff is Entitled to a Default Judgment Against, and Sale of, the Vessel**

Local Admiralty Rule C(9) sets forth the procedural requirements that must be met in this Court where a party seeks to have a default judgment entered in an admiralty action *in rem.*  The procedure calls for the party seeking a judgment to obtain first the entry of default, which has been entered in this case. [DE 54.]  The movant must then file a motion for entry of default judgment with supporting legal documentation showing the movant's right to the requested judgment. *See* Local Admiralty Rule C(9).

It is respectfully submitted that the present Motion, the Verified Complaint, the Affidavit of Kevin Picart in Support of Plaintiff's Motion for Default Judgment attached hereto and the Court file in these proceedings, affirmatively show that Plaintiff is entitled to judgment in its favor against Defendant Vessel, *in rem.*

Supplemental Rule C(2) requires a complaint *in rem* to (a) be verified, (b) describe with particularity the property, and (c) state that the property is within the district.  Here, the Complaint

86292058;3

was verified, described the property, and alleged that it was within this district. [DE 1.][2] Liability

against the Vessel, *in rem*, for the debt of a preferred mortgage is provided for by 46 U.S.C. §

31325, which states in relevant part:

> (a) A preferred mortgage is a lien on the mortgaged vessel in the amount of the outstanding mortgage indebtedness secured by the vessel.
>
> (b) On default of any term of the preferred mortgage, the mortgagee may—
>
> (c) (1) enforce the preferred mortgage lien in a civil action in rem for a documented vessel, . . . ;
>
>    . . .

46 U.S.C. § 31325.

A preferred mortgage, pursuant to 46 U.S.C. § 31301(6), "means a mortgage that is a

preferred mortgage under section 31322 of this title."  Under 46 U.S.C. § 31322, a preferred

mortgage is defined as a mortgage that: (1) "includes the whole of the vessel[;]" (2) "is filed in

substantial compliance with section 31321 of this title [46]" and (3) "covers a documented vessel."

Section 31321 of Title 46 provides that a mortgage must be filed with the U.S. Coast Guard at the

vessel's home port, and the mortgage must: (1) identify the vessel, (2) state the name and address

of each party to the instrument; (3) state the amount of the direct or contingent obligations that are

secured by the mortgage; (4) state the interests of the grantor, mortgagor, or assignor in the vessel;

(5) state the interest mortgaged; and (6) be signed and acknowledged. *See* 46 U.S.C. § 31321(b).

In the present case, the mortgage at issue is a "preferred mortgage" subject to the Ship

Mortgage Act.  The Mortgage was filed in substantial compliance with 46 U.S.C. § 31321 by: (1)

identifying the "mortgaged vessel" as SLOW UR ROLL II and includes its Official Number

---

[2] The Amended Verified Complaint was also verified and identical to the original Verified Complaint except for paragraph 4 which corrected a scrivener's error.

86292058;3

1220768; (2) identifying Defendant Borrower as the mortgagor and Plaintiff as the mortgagee, and listing their addresses; (3) identifying the total amount of the mortgage as $176,503.10; (4) identifying Defendant Borrower as the sole owner of the whole (100%) of the Vessel; (5) stating that the mortgage is on the whole (100%) of the Vessel; and (6) being signed by Defendant Borrower and properly acknowledged by a notary public. *See* Verified Compl. Ex. B.  Moreover, the Mortgage meets the requirements set forth in 46 U.S.C. § 31322 for a "preferred mortgage" because it: (1) includes the whole of the vessel, *id.*; (2) was properly filed with the National Vessel Documentation Center in compliance with § 31321, *see* Verified Compl. ¶ 12 and Picart Aff. Ex. C, and (3) covers a documented vessel, *see* Abstract annexed to Picart Affidavit as Exhibit C. Furthermore, Plaintiff owns and holds the Note and the Mortgage.  *See* Verified Compl. ¶ 21; Picart Aff. ¶ 19.  Thus, the Plaintiff has a valid preferred mortgage under 46 U.S.C. § 31322.

The owner of the Defendant Vessel has defaulted under the terms of the Loan Documents by, *inter alia*, failing to make payments as and when due, by creating incurring, or permitting a lien to be placed or imposed on the Vessel, and by mortgaging the Vessel without permission of the Plaintiff.  *See* Verified Compl. ¶¶ 14, 15.  As a result of the Borrower's default, the Note and Mortgage provide that Plaintiff may demand full payment of the unpaid principal balance, accrued interest, fees, costs, and charges, repossess the Vessel, and foreclose on the Vessel. *See* Verified Compl., ¶ 16, Exs., A, B.  Due to the defaults, on December 18, 2025, the balance due under the Note was accelerated.  *See* Verified Compl. ¶ 17, Ex. D.  Borrower further defaulted by failing to make the Vessel immediately available for inspection by Plaintiff upon demand, *see* Verified Compl. ¶ 18, and Plaintiff reaffirmed the demand and imposed the default rate of interest. *See* Verified Compl. ¶ 19, Ex. E; Picart Aff, Ex. E.

86292058;3

There is presently due from the owner of the Vessel the total principal amount of $143,054.75, accrued and unpaid interest of $9,118.21 through and including April 29, 2026 (with a per diem thereafter of approximately $70.5475), $695.00 of repossession fees, $5,600.00 of transportation fees, $850.00 of recovery fees, $3,330.25 of storage fees, $540.00 of insurance fees, $5,535.00 of service and repair fees, plus $50.00 in abstract fees, plus attorneys' fees and costs accrued and accruing under the Note and Mortgage, plus any other expenses as may be due under the Note and Mortgage, together with interest thereon. *See* Verified Compl. ¶ 20; Picart Aff. ¶ 18, Ex. F.  Plaintiff is entitled to a judgment against the Vessel for the amount of the debt owed on the Mortgage. *See e.g., Harris v. M/V FATHOMS O'FUN*, 10-62038-CV, 2011 WL 13319377, at *4 (S.D. Fla. July 18, 2011), report and recommendation *adopted*, 10-62038-CIV, 2011 WL 13319373 (S.D. Fla. Aug. 18, 2011).

The amount of principal, interest, and late fees due have been admitted by virtue of the default of the Vessel, and supported by affidavit of Mr. Picart.  *See* Verified Compl. ¶ 20; Picart Aff., ¶ 17. Further the amount of substitute custodian expenses, the expenses of repossession, arrest, insurance, and sums advanced by Plaintiff have been supported by affidavit and provision of the relevant invoices. *See* Picart Aff., ¶ 18, Ex. F.  The Mortgage and Note provides that the expenses in collection are recoverable. *See* Mortgage, Art. II, ¶ 5 and Note, p. 2.

Due to the Vessel's liability, *in rem*, for all debts owed on the Mortgage, *see* 46 U.S.C. § 31325, the Mortgage should be foreclosed, and the Vessel should be sold by the U.S. Marshal free of all claims, with the lien of the Mortgage to attach to the proceeds of sale in accordance with 46 U.S.C. § 31326(b).  Pursuant to Supplemental Rule E(9), "[a]ll sales of property shall be made by the marshal or a deputy marshal."  Under 46 U.S.C. § 31326 (a), "[w]hen a vessel is sold by order of a district court in a civil action in rem brought to enforce a preferred mortgage lien . . ., any

11

86292058;3

claim in the vessel existing on the date of sale is terminated, including a possessory common law lien of which a person is deprived under section 31325(e)(2) of this title, and the vessel is sold free of all those claims."  A preferred mortgage lien has priority over all liens and claims against the vessel, except as to expenses and fees allowed by the court, costs imposed by the court, or preferred maritime liens.  *See* 46 U.S.C. § 31326(b)(1).

Therefore, the Vessel should be sold by the U.S. Marshal, free and clear of all liens and claims, with the lien of Plaintiff's Mortgage to attach to the proceeds and accorded priority over all claims except expenses and fees allowed by the court and costs imposed by the court.  *See* Local Admiralty Rule E(18) (any claims filed after the sale shall be limited to the remnants and surplus arising from the sale).

At the sale of the Vessel by the U.S. Marshal, Plaintiff should be permitted to credit bid up to the amount of its judgment.  In the context of a judicial sale, courts in this District permit a plaintiff to credit bid the amount of its judgment at the auction.  *YCM Acquisition LLC v. M/Y DELIA*, 22-CV-22319, 2022 WL 18705488, at *5 (S.D. Fla. Dec. 21, 2022); *P&L Towing & Transp., Inc. v. M/V GAR-DEN S*, 1:21-CV-23062, 2022 WL 1812386, at *6 (S.D. Fla. May 13, 2022), report and recommendation adopted sub nom. *P & L Towing & Transp., Inc. v. M/V Gardens*, 21-23062-CIV, 2022 WL 1801235 (S.D. Fla. June 2, 2022).  If Plaintiff is not allowed to credit bid, Plaintiff will be unable to protect its lien interest and will receive substantially less than it is entitled to from the sale proceeds.  *See Harris*, No. 10-62038-CV, 2011 WL 13319377, at *3.  Plaintiff is seeking to credit bid up to the total sum of the outstanding principal, interest, late fees, expenses, custodial, storage, and insurance costs, and expenses of arrest, plus any attorneys' fees and taxable costs that are awarded after the grant of final default judgment.

86292058;3

### D.        Plaintiff is Entitled to a Default Judgment Against Borrower

It is respectfully submitted that the present Motion, the Verified Complaint, the Affidavit of Kevin Picart attached hereto, and the Court file in these proceedings, affirmatively show that Plaintiff is entitled to judgment in its favor against Borrower.

It is undisputed that Borrower executed and delivered the Note to Plaintiff and that Plaintiff owns and holds the Note.  *See* Verified Compl. ¶¶ 8, 21; Picart Aff. ¶¶ 6, 19.  The undisputed record evidence also shows that Plaintiff accelerated the Note due to Borrower's defaults in payment, Borrower's creating, incurring or permitting a lien to be placed or imposed on the Vessel, and Borrower's granting a mortgage on the Vessel without permission of Plaintiff.  *See* Verified Compl. ¶¶ 14-15, Exs. C; Picart Aff. ¶¶ 12-13.  Borrower failed to pay Plaintiff all amounts due upon demand. *See* Verified Compl. ¶¶ 17, 19, Exs. D, E; Picart Aff. ¶¶ 15, 17, Exs. D, E.

There is presently due from Borrower the total principal amount of $143,054.75, accrued and unpaid interest of $9,118.21 through and including April 29, 2026 (with a per diem thereafter of approximately $70.5475), $695.00 of repossession fees, $5,600.00 of transportation fees, $850.00 of recovery fees, $3,330.25 of storage fees, $540.00 of insurance fees, $5,535.00 of service and repair fees, plus $50.00 in abstract fees, plus attorneys' fees and costs accrued and accruing under the Note and Mortgage, plus any other expenses as may be due under the Note and Mortgage, together with interest thereon. *See* Verified Compl. ¶ 20; Picart Aff. ¶ 18, Ex. F.

Based on the undisputed record evidence cited herein, Plaintiff is entitled to a default judgment against Borrower for the debt owed on the Note, with the Court retaining jurisdiction to enter a final deficiency judgment against Borrower after the sale of the Vessel.

86292058;3

E.      **Proper Notice of the Arrest and Action Have Been Given**

Proper notice of this action has been provided pursuant to 46 U.S.C. § 31325(d)(1), Supplemental Rule C(4), and the Local Admiralty Rules.  46 U.S.C. § 31325(d)(1) provides that notice of a civil action *in rem* must be given in the manner directed by the court to:

(A) the master or individual in charge of the vessel,

(B) any person that recorded under 46 U.S.C. §§ 31343(a) or (d) an unexpired notice of a claim of an undischarged lien on the vessel, and

(C) a mortgagee of a mortgage filed or recorded under 46 U.S.C. § 31321 that is an undischarged mortgage on the vessel.

46 U.S.C. § 31325(d)(1).

Plaintiff sent Notice of Action in Rem and Arrest of Vessel, via certified mail to: (i) Borrower, (ii) Charles Jacob Stratmann (principal of Borrower), (iii) Locality Bank (mortgage holder, *see* Picart Aff., Ex. C), (iv) Robert D. McIntosh, Esquire (upon his request), and (v) National Liquidators (custodian of Vessel at the time of arrest).  [DE 45.]  While Borrower has not returned the signed receipt, Borrower has actual notice of this action because it was personally served with the Complaint and its manager, Charles Jacob Stratmann, has made numerous filings in this case.[3]  [DE 11, 12, 13, 14, 17, 18, 19, 27, 28, 29, 41, 43, 56.]  In sum, Borrower, the owner of the Vessel, has been given actual notice of the action and arrest.

Supplemental Rule C(4) provides that "[i]f the property is not released within 14 days after execution, the plaintiff must promptly—or within the time that the court allows—give public notice of the action and arrest in a newspaper designated by court order and having general

---

[3] On February 18, 2026, the Court ordered Borrower to obtain counsel by March 5, 2026 or "the Court will consider defendants to be in default and require plaintiff to move for default judgment against them." [DE 15.] As of the filing of the instant motion, no counsel has appeared on behalf of Borrower.

86292058;3

circulation in the district . . . The notice must specify the time under Rule C(6) to file a statement of interest in or right against the seized property and to answer." Plaintiff published notice of the action and arrest in the Sun Sentinel within the time permitted [DE 42], and therefore notice under Supplemental Rule C(4) was properly given.

Proper notice of this action has also been provided pursuant to Local Admiralty Rule C(8), which provides that a plaintiff seeking the entry of default must demonstrate notice of the action and arrest has been served on the master or person having custody of the vessel, notice by delivery or certified mail (or international effective equivalent) has been made to the owner of the vessel and all other persons claiming a possessory interest in the vessel, and publication of notice of the arrest, as required by Local Admiralty Rule C(4). *See supra*.

Here, Plaintiff has satisfied all requirements of Local Admiralty Rule C(8) by: (1) providing notice to the master or person having custody of the vessel, as referenced above, (2) delivery of the notice of the action and arrest to the Borrower, who is the owner of record for the Vessel per the Abstract, *see* Picart Aff., Ex. C, and the only person known to have a possessory interest, and (3) publishing notice of the arrest in the Sun Sentinel [DE 42], as required by Local Admiralty Rule C(4). There have been no valid claims made, the owner has actual notice of the action, and the owner has failed to respond.

**WHEREFORE**, Plaintiff respectfully requests the Court enter an Order in the form attached as **Exhibit 2** hereto, and a judgment in the form attached as **Exhibit 3** hereto:

(a)      entering a default judgment on Count One of the Verified Complaint against the M/V SLOW UR ROLL II, *in rem*, and Count Two of the Verified Complaint against STARBOARD YACHT GROUP LLC, *in personam*, jointly and severally, in the total principal amount of $143,054.75, accrued and unpaid interest of $9,118.21 through and

including April 29, 2026 (with a per diem thereafter of approximately $70.5475), $695.00 of repossession fees, $5,600.00 of transportation fees, $850.00 of recovery fees, $3,330.25 of storage fees, $540.00 of insurance fees, $5,535.00 of service and repair fees, plus $50.00 in abstract fees, together with interest thereon;

(b)     find that Plaintiff is entitled to recover its attorneys' fees and costs, as well as any additional custodial, storage and insurance fees and expenses, and reserve jurisdiction to determine the amount of attorneys' fees and taxable costs, custodial, storage, and insurance costs, and expenses of arrest, in a further claim by Plaintiff against the sale proceeds, and in any deficiency judgment sought against Borrower, *in personam*;

(c)     finding that actual notice of the commencement of this suit was properly given by Plaintiff to the master or person in custody of the Vessel pursuant to 46 U.S.C. § 31325(d)(1) by notice received by Borrower, as owner of the Vessel, by mail and personal service, and by service of the notice on National Liquidators, who was in possession of the Vessel at the time of the Vessel's arrest;

(d)     declaring that the Mortgage on said Vessel is a valid and subsisting lien against said Vessel, superior to the interest, liens, or claims of any and all persons, firms, or corporations whatsoever;

(e)     finding that the Vessel and Borrower are in default of the payment of the sums found to be due and payable to Plaintiff under the Note and Mortgage;

(f)     finding that all persons, firms, and corporations claiming any interest in said Vessel, including Defendants, are forever barred and foreclosed of all right or equity of redemption or claim of, in, or to said mortgaged Vessel after sale;

16

86292058;3

(g)     ordering that the Vessel be condemned and sold to pay the demands aforesaid, together with all interest, costs, expenses and attorneys' fees;

(h)     ordering that the Plaintiff be permitted to credit bid all or part of its judgment against the Vessel at any court-ordered sale of the Vessel in lieu of cash;

(i)     ordering that the proceeds of the sale of the subject Vessel be disbursed and applied to pay the fees, costs, and expenses of this action and the amounts due Plaintiff herein; and

(j)     ordering that Plaintiff be awarded any other and further relief as this Court may deem just and proper.

Dated: May 4, 2026                                    Respectfully submitted,

                                         */s/ Amanda Klopp*
                                         Amanda Klopp, Esq.
                                         Florida Bar Number:  124156
                                         Jenna M. Yoss, Esq.
                                         Florida Bar Number: 1049858
                                         amanda.klopp@akerman.com
                                         jenna.yoss@akerman.com
                                         **AKERMAN LLP**
                                         777 South Flagler Drive
                                         Suite 1100 West Tower
                                         West Palm Beach, FL 33401
                                         Phone:  (561) 653-5000
                                         Fax:  (561) 659-6313
                                         *Attorneys for Seacoast Bank*

17

86292058;3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 4, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document was served via U.S. mail on the below service list and by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

*/s/ Amanda Klopp*
Amanda Klopp, Esq.

## SERVICE LIST

Starboard Yacht Group LLC
545 NE 17th Ave.
Ft. Lauderdale, FL 33301
*Defendant*

National Liquidators
800 Old Griffin Rd
Dania Beach, FL 33004
*Substitute Custodian*

86292058;3