Exhibit 1

.2UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
IN ADMIRALTY
CASE NO.: 0:26-cv-60289-WPD

SEACOAST NATIONAL BANK,

        Plaintiff,

vs.

M/V SLOW UR ROLL II, a 2008 Everglades
350LX Express, Official No. 1220768, HIN:
RJDE0005I708, Together with all masts, boilers,
cables, engines, machinery, etc., *in rem*, and
STARBOARD YACHT GROUP LLC, a Florida
limited liability company, *in personam*,

        Defendants.

_____/

**AFFIDAVIT OF KEVIN PICART IN SUPPORT OF
PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT**

STATE OF FLORIDA        )
                              )
COUNTY OF MARTIN      )

Before me, the undersigned authority, personally appeared Kevin Picart who, after first being duly sworn by me upon oath, did depose and state as follows:

1. I am a Senior Vice President of the Special Assets Department of Plaintiff, Seacoast National Bank ("Seacoast" or "Plaintiff"), and I have personal knowledge of the loan that is the subject of the above-captioned suit.

2. I am employed by the Plaintiff at 50 Kindred Street, Suite 105, Stuart, Florida 34994. In this position, my responsibilities include: (i) review and knowledge of Plaintiff's loan accounting systems, method of processing payments and credits to loan accounts, loan balances, loan advance and payment records, and loan documents, including promissory notes, ship

86303782;1

1

mortgages, security agreements, UCC-1 Financing Statements, and other recordable documents, including the date, time and public office where recorded; (ii) review and approval of documents forwarded to legal counsel for initiation of proceedings to enforce loan documents; (iii) monitoring of loan workout procedures; and (iv) preparation or review of affidavits filed in connection with enforcement proceedings, including affidavits of indebtedness.

3. Seacoast maintains records for the subject loan ("Loan") to STARBOARD YACHT GROUP LLC ("Borrower"), that is secured by the M/V SLOW UR ROLL II, a 2008 Everglades 350LX Express, Official No. 1220768, HIN: RJDE0005I708, together with all masts, boilers, cables, engines, machinery, etc. (the "Vessel"). As part of my job responsibilities for Seacoast, I am familiar with the type of records maintained by Seacoast in connection with the Loan.

4. The information in this affidavit is taken from Seacoast's business records. I have personal knowledge of Seacoast's procedures for creating these records. They are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business records, or from information transmitted by persons with personal knowledge; (b) the records are maintained in the course of Seacoast's regularly conducted business activities; and (c) it is the regular practice of Seacoast to maintain such records.

5. Seacoast is a national banking association authorized to transact business in the state of Florida.

6. On or about July 17, 2020, Plaintiff made a loan ("Loan") to the Borrower. To evidence the Loan, Borrower executed and delivered a Promissory Note ("Note") dated July 17, 2020, and became indebted, to Plaintiff in the original principal amount of $176,503.10. The

2

86303782;1

Note called for 240 payments of principal and interest due monthly, beginning August 17, 2020. A true and correct copy of the Note is attached as **Exhibit A.**

7.      In order to secure payment of the Note and interest thereon, on July 17, 2020, Borrower executed a First Preferred Ship Mortgage ("Mortgage"), encumbering the Vessel. A true and correct copy of the Mortgage is attached as **Exhibit B.**

8.      By the terms of the Mortgage, Borrower mortgaged the Vessel along with her equipment, furniture, accessories, electronic equipment, personal property, apparel, belongings, fittings, sails, rigging, engines, *etc.* to Plaintiff to secure payment of all sums due under the Note and Mortgage to Plaintiff.

9.      The Vessel is a documented vessel of the United States.

10.     The Mortgage was filed in substantial compliance with 46 U.S.C. § 31321(b) with United States Coast Guard Vessel Documentation Center.

11.     The Note, Mortgage, and all other documents executed and delivered from time to time in connection with, or otherwise evidencing, securing, or related to, the Loan are collectively referred to as the "Loan Documents."

12.     Borrower is in default under the terms of the Note, Mortgage, and all other Loan Documents, by failing to make payments as and when due, including those payments due on November 17, 2025 and December 17, 2025.

13.     Additionally, Borrower is in default under the terms of the Mortgage and all other Loan Documents by creating, incurring, or permitting a lien to be placed or imposed on the Vessel, and by mortgaging the Vessel without permission of the Plaintiff. *See* Mortgage, Art. I ¶¶ 5, 10. On June 24, 2024, Locality Bank recorded a Preferred Ships Mortgage on the Vessel with United States Coast Guard Vessel Documentation Center.  A true and correct copy of the abstract

3

86303782;1

provided by the United States Coast Guard Vessel Documentation Center is attached as **Exhibit C.**

14.     As a result of the defaults, the Note and Mortgage provide that Plaintiff may demand full payment of the unpaid principal balance, accrued interest, fees, costs and charges, repossess the Vessel, and foreclose on the Vessel.

15.     On December 18, 2025, Plaintiff sent a letter ("Demand Letter") to Borrower, accelerating the indebtedness and demanding payment in full of all sums due under the Note and other Loan Documents, but payment has not been made. A true and correct copy of the Demand Letter is attached as **Exhibit D.**

16.     By its Demand Letter, Plaintiff further demanded that Borrower make the Vessel immediately available to Plaintiff for inspection. Borrower further defaulted under the terms of the Mortgage and other Loan Documents by failing to respond to such demand.

17.     On January 9, 2026, Plaintiff sent a letter ("Reaffirming Demand Letter") to Borrower, reaffirming its demand for payment in full of all sums due under the Note and other Loan Documents, but payment has not been made. A true and correct copy of the Reaffirming Demand Letter is attached as **Exhibit E.**

18.     The balance due to Plaintiff under the Note is in the total principal amount of $143,054.75, accrued and unpaid interest of $9,118.21 through and including April 29, 2026 (with a per diem thereafter of approximately $70.5475), $695.00 of repossession fees, $5,600.00 of transportation fees, $850.00 of recovery fees, $3,330.25 of storage fees, $540.00 of insurance fees, $5,535.00 of service and repair fees, plus $50.00 in abstract fees, plus attorneys' fees and costs accrued and accruing under the Note and Mortgage, plus any other expenses as may be due under the Note and Mortgage, together with interest thereon. True and correct copies of the

4

86303782;1

invoices for repossession, transportation, recovery, storage, insurance, service, and repair fees, which Plaintiff is obligated to pay to National Liquidators, the pre-arrest recovery agent and Substitute Custodian in this action, are attached as **Composite Exhibit F**.

19.     Plaintiff owns and holds the Note and all Loan Documents, and thus, it is entitled to all of the rights and remedies provided for under the Loan Documents and provided under federal law.

20.     All conditions precedent to Plaintiff's rights under the Loan Documents and to the bringing of this action have occurred, been waived, or been otherwise satisfied.

21.     Plaintiff has retained the services of attorneys in connection with the collection of the indebtedness due under the Note, and has agreed to pay them a reasonable fee for their services.  Pursuant to page 2 of the Note and page 2 of the Mortgage, Plaintiff is entitled to recover its attorneys' fees herein.

**FURTHER AFFIANT SAITH NAUGHT.**

_____
Kevin Picart

STATE OF FLORIDA          )
                          )
COUNTY OF MARTIN          )

The foregoing instrument was sworn to and subscribed before me this 4th day of May, 2026, by Kevin Picart, Senior Vice President, of Seacoast National Bank, on behalf of the Bank. He is ☑ personally known to me or ☐ produced identification in the form of

_____.



KAREN J. LECOMPTE
Notary Public - State of Florida
Commission # HH 750030
My Comm. Expires Dec 17, 2029
Bonded through National Notary Assn.

_____
NOTARY PUBLIC, STATE OF FLORIDA

Karen J. LeCompte
_____
(Print, Type or Stamp Commissioned Name of Notary Public)

86303782;1

Exhibit A

326-1

# PROMISSORY NOTE

| Principal $176,503.10 | Loan Date 07-17-2020 | Maturity 07-17-2040 | Loan No 326-1 | Call / Coll 0150 / 61 | Account | Officer 053 | Initials |
|---|---|---|---|---|---|---|---|

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "****" has been omitted due to text length limitations.

**Borrower:**   STARBOARD YACHT GROUP LLC.
850 NE 3rd Street  Suite 208
Dania Beach, FL  33004

**Lender:**   Seacoast National Bank
815 Colorado Ave.
P.O. Box 9012
Stuart, FL  34995
(800) 706-9991

---

**Principal Amount: $176,503.10**          **Interest Rate:  4.250%**          **Date of Note:  July 17, 2020**

**PROMISE TO PAY.** STARBOARD YACHT GROUP LLC. ("Borrower") promises to pay to Seacoast National Bank ("Lender"), or order, in lawful money of the United States of America, the principal amount of One Hundred Seventy-six Thousand Five Hundred Three & 10/100 Dollars ($176,503.10), together with interest on the unpaid principal balance from July 17, 2020, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 4.250% per annum, until paid in full.  The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.

**PAYMENT.** Borrower will pay this loan in 240 payments of $1,093.28 each payment.  Borrower's first payment is due August 17, 2020, and all subsequent payments are due on the same day of each month after that.  Borrower's final payment will be due on July 17, 2040, and will be for all principal and all accrued interest not yet paid.  Payments include principal and interest.  Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any late charges; and then to any unpaid collection costs.  Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**INTEREST CALCULATION METHOD.** Interest on this Note is computed on a 365/365 simple interest basis; that is, by applying the ratio of the interest rate over the number of days in a year (365 for all years, including leap years), multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding.  All interest payable under this Note is computed using this method.

**PREPAYMENT PENALTY.** Upon prepayment of this Note, Lender is entitled to the following prepayment penalty:  Prepayment Penalty 1.5% Year 1
This Note may be prepaid in full or in part at any time. Any partial prepayment will not excuse any later scheduled installment payment hereunder. In the event that the Borrower shall prepay all or any portion of the principal amount of this Note at any time after the end of the first year of the Note, no prepayment fee shall be due to the Lender. In the event that the Borrower shall prepay all or any portion of the principal amount of this Note at any time during the first twelve (12) payments of the Note, the Borrower agrees to and shall pay to the Lender therewith a prepayment penalty fee equal to one and a half (1.5%) of the original loan balance. No prepayment fee shall be due to the Lender in the event that this Note is prepaid after the twelfth (12th) payment has been paid on the Note.  Except for the foregoing, Borrower may pay all or a portion of the amount owed earlier than it is due.  Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule.  Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments.  Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language.  If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender.  All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to:  Seacoast National Bank, Attn:  Loan Servicing, P.O. Box 9012 Stuart, FL  34995.

**LATE CHARGE.** If a payment is 10 days or more late, Borrower will be charged 5.000% of the unpaid portion of the regularly scheduled payment or $5.00, whichever is greater.

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased to 18.000% per annum.  However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Death or Insolvency.** The dissolution of Borrower (regardless of whether election to continue is made), any member withdraws from Borrower, or any other termination of Borrower's existence as a going business or the death of any member, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the indebtedness or any

326-1

**PROMISSORY NOTE
(Continued)**

Loan No: ████████326-1

Page 2

Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender the amount of these costs and expenses, which includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses whether or not there is a lawsuit, including reasonable attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

**JURY WAIVER.** Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Florida without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Florida.

**CHOICE OF VENUE.** If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Martin County, State of Florida.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

**COLLATERAL.** Borrower acknowledges this Note is secured by 2008 Everglades 350LX Express, named SLOW UR ROLL II, Official NO. 1220768, HULL ID #RJDE005I708; with Triple Yamaha 350HP engines, Port Model #F350TXR with Serial No. 6AWX1000635H, Stbd Model #LF350TXR with Serial No. 6AXX1000355H, Center Model #F350TUR with Serial No. 6AWU1000500H. Vessel will be docked at 850 NE 3rd St. Ste 208, Dania Beach, FL 33004

Ships Mortgage of Even Date.

**CROSS DEFAULT.** A default under any commitment and/or loan made by any lending institution to Borrower shall constitute a default under all commitments and/or loans made to Borrower and Guarantor by the Bank.

**CROSS COLLATERALIZATION.** In addition to the Note, this Agreement secures all obligations, debts and liabilities, plus interest thereon, of Grantor to Lender, or any one or more of them, as well as all claims by Lender against Grantor or any one or more of them, whether now existing or hereafter arising, whether related or unrelated to the purpose of the Note, whether voluntary or otherwise, whether due or not due, direct or indirect, determined or undetermined, absolute or contingent, liquidated or unliquidated, whether Grantor may be liable individually or jointly with others, whether obligated as guarantor, surety, accommodation party or otherwise, and whether recovery upon such amounts may be or hereafter may become barred by any statute of limitations, and whether the obligation to repay such amounts may be or hereafter may become otherwise unenforceable.

**BANKING RELATIONSHIP.** Borrower will maintain their primary deposit relationship with Seacoast National Bank for the term of the loan.

**BORROWER'S FINANCIAL INFORMATION.** Borrower agrees to provide any financial information as requested by Lender.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Borrower does not agree or intend to pay, and Lender does not agree or intend to contract for, charge, collect, take, reserve or receive (collectively referred to herein as "charge or collect"), any amount in the nature of interest or in the nature of a fee for this loan, which would in any way or event (including demand, prepayment, or acceleration) cause Lender to charge or collect more for this loan than the maximum Lender would be permitted to charge or collect by federal law or the law of the State of Florida (as applicable). Any such excess interest or unauthorized fee shall, instead of anything stated to the contrary, be applied first to reduce the principal balance of this loan, and when the principal has been paid in full, be refunded to Borrower. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

||||||||| barcode |||||||||

326-1

**PROMISSORY NOTE**
(Continued)

Loan No: █████ 326-1

Page 3

PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. BORROWER AGREES TO THE TERMS OF THE NOTE.

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

STARBOARD YACHT GROUP LLC.

By: _____
Charles U. Stratmann, Manager of STARBOARD YACHT GROUP LLC.

---

**Florida Documentary Stamp Tax**

Florida documentary stamp tax required by law in the amount of $618.10 has been paid or will be paid directly to the Department of Revenue. Certificate of Registration No. 53-8000744819-9.

---

LaserPro, Ver. 19.4.10.036  Copr. Finastra USA Corporation 1997, 2020.  All Rights Reserved.  - FL  C:\LASERPRO\CFI\PL\D20.FC  TR-45470  PR-54

# Exhibit B

FAXED Batch #: 800256007 Doc #: 4 / File Date: 8/24/2020 4:04:00 PM

# First Preferred Ship Mortgage

On 100% of the Vessel

# SLOW UR ROLL II

Dated: July 17, 2020                                      Amount of Mortgage: $176,503.10

Mortgagor: Starboard Yacht Group LLC       (100%)  Mortgagee: Seacoast National Bank            (100%)

Address:    850 NE 3rd Street                    Address:    PO Box 940036
            Dania Beach, FL 33004                            Maitland FL 32794

WITNESSETH:

WHEREAS, the maker, Mortgagor herein, is the sole owner of the whole of the vessel (if more than one vessel is mortgaged hereunder, the term "vessel" means each such vessel) hereinafter named and described, and is justly indebted to the Mortgagee, as evidenced by promissory note dated ___July 17, 2020___ in the principal amount of ___$176,503.10___ and has agreed to give this Mortgage as security, and has authorized and directed the execution and delivery hereof,

NOW, THEREFORE, in consideration of the premises and for other good and valuable considerations, receipt of all of which is hereby acknowledged, and to secure payment of said indebtedness and interest and other sums that hereafter may become due pursuant hereto and the performance of all covenants hereof, Owner by these presents mortgages and conveys unto Mortgagee, its successors and assigns, the whole of the following named vessel(s):

# SLOW UR ROLL II

| MODEL YEAR | MAKE | MODEL |
|---|---|---|
| 2008 | Everglades | 35 |
| HULL IDENTIFICATION NUMBER | | OFFICIAL NUMBER |
| RJDE00051708 | | 1220768 |

together with all masts, boilers, cables, engines, machinery, bowsprits, sails, rigging, boats, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, equipment and supplies, and all fishing and other appurtenances and accessories and additions, improvements and replacements now or hereafter belonging thereto, whether or not removed there from, all of which shall be deemed to be included in the term "vessel" herein, and said document(s) being deemed included herein by reference;

TO HAVE AND TO HOLD all and singular the above described vessel unto Mortgagee, its successors and assigns, forever;

PROVIDED, HOWEVER, that if Owner, his heirs, executors, administrators or its successors and assigns shall perform and observe all and singular the terms, covenants and agreements herein, then this Mortgage shall cease, otherwise to remain in full force and effect. Nothing herein shall be deemed or construed to subject to the lien hereof any property other than a vessel as the term is used in Chapter 313, Title 46 U. S. Code.

Owner agrees to pay said indebtedness with interest thereon as herein and in said note provided, and to perform and observe the further terms, covenants and agreements herein, and to hold the vessel subject thereto.

## ARTICLE 1. - Particular Covenants of Owner

Owner covenants as follows:

1. Owner is and shall continue to be a citizen of the United States entitled to own and operate the vessel under her Certificate of Documentation, which Owner shall maintain in full force and effect; and all action necessary for the execution, delivery and validity hereof and of said note has been duly taken. If a corporation, Owner is duly organized and is and shall continue in good standing under the laws of the State of ___Florida___ and authorized to do business and in good standing in any other State wherein Owner regularly does business.

2. Owner lawfully owns and possesses the vessel free from all liens and encumbrances whatsoever except as may herein below be specified and shall warrant and defend title to and possession of all and every part thereof for the benefit of Mortgagee against all persons whomsoever. Owner shall not set up against Mortgagee and/or any assignee of this mortgage any claim of owner against Mortgagee and/or assignee under any past or future transactions.

3. Owner shall at his (its) own expense, keep the vessel fully and adequately insured under usual full marine insurance with policy valuation not exceeding the amount insured and, in the aggregate as to all vessels mortgaged herein, in at least the amount of the unpaid principal balance of this Mortgage, and shall maintain insurance to cover protection and indemnity risks, tower's liability risks if the vessel performs towage, employees' compensation and/or other risks and liabilities from time to time specified by Mortgagee. All insurance shall be taken out in the name of Owner and shall by its terms be payable to Mortgagee for account of Mortgagee and Owner as their respective interests may appear, and all policy forms, underwriters and amounts shall be subject to Mortgagee's approval. Owner shall notify and shall request underwriters to agree reasonably in advance to notify Mortgagee of any cancellation of or material change in any insurance coverage. All policies, binders and cover notes shall be delivered to Mortgagee with evidence satisfactory to it that all premiums and other charges therefore have been fully paid. Owner shall maintain all such insurance unimpaired by any act, breach of warranty or otherwise.

4. Owner shall comply with and not permit the vessel to be operated contrary to any provision of the laws, treaties, conventions, rules, regulations or orders of the United States, any State any/or any other jurisdiction wherein operated, and/or of any department or agency thereof, nor remove the vessel from the limits of the United States save on voyages with the intent of returning, nor abandon the vessel in any foreign port. Owner shall do everything necessary to establish and maintain this Mortgage as a First Preferred Mortgage on said vessel.

1

5. Neither the Owner, Agent nor Master of the vessel has or shall have any right, power or authority to create, incur or permit to be placed or imposed on the vessel or any part thereof any lien whatsoever other than to the Mortgagee or for crew's wages or salvage.

6. Owner shall place and keep prominently in the pilot house (if any), chart room or Master's cabin or elsewhere on the vessel as specified by Mortgagee any notice of this Mortgage required by Mortgagee, and shall keep a proper copy hereof with the ship's papers and exhibit the same to all persons having business with the vessel, and to Mortgagee on demand.

7. Owner shall pay when due all taxes, assessments, governmental charges, fines and penalties lawfully imposed and promptly discharge any and all liens whatsoever upon the vessel. Owner shall at his (its) own expense at all times maintain the vessel in thorough repair and working order and shall make all proper renewals and replacements.

8. If the vessel shall be libeled, attached, detained, seized or levied upon or taken into custody under process or under color of any authority, Owner shall forthwith notify Mortgagee by telegram, confirmed by letter, and forthwith discharge or release the vessel therefrom, and in any event within fifteen (15) days after such libel, attachment, detention, seizure, levy or taking into custody.

9. Owner shall at times afford Mortgagee complete opportunity to inspect the vessel and cargoes and papers thereof, and to examine Owner's related accounts all records; and shall certify quarterly and, if Mortgagee requests, monthly, that all wages and all other claims whatsoever which might have given rise to a lien upon the vessel have been paid.

10. Owner shall not, without the prior written consent of Mortgagee, sell or mortgage the vessel or any interest therein nor charter her except to persons and for uses lawful for American vessels and then only provided said insurance be unaffected thereby or adequately replaced; nor, if a corporation, merge or consolidate with any other person, firm or corporation, or dissolve.

11. From time to time Owner shall execute and deliver such other and further instruments and assurance as in the opinion of Mortgagee's counsel may be required to subject the vessel more effectual to the lien hereof and to the payment of said indebtedness and for operation of the vessel as herein provided, and to effectuate sales as provided, in paragraph (C) of Section 1 of Article II.

ARTICLE II. - Default

1. In any one or more of the following events, herein termed "events of default," viz.:

(a) Default in the punctual payment of the principal of the note secured hereby or any installment thereof, or in the due and punctual performance of any provision of Sections 3, 4,5,6,8 and 10 of Article I hereof, or attempt to violate Sections 4 or 10 of Article I hereof, or default continuing for fifteen (15) days in the performance of any other covenant herein; or

(b) Commission of an act of bankruptcy by Owner or approval by any court of a petition or answer asking for reorganization, arrangement, extension or other relief under any bankruptcy law, or appointment of a receiver for Owner or any of Owner's property or the taking by any court of any action comparable thereto; or rendition of a final judgment against Owner for the payment of money and failure of Owner to discharge the same within ninety (90) days or stay the execution thereof pending appeal; or Mortgagee's conclusion in good faith at any time that, through actual or prospective impairment of Owner's net current asset position, net worth, asset liability ratio, or earnings, or through prospective violation of any provision of this Mortgage, Mortgagee is in danger of losing said debt, or any

part thereof, by delaying collection thereof until the time above limited for the payment thereof; then, and in every such case, Mortgagee may:

(A) Declare the principal of said note and all accrued interest thereon to be and they shall then become and be due and payable forthwith, after which they shall bear interest at the highest lawful rate of interest as of the date of default per annum;

(B) Recover judgment for, and collect out of any property of Owner, any amount thereby or otherwise due hereunder; and/or collect all earned charter hire and freight monies relating to services performed by the vessel. Owner hereby assigning to Mortgagee such earned charter hire and freight monies then owing; and/or

(C) Retake the vessel without legal process at any time wherever the same may be, and, without being responsible for loss or damage, hold and in Mortgagee's or in Owner's name lease, charter, operate or otherwise use the vessel for such time and on such terms as Mortgagee may deem advisable, being accountable for net profits, if any, and with the right to dock the vessel free of charge at Owner's premises or elsewhere at Owner's expense' and/or sell the vessel, free from any claim by Owner of any nature whatsoever, in the manner provided by law; to the extent permitted by law, such sale may be public or private, without notice, without having the vessel present, and/or Mortgagee may become the purchaser.

For such purpose Mortgagee and its agents are hereby irrevocably appointed the true and lawful attorneys of Owner in his (its) name and stead to make all necessary transfers of the vessel thus sold.

2. In the event that the vessel shall be arrested or detained by any officer of any court or by any other authority, Owner hereby authorizes Mortgagee, its officers, representatives and appointees, in the name of Owner or of Mortgagee, to receive or to take possession thereof, and to defend any action and/or discharge any lien.

3. Each and every power or remedy herein given to Mortgagee shall be cumulative, and in addition to all powers or remedies now or hereafter existing in admiralty, in equity, at law or by statute, and may be exercised as often as may be deemed expedient by Mortgagee. No delay or omission by Mortgagee shall impair any right, power or remedy, and no waiver of any default shall waive any other default. In any suit Mortgagee shall be entitled to obtain appointment of a receiver of the vessel and the earnings thereof, who shall have full rights and powers to use and operate the vessel, and to obtain a decree ordering and directing the sale and disposition thereof.

4. The net proceeds of any judicial or other sale, and any charter, management, operation or other use of the vessel by Mortgagee, of any claim for damages, of any judgment, and any insurance received by Mortgagee (except to the extent paid to Owner or applied in payment of repairs or otherwise for Owner's benefit) shall be applied as follows:

FIRST: To the payment of all attorney's fees, court costs, and any other expenses, losses, charges, damages incurred or advances made by Mortgagee in the protection of its rights or caused by Owner's default hereunder or under to note secured hereby, with interest on all such amounts at the highest lawful rate of interest as of the date of default per annum; and to provide adequate indemnity against any liens for which priority over this Mortgage in claimed:

SECOND: To the payment of all interest, to date of payment, on the note and any or all other sums secured hereby and as to any balance of such proceeds, to the payment next of any or all matured installments of principal and then of any or all unmatured installments of principal in the inverse order of their maturity.

2

Mortgagee shall be entitled to collect any deficiency from Owner. Owner shall be entitled to any surplus, subject to set-off in favor of Mortgagee for any other indebtedness of Owner.

5. All advances and expenditures which Mortgagee in its discretion may make for repairs, insurance, payment of other claims, defenses of suits, or for any other purpose whatsoever related hereto or to said note and all damages sustained by Mortgagee because of defaults, shall be repaid by Owner on demand with interest at the highest lawful rate of interest as of the date of default per annum; and until so paid shall be a debt due from Owner to Mortgagee secured by the lien hereof. Mortgagee shall not be obligated to make any such advances or expenditures, nor shall the making thereof relieve Owner of any obligation or default with respect thereto.

### ARTICLE III. - Possession Until Default

Until one or more of the events of default hereinbefore described, Owner shall be permitted to retain actual possession and use of the vessel.

### ARTICLE IV.-Sundry Provisions

All covenants and agreements of Owner herein contained shall bind Owner, his heirs, executors, administrators and assigns, or its successors and assigns, and shall inure to the benefit of Mortgagee and its successors and assigns. Following any assignment hereof, any reference herein to "Mortgagee" shall be deemed to refer to the assignee. If more than one person is the Owner herein, "his" shall mean "their."

In Witness Whereof, on the day and year first above written, Owner has executed this Mortgage or, if a corporation, has caused this Mortgage to be executed in its name by its proper officers or duly authorized agent.

_____
Signature  Charles Jacob Stratmann, Manager

_____
Signature

Starboard Yacht Group LLC _____ Sole Owner(s)

Name and Legal Capacity of person signing above

## NOTARY ACKNOWLEDGEMENT

STATE OF _FLORIDA_                    COUNTY OF _BROWARD_

The foregoing instrument was acknowledged before me this _17_ day of _JULY_ 20 _20_ by _CHARLES JACOB STRATMANN_

(Name of Person Acknowledging)

_____
(Signature of Notary Public)

LANG B RYDER
Notary Public - State of Florida
Commission # GG 014205
My Comm. Expires Jul 21, 2020
Bonded through National Notary Assn.

(Name of Notary Typed, Printed, or Stamped)

(NOTARY SEAL)

Personally Known _____ OR Produced Identification _ Type of Identification Produced_____

3

Exhibit C



**U.S. Department of
Homeland Security**

**United States
Coast Guard**

Director
National Vessel Documentation Center

792 T. J. Jackson Drive
Falling Waters, WV  25419
Phone: (800) 799-8362
Fax: 304-271-2405

**April 27, 2026**

**Regarding your recent submission to the National Vessel Documentation Center**

This cover letter with enclosure(s) is sent in response to a submission made to this office.  If you have any questions, please contact the National Vessel Documentation Center at the number shown above.

**Enclosures:**

(1) Abstract of Title          O/N:1220768          3 PAGE(S)

**TOTAL:**                          4 PAGE(S) (including cover page)

# U.S. Coast Guard
## GENERAL INDEX OR ABSTRACT OF TITLE

OFFICIAL NUMBER: 1220768   NAME OF VESSEL   KATANGA

HIN NUMBER: _____   HULL ID NUMBER: RJDE00051708   IMO NUMBER: _____

VESSEL BUILT AT   EDGEWATER, FL, UNITED STATES

(AND) _____   IN 2007

BY  R J DOUGHERTY ASSOC., INC.

FOR  BOAT WORLD OF FLORIDA

BUILDER'S CERTIFICATE DATED   09/22/2009

TITLE ASSIGNED TO _____

---

STATUS:  ON RECORD

FLORIDA registration, [FL0085NR] reflects owner as:  ASBERG PETURSSON

| INSTRUMENT TYPE | | | | |
|---|---|---|---|---|
| **BILL OF SALE** | | | | |
| % CONVEYED | DATE OF INSTRUMENT | AMOUNT | BATCH | DOC ID |
| 100 | MAY 12, 2009 | $1.00 | 693898 | 10542818 |
| DATE FILED | | TIME FILED | STATUS | |
| JUNE 02, 2009 | | 3:20 PM | RECORDED | |

SELLER
ASBERG PETURSSON

BUYER
INDABLUE SEA INC

| DISCHARGED | INSTRUMENT TYPE | | | |
|---|---|---|---|---|
| **YES** | **PREFERRED MORTGAGE** | | | |
| % CONVEYED | DATE OF INSTRUMENT | AMOUNT | BATCH | DOC ID |
| 100 | MAY 12, 2009 | $180,000.00 | 693898 | 10542819 |
| DATE FILED | | TIME FILED | STATUS | |
| JUNE 02, 2009 | | 3:20 PM | RECORDED | |

MORTGAGOR
INDABLUE SEA INC

MORTGAGEE
BB&T
1010 KENNEDY DRIVE STE 100
KEY WEST FL 33040

This space intentionally left blank

CG-1332 (06/23)                    PREVIOUS EDITION MAY BE USED

# U.S. Coast Guard
## GENERAL INDEX OR ABSTRACT OF TITLE

Continuation Sheet No. 1

| DISCHARGED | INSTRUMENT TYPE | | | | |
|---|---|---|---|---|---|
| **YES** | **AMENDMENT TO PREFERRED MORTGAGE** | | | | |

| % CONVEYED | DATE OF INSTRUMENT | AMOUNT | BATCH | DOC ID |
|---|---|---|---|---|
| **100** | **MAY 15, 2014** | **N.A.** | **20185100** | **3** |

| DATE FILED | TIME FILED | STATUS |
|---|---|---|
| **JUNE 05, 2014** | **9:05 AM** | **RECORDED** |

**MORTGAGOR**

INDABLUE SEA INC

**MORTGAGEE**

BB&T
1010 KENNEDY DRIVE  STE 100
KEY WEST  FL  33040

| INSTRUMENT TYPE |
|---|
| **TRANSFER OF INTEREST** |

| % CONVEYED | DATE OF INSTRUMENT | AMOUNT | BATCH | DOC ID |
|---|---|---|---|---|
| **100** | **MAY 11, 2016** | **N.A.** | **37164900** | **4** |

| DATE FILED | TIME FILED | STATUS |
|---|---|---|
| **JUNE 27, 2016** | **7:38 AM** | **RECORDED** |

**GRANTOR**

INDABLUE SEA INC

**GRANTEE**

ANDREW COTTON

| INSTRUMENT TYPE | REFERS TO: |
|---|---|
| **SATISFACTION OF MORTGAGE** | **BATCH: 693898 DOC ID: 10542819**<br>**BATCH: 20185100 DOC ID: 3** |

| % CONVEYED | DATE OF INSTRUMENT | AMOUNT | BATCH | DOC ID |
|---|---|---|---|---|
| **100** | **AUGUST 26, 2016** | **$180,000.00** | **38639700** | **2** |

| DATE FILED | TIME FILED | STATUS |
|---|---|---|
| **AUGUST 29, 2016** | **8:50 AM** | **RECORDED** |

**MORTGAGEE**

BRANCH BANKING AND TRUST COMPANY

**MORTGAGOR**

INDABLUE SEA IN

**STATUS:  ON RECORD**

Vessel Name Changed to: BANDITA (08-31-2016)****

| INSTRUMENT TYPE |
|---|
| **BILL OF SALE** |

| % CONVEYED | DATE OF INSTRUMENT | AMOUNT | BATCH | DOC ID |
|---|---|---|---|---|
| **100** | **JULY 3, 2020** | **$1.00** | **77570300** | **5** |

| DATE FILED | TIME FILED | STATUS |
|---|---|---|
| **JULY 06, 2020** | **11:31 AM** | **RECORDED** |

**SELLER**

ANDREW COTTON

**BUYER**

STARBOARD YACHT GROUP LLC

This space intentionally left blank

CG-1332A (06/23)                                    PREVIOUS EDITION MAY BE USED

## U.S. Coast Guard
## GENERAL INDEX OR ABSTRACT OF TITLE

Continuation Sheet No. 2

**STATUS: ON RECORD**

Vessel Name Change To SLOW UR ROLL II 7/15/2020

INSTRUMENT TYPE

## PREFERRED MORTGAGE

| % CONVEYED | DATE OF INSTRUMENT | AMOUNT | BATCH | DOC ID |
|---|---|---|---|---|
| 100 | JULY 17, 2020 | $176,503.10 | 80025600 | 4 |

| DATE FILED | TIME FILED | STATUS |
|---|---|---|
| AUGUST 24, 2020 | 4:04 PM | RECORDED |

MORTGAGOR

STARBOARD YACHT GROUP LLC

MORTGAGEE

SEACOAST NATIONAL BANK
PO BOX 940036
MAITLAND FL 32794

INSTRUMENT TYPE

## PREFERRED MORTGAGE

| % CONVEYED | DATE OF INSTRUMENT | AMOUNT | BATCH | DOC ID |
|---|---|---|---|---|
| 100 | JUNE 6, 2024 | $990,000.00 | 132545300 | 3 |

| DATE FILED | TIME FILED | STATUS |
|---|---|---|
| JUNE 06, 2024 | 6:10 PM | RECORDED |

MORTGAGOR

STARBOARD YACHT GROUP LLC

MORTGAGEE

LOCALITY BANK
1400 S ANDREWS AVE
FT LAUDERDALE FL 33316

ISSUED AS AN ABSTRACT OF TITLE AS OF

DATE: 03/10/2026    TIME: 6:30 AM

*Christian H. Washam*

DIRECTOR, NATIONAL VESSEL DOCUMENTATION CENTER

CG-1332A (06/23)      PREVIOUS EDITION MAY BE USED

# Exhibit D



Amanda Klopp

Akerman LLP
777 South Flagler Drive
Suite 1100 West Tower
West Palm Beach, FL  33401

T: 561 653 5000
F: 561 659 6313
DirF: 561 651 1589
amanda.klopp@akerman.com

December 18, 2025

**VIA CERTIFIED MAIL AND REGULAR MAIL**

Starboard Yacht Group LLC                    Charles J. Stratmann
850 NE 3rd St., Ste. 208                        545 NE 17th Ave.
Dania Beach, FL 33004                         Fort Lauderdale, FL 33301

**Re:**  **Loan of $176,503.10 ("Loan") from Seacoast National Bank ("Lender" or "Seacoast") to Starboard Yacht Group LLC ("Borrower"), as evidenced by the Promissory Note dated July 17, 2020 ("Note"), secured by a Commercial Guaranty ("Guaranty") from Charles J. Stratmann ("Guarantor") and a First Preferred Ship Mortgage ("Mortgage") granted by Borrower as Owner of the vessel, Slow Ur Roll II, a 2008 Everglades 350LX Express, Official No. 1220768, Hull ID RJDE005I708 ("Vessel"), including any and all related security documents (the Note, Guaranty, Mortgage, and related security documents are collectively the "Loan Documents")**

Dear Borrower and Guarantor:

Please be advised that this firm represents Lender in relation to the above-referenced Loan, and the Loan has been transferred to us for handling.

Due to Borrower's failure to make monthly payments on the Loan when due, including the monthly payments that were due on October 17, 2025, November 17, 2025, and December 17, 2025, Borrower is in default under the terms of the Loan. As a result, Lender hereby accelerates the Note and demands payment of the Note in full.

The balance due on the Loan as of December 18, 2025 is $143,054.75 in principal and $937.63 in interest, for a total of **$143,992.38**, plus attorneys' fees and costs which have accrued and continue to accrue (the "Balance Due"). The per diem interest due after December 18, 2025 is approximately $16.66 based on the regular interest rate of 4.250%. Please contact the undersigned for the total legal fees and costs due as of the date you intend to pay off the Loan. Your payment must be in the form of a certified check made payable to Seacoast National Bank, mailed to Seacoast National Bank, Attn: Jonathan Taylor, 50 SE Kindred St., Ste. 203, Stuart, FL 34994, and reference Loan Number ▮▮▮▮326-1 in connection with the payment, or by wire pursuant to the wire instructions attached hereto. Payment should not be sent to any other individual, department, or location. If partial payment is received by Lender, it will be treated as partial

December 18, 2025
Page 2
_____

satisfaction of the amounts past due, but will not be sufficient to release Borrower or Guarantor from their obligations to pay the Balance Due.

Moreover, by this letter and pursuant to the terms of the Guaranty, Guarantor is notified of the demand upon Borrower to repay the Loan in full, and Lender hereby demands the Balance Due from Guarantor in accordance with this letter.

If the entire outstanding balance due on the Loan is not paid to Lender within 10 days of this letter, Lender without further notice may elect to pursue its remedies under the Loan Documents, including but not limited to, enforcement of the Note, Guaranty, and foreclosure of the Mortgage.

**In addition, while the Loan remains outstanding and due, Lender demands that Borrower immediately make the Vessel available for inspection under the Mortgage.** *See* Mortgage, Article I, Section 9. Please contact the undersigned by telephone at (561) 653-5000 or by email at amanda.klopp@akerman.com to arrange for the prompt inspection of the Vessel.

Lender reserves the right to exercise any and all of its rights and remedies under the Loan Documents, and in law and equity. For the avoidance of doubt, Lender has not consented to accept the Vessel as full or partial satisfaction of your obligations under the Loan. The acceptance by Lender of any future payments on the Loan, to the extent that the Balance Due on the Loan is not timely paid in full as set forth above, shall not constitute a waiver by Lender of any defaults under the Note, and other Loan Documents executed in connection with the Loan. The foregoing demand also is made without waiving any of Lender's other default rights and remedies available under the Note or the other Loan Documents and under applicable law, all of which rights and remedies are hereby reserved by Lender.

For the avoidance of doubt, to the extent you have received or receive any other correspondence that is inconsistent with this letter, this letter supersedes all such correspondence. We look forward to your prompt and timely response to this demand and full payment of the Loan as set forth above in order to avoid further action.

Sincerely,

**AKERMAN LLP**

*/s/ Amanda Klopp*
Amanda Klopp

cc:     Jonathan Taylor

84783630;1

December 18, 2025
Page 3
_____

**WIRE INSTRUCTIONS**

Seacoast Bank

815 Colorado Ave.

Stuart, FL 34994

ABA# ██████████

Credit Account(s): ████████████████████

██████████ 326-00001

Special Instructions: Attn: Jonathan Taylor Ph: ██████████ 705

84783630;1

# Exhibit E



Amanda Klopp

Akerman LLP
777 South Flagler Drive
Suite 1100 West Tower
West Palm Beach, FL 33401

T: 561 653 5000
F: 561 659 6313
DirF: 561 651 1589
amanda.klopp@akerman.com

January 9, 2026

**VIA CERTIFIED MAIL, REGULAR MAIL AND EMAIL (jake@starboardyacht.com)**

Starboard Yacht Group LLC
850 NE 3rd St., Ste. 208
Dania Beach, FL 33004

Charles J. Stratmann
545 NE 17th Ave.
Fort Lauderdale, FL 33301

**Re:** **Loan of $176,503.10 ("Loan") from Seacoast National Bank ("Lender" or "Seacoast") to Starboard Yacht Group LLC ("Borrower"), as evidenced by the Promissory Note dated July 17, 2020 ("Note"), secured by a Commercial Guaranty ("Guaranty") from Charles J. Stratmann ("Guarantor") and a First Preferred Ship Mortgage ("Mortgage") granted by Borrower as Owner of the vessel, Slow Ur Roll II, a 2008 Everglades 350LX Express, Official No. 1220768, Hull ID RJDE005I708 ("Vessel"), including any and all related security documents (the Note, Guaranty, Mortgage, and related security documents are collectively the "Loan Documents")**

Dear Borrower and Guarantor:

This correspondence follows my prior letter on December 18, 2025. In that correspondence, the Lender demanded that Borrower immediately make the Vessel available for inspection under the terms of the Mortgage. On my telephone conversation with Guarantor yesterday, January 8, 2026, the Guarantor declined to reveal the location of the Vessel, or whether the Vessel was insured. Although Guarantor stated that the location and insurance information would be provided in subsequent written correspondence, the Guarantor's subsequent correspondence continues to withhold the requested information concerning the Vessel. The continuing failure to make the Vessel available for inspection is an additional default under the Mortgage that has continued for more than 15 days, and is therefore another basis for Lender's acceleration of the Loan. *See* Mortgage Article I, Section 9; Article II, Section 1(a).

It has also come to Lender's attention that at least two lawsuits have been filed against Borrower, which, together with the Borrower's continued withholding of information as to the Vessel, has caused the Lender to believe that the prospect of payment or performance of this Note is impaired, and, in good faith, believes itself insecure. *See* Note, p. 2.

The Lender reaffirms the acceleration of the Loan and demand for the balance of the Loan in full. **Furthermore, effective January 9, 2026, the Lender hereby exercises its right to**

akerman.com

84969742;1

January 9, 2026
Page 2

_____

**institute the default rate of interest of 18.00% per annum, in accordance with the terms under the Note.**

The balance due on the Loan as of January 8, 2026 is $143,054.75 in principal and $1,287.43 in interest, for a total of **$144,342.18**, plus attorneys' fees and costs which have accrued and continue to accrue (the "Balance Due"). Please contact the undersigned for the total interest and legal fees and costs due as of the date you intend to pay off the Loan. Your payment must be in the form of a certified check made payable to Seacoast National Bank, mailed to Seacoast National Bank, Attn: Jonathan Taylor, 50 SE Kindred St., Ste. 203, Stuart, FL 34994, and reference Loan Number ████████326-1 in connection with the payment, or by wire pursuant to the wire instructions attached hereto. Payment should not be sent to any other individual, department, or location. If partial payment is received by Lender, it will be treated as partial satisfaction of the amounts past due, but will not be sufficient to release Borrower or Guarantor from their obligations to pay the Balance Due.

Moreover, by this letter and pursuant to the terms of the Guaranty, Guarantor is notified of the demand upon Borrower to repay the Loan in full, and Lender hereby demands the Balance Due from Guarantor in accordance with this letter.

Lender reserves the right to exercise any and all of its rights and remedies under the Loan Documents, and in law and equity. For the avoidance of doubt, Lender has not consented to accept the Vessel as full or partial satisfaction of your obligations under the Loan. The acceptance by Lender of any future payments on the Loan, to the extent that the Balance Due on the Loan is not timely paid in full as set forth above, shall not constitute a waiver by Lender of any defaults under the Note, and other Loan Documents executed in connection with the Loan. The foregoing demand also is made without waiving any of Lender's other default rights and remedies available under the Note or the other Loan Documents and under applicable law, all of which rights and remedies are hereby reserved by Lender.

For the avoidance of doubt, to the extent you have received or receive any other correspondence that is inconsistent with this letter, this letter supersedes all such correspondence. We look forward to your prompt and timely response to this demand and full payment of the Loan as set forth above in order to avoid further action.

Sincerely,

**AKERMAN LLP**

*/s/ Amanda Klopp*
Amanda Klopp

cc:     Jonathan Taylor

84969742;1

January 9, 2026
Page 3
_____

## WIRE INSTRUCTIONS

Seacoast Bank

815 Colorado Ave.

Stuart, FL 34994

ABA# ▮▮▮▮▮▮▮▮

Credit Account(s): ▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮326-00001

Special Instructions: Attn: Jonathan Taylor Ph: ▮▮▮▮▮705

84969742;1

Exhibit F

5401 N Marginal Rd
Cleveland, OH  44114-3925 US
(216) 391-1900
accounting@natliq.com



# INVOICE

| BILL TO | | INVOICE | 2105096822 |
|---|---|---|---|
| Seacoast National Bank | | DATE | 04/01/2026 |
| 50 SE Kindred St., Suite 203 | | TERMS | Due on receipt |
| Stuart, FL 34994 | | | |

| HIN # | DEBTOR | STOCK # / VESSEL DESCRIPTION |
|---|---|---|
| RJDE0005I708 | Starboard Yacht Group  LLC | 41475 / 2008 Everglades 35 |

| DATE | | DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|---|---|
| | Storage - FL | Daily Storage 35' (1.25 ft/day) | 30 | 43.25 | 1,297.50 |
| | Insurance | Monthly Insurance (value 120000 x .0015) | 1 | 180.00 | 180.00 |

Contact G Robert Toney and Associates Inc. DBA National Liquidators to pay.

**BALANCE DUE** **$1,477.50**



5401 N Marginal Rd
Cleveland, OH  44114-3925 US
(216) 391-1900
accounting@natliq.com

# INVOICE

| BILL TO | | INVOICE | 2105096687 |
|---|---|---|---|
| Seacoast National Bank | | DATE | 03/01/2026 |
| 50 SE Kindred St., Suite 203 | | TERMS | Due on receipt |
| Stuart, FL 34994 | | | |

| HIN # | DEBTOR | STOCK # / VESSEL DESCRIPTION |
|---|---|---|
| RJDE0005I708 | Starboard Yacht Group  LLC | 41475 / 2008 Everglades 35 |

| DATE | | DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|---|---|
| 03/01/2026 | Storage - FL | Daily Storage 35' (1.25 ft/day) | 31 | 43.25 | 1,340.75 |
| 03/01/2026 | Insurance | Monthly Insurance (value 120000 x .0015) | 1 | 180.00 | 180.00 |
| 03/06/2026 | Service Repair FL | Shrinkwrap | 1 | 1,300.00 | 1,300.00 |
| 03/11/2026 | USCG Abstract FL | Abstract | 1 | 50.00 | 50.00 |

Contact G Robert Toney and Associates Inc. DBA National Liquidators to pay.

BALANCE DUE                                     **$2,870.75**

5401 N Marginal Rd
Cleveland, OH  44114-3925 US
(216) 391-1900
accounting@natliq.com



**NATIONAL LIQUIDATORS**
• A DIVISION OF NATIONAL YACHT SALES •

## INVOICE

| BILL TO | | INVOICE | 2105096686 |
|---|---|---|---|
| Seacoast National Bank | | DATE | 02/18/2026 |
| 50 SE Kindred St., Suite 203 | | TERMS | Due on receipt |
| Stuart, FL 34994 | | | |

| HIN # | DEBTOR | STOCK # / VESSEL DESCRIPTION |
|---|---|---|
| RJDE0005I708 | Starboard Yacht Group  LLC | 41475 / 2008 Everglades 35 |

| DATE | DESCRIPTION | | QTY | RATE | AMOUNT |
|---|---|---|---|---|---|
| 02/18/2026 | Service Repair FL | Replace Batteries | 1 | 3,875.00 | 3,875.00 |

Contact G Robert Toney and Associates Inc. DBA National Liquidators to pay.

**BALANCE DUE**                    **$3,875.00**

Page 1 of 1



5401 N Marginal Rd
Cleveland, OH  44114-3925 US
(216) 391-1900
accounting@natliq.com

## INVOICE

| BILL TO | | INVOICE | 2105096543 |
|---|---|---|---|
| Seacoast National Bank | | DATE | 02/14/2026 |
| 50 SE Kindred St., Suite 203 | | TERMS | Due on receipt |
| Stuart, FL 34994 | | | |

| HIN # | DEBTOR | STOCK # / VESSEL DESCRIPTION |
|---|---|---|
| RJDE0005I708 | Starboard Yacht Group  LLC | 41475 / 2008 Everglades 35 |

| DATE | DESCRIPTION | | QTY | RATE | AMOUNT |
|---|---|---|---|---|---|
| 02/13/2026 | Storage - FL | Daily Storage 35' (1.25 ft/day) February 13-28 2026 | 16 | 43.25 | 692.00 |
| 02/13/2026 | Insurance | Monthly Insurance (value 120000 x .0015) | 1 | 180.00 | 180.00 |
| 02/17/2026 | Service Repair FL | Check In / Detail Report | 4 | 90.00 | 360.00 |

Contact G Robert Toney and Associates Inc. DBA National Liquidators to pay.

BALANCE DUE $1,232.00

5401 N Marginal Rd
Cleveland, OH  44114-3925 US
(216) 391-1900
accounting@natliq.com



**NATIONAL LIQUIDATORS**
· A DIVISION OF NATIONAL YACHT SALES ·

## INVOICE

| BILL TO | | INVOICE | 2105096567 |
|---|---|---|---|
| Seacoast National Bank | | DATE | 02/13/2026 |
| 50 SE Kindred St., Suite 203 | | TERMS | Due on receipt |
| Stuart, FL 34994 | | | |

| HIN # | DEBTOR | STOCK # / VESSEL DESCRIPTION |
|---|---|---|
| RJDE0005I708 | Starboard Yacht Group  LLC | 41475 / 2008 Everglades 35 |

| DATE | | DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|---|---|
| 02/12/2026 | Repossession Fee FL | INVOL Repo Fee | | 695.00 | 695.00 |
| 02/12/2026 | Transport - FL | Transport To NLFL Facility | 1 | 5,250.00 | 5,250.00 |
| 02/12/2026 | Transport - FL | Offload At NLFL Facility | 1 | 350.00 | 350.00 |
| 02/12/2026 | Recovery Services FL | Personal Property (Inventory & Removal) | 1 | 350.00 | 350.00 |
| 02/12/2026 | Storage - FL | Storage At NLFL Facility @ $43.75 (PER DAY) | 1 | 0.00 | 0.00 |
| 02/12/2026 | Insurance | TBD | 1 | 0.00 | 0.00 |

Contact G Robert Toney and Associates Inc. DBA National Liquidators to pay.

**BALANCE DUE**     **$6,645.00**



5401 N Marginal Rd
Cleveland, OH  44114-3925 US
(216) 391-1900
accounting@natliq.com

## INVOICE

| BILL TO | | INVOICE | 2105095988 |
|---|---|---|---|
| Seacoast National Bank | | DATE | 11/19/2025 |
| 50 SE Kindred St., Suite 203 | | TERMS | Due on receipt |
| Stuart, FL 34994 | | | |

| HIN # | DEBTOR | STOCK # / VESSEL DESCRIPTION |
|---|---|---|
| RJDE0005I708 | Starboard Yacht Group  LLC | 41475 / 2008 Everglades 35 |

| DATE | DESCRIPTION | | QTY | RATE | AMOUNT |
|---|---|---|---|---|---|
| 11/19/2025 | Recovery Services FL | Fieldwork / Skip | 1 | 500.00 | 500.00 |

Contact G Robert Toney and Associates Inc. DBA National Liquidators to pay.

BALANCE DUE **$500.00**