**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**Case No. 0:26-cv-60289-WPD**

SEACOAST NATIONAL BANK,

Plaintiff,

v.

M/V SLOW UR ROLL II, in rem, and

STARBOARD YACHT GROUP LLC, in personam,

Defendants.

FILED BY _CWC_ D.C.

MAY 1 8 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

---

*PRO SE FILING — TO BE LIBERALLY CONSTRUED UNDER HAINES v. KERNER,*
*404 U.S. 519 (1972)*

**CLAIMANT'S RESPONSE TO ORDER TO SHOW CAUSE (DE 65)**

## I. INTRODUCTION

Claimant Charles Jacob Stratmann, appearing pro se, respectfully submits this Response to the Court's May 5, 2026 Order to Show Cause (DE 65) directing Defendants to show cause on or before May 19, 2026 why Plaintiff's Motion for Default Judgment (DE 64) should not be granted. Claimant respectfully shows the following good cause why default judgment should not be entered.

## II. CAUSE SHOWN

A. Active participation. Claimant has appeared in this action through multiple filings, including DE 11 (Notice of Appearance), DE 17 (Motion to Intervene), DE 41 (Verified Claim under Supp. Rule C(6)), DE 43 (Answer and Counterclaim), DE 56 (Emergency Motion to Vacate), and DE 59-60 (Motions for Reconsideration). Procedural strikes notwithstanding, the record reflects continuous engagement, not abandonment.

B. Premature posture. Plaintiff filed its Verified Amended Complaint (DE 63) the same day as the Motion for Default Judgment (DE 64), depriving Defendants of any meaningful opportunity to respond to the amended pleading. Fed. R. Civ. P. 15(a)(3) ordinarily affords 14 days to respond to an

amended pleading. Entry of default judgment on an amended complaint within that window would be premature.

C. Parallel proceedings on the same res. The identical vessel (M/V Slow UR Roll II, USCG Official No. 1220768) is subject to a separate in rem arrest in Locality Bank v. Starboard Yacht Group LLC, Case No. 0:26-cv-60068-AHS (S.D. Fla., Singhal, J.). The existence of competing federal in rem proceedings against the same hull creates threshold priority, custody, and forum issues that should be resolved before any final judgment on the res. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) (parallel federal litigation considerations).

## III. DUE PROCESS AND HAINES

As a pro se claimant, Claimant's filings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). Where a claimant has demonstrably attempted to assert verified interests through multiple Supplemental Rule C(6) filings, due process counsels against irrevocable judgment on the res without a merits hearing. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## IV. RELIEF REQUESTED

WHEREFORE, Claimant respectfully requests that the Court:
(a) DISCHARGE the Order to Show Cause (DE 65);
(b) DENY Plaintiff's Motion for Default Judgment (DE 64);
(c) Permit Claimant to answer the Verified Amended Complaint (DE 63) within 14 days under Rule 15(a)(3); and
(d) Grant such further relief as the Court deems just and proper.

Respectfully submitted,

Charles Jacob Stratmann
Claimant, Pro Se
545 NE 17th Avenue
Fort Lauderdale, FL 33301
Telephone: (954) 873-8546
Email: jake@starboardyacht.com

Date: May 18, 2026

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 18, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF electronic filing system (or U.S. Mail where required) upon all counsel of record, including:

Amanda L. Klopp, Esq., Akerman LLP, 777 South Flagler Drive, Suite 1100 West Tower, West Palm Beach, FL 33401

Jenna M. Yoss, Esq., Akerman LLP, 777 S. Flagler Drive, Ste. 1100 West, West Palm Beach, FL 33401

Charles Jacob Stratmann
Pro Se