**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IN ADMIRALTY
CASE NO.: 0:26-cv-60289-WPD

**SEACOAST NATIONAL BANK**,

      Plaintiff,

vs.

**M/V SLOW UR ROLL II**, a 2008 Everglades 350LX Express, Official No. 1220768, HIN: RJDE0005I708, Together with all masts, boilers, cables, engines, machinery, etc., *in rem*, and **STARBOARD YACHT GROUP LLC**, a Florida limited liability company, *in personam*,

      Defendants.

_____/

**DEFAULT JUDGMENT AGAINST**
**M/V SLOW UR ROLL II AND STARBOARD YACHT GROUP LLC**

This matter, having come before the Court on Plaintiff Seacoast National Bank ("Plaintiff")'s Motion for Default Judgment (the "Motion") against M/V SLOW UR ROLL II, a 2008 Everglades 350LX Express, Official No. 1220768, HIN: RJDE0005I708, together with all masts, boilers, cables, engines, machinery, etc., *in rem*, ("M/V SLOW UR ROLL II" or "Vessel") and Starboard Yacht Group LLC, a Florida limited liability company*, in personam* (the "Borrower"), filed May 4, 2026. [DE 64].  The Court granted the Motion in an Order entered separately.  Pursuant to Federal Rule of Civil Procedure 58(a), the Court enters this separate final judgment.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.     Default Judgment is hereby entered in favor of Plaintiff Seacoast National Bank and against M/V SLOW UR ROLL II.

2. Default Judgment is hereby entered in favor of Plaintiff Seacoast National Bank and against Starboard Yacht Group LLC.

3. Actual notice of the commencement of this suit was properly given by Plaintiff to the master or person in custody of the Vessel pursuant to 46 U.S.C. § 31325(d)(1) by (1) the arrest of the Vessel by the U.S. Marshal and continued custody since March 4, 2026, (2) notice received by National Liquidators, which was in custody of the Vessel at the time the action was commenced, and (3) notice received by Borrower, the owner of the Vessel, through mail and personal service.

4. The Plaintiff's mortgage on the defendant Vessel given by Borrower (the "Mortgage") is a preferred mortgage, and is a valid and subsisting lien upon the Vessel superior to the interests of the Borrower or anyone else claiming a possessory interest in the Vessel.

5. The Mortgage is in default for failure to pay sums due and payable to Plaintiff under the Note and Mortgage.

6. The Mortgage is hereby foreclosed; and Plaintiff Seacoast National Bank shall have and recover from the Vessel and Starboard Yacht Group LLC, jointly and severally, the principal sum of $143,054.75, accrued and unpaid interest of $9,118.21 through and including April 29, 2026 (with a per diem thereafter of approximately $70.5475), $695.00 of repossession fees, $5,600.00 of transportation fees, $850.00 of recovery fees, $3,330.25 of storage fees, $540.00 of insurance fees, $5,535.00 of service and repair fees, plus $50.00 in abstract fees, for an aggregate total of **$168,773.21** (the "Judgment Amount"), which shall bear interest at the rate prescribed by 28 U.S.C. § 1961 until the Judgment Amount is paid in full, **FOR WHICH SUM LET EXECUTION ISSUE**.

7. Plaintiff is also entitled to recover its attorneys' fees, costs and expenses herein to be taxed, and any additional custodial, storage and insurance fees and expenses. The Court

reserves jurisdiction to determine the amount of attorneys' fees and taxable costs, custodial, storage, and insurance costs, and expenses of arrest, in a further claim by Plaintiff against the sale proceeds, and in any deficiency judgment sought against Borrower, *in personam*.

8.      The Vessel is hereby condemned to pay the demands of Plaintiff and shall be sold.

9.      The U.S. Marshal of this District shall conduct the public sale of the M/V SLOW UR ROLL II, a 2008 Everglades 350LX Express, Official No. 1220768, HIN: RJDE0005I708, together with all masts, boilers, cables, engines, machinery, etc., after publication of Notice of Sale has been made in accordance with Local Admiralty Maritime Rules E(16) and A(7).  The sale is subject to confirmation by the Court.

10.      The method and procedures of the sale, including the notice of sale, payment of the purchase price and method of payment, shall be in accordance with the Local Admiralty Rules, except as otherwise provided herein.

11.      Plaintiff is authorized to credit bid all or part of its Judgment Amount of **$168,773.21** at the public sale of the Vessel in lieu of cash.

12.      All persons, firms, and corporations claiming any interest in said Vessel, including Borrower, are forever barred and foreclosed of all right or equity of redemption or claim of, in, or to said mortgaged Vessel after the sale.

13.      Pursuant to Local Admiralty Rule E(18), claims against the proceeds of a sale, except for seamen's wages, will not be admitted on behalf of lienors who file and serve their claims after the sale.  Any claims filed after the sale shall be limited to the remnants and surplus arising from the sale.

14.      Absent the filing of any other claims prior to the sale of the Vessel, the Clerk of this Court shall pay to the Plaintiff, or its attorney, out of the proceeds of the sale of the Vessel,

when paid into the registry of this Court, the amounts due Plaintiff herein and taxed costs and expenses of this action.

15.     The Clerk shall **MAIL** a copy of this Order to the addresses below.

16.     The Court retains jurisdiction to enter such other and further orders that are necessary or proper, including an order confirming the sale of the Vessel.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida this 21st  day of May 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
Counsel of record

Starboard Yacht Group LLC
545 NE 17th Ave.
Ft. Lauderdale, FL 33301

M/V SLOW UR ROLL II
c/o Substitute Custodian National Liquidators
800 Old Griffin Rd
Dania Beach, FL 33004