IN THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA WEST PALM BEACH DIVISION

IN ADMIRALTY

SEACOAST NATIONAL BANK,

Plaintiff,

v.                    Case No. 0:26-cv-60289-WPD

M/V SLOW UR ROLL II, Official No. 1220768, STARBOARD YACHT GROUP, LLC,

Defendants.

_____/

FILED BY _____ D.C.

JUN 05 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## CHARLES JACOB STRATMANN'S VERIFIED CLAIM FOR SEAMAN'S WAGES AND MOTION TO VACATE DEFAULT JUDGMENT

Claimant Charles Jacob Stratmann, proceeding pro se in his individual capacity as seaman and former master and owner of M/V Slow UR Roll II, respectfully submits this Verified Claim for Seaman's Wages pursuant to the general maritime law of the United States and 46 U.S.C. §§ 11104, 12103, and respectfully moves this Court pursuant to Federal Rule of Civil Procedure 60(b) to vacate the default judgment entered on May 21, 2026 (DE 69, 70) to the extent it purports to dispose of the vessel or her proceeds without adjudicating Claimant's superpriority maritime lien for unpaid seaman's wages.

## I. JURISDICTION

1. This Court has in rem jurisdiction over M/V Slow UR Roll II pursuant to Supplemental Rule C of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

This claim arises from services performed aboard the vessel and attaches to the res and the proceeds of any judicial sale.

2. Claimant previously filed a Verified Claim of Interest in this vessel (DE 41, March 11, 2026), establishing his appearance in this action and his interest in the res.

## II. FACTUAL BASIS FOR SEAMAN'S WAGE CLAIM

3. Charles Jacob Stratmann is a master mariner, naval architect, and marine systems integrator with documented service aboard M/V Slow UR Roll II, a 65-foot custom vessel built for commercial demonstration and charter operation.

4. Between approximately August 2022 and December 2024, Claimant performed extensive seaman's services aboard the vessel, including:

(a) Vessel construction, outfitting, and pre-show preparation (three-month intensive build and systems-integration period preceding the 2022 Fort Lauderdale International Boat Show);

(b) Research, development, testing, and integration of marine stabilization systems (repeated sea trials, calibration, and systems testing);

(c) Demo rides and client operations (customer demonstration voyages for prospective stabilization-system purchasers);

(d) Boat-show operations (direct vessel operation, exhibition, and onboard demonstration at FLIBS 2022); and

(e) Ongoing vessel services (post-show troubleshooting, maintenance, and continued commercial operation).

5. These services were performed in direct service of the vessel - her construction, operation, maintenance, testing, and commercial use. They constitute seaman's wages within the meaning of the general maritime law and 46 U.S.C. § 12103.

6. No wages for these services were ever paid. The vessel was arrested in this action on March 4, 2026 (DE 33). Claimant timely asserted his interest (DE 41). The subsequent default judgment (DE 69, 70) was entered without adjudicating Claimant's wage lien or its priority against the mortgagee's claim.

III. LEGAL AUTHORITY

7. A seaman's lien for wages is a preferred maritime lien that ranks ahead of a preferred ship mortgage. 46 U.S.C. § 11104; The Ratsakatry, 101 F. Supp. 2d 139, 147 (S.D.N.Y. 2000) ("a seaman's lien for wages takes precedence over a preferred ship mortgage"); The Venticinque, 145 F. 464, 468 (2d Cir. 1906) (seaman's wage lien is "the most favored of all maritime liens").

8. The wage lien attaches to the vessel and follows her into the proceeds of a judicial sale; it is not extinguished by a mortgagee's foreclosure where the wage claim is timely asserted against the res or its proceeds. 46 U.S.C. § 11104; Peralta v. Heirs of Peralta, 60 U.S. (19 How.) 343, 347-48 (1856); The Steamer Yorktown, 20 F. Cas. 915, 916 (C.C.D. Va. 1824) (Story, J.).

9. Because the proceeds of the vessel (or the vessel pending sale) remain within the Court's in rem jurisdiction, a superpriority seaman's-wage lien may be

adjudicated and satisfied from those proceeds notwithstanding entry of the foreclosure judgment.

10. Seaman's wages include compensation for services rendered in the operation, maintenance, preparation, and commercial use of the vessel, including testing, demonstration voyages, and exhibition activities conducted aboard the vessel. 46 U.S.C. § 12103; Robertson v. Baldwin, 165 U.S. 275, 282 (1897); Harden v. Gordon, 11 F. Cas. 480, 485 (C.C.D. Me. 1823) (Story, J.) (seaman's right to wages is "sacred").

IV. GROUNDS TO VACATE THE DEFAULT JUDGMENT (Rule 60(b))

11. The default judgment (DE 69, 70) should be vacated as to the disposition of the res and her proceeds because a superpriority seaman's-wage claimant's rights cannot be cut off by a mortgagee's default judgment to which the wage claimant's priority was not adjudicated.

12. Claimant timely participated (DE 41, 67, 68); any default as to the vessel does not adjudicate the priority of a seaman's-wage lien against the proceeds.

V. RELIEF REQUESTED

WHEREFORE, Claimant respectfully requests that the Court:

(a) recognize and allow Claimant's Verified Claim for Seaman's Wages as a superpriority maritime lien;

(b) vacate or modify the Default Judgment (DE 69, 70) to the extent it purports to dispose of proceeds ahead of the seaman's-wage lien;

(c) direct that any sale proceeds be held subject to adjudication of lien priority;

and

(d) grant such further relief as is just.

VERIFICATION (28 U.S.C. § 1746)

I declare under penalty of perjury under the laws of the United States of America

that the factual statements concerning my seaman's service and unpaid wages set forth

in this Verified Claim are true and correct to the best of my knowledge.

Charles Jacob Stratmann, Claimant, pro se 545 NE 17th Avenue Fort Lauderdale, FL 33301

Telephone: (954) 873-8546 Email: jake@starboardyacht.com

Dated: _____/ 5_____, 2026

CERTIFICATE OF SERVICE

I certify that on __6 / 5_____, 2026, a true copy of the foregoing was served on

counsel of record for Plaintiff Seacoast National Bank and all parties via the Court's

CM/ECF system or other authorized method.

Charles Jacob Stratmann, Claimant, pro se

EXHIBIT W-1

WAGE CALCULATION AND CORRELATION TO CONTEMPORANEOUS COMMUNICATIONS

Case No. 0:26-cv-60289-WPD | M/V Slow UR Roll II | Claimant Charles Jacob Stratmann

I. SUMMARY OF MARITIME LABOR

Claimant performed seaman's services aboard M/V Slow UR Roll II between approximately

August 2022 and December 2024. The verified total of unpaid wages is based on 1,739 hours

at a rate of $275 per hour, for a total of $478,225. Per-category hours are estimated from

contemporaneous communications and project records and are subject to further

documentation; Claimant alternatively asserts unpaid wages of no less than $300,000.

II. CATEGORY BREAKDOWN

| Category / Description | Hours | Rate | Subtotal |
|---|---|---|---|
| Vessel Construction & Pre-Show Build (Aug–Oct 2022) | 580 | 275/hr | 159,500 |
| R&D / Testing / Integration | 420 | 275/hr | 115,500 |
| Demo Rides / Client Operations | 340 | 275/hr | 93,500 |
| Boat Show Operations (FLIBS 2022) | 200 | 275/hr | 55,000 |
| Ongoing Vessel Services | 199 | 275/hr | 54,725 |
| TOTAL | 1,739 | 275/hr | 478,225 |

II. CATEGORY BREAKDOWN

III. CORRELATION TO EMAILS & COMMUNICATIONS

A. Vessel Construction & Pre-Boat Show Preparation (FLIBS 2022).

Contemporaneous communications reflect intensive vessel construction and integration

work in the three months preceding the 2022 Fort Lauderdale International Boat Show,

including repeated overnight and early-morning activity consistent with extended labor

periods.

B. R&D / Testing / Integration Work.

Email and project records confirm ongoing testing, calibration, and integration of marine

stabilization systems performed aboard the vessel.

C. Demo Rides / Vessel Operations.

Communications reflect repeated vessel operation for customer demonstrations ("demo

rides"), constituting direct maritime service in furtherance of the vessel's commercial function.

D. Boat Show Operations (FLIBS 2022).

Records confirm Claimant's direct involvement in vessel preparation and operation during the 2022 Fort Lauderdale International Boat Show, including demonstration and exhibition activities aboard the vessel.

E. Continuous Work Pattern (Hours Justification).

Time-stamped communications corroborate extended work periods, including overnight labor and early-morning resumption, supporting the total hours claimed.

IV. METHODOLOGY FOR HOUR CALCULATION

The total of 1,739 hours represents an aggregation of documented work periods derived from communications, known project timelines (including the pre-FLIBS build period), vessel operation and demonstration activity, and integration and testing cycles. Where precise hourly logs were unavailable, time was estimated using reasonable reconstruction based on contemporaneous communications and operational demands.

CANDOR NOTE: Because part of the total relies on reconstruction rather than a contemporaneous time log, Claimant asserts unpaid wages of no less than $300,000, subject to further documentation and adjustment, in the alternative to the full $478,225 calculation above.

V. LEGAL CHARACTERIZATION

All services reflected above were performed in direct service of the vessel, including her operation, preparation, testing, and commercial use. Such services qualify as seaman's wages under the general maritime law and 46 U.S.C. § 12103, and give rise to a preferred maritime lien for wages under 46 U.S.C. § 11104 that ranks ahead of a preferred ship mortgage. See The Ratsakatry, 101 F. Supp. 2d 139, 147 (S.D.N.Y. 2000); The Venticinque, 145 F. 464, 468 (2d Cir. 1906).