UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN ADMIRALTY
CASE NO.: 0:26-cv-60289-WPD

**SEACOAST NATIONAL BANK**,

       Plaintiff,

vs.

**M/Y SLOW UR ROLL II,** a 2008 Everglades 350LX
Express, Official No. 1220768, HIN: RJDE0005I708
Together with all masts, boilers, cables, engines,
machinery, etc., *in rem*, and **STARBOARD YACHT
GROUP LLC**, a Florida limited liability company, *in
personam***,**

       Defendants.

_____/

**PLAINTIFF'S MOTION TO STRIKE CHARLES JACOB STRATMANN'S
VERIFIED CLAIM FOR SEAMAN'S WAGES AND RESPONSE IN
OPPOSITION TO MOTION TO VACATE FINAL DEFAULT JUDGMENT**

Plaintiff, SEACOAST NATIONAL BANK ("Seacoast" or "Plaintiff"), by and through

undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(f), hereby responds in

opposition to Charles Jacob Stratmann's ("Stratmann") *Verified Claim for Seaman's Wages and*

*Motion to Vacate Default Judgment* [DE 72], and requests that Stratmann's claim for seaman's

wages (the "Claim") be denied, and Stratmann's motion to vacate (the "Motion to Vacate"), be

stricken, with prejudice.

**Introduction**

Stratmann's filing is yet another improper attempt to disrupt the enforcement of Plaintiff's

mortgage rights by advancing a last-minute theory—a claim for unpaid seaman's wages—that he

never asserted before, despite inundating the docket with other unsuccessful filings. Because the

Claim is untimely and legally unsupported, the Claim should be denied.  Furthermore, because

87143793;2

Stratmann lacks standing to file the Motion to Vacate, it should be stricken.  In support thereof, Plaintiff states as follows:

**Argument and Incorporated Memorandum of Law**

**I.      Stratmann's Claim for Seaman's Wages Should be Stricken**

      A.      Stratmann's Claim is Untimely

Stratmann, a *pro se* nonparty, filed the Claim as a last-ditch effort to preclude the judicial sale of the M/Y SLOW UR ROLL II (the "Vessel"), scheduled for June 26, 2026, after his numerous failed attempts to intervene in this case. The deadline to file a claim against the Vessel was March 18, 2026. [DE 34]. *See* Supplemental Rule C(6) and Local Admiralty Rule C(6). On March 12, 2026, Stratmann filed a *Verified Claim of Interest in Vessel Pursuant to Supplemental Admiralty Rule C(6)*, which made no mention of any owed seaman's wages whatsoever. [DE 41.] Previously, Stratmann asserted a claim based on his guaranty of the Vessel's obligations, his status as "managing member of Defendant Starboard Yacht Group LLC", and his "constructive possession" of the Vessel.  *Id* at 2.  Nowhere in his prior verified claim, or in his 17 other filings in this case, did Stratmann ever previously assert a claim for "seaman's wages."

Stratmann's prior verified claim was stricken by the Court on April 16, 2026, when the Court again found that Stratmann held no legally protectable interest in the Vessel. [DE 53.][1] Even after the Court issued its Order to Show Cause Why Motion for Default Judgment Should Not be Granted [DE 65], Stratmann still never raised any claim of seaman's wages. Instead, Stratmann's Response to Order to Show Cause [DE 67] and Response in Opposition to Plaintiff's Motion for Final Default Judgment [DE 68] merely rehashed arguments already stricken.

---

[1] Likewise, the Court also struck Stratmann's Motion for Reconsideration of the Court's order striking the prior claim. [DE 29, 61.]

87143793;2

Despite this Court's orders, Stratmann continues to rely on his stricken claim to allege he "establish[ed] his appearance in this action and his interest in the res", without indication as to why the claim for seaman's wages was not asserted previously. [Claim at 2.]  Stratmann should not, at the eleventh hour, be permitted to recast his purported claim as a wage-earning seaman in an attempt to obstruct Plaintiff's adjudicated rights. *See U.S. v. $100, 348.00 in U.S. Currency*, 354 F.3d 1110, 1118 (9th Cir. 2004) (rejecting untimely *in rem* claim against property under Supplemental Rule C, where claimant was aware of proceedings but made no effort to assert claim, inform court of alleged interest, or seek enlargement of time); *Navieros Inter-Americanos, S.A. v. M/V Vasilia Exp.*, 120 F.3d 304, 321 (1st Cir. 1997) (affirming denial of a captain's motion to intervene to assert claim for seaman's wages where he "had the opportunity to make his case and did not take advantage of this chance.")

B.       Stratmann Has No Valid Maritime Lien as He is Not a "Stranger to the Vessel"

Timeliness aside, the Claim should be denied as a matter of law because Stratmann is not able to assert a maritime lien for seaman's wages due to his relationship to the Vessel.  Stratmann's role as sole member of the corporate vessel owner, and his total operational and financial control over the Vessel, precludes his ability to obtain any maritime lien against the Vessel.

The law is clear that an owner, part owner, or joint venturer of a vessel cannot hold a maritime lien against the vessel because they are "not strangers to the vessel." *Sasportes v. M/V Sol de Copacabana*, 581 F.2d 1204, 1207 (5th Cir. 1978)[2]; *Fulcher's Point Pride Seafood, Inc. v. M/V Theodora Maria*, 935 F.2d 208, 211 (11th Cir. 1991). "Maritime liens are not available to

---

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

87143793;2

insiders, part-owners, and investors in vessels and vessel-related business enterprises." *Beech v. FV Wishbone*, 113 F. Supp. 3d 1203, 1216 (S.D. Ala. 2015).

Likewise, stockholders of an owner of a vessel, particularly those who are "actively engaged in transacting the business of the company," cannot obtain a valid maritime lien. *See The Odysseus III*, 77 F. Supp. 297, 299 (S.D. Fla. 1948) (holding master and first mate of the vessel could not hold valid liens for seaman's wages against their co-owners). *See also Security Pacific Nat. Bank v. Ol.s. Pacific Pride*, O/N 621200, 549 F. Supp. 53, 54 (W.D. Wash. 1982) ("stockholders cannot have a valid maritime lien on any vessel in which they own an interest"). Similarly, corporate officers and general managers have been denied maritime liens when they have "considerable authority over the vessel such that they are in a similar position to the owner and there would be "insuperable legal difficulties" in enforcement of the lien or it would be "inequitable to other claimants." *Medina v. Marvirazon Compania Naviera, S.A.*, 709 F.2d 124, 125 (1st Cir. 1983) (per curiam). *See also Winslow v. S/V "Dancing Dolphin"*, 273 F. Supp. 2d 669, 672 (D.V.I. 2003) (president and director of the corporate vessel owner was a "joint venturer" who was not entitled to a maritime lien given her intention to become an owner, her total operational control over the vessel, her responsibility for the financial enterprise, her eligibility to share in the profits and her effective reduction in income from losses of owner).

The "stranger to the vessel" exception doctrine is founded in the equitable notion that those who share responsibility for incurring the debts of the vessel ought not be reimbursed out of that vessel's proceeds to the detriment of other lienholders. *Medina v. Marvirazon Compania Naviera, S.A.*, 709 F.2d 124, 125 (1st Cir. 1983) (per curiam).  Moreover, allowing owners' liens would open the door to fraud and collusion by persons owning an interest in a vessel. *Security Pacific Nat. Bank*, 549 F. Supp. at 54.

87143793;2

Stratmann alleges he is the "sole member and manager" [DE 43 at 1] and "managing member" [DE 41 at 3] of the owner of the Vessel, Defendant Starboard Yacht Group LLC ("SYG").  As he declared in support of his prior attempt to intervene in this lawsuit, Stratmann serves as a guarantor "on every SYG obligation" and bears "unlimited personal liability" for every judgment entered against SYG. [DE 18 at 2.] Stratmann also alleged he has been in "possession and control of the Vessel at all relevant times, exercising domination over its maintenance, insurance, storage, and operation." [DE 41 at 2.] Even in his current Claim for seaman's wages, Stratmann ties his claim to his alleged former ownership of the Vessel [DE 72 at 1] (Stratmann… "in his individual capacity as seaman and former master ***and owner*** of [the Vessel.]") *Id*. (emphasis added).[3]

In the Claim, Stratmann seeks compensation from his wholly-owned company for his own time spent in relation to the Vessel, placing himself on both sides of the alleged employment relationship—as both employee and employer.  Stratmann attaches no evidence of any contract for labor, no time records, and no prior demands for payment from to himself to his company.  Indeed, the Claim admits that it is a reconstruction of time, rather than a contemporaneous time log. [DE 72 at 7.]

It is clear that based on his own previous sworn assertions, Stratmann "looks, thinks, acts, and profits like an owner." *Sasportes*, 581 F.2d at 1209. Unlike seamen who work on a vessel for wages, Stratmann, who failed to even keep contemporaneous records of his time, must have "looked to a share in the profits" for his return, and therefore he has no valid maritime lien. *Fathom Expeditions, Inc. v. M/T Gavrion*, 402 F. Supp. 390, 396 (M.D. Fla. 1975). Under the relevant law,

---

[3] By this filing, Plaintiff does not admit any of the allegations in the Claim and reserves all rights and defenses to contest the factual and legal allegations of the Claim, including raising additional legal arguments in opposition, should the Claim proceed to trial.

87143793;2

Stratmann, given his membership interest and managerial role in the owner, his control over the Vessel, and his interest in profits and losses of the corporate owner, is barred from asserting a maritime lien against the Vessel.

Furthermore, it would be inequitable to deprive valid lienholders, such as Plaintiff, of the proceeds from the sale of the Vessel as a result of Stratmann's alleged failure to pay himself his own wages for three years. *See Medina,* 709 F.2d at 125. Any services allegedly rendered by Stratmann including "construction, operation, maintenance, testing and commercial use," [Claim at 3], were clearly in pursuit of his share of SYG's profits, not for the promise of seaman's wages which were, heretofore, never demanded. Therefore, because Stratmann cannot hold a valid claim for seaman's wages against the Vessel, as he is not a stranger to the Vessel, the Claim should be denied, with prejudice.

C.      Stratmann's Claim Violates Rule 11

In support of his Claim, Stratmann cites only to inapplicable or nonexistent authorities, including but not limited to:

- 46 U.S.C. § 11104: governing transportation and repatriation of destitute seaman.
- The Ratsakatry, 101 F. Supp. 2d 139, 147 (S.D.N.Y. 2000): **does not exist**.
- The Venticinque, 145 F. 464, 468 (2d Cir. 1906): **does not exist**.
- Peralta v. Heirs of Peralta, 60 U.S. (19 How.) 343, 347-48 (1856): likely referring to *U.S. v. Peralta*, 60 U.S. 343 (1856) which was in regards to the verification of Mexican land grants in California.
- The Steamer Yorktown, 20 F. Cas. 915, 916 (C.C.D. Va. 1824) (Story, J.): **does not exist**.

Federal Rule of Civil Procedure 11(b)(2) requires all motions and papers submitted to the Court to have legal contentions that are—to the best of the filer's knowledge, information, and belief—"warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Consequently, by submitting a claim and

6

motion containing fake citations, Stratmann violated Rule 11(b)(2). *See Versant Funding LLC v. Teras Breakbulk Ocean Navigation Enters., LLC*, No. 17-CV-81140, 2025 WL 1440351, at *4 (S.D. Fla. May 20, 2025) (finding that attorneys violated "Rule 11 in submitting a fake hallucinated case citation which allegedly supported a principle of law for which they were advocating"); *ByoPlanet Int'l, LLC v. Johansson*, No. 0:25-CV-60630, 2025 WL 2091025, at *8 (S.D. Fla. July 17, 2025) (ruling that sanctions under Rule 11 were warranted for an attorney's "submissions to the Court using AI without checking the veracity of cases and citations submitted"). While sanctions can include dismissal of claims, the sanctions available under Rule 11 are "exceedingly flexible" and can include attorneys' fees, required educational courses, formal reprimands, apologies to the represented parties, or even community service. *ByoPlanet Int'l, LLC*, 2025 WL 2091025, at *6. The sanctions must "be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

Accordingly, this Court may, as a remedy for his Rule 11 violation, strike Stratmann's Claim with prejudice, or impose other appropriate sanctions to deter his conduct.

## II.     Stratmann's Motion to Vacate Should be Denied and/or Stricken

Stratmann also asks the Court to vacate the Default Judgment Against M/V Slow Ur Roll and Starboard Yacht Group LLC [DE 70] (the "Judgment"), entered May 21, 2026, pursuant to Federal Rule of Civil Procedure 60(b). [DE 72.] Stratmann alleges the Judgment should be vacated "because a superpriority seaman's-wage claimant's rights cannot be cut off by a mortgagee's default judgment to which the wage claimant's priority was not adjudicated." [Claim at 4.] As explained above, Stratmann does not have a valid lien for seaman's wages, and for this reason alone, the Court should deny Stratmann's Motion to Vacate.

87143793;2

Moreover, as this Court has repeatedly admonished, Stratmann is not a party to this action, is not a legal representative of a party to this action, and lacks standing to intervene or appear for any party to this action.[4]  Accordingly, Stratmann lacks standing to request vacatur of the Judgment. *See* Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve *a party or its legal representative* from a final judgment…") (emphasis added). On May 4, 2026, the Court entered its Order Striking Filings, striking Stratmann's two motions for reconsideration [DE 69, 60]. [DE 61.]  In the Order Striking Filings, the Court mandated that "[a]ny future filings on behalf of Defendant(s) must be filed by counsel or will otherwise be automatically stricken." *Id*.

Since Stratmann is again requesting relief on behalf of the Defendants—by seeking to vacate a Judgment only entered against the Defendants—the Motion to Vacate should also be stricken due to his lack of standing and failure to comply with the Court's Order Striking Filings.

### Conclusion

WHEREFORE, Plaintiff, SEACOAST NATIONAL BANK, respectfully requests that the Court: (i) strike Stratmann's Verified Claim for Seaman's Wages [DE 72], with prejudice, (ii) deny Stratmann's Motion to Vacate Final Default Judgment [DE 72], and (iii) grant such other and further relief as the Court deems just and proper.

Dated:  June 22, 2026

Respectfully submitted,

*/s/ Amanda Klopp*
Amanda Klopp, Esq.
Florida Bar Number: 124156
amanda.klopp@akerman.com
Jenna M. Yoss, Esq.
Florida Bar Number: 1049858
jenna.yoss@akerman.com

---

[4] The Court already denied and/or struck Stratmann's attempts to appear as a representative of SYG, [DE 15], to intervene in his individual capacity [DE 30], to claim an interest in the Vessel and file an answer, affirmative defenses and counterclaim [DE 53], to vacate the judicial default entered against the Vessel [DE 57], and to move for reconsideration of such denials. [DE 61.]

8

87143793;2

**AKERMAN LLP**
777 S. Flagler Dr., Ste 1100 - West Tower
West Palm Beach, FL 33401
Tel: (561) 653-5000 /Fax: (561) 659-6313
*Attorneys for Seacoast National Bank*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 22, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify the foregoing document is being served the same day via transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case, and via US Mail and email to those listed below.

Charles Jacob Stratmann
545 NE 17th Avenue
Fort Lauderdale, FL 33301
E-mail: jake@starboardyacht.com

Starboard Yacht Group LLC
545 NE 17th Ave.
Ft. Lauderdale, FL 33301
*Defendant*

National Liquidators
800 Old Griffin Rd
Dania Beach, FL 33004
*Substitute Custodian*

/s/   *Amanda Klopp*
Amanda Klopp, Esq.

9

87143793;2