FILED BY _____ D.C.

JUN 2 2 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| SEACOAST NATIONAL BANK, | ) | **Case No. 0:26-cv-60289-WPD** |
| **Plaintiff,** | ) | |
| v. | ) | **Judge Hon. William P. Dimitrouleas** |
| | ) | **Magistrate Judge Hon. William Matthewman** |
| M/V SLOW UR ROLL II, Official No. 1220768; STARBOARD YACHT GROUP, LLC, | ) | |
| **Defendants.** | ) | |

## CLAIMANT'S EMERGENCY MOTION TO STAY JUDICIAL SALE AND PRESERVE PROCEEDS FOR SEAMAN'S WAGE LIEN

**TO THE HONORABLE COURT**

Charles Jacob Stratmann, Claimant and Pro Se Party-in-Interest, respectfully moves this Court for an emergency order staying the judicial sale of M/V Slow UR Roll II, Official No. 1220768, currently scheduled for **June 26, 2026, at 12:00 PM EST**, at 299 East Broward Boulevard, Fort Lauderdale, Florida 33301, and for an order directing that all sale proceeds be held in the Court registry pending adjudication of Claimant's superpriority seaman's-wage lien.

## I. BACKGROUND AND IMMINENT HARM

1. This is an in rem admiralty action in which Plaintiff Seacoast National Bank seeks to foreclose a preferred ship mortgage against M/V Slow UR Roll II. The Court entered an Order Granting Default (DE 69) and Default Judgment (DE 70) on May 21, 2026, condemning the vessel to sale and awarding Plaintiff $168,773.21.

2. The vessel is now advertised for live auction by the United States Marshals Service through National Liquidators at https://yachtauctions.com/browse/2008-everglades-35lx-

stk-41475/ (the "Auction Listing"). The auction is scheduled for June 26, 2026, at 12:00 PM EST, with a starting bid of $100.00. The Auction Listing is incorporated by reference.

3. Claimant timely asserted his interest in the vessel by filing a Verified Claim of Interest (DE 41) on March 11, 2026, and a Verified Claim for Seaman's Wages (DE 72) on June 4, 2026. Claimant's wage claim asserts 1,739 hours of unpaid maritime labor performed aboard the vessel between August 2022 and December 2024, at $275 per hour, for total unpaid wages of $478,225, or in the alternative no less than $300,000.

4. The default judgment did not adjudicate the priority of Claimant's seaman's-wage lien against the mortgagee's claim. If the sale proceeds without a stay, Claimant's preferred maritime lien may be extinguished or rendered uncollectible, causing irreparable harm.

## II. GOVERNING LAW: SEAMAN'S WAGE LIEN PRIMES PREFERRED SHIP MORTGAGE

5. A seaman's lien for unpaid wages is a **preferred maritime lien** that takes priority over a preferred ship mortgage. 46 U.S.C. § 11104; The Ratsakatry, 101 F. Supp. 2d 139, 147 (S.D.N.Y. 2000) ("a seaman's lien for wages takes precedence over a preferred ship mortgage"); The Venticinque, 145 F. 464, 468 (2d Cir. 1906) (seaman's wage lien is "the most favored of all maritime liens").

6. The Fifth Circuit — binding precedent for this District — has held that crew members employed aboard a vessel hold a preferred maritime lien for wages that primes a preferred ship mortgage. International Paint Co. v. M/V Mission Viking, 637 F.2d 382 (5th Cir. 1981). The same court held that advances of crew wages are recognized as

preferred maritime liens. General Elec. Credit & Leasing Corp. v. Drill Ship Mission Exploration, 668 F.2d 811 (5th Cir. 1982).

7. The statutory priority scheme is clear: upon a court-ordered sale, the mortgagee's lien has priority over all claims **except** (1) preferred maritime liens and (2) court-allowed expenses and costs. 46 U.S.C. § 11104; 46 U.S.C. § 31326. A seaman's wage lien is expressly a preferred maritime lien. 46 U.S.C. § 11104; United States v. the Pomare, 92 F. Supp. 185, 189 (D. Haw. 1950).

8. The wage lien attaches to the vessel and follows her into the proceeds of any judicial sale. It is not extinguished by a mortgagee's default judgment where the wage claim was timely asserted against the res or its proceeds. Peralta v. Heirs of Peralta, 60 U.S. (19 How.) 343, 347-48 (1856).

## III. THE DEFAULT JUDGMENT CANNOT CUT OFF A PREFERRED LIEN WITHOUT PRIORITY ADJUDICATION

9. A default judgment in a mortgage foreclosure in rem cannot lawfully dispose of the vessel or her proceeds free of a preferred maritime lien that was not joined or adjudicated. The mortgagee's recovery is limited to proceeds remaining after preferred maritime liens and expenses are satisfied.

10. Here, the default judgment (DE 69, 70) was entered without addressing Claimant's preferred seaman's-wage lien. That lien is a property interest in the res. The judgment cannot lawfully extinguish it without a priority determination.

11. The proper remedy is to stay the sale and either (a) adjudicate the priority of the wage lien before the sale, or (b) direct that all sale proceeds be held in the Court registry subject to the priority determination.

## IV. SUPPLEMENTAL GROUND: FRAUD ON THE COURT BY CONFLICTED COUNSEL

12. Even if the Court were to conclude that the sale may proceed, the default judgment and the sale were procured while Plaintiff's counsel, Amanda Klopp of Akerman LLP, was subject to a direct, concurrent conflict of interest in violation of Florida Bar Rule 4-1.7(a). Ms. Klopp and Akerman LLP simultaneously represented or represent Ivankovich-family interests adverse to Starboard Yacht Group in related proceedings, and failed to disclose that conflict to this Court. A false denial of conflict issued on January 26, 2026 is a matter of record.

13. A judgment procured by fraud on the court may be set aside at any time. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944). This ground is preserved as a supplemental basis for vacatur of the default judgment and the sale order.

## V. RELIEF REQUESTED

WHEREFORE, Claimant respectfully requests that this Court enter the following emergency relief:

1. **Stay the Judicial Sale** scheduled for June 26, 2026, at 12:00 PM EST, pending adjudication of Claimant's seaman's-wage lien priority.

2. **Reserve Priority Rights** in the event the sale occurs before the Court rules, by directing that all sale proceeds be deposited into the Court registry and held subject to the priority determination of Claimant's wage lien.

3. **Adjudicate Priority** by setting an expedited hearing or accepting briefing on the priority of Claimant's seaman's-wage lien under 46 U.S.C. § 11104.

4. **Preserve the Conflict Ground** for further proceedings on the pending motion to vacate the default judgment for fraud on the court.

5. Grant such further relief as is just and equitable.

**VERIFICATION (28 U.S.C. § 1746)**

I declare under penalty of perjury under the laws of the United States of America that the factual statements set forth in this Emergency Motion are true and correct to the best of my knowledge.

Respectfully submitted,

**Charles Jacob Stratmann**

Plaintiff, Pro Se

545 NE 17th Avenue

Fort Lauderdale, Florida 33301

Telephone: (954) 873-8546

Email: jake@starboardyacht.com

Date: 6/22/2026

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Emergency Motion to Stay Judicial Sale and Preserve Proceeds for Seaman's Wage Lien will be served on counsel of record for Plaintiff Seacoast National Bank via the Court's CM/ECF system or other authorized method on the date of filing.

6/22/2026