UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
IN ADMIRALTY
CASE NO.: 0:26-cv-60289-WPD

**SEACOAST NATIONAL BANK**,

      Plaintiff,

vs.

**M/V SLOW UR ROLL II**, a 2008 Everglades 350LX Express, Official No. 1220768, HIN: RJDE005I708, Together with all masts, boilers, cables, engines, machinery, etc., *in rem*, and **STARBOARD YACHT GROUP LLC**, a Florida limited liability company, *in personam*,

      Defendants.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO EMERGENCY MOTION TO STAY JUDICIAL SALE AND PRESERVE PROCEEDS FOR SEAMAN'S WAGE LIEN**

Plaintiff, SEACOAST NATIONAL BANK ("Plaintiff" or "Seacoast"), by and through undersigned counsel, hereby responds in opposition to *Claimant's Emergency Motion to Stay Judicial Sale and Preserve Proceeds for Seaman's Wage Lien* (the "Emergency Motion") [DE 75], filed by Charles Jacob Stratmann ("Stratmann"), *pro se*.

**Introduction**

Stratmann's Emergency Motion is yet another untimely effort to disrupt the enforcement of Plaintiff's mortgage rights, as already adjudicated by this Court's *Default Judgment Against M/V Slow Ur Roll II and Starboard Yacht Group* (the "Final Judgment"). [DE 70.] The Court should deny Stratmann's Emergency Motion because (i) the Court has already struck and denied Stratmann's verified claim for seaman's wages [DE 72, 79], which is the basis for the Emergency Motion, and (ii) Stratmann's allegations regarding purported conflicts are without merit.

1

**Argument and Incorporated Memorandum of Law**

I.     **The Emergency Motion Must be Denied as the Court has Already Determined Stratmann Has No Claim for Seaman's Wages**

Stratmann's Emergency Motion asks this Court to stay Plaintiff's sale of the M/V SLOW UR ROLL II (the "Vessel"), or, in the alternative, direct that the sales proceeds be held in the Court's registry, based on his purported claim for seaman's wages. [DE 75.] However, this Court has already held that Stratmann has no valid claim for seaman's wages. [DE 79.]

Stratmann previously filed the same claim for seaman's wages that he asserts in the Emergency Motion. [DE 72.] Following Plaintiff's response in opposition [DE 73], on June 23, 2026, the Court entered its *Order Striking/Denying Charles Jacob Stratmann's Verified Claim for Seaman's Wages and Motion to Vacate Default Judgment*, finding that, as a matter of law, Stratmann is not entitled to seaman's wages due to his relationship to the owner of the Vessel. [DE 79.] Since Stratmann's claim for seaman's wages has already been denied, the Emergency Motion should be denied as well.

II.    **Stratmann's Allegations of Fraud on the Court are Meritless**

As a supplemental ground for his Emergency Motion, Stratmann alleges Plaintiff's counsel has a conflict of interest. [DE 75 at 4.] Specifically, Stratmann alleges Plaintiff's counsel "simultaneously represented or represent[s] Ivankovich-family interest adverse to Starboard Yacht Group in related proceedings." *Id.* No particular proceeding is identified, but seemingly Stratmann is referring to the same alleged conflict raised in several of his prior filings in this action [DE 12, 17, 18, 19 , 28, 41, 43] and in his *Motion in Limine to Disqualify Akerman LLP and Stay Related Foreclosure Proceedings Due to Irreconcilable Conflict of Interest* filed in the unrelated action *Starboard Yacht Group LLC v. Contessa Marine Research LLC*, No. 23-61696-CIV-Singhal, at DE 293 (S.D. Fla. Feb. 17, 2026). On March 13, 2026, Judge Singhal ruled on the precise issue,

stating: "Stratmann insists Akerman LLP is involved in a conflict of interest because it represents two different clients who are litigating against Stratmann in different cases. Under no definition is this a conflict of interest … [t]his is not the law and it is not a common sense application of the law. There is no per se conflict between two or more people who both have claims against the same entity." *Id*. at DE 313.

Nevertheless, Stratmann continues to make these false allegations against Plaintiff's counsel in a remarkably similar attempt to stay proceedings. These allegations cannot serve as a basis to stay the sale of the Vessel or interfere with the Final Judgment, and, instead, affirm Stratmann's refusal to abide by the Court's rulings, emphasize his lack of regard for the Court's time and resources, and cement his status as a vexatious litigant.[1]

The only fraud on the Court which has taken place is Stratmann's alone. Just as the Court acknowledged in its *Order Striking/Denying Stratmann's Verified Claim for Seaman's Wages and Motion to Vacate Default Judgment*, Stratmann again cites to multiple inapplicable or nonexistent authorities in his Emergency Motion, including but not limited to:

- 46 U.S.C. § 11104: governing transportation and repatriation of destitute seaman.
- The Ratsakatry, 101 F. Supp. 2d 139, 147 (S.D.N.Y. 2000): **does not exist**.
- The Venticinque, 145 F. 464, 468 (2d Cir. 1906): **does not exist**.
- Peralta v. Heirs of Peralta, 60 U.S. (19 How.) 343, 347-48 (1856): likely referring to *U.S. v. Peralta*, 60 U.S. 343 (1856) which was in regards to the verification of Mexican land grants in California.

As explained in Plaintiff's prior response [DE 73], Federal Rule of Civil Procedure 11(b)(2) requires all motions and papers submitted to the Court to have legal contentions that are—to the

---

[1] Florida Vexatious Litigant Law defines a *pro se* person to be a vexatious litigant where they repeatedly file "pleadings, requests for relief, and other documents that have been the subject of previous rulings by the court in the same action" or "unmeritorious pleadings, requests for relief, or other documents," or engage "in other tactics that are frivolous or solely intended to cause unnecessary delay in any action." Fla. Stat. § 68.093(c)(3)-(4). Plaintiff reserves the right to request sanctions from Stratmann for its costs in responding to these vexatious tactics.

best of the filer's knowledge, information, and belief—"warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."

Consequently, by submitting the Emergency Motion containing fake citations, Stratmann again violated Rule 11(b)(2). *See Versant Funding LLC v. Teras Breakbulk Ocean Navigation Enters., LLC*, No. 17-CV-81140, 2025 WL 1440351, at *4 (S.D. Fla. May 20, 2025) (finding that attorneys violated "Rule 11 in submitting a fake hallucinated case citation which allegedly supported a principle of law for which they were advocating"); *ByoPlanet Int'l, LLC v. Johansson*, No. 0:25-CV-60630, 2025 WL 2091025, at *8 (S.D. Fla. July 17, 2025) (ruling that sanctions under Rule 11 were warranted for an attorney's "submissions to the Court using AI without checking the veracity of cases and citations submitted").

The sanctions available under Rule 11 are "exceedingly flexible" and can include attorneys' fees, required educational courses, formal reprimands, apologies to the represented parties, or even community service. *ByoPlanet Int'l, LLC*, 2025 WL 2091025, at *6. Although the Court, in its discretion, previously declined to impose sanctions on Stratmann [DE 79], the Court may reconsider whether sanctions are now warranted upon this repeated misconduct, and, as a remedy for, impose appropriate sanctions sufficient to deter such conduct moving forward.

## Conclusion

WHEREFORE, Plaintiff, SEACOAST NATIONAL BANK, respectfully requests that the Court: (1) deny *Claimant's Emergency Motion to Stay Judicial Sale and Preserve Proceeds for Seaman's Wage Lien* [DE 75], with prejudice, and (2) grant such other and further relief as the Court deems just and proper.

Dated:  June 24, 2026

Respectfully submitted,

*/s/ Amanda Klopp*
Amanda Klopp, Esq.
Florida Bar Number: 124156
amanda.klopp@akerman.com
Jenna M. Yoss, Esq.
Florida Bar Number: 1049858
jenna.yoss@akerman.com
**AKERMAN LLP**
777 S. Flagler Dr., Ste 1100 - West Tower
West Palm Beach, FL 33401
Tel: (561) 653-5000 /Fax: (561) 659-6313
*Attorneys for Seacoast National Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify the foregoing document is being served the same day via transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case, and via US Mail and email to those listed below.

Charles Jacob Stratmann
545 NE 17th Avenue
Fort Lauderdale, FL 33301
E-mail: jake@starboardyacht.com

Starboard Yacht Group LLC
545 NE 17th Ave.
Ft. Lauderdale, FL 33301
*Defendant*

National Liquidators
800 Old Griffin Rd
Dania Beach, FL 33004
*Substitute Custodian*

/s/   *Amanda Klopp*
Amanda Klopp, Esq.

5