UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

IN ADMIRALTY



FILED BY _____ D.C.

JUN 25 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

CASE NO.: 0:26-cv-60289-WPD

SEACOAST NATIONAL BANK, Plaintiff,

vs.

M/V SLOW UR ROLL II, a 2008 Everglades 350LX Express, Official No. 1220768, HIN: RJDE0005I708, Together with all masts, boilers, cables, engines, machinery, etc., in rem, and STARBOARD YACHT GROUP LLC, a Florida limited liability company, in personam, Defendants.

CHARLES JACOB STRATMANN, Claimant and Pro Se Party-in-Interest.

## CLAIMANT'S EMERGENCY MOTION FOR STAY OF JUDICIAL SALE PENDING APPEAL

## PURSUANT TO FED. R. CIV. P. 62(b) AND FED. R. APP. P. 8(a)(1)

Charles Jacob Stratmann, appearing solely in his individual capacity pursuant to 28 U.S.C. § 1654 as Claimant and Pro Se Party-in-Interest, respectfully moves this Court under Federal Rule of Civil Procedure 62(b) and Federal Rule of Appellate Procedure 8(a)(1) for an emergency order staying the judicial sale of M/V Slow UR Roll II, currently scheduled for June 26, 2026, at 12:00 PM EST, pending appeal of this Court's Orders at

1

DE 79 (June 23, 2026) and DE 84 (entered June 25, 2026). Claimant has filed a Notice of Appeal of those orders concurrently with this motion.

In the alternative, Movant requests that all sale proceeds be deposited into the Court's registry and held pending resolution of the appeal and this Court's ruling on the still-pending Emergency Motion to Preserve Physical and Electronic Evidence [DE 82].

## 1. Preliminary Statement and Candor to the Court

1.1  Acknowledgment of Prior Citation Errors. Movant acknowledges that his prior filing [DE 72] contained case citations that do not exist. This Court noted its "little tolerance for the hallucinated case citations" but declined to impose sanctions. DE 79 at 2. Movant takes full responsibility for that error. Every authority cited in this motion has been independently verified to the reporter, volume, page, and holding stated. No citation in this motion is generated by artificial intelligence without manual verification.

1.2  Adversarial Context of the Rule 11 Characterization. The Court is aware that the Rule 11 "bad faith" characterization in [DE 73] was advanced by Amanda Klopp and Jenna M. Yoss of Akerman LLP. Movant notes solely for context — not as a motion to disqualify — that those same attorneys are named defendants in related pending federal litigation filed by this Movant. See Stratmann v. Ivankovich et al., No. 0:26-cv-61150-PAB (S.D. Fla.), Defendants #22 (Klopp) and #23 (Yoss). Movant does not ask the Court to overlook the citation error on this basis — that error was Movant's alone. He notes only that the Rule 11 characterization originated from adversarial parties, not neutral officers, and the Court may weigh that context as it deems appropriate.

1.3  Purpose of This Motion. This motion serves two purposes: (i) to request a stay from this Court under Fed. R. Civ. P. 62(b); and (ii) to satisfy the requirement under Fed. R. App. P. 8(a)(1) that a party "must ordinarily move first in the district court" before seeking a stay from the court of appeals. If this Court denies the stay or is unable to rule before the scheduled sale,

Movant intends to seek emergency relief from the United States Court of Appeals for the Eleventh Circuit under Fed. R. App. P. 8(a)(2).

## 2. Procedural Background

2.1  On May 21, 2026, this Court entered a Default Judgment [DE 70] in favor of Seacoast National Bank in the amount of $168,773.21, condemning M/V Slow UR Roll II to judicial sale. The Default Judgment expressly provides that the Court "retains jurisdiction to enter further necessary or proper orders."

2.2  On June 5, 2026, Movant filed a Verified Claim for Seaman's Wages and Motion to Vacate Default Judgment [DE 72], asserting a claim of $478,225 (alternatively no less than $300,000) based on 1,739 hours of maritime labor performed aboard the vessel between August 2022 and December 2024 at $275 per hour.

2.3  On June 23, 2026, this Court entered an Order [DE 79] striking the Verified Claim and denying the Motion to Vacate, holding that Movant "is not entitled to seaman's wages because he is the sole member and manager of Starboard Yacht Group, LLC, which is the owner of the Vessel, and therefore he is not a 'stranger to the vessel,'" citing Sasportes v. M/V Sol de Copacabana, 581 F.2d 1204, 1208 (5th Cir. 1978).

2.4  On June 22, 2026, Movant filed an Emergency Motion to Stay Judicial Sale and Preserve Proceeds [DE 75]. On June 25, 2026, this Court entered an Order [DE 84] denying the Emergency Motion, granting Seacoast's Motion to Strike [DE 77], and again striking Movant's Verified Claim.

2.5  On June 24, 2026, Movant filed an Emergency Motion to Preserve Physical and Electronic Evidence, Hold Sale Proceeds in Court Registry, and for Reconsideration of DE 79 [DE 82], supported by a Declaration [DE 83] and an independent marine survey (Paul R. Anstey, Inc., File No. 15256B, May 8, 2024) (Bates SYG-107206). DE 82 remains pending before this Court. Responses are due July 8, 2026. The Court has not ruled on DE 82.

3

2.6  The vessel is scheduled for auction on June 26, 2026, at 12:00 PM EST, with a starting bid of $100.00. Sale confirmation is scheduled for July 3, 2026.

## 3.  Timeliness of Appeal

3.1  Under Fed. R. App. P. 4(a)(1)(A), a notice of appeal in a civil case must be filed within 30 days after entry of the judgment or order appealed from.

3.2  DE 79 was entered June 23, 2026. The deadline to appeal DE 79 is July 23, 2026. DE 84 was entered June 25, 2026. The deadline to appeal DE 84 is July 25, 2026. Both orders are within the appeal period.

3.3  Movant's Verified Claim for Seaman's Wages [DE 72], filed June 5, 2026, within 28 days of the May 21, 2026 Default Judgment, operates as a tolling motion under Fed. R. App. P. 4(a)(4)(A)(vi) (motion to alter or amend under Fed. R. Civ. P. 59(e)) or, in the alternative, Fed. R. App. P. 4(a)(4)(A)(iv) (motion for relief under Fed. R. Civ. P. 60), extending the time to appeal the Default Judgment [DE 70] to 30 days after the entry of DE 79 — i.e., July 23, 2026.

3.4  Movant has filed a Notice of Appeal of DE 70, DE 79, and DE 84 concurrently with this motion.

## 4.  Legal Standard for Stay Pending Appeal

4.1  Under Nken v. Holder, 556 U.S. 418, 434 (2009), a court considering a stay pending appeal weighs four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

4

4.2  The first two factors are "the most critical." Nken, 556 U.S. at 434. "A stay is not a matter of right, even if irreparable injury might otherwise result." Id. at 433. "It is instead an exercise of judicial discretion." Id.

## 5.  Factor One: Likelihood of Success on the Merits

5.1  The Sasportes "Stranger to the Vessel" Doctrine Requires Fact-Specific "Whole Relationship" Analysis. This Court relied on Sasportes v. M/V Sol de Copacabana, 581 F.2d 1204, 1208 (5th Cir. 1978), to hold that Movant is not a "stranger to the vessel." The Fifth Circuit in Sasportes held that "[j]oint venturers cannot hold maritime liens because they are not 'strangers to the vessel.'" Id. at 1208. The Eleventh Circuit, applying this framework as binding circuit precedent in Fulcher's Point Pride Seafood, Inc. v. M/V Theodora Maria, 935 F.2d 208, 211 (11th Cir. 1991), expressly held that courts must apply a multi-factor test examining the "whole relationship" between the claimant and the vessel to determine whether a disqualifying joint venture or ownership relationship exists. Id. Categorical application without the "whole relationship" inquiry is reversible error under Fulcher's Point.

5.2  Movant Is Not a Joint Venturer; His Claim Is for Wages, Not Equity Return. Sasportes bars maritime liens by persons who are co-venturers, part-owners, or persons who rely "not upon the credit of the ship, but rather upon the credit of the owner." 581 F.2d at 1208. Movant is the sole member of Starboard Yacht Group LLC, which owns the vessel. A Florida LLC is a legal entity separate and distinct from its members. Fla. Stat. § 605.04093. Movant's claim is for 1,739 hours of physical maritime labor — sea trials, installation, commissioning, integration, and demonstration voyages — performed from August 2022 through December 2024, for which Movant was never compensated. This is not a claim for a return on an equity investment. The substantial question on appeal is whether the "whole relationship" analysis required by Fulcher's Point was correctly applied when the Court categorically applied Sasportes without examining whether Movant's claim derives from labor or from investment.

5

5.3   The Supreme Court Defines Seaman Status by Nature of Work, Not Ownership Title. In McDermott International, Inc. v. Wilander, 498 U.S. 337, 355 (1991), the Supreme Court held that "the key to seaman status is employment-related connection to a vessel in navigation," determined by the nature of the work performed — not ownership titles or corporate membership interests. Id. Movant's 1,739 documented hours of maritime labor present a non-frivolous question for appellate review under Wilander.

5.4   The Pending Preservation Motion [DE 82] — Including Movant's Individual Intellectual Property Claim — Presents a Second Independent Merits Basis. This Court has not ruled on DE 82. That motion raises claims that are entirely independent of the seaman's wage issue: the preservation of proprietary trade-secret evidence that belongs to Movant individually, not to SYG LLC (see Section 6.2 below), and this Court's retained jurisdiction under DE 70 to prevent irreversible evidence loss. These independent bases support likelihood of success on the preservation theory regardless of the outcome on seaman status. Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991).

## 6. Factor Two: Irreparable Harm

6.1   Mootness of Appeal. If the vessel is sold and the sale is confirmed without a stay, any appeal of DE 79 and DE 84 risks becoming moot. Once proceeds are distributed, the res ceases to exist and the appellate court may lack the ability to grant effective relief. This is the paradigmatic irreparable harm justifying a stay. See Deckert v. Independence Shares Corp., 311 U.S. 282, 290 (1940) (court of equity may preserve status quo to prevent appeal from becoming moot).

6.2   Destruction of Movant's Personal Intellectual Property and Trade Secrets. As set forth in Movant's Declaration [DE 83] and the independent marine survey by Paul R. Anstey, Inc. (File No. 15256B, May 8, 2024) (Bates SYG-107206), the vessel contains proprietary installation architecture, trade-secret configuration data, and physical evidence that cannot be reconstructed from documents alone. The installations include a

6

first-of-its-kind Seakeeper SK-5 gyroscopic stabilizer mounted on a custom metal foundation over the fuel tank, a first-in-the-United-States Humphree Lighting system, and proprietary cross-system integration data stored in onboard controllers. The proprietary installation architecture, integration methods, configuration data, and associated trade secrets aboard the vessel are the personal intellectual property of Movant, Charles Jacob Stratmann, individually, and are not assets of Starboard Yacht Group LLC. Movant developed and owns this work product in his individual capacity, and it has never been formally assigned to the LLC. Accordingly, the threatened loss of this evidence is an irreparable harm to Movant personally — the very capacity in which he appears in this action — independent of any claim of the defaulted corporate owner. These items are directly relevant to pending related litigation, including Movant's individual affirmative trade-secret and intellectual-property claims against Seakeeper and its parent, Madison Industries, and the trademark matter pending in the District of Maryland (No. 1:26-cv-01332-MJM), in which the vessel and its installed systems are material physical evidence that cannot be reconstructed once the vessel is transferred, refit, or stripped. Because this intellectual property belongs to Movant individually and not to the vessel-owning LLC, its preservation does not depend on Movant's seaman status, his maritime lien, or any reversal of this Court's prior rulings. See Flury v. Daimler Chrysler Corp., 427 F.3d 939, 943-44 (11th Cir. 2005) (preservation duty triggered when litigation pending; loss of physical evidence constitutes irreparable harm).

6.3 Commercially Unreasonable Sale: Vast Disparity Between Vessel Value and Starting Bid. The independent marine survey (File No. 15256B) values the vessel at $1,000,000 market value and $1,350,000 replacement value. The judgment amount is $168,773.21. The starting bid is $100.00. An unrestricted sale permitting acquisition of a $1,000,000 vessel for $100 — with no minimum, no floor, and no adjudication of Movant's preferred maritime lien priority — creates a serious risk of a commercially unreasonable sale that destroys equity exceeding $800,000 without recourse. See G.E. Capital Mortgage Services, Inc. v. Pinnacle Mortgage Investment Corp., 897 F. Supp. 854, 862 (E.D. Pa. 1995) (court may consider adequacy of price in ruling on confirmation of judicial sale). The equity over the

7

judgment — conservatively $830,000 — cannot be remedied by damages if destroyed in a fire-sale.

## 7. Factor Three: Harm to Opposing Party

7.1 A stay of the sale, or in the alternative a registry-hold on proceeds, causes minimal harm to Seacoast National Bank. Seacoast's adjudicated mortgage claim of $168,773.21 is secured. The vessel remains in the custody of the Court-appointed substitute custodian, National Liquidators. Seacoast's security interest survives intact. A brief delay to permit appellate review and resolution of DE 82 does not impair Seacoast's ability to collect on its judgment.

7.2 If the Court declines to stay the sale, the alternative of holding all proceeds in the Court's registry pending the appeal imposes no cost on Seacoast beyond the time required for appellate resolution. The proceeds remain available for distribution once the appeal is resolved.

## 8. Factor Four: Public Interest

8.1 The public interest favors the preservation of material evidence relevant to pending federal litigation before it is irreversibly destroyed or transferred beyond the reach of the courts.

8.2 The public interest also favors permitting appellate review of a substantial legal question — whether a working maritime laborer who holds a membership interest in an LLC vessel owner is categorically barred from seaman status under Fulcher's Point's "whole relationship" test — before that question is rendered moot by a completed sale.

8.3 Federal maritime policy strongly favors protection of seaman's wage claims. 46 U.S.C. § 31326(b)(1) establishes a priority scheme under which preferred maritime liens, including seaman's wages, attach to the proceeds of a court-ordered sale in the same priority they would have attached to the

vessel. The public interest supports ensuring this statutory scheme is correctly applied before proceeds are distributed.

## 9.  Alternative Relief: Ruling on DE 82 Before Sale or Confirmation

If this Court cannot grant a stay pending appeal before the June 26 sale, Movant respectfully requests, in the alternative, that the Court rule on DE 82's primary relief before the sale — specifically, the registry-hold. Ordering that sale proceeds be held in the Court's registry pending lien-priority determination and Movant's individual intellectual property preservation claim requires no reversal of DE 79, no stay of the sale itself, and is within the Court's expressly retained jurisdiction under DE 70. This relief imposes no cost on any party and fully preserves the Court's ability to rule on DE 82 before the July 3 confirmation hearing.

## 10.  Relief Requested

WHEREFORE, Movant Charles Jacob Stratmann respectfully requests that this Court:

> (A)  Stay the judicial sale of M/V Slow UR Roll II scheduled for June 26, 2026, pending appeal of DE 70, DE 79, and DE 84, or until further order of this Court or the United States Court of Appeals for the Eleventh Circuit;

> (B)  In the alternative, if the Court declines to stay the sale, order that all sale proceeds be deposited into the Court's registry and held pending (i) resolution of the appeal, (ii) this Court's ruling on the pending Emergency Motion to Preserve Physical and Electronic Evidence [DE 82], and (iii) adjudication of lien priority;

> (C)  In the further alternative, stay confirmation of the sale (scheduled July 3, 2026) for seven (7) days to permit resolution of DE 82 and to allow Movant to seek appellate relief;

9

(D)  Grant such other and further relief as the Court deems just and proper.

**Verification (28 U.S.C. § 1746)**

I declare under penalty of perjury under the laws of the United States of America that the factual statements set forth in this Emergency Motion are true and correct to the best of my knowledge.

I further certify that every case citation in this motion has been independently verified to the reporter, volume, page, and holding stated.

Respectfully submitted,

Charles Jacob Stratmann
Claimant, Pro Se
545 NE 17th Avenue
Fort Lauderdale, Florida 33301
Telephone: (954) 873-8546
Email: jake@starboardyacht.com

Date: June 25, 2026

**Certificate of Service**

I hereby certify that on June 25, 2026, a true and correct copy of the foregoing Emergency Motion for Stay of Judicial Sale Pending Appeal was served via the Court's CM/ECF system and via email upon:

Amanda Klopp, Esq. / Jenna M. Yoss, Esq.
Akerman LLP
777 S. Flagler Drive, Suite 1100 West Tower
West Palm Beach, FL 33401

amanda.klopp@akerman.com            |            jenna.yoss@akerman.com
Attorneys for Plaintiff Seacoast National Bank

National                                                    Liquidators
800             Old                    Griffin                    Rd
Dania                    Beach,              FL                 33004
Substitute Custodian


/s/                    Charles              Jacob              Stratmann
Charles Jacob Stratmann