FILED BY [signature] D.C.
JUN 25 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

Appeal No.: ____________________________ (to be assigned)

District Court Case No.: 0:26-cv-60289-WPD

SEACOAST NATIONAL BANK, Plaintiff/Appellee, vs. M/V SLOW UR ROLL II, et al., Defendants/Appellees.

CHARLES JACOB STRATMANN, Claimant/Appellant.

# MOTION TO FILE APPLICATION TO PROCEED IN FORMA PAUPERIS UNDER SEAL

## I. INTRODUCTION

Appellant Charles Jacob Stratmann respectfully moves this Court for leave to file his Application to Proceed In Forma Pauperis (AO 240) under seal. The IFP Application contains a detailed disclosure of Appellant's personal financial information, including income, bank account balances, asset values, personal debts, and business obligations. Appellant is a named party in multiple pending federal civil and criminal proceedings and in active federal litigation in which his adversaries include parties who have previously attempted to use financial disclosures against him. Public availability of this information on the docket creates a material risk of harm to Appellant's ongoing litigation positions and personal security.

## II. LEGAL STANDARD

This Court has inherent authority to seal judicial records where a litigant demonstrates a compelling privacy or security interest that outweighs the public's right of access. Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007). A court balancing the public right of access against the risk of harm may restrict access to materials containing sensitive personal financial information where the requester makes a particularized showing of need. Id. at 1246. Courts regularly seal IFP applications and supporting financial affidavits in pending litigation where there is a demonstrated risk of adversarial misuse. See Local Rule 25-4, 11th Cir.; FRAP 27.

An IFP application is a prerequisite to fee waiver, not a pleading on the merits. The public's right to access is substantially diminished for ancillary financial disclosure documents, while the privacy interest is heightened because the application requires disclosure of account numbers, balances, and obligations that would not otherwise be discoverable.

## III. GROUNDS FOR SEALING

3.1 Active Adversarial Litigation. Appellant is currently a party in at least five pending federal court proceedings, including:

> Stratmann v. Ivankovich et al., No. 0:26-cv-61150-PAB (S.D. Fla.) — Appellant is Plaintiff against 23+ defendants including corporate entities, their principals, and their counsel
>
> CJS v. Madison Industries / Seakeeper Inc., No. 1:26-cv-01332-MJM (D. Md.) — trademark and trade secret litigation
>
> Seacoast National Bank v. M/V Slow UR Roll II, No. 0:26-cv-60289-WPD (S.D. Fla.) — this case, on appeal
>
> Locality Bank v. M/V Pursuit, No. 0:26-cv-60068-AHS (S.D. Fla.) — in rem foreclosure, Appellant is pro se claimant
>
> Bank of America v. [vessel], No. 0:26-cv-61090-WPD (S.D. Fla.) — in rem foreclosure, Appellant is pro se claimant

Detailed financial disclosure on the public docket in any of these cases would be accessible to all adverse parties in all cases simultaneously, creating substantial risk that adversaries will use the disclosures to inform litigation strategy, settlement tactics, and execution proceedings against Appellant.

3.2 Prior Evidence of Adversarial Misuse. In prior proceedings in the district court below, Appellant's financial disclosures have been referenced in motions practice in a manner that suggests they were being monitored and used strategically. Sealing the IFP application prevents this pattern from continuing on the appellate record.

3.3 Minimal Public Interest in Financial Details. The public has a legitimate interest in knowing that this Court has adjudicated whether Appellant qualifies for fee waiver — not in the specific account balances, debt schedules, and income figures that are the means of that adjudication. Sealing the application while entering a docket notation that an IFP application has been filed and ruled upon fully protects the public interest.

3.4 Narrowly Tailored Relief. Appellant requests only that the IFP Application itself be filed under seal, with access restricted to the Court and its staff. Appellant does not request sealing of this Motion, the Court's order on the IFP application, or any other document in this appeal. This is the narrowest restriction consistent with protecting Appellant's privacy and security interests.

## IV. PROPOSED PROCEDURE

Appellant proposes the following procedure to minimize burden on the Court:

(a) This Motion and the IFP Application are filed concurrently.

(b) The Clerk dockets this Motion publicly and the IFP Application under seal, with a public docket notation reading: "IFP Application filed under seal; pending Court ruling on Motion to Seal."

(c) If the Court denies the Motion to Seal, Appellant requests seven (7) days to either (i) pay the docketing fee, (ii) consent to public filing of the IFP Application, or (iii) file a redacted version removing account numbers and specific balances while retaining the income and expense information required for the fee-waiver determination.

## V. RELIEF REQUESTED

For the foregoing reasons, Appellant respectfully requests that this Court:

(A) Grant leave to file the Application to Proceed In Forma Pauperis under seal;

(B) Direct the Clerk to accept the IFP Application for filing under seal and to enter a public docket notation confirming receipt;

(C) Maintain the seal until further order of this Court; and

(D) Grant such other and further relief as justice requires.

## CERTIFICATE OF SERVICE

I hereby certify that on June _____, 2026, a true and correct copy of the foregoing Motion to File Under Seal was served via email upon:

Amanda Klopp, Esq. / Jenna M. Yoss, Esq.
Akerman LLP | 777 S. Flagler Drive, Suite 1100 West Tower | West Palm Beach, FL 33401
amanda.klopp@akerman.com | jenna.yoss@akerman.com

Respectfully submitted,

Charles Jacob Stratmann
Claimant/Appellant, Pro Se
545 NE 17th Avenue
Fort Lauderdale, Florida 33301
Telephone: (954) 873-8546
Email: jake@starboardyacht.com

Date: June 25, 2026

Signature: ______________________