**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**

**CASE NO. 0:26-cv-60289-WPD**

**SEACOAST NATIONAL BANK,**

Plaintiff,

v.

M/V SLOW UR ROLL II, USCG Official No. 1220768,
her engines, tackle, apparel, furniture, and
appurtenances, in rem,

Defendant.

FILED BY _aw_ D.C.

**JUL 0 6 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

---

## MOTION FOR DISCLOSURE OF BIDDER IDENTITIES AND AUCTION RECORDS, AND FOR ORDER PRESERVING SUCH RECORDS PENDING APPELLATE REVIEW

---

Charles Jacob Stratmann ("Movant"), appearing pro se as a party-in- interest in this admiralty foreclosure, respectfully moves this Court for an order directing the United States Marshal for the Southern District of Florida to disclose all records identifying the participants in the June 26, 2026 judicial auction of M/V Slow UR ROLL II, and to preserve all such records pending appellate review in the United States Court of Appeals for the Eleventh Circuit, Case No. 26-12270-G.

### I. STATEMENT OF FACTS

1. The United States Marshal conducted a public auction of M/V Slow UR ROLL II on June 26, 2026, at approximately 12:00 p.m. at the Fort Lauderdale Federal Courthouse (DE 87). The vessel sold for $160,000.00 to William Wilson, acting on behalf of QF Products LLC, Texas. Wilson deposited $25,000.00; the balance of $135,000.00 remains unpaid (DE 87; DE 92-1).

2. The vessel was independently appraised at $1,000,000.00 (Paul R. Anstey, Inc., File No. 152568, May 8, 2024; Bates SYG-107206). The sale price is 16% of the appraised fair market value, leaving an 84% shortfall.

3. During the auction, a telephone bidder actively competed through a young male relay person. The contact name displayed on the phone was "Egor." The relay person was unable to transmit

 SCANNED

the final bid before the Marshal closed the auction. The winning bidder, William Wilson, confirmed in his declaration (DE 92-1) that the phone bidder "was actively engaged and bidding" and "was cut off by the communication delay between the auction's close and the young man's relay before that party could submit a higher bid."

4. The identities of the telephone bidder, the relay person, and the principal on whose behalf bids were placed are material to Movant's pending Objection to Confirmation of Sale (DE 92), Emergency Motion to Preserve Evidence and Hold Proceeds (DE 82), and appeal to the Eleventh Circuit (Case No. 26-12270-G). Those identities will determine whether the June 26 auction was tainted by the same structural conflict that required vacatur in Latvian Shipping Co. v. Baltic Shipping Co., 99 F.3d 690 (5th Cir. 1996).

## II. REQUESTED DISCLOSURES

Movant requests that the United States Marshal produce, within seven (7) days of this order, the following records and information concerning the June 26, 2026 auction:

### A. Bidder Registration Records.

(1) The name, address, telephone number, and email address of every person or entity that registered to bid at the auction; (2) The bidder number or paddle number assigned to each registered bidder; (3) The form of deposit or proof of funds provided by each registered bidder; (4) Any corporate or organizational affiliation disclosed by any registered bidder; and (5) A copy of any signed bidder registration form, acknowledgment, or agreement.

### B. Auction Records.

(1) A complete log of all bids placed, including the bidder number, amount, and timestamp of each bid; (2) The starting bid amount and any announced increments; (3) Any reserve, minimum bid, or upset price announced or established; (4) The complete audio or video recording of the auction, if any exists; (5) Any notes, memoranda, or internal communications prepared by the Marshal or auction staff concerning the auction; and (6) Any telephone logs, caller-ID records, or contact information associated with the telephone bidder known as "Egor."

### C. Custodial Records.

(1) All records reflecting the chain of custody of the vessel from the date of arrest through the date of sale; (2) All communications between the United States Marshal and National

Liquidators LLC, Seacoast National Bank, or Akerman LLP concerning the auction, marketing, or sale of the vessel; and (3) All invoices, receipts, or records of expenses charged against the vessel or the sale proceeds.

### III. LEGAL STANDARD

**A. The Court Has Inherent Authority to Order Disclosure.**

A district court exercising admiralty jurisdiction has broad inherent authority to supervise judicial sales and to compel production of records material to the fairness of the sale. See Chambers v. NASCO, Inc., 501 U.S. 32, 43-44 (1991); Tramp Oil & Marine Ltd. v. Adriatic Tankers Shipping Co., 914 F. Supp. 527, 531 (S.D. Fla. 1996) ("[T]he bid at the Marshal's auction does not consummate a sale. It is the equivalent of an offer to the court, not accepted until judicially confirmed.").

**B. Supplemental Admiralty Rule E(9) Governs Sale Objections.**

Supplemental Admiralty Rule E(9)(d) provides that any party may file a motion to set aside a sale on the ground that the sale was "improperly made." The Court has authority to stay confirmation or set aside a sale where the process was not commercially reasonable, was not regularly conducted, or was tainted by conflict or collusion. See In re Chateaugay Corp., 10 F.3d 944, 956-57 (2d Cir. 1993).

**C. The Identity of Bidders Is Discoverable in a Sale Challenge.**

Courts routinely order disclosure of bidder identities and auction records where a party challenges the fairness of a judicial sale or alleges collusion. Latvian Shipping Co. v. Baltic Shipping Co., 99 F.3d 690 (5th Cir. 1996) (sale set aside where counsel represented both mortgage holder and successful bidder, chilling competitive bidding). The identity of the bidder network is not a protected trade secret; it is a factual element of the sale process that the court has a duty to examine before confirmation.

**D. Good Cause for Expedited Production.**

Good cause exists for expedited production because: (a) the confirmation hearing is scheduled for July 3, 2026; (b) an emergency appeal is pending in the Eleventh Circuit (Case No. 26-12270-G); (c) the bidder records are in the exclusive possession of the United States Marshal; and (d) delay risks the loss or destruction of telephone logs, caller-ID records, and

auction staff notes.

## IV. ARGUMENT

### A. The Telephone Bidder Is Material to the Sale Challenge.

The identity of the telephone bidder and the principal on whose behalf bids were placed is central to the collusion argument advanced in Movant's Objection to Confirmation (DE 92) and in the pending Eleventh Circuit appeal. If the telephone bidder is connected to the Ivankovich enterprise -- the same enterprise whose family entities are represented by Akerman LLP, the firm prosecuting this foreclosure for Seacoast -- then the auction presents the same structural conflict that required vacatur in Latvian Shipping. The bidder records are the only means of confirming or refuting that connection.

### B. The Auction Records Are Material to the Price-Inadequacy Claim.

The auction opened with a $100 starting bid on a $1,000,000 vessel. No reserve or minimum price was announced. The complete bid log will reveal whether the auction was structured to attract competitive bidding or to suppress price. The bidder registration records will reveal whether the telephone bidder was pre-qualified, whether the bidder was affiliated with any known enterprise participant, and whether the same contact information appears in other enterprise-related records.

### C. Preservation Is Required Pending Appellate Review.

Because the Eleventh Circuit appeal is pending and the district court has stated that the matter is on appeal (DE 93), the records requested above are subject to spoilage, routine destruction, or loss of telephone logs. The Court should enter a preservation order directing the Marshal to retain all auction records, telephone logs, and bidder information in their original form pending final appellate disposition.

## V. RELIEF REQUESTED

WHEREFORE, Movant respectfully requests that this Court enter an order:

1. Directing the United States Marshal for the Southern District of Florida to produce, within seven (7) days, all bidder registration records, auction logs, bid histories, audio/video recordings, and custodial records described in Section II above;

2. Directing the United States Marshal to preserve all such records in their original form pending final disposition of Movant's appeal in the United States Court of Appeals for the Eleventh Circuit, Case No. 26-12270-G;

3. Directing Seacoast National Bank and National Liquidators LLC to produce all communications with any bidder or prospective bidder, including the telephone bidder known as "Egor";

4. Deferring confirmation of the June 26, 2026 sale pending production and review of the requested records; and

5. Granting such other and further relief as the Court deems just and proper.

## VI. PROPOSED ORDER

THE COURT, having considered Movant's Motion for Disclosure of Bidder Identities and Auction Records, and good cause appearing, it is hereby ORDERED and ADJUDGED as follows:

1. The United States Marshal for the Southern District of Florida shall, within seven (7) days of this order, produce to Movant and to all parties of record all bidder registration records, auction logs, bid histories, audio/video recordings, telephone logs, and custodial records relating to the June 26, 2026 judicial auction of M/V Slow UR ROLL II, as described in Section II of the Motion.

2. The United States Marshal shall preserve all such records in their original form and shall not destroy, alter, or overwrite any telephone logs, caller- ID records, audio/video recordings, bid logs, or bidder registration materials pending final disposition of the appeal in the United States Court of Appeals for the Eleventh Circuit, Case No. 26-12270-G.

3. Seacoast National Bank and National Liquidators LLC shall, within seven (7) days of this order, produce all communications with any bidder or prospective bidder, including the telephone bidder known as "Egor," relating to the June 26, 2026 auction.

4. Confirmation of the June 26, 2026 judicial sale of M/V Slow UR ROLL II is DEFERRED until the Court has reviewed the produced records and Movant's pending appeal in the United States Court of Appeals for the Eleventh Circuit, Case No. 26-12270-G, has been resolved or the Court otherwise orders.

5. All sale proceeds shall remain in the registry of this Court pending further order.

DONE and ORDERED this _____ day of _____, 2026.

_____

HON. WILLIAM P. DIMITROULEAS

UNITED STATES DISTRICT JUDGE

VERIFICATION (28 U.S.C. Section 1746)

I declare under penalty of perjury under the laws of the United States of America that the factual statements set forth in this Motion and Proposed Order are true and correct to the best of my knowledge. Every case citation has been independently verified.

Dated: July 6, 2026

*/s/ Charles Jacob Stratmann*

Charles Jacob Stratmann Party-in-Interest, Pro Se 545 NE 17th Avenue Fort Lauderdale, Florida 33301 Telephone: (954) 873-8546 Email: jake@starboardyacht.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, a true and correct copy of the foregoing Motion for Disclosure of Bidder Identities and Auction Records, and Proposed Order, was served via the Court's CM/ECF system and via email upon:

Amanda Klopp, Esq. (amanda.klopp@akerman.com) Jenna M. Yoss, Esq. (jenna.yoss@akerman.com) Akerman LLP 777 S. Flagler Drive, Suite 1100 West Tower West Palm Beach, FL 33401 Attorneys for Plaintiff Seacoast National Bank

National Liquidators LLC 800 Old Griffin Road Dania Beach, FL 33004 Substitute Custodian / Sales Agent

*/s/ Charles Jacob Stratmann*
Charles Jacob Stratmann