**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
IN ADMIRALTY
CASE NO.: 0:26-cv-60289-WPD

**SEACOAST NATIONAL BANK**,

     Plaintiff,

vs.

**M/V SLOW UR ROLL II**, a 2008 Everglades 350LX
Express, Official No. 1220768, HIN: RJDE0005I708,
Together with all masts, boilers, cables, engines,
machinery, etc., *in rem*, and **STARBOARD YACHT
GROUP LLC**, a Florida limited liability company, *in
personam*,

     Defendants.

_____/

**PLAINTIFF SEACOAST NATIONAL BANK'S RESPONSE IN OPPOSITION TO
CHARLES JACOB STRATMANN'S OBJECTIONS TO CONFIRMATION AND
<u>REQUESTS FOR POST-SALE DISCOVERY</u>**

Plaintiff, Seacoast National Bank ("Seacoast" or the "Bank"), by and through undersigned

counsel, files this Response in Opposition to: (I) *Objection of Charles Jacob Stratmann's*

*("Stratmann"), Pro Se Claimant and Party-in-Interest, to Confirmation of Judicial Sale and*

*Request for Evidentiary Hearing* (the "Objection") (DE 92), (II) *Claimant's Protest of Judicial*

*Sale and Motion to Set Aside or Defer Confirmation of the June 26, 2026 Auction of M/V Slow Ur*

*Roll II* (DE 97) ("Second Objection"), filed by Stratmann, pro se as a "party-in-interest and as the

sole member of Starboard Yacht Group, LLC" (collectively, the Objection and Second Objection

are referred to as the "Objections"),[1] and (III) *Motion for Disclosure of Bidder Identities and*

*Auction Records, and for Order Preserving Such Records Pending Appellate Review* (DE 96)

---

[1] Stratmann has been repeatedly admonished that he cannot represent Starboard Yacht Group, LLC's interests as a
non-lawyer. [DE 15, 53, 61].

87383077;1

("Disclosure"), also filed by Stratmann, pro se.  In support of its response in opposition to the above-referenced filings, Seacoast states as follows:

## INTRODUCTION

On May 21, 2026, the Court ordered the sale of the Defendant M/V SLOW UR ROLL II (the "Vessel"). [DE 70.]  On June 26, 2026, the United States Marshals Service conducted the court-ordered sale of the Vessel at the Fort Lauderdale Federal Courthouse. After numerous rounds of competitive bidding by many of the ten registered bidders, the Vessel ultimately sold to William Wilson for $160,000.00, who provided a certified check deposit at the time of sale [DE 87], and subsequently deposited the remaining sale price with the U.S. Marshal.

Stratmann, proceeding *pro se*, now asks the Court to refuse confirmation of a well-attended and competitive judicial sale. He believes the Court should order a new judicial sale under onerous minimum bid requirements, or impose extraordinary post-sale conditions. The Objections are based on speculation, an unsigned declaration, incorrect factual assertions, a two-year old unverified appraisal by an appraiser who did not even turn on the Vessel, and mischaracterized or hallucinated legal authority. None of the Objections provides a valid basis for relief.

The Objections do not establish any defect in the Marshal's sale, do not identify competent evidence of fraud, collusion, mistake, or irregularity, and do not provide a legally sufficient basis to delay confirmation or require an evidentiary hearing, or permit post-sale discovery.

## ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

I.      **The District Court Has Jurisdiction to Confirm the Sale**

Although Stratmann has appealed the Court's Orders denying his claim for seaman's wages, denying his motion to vacate default, and denying his motion to stay judicial sale [DE 79,

84, 88], Stratmann's notice of appeal does not divest this Court of jurisdiction to confirm the June 26, 2026 sale of the Vessel.

The divestiture rule is limited: a notice of appeal transfers jurisdiction only "over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Johnson v. 3M Co.*, 55 F.4th 1304, 1309, 1319 (11th Cir. 2022) ("The district court has authority to proceed forward with portions of the case not related to the claims on appeal" and lacks jurisdiction only where a district court action would "alter[ ] the status of the case" on appeal) (internal citations omitted); *Boyd v. Secretary, Dept. of Corr.*, 114 F.4th 1232, 1238 (11th Cir. 2024) (the district court has jurisdiction to rule "on collateral issues or in aid of the appeal."). An appeal does not strip the district court of authority to perform post-judgment ministerial, enforcement, or sale-administration functions that implement an existing judgment and do not alter the orders under appellate review.

Here, the contemplated confirmation order would implement the Default Judgment and sale procedures set forth therein. [DE 70.]  It would not reconsider the orders noticed for appeal, which struck Stratmann's asserted seaman's wage claim, denied his motion to vacate, and denied his emergency motion to stay the sale. [DE 79, 84.]  Nor does the notice of appeal operate as a stay. *See U.S. Commodity Futures Trading Comm. v. Escobio*, 946 F.3d 1242, 1251 (11th Cir. 2020) ("Absent entry of a stay, a district court retains jurisdiction to enforce its judgment . . . during the pendency of an appeal.").

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citation omitted).  In evaluating whether a stay pending judicial review is appropriate, courts should consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be

irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (citation omitted). "The first two factors of the traditional standard are the most critical. It is not enough that the chance of success on the merits be 'better than negligible.' " *Id. See also Huntington Nat'l Bank v. M/Y SOMETHING ABOUT MERI*, No. 0:25-CV-61018-WPD, 2026 WL 1664108, at *1 (S.D. Fla. Apr. 29, 2026) (denying stay of judicial confirmation of vessel sale pending appeal).

Here, the first factor weighs heavily against staying judicial confirmation of the sale pending appeal.  Stratmann is unlikely to succeed on the merits of his appeal, given his lack of standing and the lack of merits in prevailing on his untimely "seaman's wage" claim that is the basis for his appeal, given that Stratmann as a matter of law is not a stranger to the vessel, as required to be a seaman.  Moreover, only money damages are at issue therefore "irreparable injury" under factor two is unlikely, and factors three and four also weigh heavily against the stay, given that the purchaser, the mortgagee, and the substitute custodian will be prejudiced by the delay, and it is in the public interest to promptly confirm sales. *See Wong Shing v. M/V Mardina Trader*, 564 F.2d 1183, 1189 (5th Cir. 1977).

Accordingly, the Court has jurisdiction to consider and overrule the Objections, confirm the sale, and enter such further orders as are necessary to complete the sale process.

## II.    The Objections Are Procedurally Defective

Local Admiralty Rule E(17)(g) governs objections to a sale of a vessel in this Court.  In particular, the rule requires that any party who objects to the sale of a vessel must deposit with the U.S. Marshal "the cost of keeping property for at least fourteen (14) days." See Local Admiralty Rule E(17)(g)(ii). Proof of the deposit with the Marshal's Office shall be delivered to the Clerk of

4

Court's Office by the moving party. *Id*. "The Court will not consider the objection without proof of this deposit." *Id*.

There is no evidence in the court record that Stratmann has made the requisite deposits with the U.S. Marshal, and therefore his Objections cannot be considered by the Court and should be denied outright.   Furthermore, Stratmann also failed to serve the U.S. Marshal with the Objections, as required by Local Admiralty Rule E(17)(g)(i).

Because Stratmann has failed to comply with the procedural requirements for objections under the Local Admiralty Rules, his Objections should be overruled.

**III.      The Objections Do Not Establish a Basis to Disturb the Marshal's Sale**

Admiralty courts may consider objections before confirmation, but "extreme caution" is required before disturbing a sale duly conducted under the court's decree. *Wong Shing v. M/V Mardina Trader*, 564 F.2d 1183, 1188 (5th Cir. 1977). The recognized grounds for setting aside an admiralty sale are narrow: fraud, collusion, or gross inadequacy of price that amounts to fraud or unfairness. *Id.* As such, the objecting party must present competent evidence of a legally cognizable defect that affected the sale process.

The Objections do not meet that burden. Stratmann relies largely on his own assertions and an unsigned proposed declaration, neither of which warrant delay of confirmation or an evidentiary hearing. The sale was conducted by the United States Marshal at the federal courthouse, pursuant to the Court's sale process. [DE 70.] Ten bidders registered to bid in the sale, and the auction generated twenty total bids for the Vessel in addition to the Plaintiff's opening credit bid of $50,000. Before closing bidding, the U.S. Marshal called out "going once" and "going twice," providing multiple opportunities for any competing bidder to submit a higher bid. The Objections

do not identify any defect in the Marshal's authority, the Marshal's conduct of the sale, the bidding procedure, or the notice of sale, sufficient to invalidate the sale.

Stratmann's allegations are especially insufficient because they seek extraordinary relief after a completed judicial auction. Setting aside a Marshal's sale would prejudice the successful purchaser, Seacoast, the substitute custodian, and the orderly administration of this admiralty proceeding. The Objection offers no competent record basis for that result.

## IV.      Stratmann Lacks Standing to Object to Confirmation of the Marshal's Sale

Stratmann cannot revive his participation in the case through an objection to sale confirmation based on personal dissatisfaction with the auction result. The Court has already dismissed Stratmann's claim of interest and struck his answer [DE 53], and struck Stratmann's claim for seaman's wages [DE 79]. Further, as this Court has already made clear in several of its orders [DE 15, 53, 61], Stratmann may not use his status as sole member and manager of Starboard Yacht Group LLC ("SYG") to assert SYG's rights as the owner of the Vessel, *pro se*.

Stratmann's claimed individual interest in alleged proprietary evidence aboard the Vessel likewise does not confer a right to block confirmation of the judicial sale. The Objections do not establish ownership, possession, or a superior legal right in any discrete property aboard the Vessel. Instead, they offer only broad assertions concerning alleged proprietary installation architecture, trade-secret configuration data, and physical evidence – which assertions were not timely raised and do not justify vacating a Marshal's sale of the Vessel.

Furthermore, to the extent that the Objections are attempting to assert a new distinct interest in certain property aboard the Vessel, the assertion of such interests are untimely under Supplemental Rule C(6) and Local Admiralty Rule C(6), and must be denied as post-sale claims under Local Admiralty Rule E(18).

Lastly, the Court has already rejected the "preservation" argument by denying Stratmann's *Emergency Motion to Preserve Physical and Electronic Evidence, Hold Sale Proceeds in Court Registry, and for Reconsideration* [DE 82] and *Emergency Motion for Stay of Judicial Sale Pending Appeal* [DE 85], both of which were premised on the same alleged intellectual property and/or trade secrets. Stratmann's attempt to repackage preservation relief as an objection to sale confirmation should likewise be denied.

**V.      The Alleged "Price Inadequacy" Does Not Justify Denial of Confirmation**

The Objection asserts that the sale price is inadequate because Stratmann relies on a May 8, 2024 appraisal stating a market value of $1,000,000. That argument fails for several reasons.

First, the appraisal is not a guarantee of value at a forced judicial sale. A court-ordered Marshal's sale is not a private retail yacht sale, and a prior appraisal does not establish that the auction price was legally inadequate. The relevant question is not whether Stratmann prefers a higher valuation, but whether there is competent evidence that the sale process was *legally defective*. There is none.

Second, the appraisal attached to the Objection is dated more than two years before the June 2026 sale. It is not evidence of what qualified bidders were willing to pay for the Vessel at a public Marshal's auction in June 2026. It also reflects important limitations, including that the survey was conducted without a trial run and without testing equipment. The appraisal therefore does not establish that the auction price was invalid or that the Marshal's sale should be disturbed. *See Wong Shing*, 564 F.2d at 1189 ("Where there is no certainty that a resale will produce a higher price, the court is justified in confirming the sale. To do otherwise would prejudice the lien holders who must continue to go unpaid. Refusing confirmation in such situations would also prejudice the purchaser.")

No competent declaration identifies a timely higher bid that the Marshal refused. No record evidence shows fraud, collusion, or a material irregularity in the auction. And the existence of an outdated appraisal does not overcome the public policy favoring confirmation of a fairly conducted judicial sale to the highest bidder.  This Court should not ordain the "fishing expedition" that it is not obligated to undertake, when Stratmann has failed to produce an iota of evidence that the sale price was insufficient. *See Wong Shing*, 564 F.2d at 1187.

## VI.     The Sales Agent Agreement Does Not Show an Irregularity, Conflict, or Suppression of Bidding

The Objections argue that National Liquidators' Exclusive Sales Agent Agreement ("Marketing Agreement") creates a "structural conflict" because National Liquidators was both substitute custodian and commission-earning sales agent. The argument is conclusory and unsupported. The agreement, filed with the Court, states that National Liquidators would receive a reduced eight percent commission only if there was a successful third-party sale, and no commission if Seacoast credit bid the Vessel. [DE 86.] That compensation structure is aligned with the objective of obtaining a third-party cash buyer rather than requiring Seacoast to credit bid. The Objections do not explain how that arrangement harmed the estate, chilled bidding, or rendered the Marshal's sale invalid.

The Objections also argue that the Marketing Agreement's execution date means National Liquidators could not have performed marketing before the sale. But the Objections offer no competent evidence that the Vessel was not marketed, that bidders lacked notice, that interested buyers were excluded, or that any person was prevented from bidding. The Objection's inference from an execution date is not evidence of a defective sale. The record is to the contrary. The agreement describes National Liquidators' role in promoting the sale through yacht-focused channels and educating potential buyers about the process. The sale occurred publicly at the federal

8

courthouse. The Objection's speculation about what marketing could or could not have occurred does not warrant denial of confirmation.  Moreover, the confirmation of the sale itself does not require approval of the Marketing Agreement.

## VII.    The Unsigned Declaration Cannot Support an Evidentiary Hearing

The Objection's phone-bidder theory depends on the purported declaration of Bob Wilson attached to the Objection. That document is defective on its face. It is not signed. It is not dated. It does not identify the place of execution. It leaves the execution date and location fields blank. Under 28 U.S.C. § 1746, an unsworn declaration may substitute for an affidavit only when it is subscribed by the declarant as true under penalty of perjury and dated in substantially proper form. The purported Wilson declaration does not satisfy that statute. The absence of a signature means there is no declaration by Wilson before the Court.

Without that declaration, the phone-bidder allegations are unsupported. The Objection asks the Court to infer a bidding irregularity from Stratmann's description of a person on a phone allegedly saying words to the effect of "we missed it." That is hearsay, speculation, and not evidence that a higher bid was actually made, timely communicated, improperly refused, or prevented by the Marshal. It also does not establish collusion, fraud, or any defect in the auction process. The Court should deny the request for an evidentiary hearing because the Objection does not present competent evidence creating a genuine factual issue about the integrity of the sale.

## VIII.   Stratmann's Allegation That the Sale Was Not Fully Funded is Moot

The Objections assert that confirmation should be deferred because only a deposit had been paid and the remaining balance was supposedly unpaid. That assertion is procedurally incorrect, and also moot. An objection to confirmation of a sale (such as that filed by Stratmann) defers payment of the remaining sale price until 7 days after the Court confirms the sale. *See* Local

9

Admiralty Rule E(17)(a). Thus, an objection to confirmation cannot be made on the basis that sale price has not been paid yet.

Moreover, the US Marshal has advised the substitute custodian that the buyer has in fact paid the sale price. Thus, Stratmann's request to defer confirmation pending full payment should be denied as moot.

## IX.     The Preservation Arguments Do Not Justify Delaying or Conditioning Confirmation.

The Objections' preservation-based conditions should be rejected for the same reasons discussed above. They are unsupported, overbroad, and directly overlap with preservation relief the Court already denied. [DE 91.] Stratmann cannot repackage that denied relief as a sale-confirmation objection by seeking inspection, forensic imaging, alteration restrictions, or conditions on sale proceeds based on alleged evidence aboard the Vessel. Nor has Stratmann shown any ownership or superior right to separate property aboard the Vessel, or any basis to burden the purchaser with post-sale obligations tied to unrelated litigation. Any discovery or preservation relief Stratmann believes he may have in other cases must be pursued in the proper forum; it is not a basis to delay or condition confirmation of the Marshal's sale.

## X.     The Objection Mischaracterizes and Relies on Unsupported Legal Authorities

Like Stratmann's other filings, the Objection contains significant citation problems which call to question Stratmann's verification that "every case citation in this Objection has been independently verified to the reporter, volume, page, and holding stated." Specifically:

- *Friese v. Boatworks, Inc.*, No. 09-cv-10296, 2010 WL 1838693 (S.D. Fla. May 7, 2010) is not a real Southern District of Florida decision;
- *In re Perez* does not concern Supplemental Admiralty Rule E(9) or confirmation of an admiralty judicial sale;
- *United States v. 2,116 Boxes of Boned Beef* does not concern Supplemental Admiralty Rule E(9) or confirmation of a vessel sale;

- *In re Dierschke* does not support the asserted "duty to scrutinize sale price" in the admiralty-sale context;
- *Deckert v. Independence Shares Corp.* concerns equitable rescission of fraudulent securities sales, not admiralty sales or conflicted substitute custodians; and
- *Flury v. Daimler Chrysler Corp.* concerns alleged spoliation involving a vehicle in a products-liability context; it does not justify delaying confirmation of a Marshal's sale based on Stratmann's claimed evidence-preservation concerns.

The Court should not credit the Objection's legal argument where the Objection relies on non-existent or materially inapposite authorities.

### CONCLUSION

In sum, Stratmann has not shown standing, has not submitted competent evidence, has not established fraud, collusion, mistake, or material irregularity, and has not provided valid legal authority supporting denial or deferral of confirmation. The judicial sale of the Vessel should be confirmed.

**WHEREFORE**, Plaintiff Seacoast National Bank respectfully requests that the Court enter an order: (1) overruling and denying  (I) *Objection of Charles Jacob Stratmann's ("Stratmann"), Pro Se Claimant and Party-in-Interest, to Confirmation of Judicial Sale and Request for Evidentiary Hearing* (DE 92), (II) *Claimant's Protest of Judicial Sale and Motion to Set Aside or Defer Confirmation of the June 26, 2026 Auction of M/V Slow Ur Roll II* (DE 97) and (III) *Motion for Disclosure of Bidder Identities and Auction Records, and for Order Preserving Such Records Pending Appellate Review* (DE 96); (2) denying the request for an evidentiary hearing; (3) confirming the judicial sale of the M/V Slow UR Roll II; and (4) granting such other and further relief as the Court deems just and proper.

Dated:  July 7, 2026

Respectfully submitted,

/s/ Amanda Klopp
Amanda Klopp, Esq.
Florida Bar Number: 124156

11

amanda.klopp@akerman.com
Jenna M. Yoss, Esq.
Florida Bar Number: 1049858
jenna.yoss@akerman.com
**AKERMAN LLP**
777 S. Flagler Dr., Ste 1100 - West Tower
West Palm Beach, FL 33401
Tel: (561) 653-5000 /Fax: (561) 659-6313
*Attorneys for Seacoast National Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify the foregoing document is being served the same day via transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case, and via US Mail and email to those listed below.

Charles Jacob Stratmann
545 NE 17th Avenue
Fort Lauderdale, FL 33301
E-mail: jake@starboardyacht.com

Starboard Yacht Group LLC
545 NE 17th Ave.
Ft. Lauderdale, FL 33301
*Defendant*

National Liquidators
800 Old Griffin Rd
Dania Beach, FL 33004
*Substitute Custodian*

/s/   *Amanda Klopp*
Amanda Klopp, Esq.

12