IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Fort Lauderdale Division

Case No. 0:26-cv-60289-WPD

SEACOAST NATIONAL BANK,

Plaintiff,

v.

M/V SLOW UR ROLL II (O.N. 1123585),
her engines, tackle, gear, and appurtenances,
in rem, and STARBOARD YACHT GROUP LLC,
in personam,

Defendants.

FILED BY_____DR_____D.C.

**Jul 13, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

REVISED DECLARATION OF CHARLES JACOB STRATMANN IN SUPPORT OF
DEFENDANT'S REPLY IN SUPPORT OF MOTIONS [DE 92, DE 96, DE 97]
AND IN RESPONSE TO KUPS DECLARATION [DE 99-1]

I, Charles Jacob Stratmann, pursuant to 28 U.S.C. Sec. 1746, declare under penalty of perjury that the following is true and correct:

1.  I am the sole member and manager of Defendant Starboard Yacht Group LLC and the claimant in this action. I have personal knowledge of the facts set forth in this declaration.

2.  This declaration supersedes my prior declaration filed in connection with the original Reply submission (DE 98). It is revised to incorporate video evidence of the June 26, 2026 judicial sale of M/V SLOW UR ROLL II, which I have since processed and preserved, and to respond to the Declaration of Frank Kups filed by Plaintiff Seacoast National Bank as DE 99-1 on July 8, 2026.

**I. THE AUCTION VIDEO**

3.  On June 26, 2026, I personally attended the judicial sale of M/V SLOW UR ROLL II conducted by the United States Marshals Service at the Fort Lauderdale Federal Courthouse. I recorded the auction on my personal mobile device from the moment bidding commenced until after the hammer fell.

4.  The recording was preserved, copied, and stored in the SGH evidence vault. Metadata

confirming the original recording timestamps is intact. The video files are identified as: 20260626_120658.mp4, 20260626_121205.mp4, and 20260626_121319.mp4. They were downloaded and locked into evidence on July 10, 2026.

5. I have reviewed the recording carefully. The following events are visible and/or audible on the recording:

a. At approximately 178.92 seconds, a voice audible to me at the auction said words to the effect of: "Hey, you're on the phone." This confirms that a phone bidder was active and acknowledged by the auction crew at that moment.

b. At approximately 181.92 seconds, a voice said words to the effect of: "What the hell is that?" This confirms that the auction crew experienced a relay communication problem with the phone bidder at or immediately after the acknowledgment in paragraph 5(a).

c. At approximately 255.92 seconds, the auctioneer announced a bid of $160,000.00. Within approximately ten seconds -- by approximately 257.92 seconds -- the auctioneer called "going once," "going twice," and "sold."

d. At approximately 265.92 seconds -- immediately after "sold" -- a voice clearly said: "Mr. Wolf, no, no, no." I heard this objection in real time. I was present.

e. The close sequence from announcement of the winning bid to "sold" lasted approximately ten seconds. Given that a phone bidder experiencing relay delay would require additional seconds to receive and transmit a competing bid, a ten-second close did not provide a meaningful opportunity for the phone bidder to respond.

## II. RESPONSE TO KUPS DECLARATION (DE 99-1)

6. Paragraph 11 of the Kups Declaration states that Mr. Kups was "unaware of anyone having objected to the U.S. Marshal's closure of the Vessel auction, or expression of an upset bid higher than the winning bidder."

7. The video recording directly contradicts paragraph 11 of the Kups Declaration. The objection -- "Mr. Wolf, no, no, no" -- is clearly audible on my recording at approximately 265.92 seconds. It was spoken loudly enough for me to hear it from my position. Either Mr. Kups was close enough to hear it and was aware of it, or he was not positioned to observe and hear the close of the auction and his declaration is not competent evidence that no objection occurred.

8. With respect to the marketing claims in paragraphs 3 through 10 of the Kups Declaration:

a. I never authorized National Liquidators or any agent to disclose the proprietary marine technology systems integrated into this vessel to prospective buyers. The vessel's $1,000,000.00 appraised value -- as independently confirmed by Paul R. Anstey -- reflects custom technology and system configurations that constitute my trade secrets and are the subject of related intellectual property proceedings.

b. Any marketing that described the vessel's technology at the level necessary to attract buyers willing to pay $1,000,000.00 would have required disclosure of those trade secrets without my authorization and without a court order permitting such disclosure.

c. The predictable result -- which the sale price confirms -- is that the vessel was marketed and sold as a generic 18-year-old recreational hull at $160,000.00, rather than as the marine technology platform it is, which would command its appraised value.

d. The "50+ showings" and "4 email blasts" referenced by Mr. Kups do not establish that the vessel was marketed to buyers who would pay its actual value. I have no information about the content of those communications or whether they described the vessel's technology. Defendant requests production of all marketing materials before any disbursement is ordered.

## III. SALE PRICE

9. The $160,000.00 sale price confirmed in DE 98 at page 10 represents exactly 16% of the $1,000,000.00 independently appraised fair market value (Exhibit A -- Anstey Survey). A judicial sale at 16% of independently appraised value is, under controlling authority, grossly inadequate. See Wong Shing v. M/V Mardina Trader, 564 F.2d 1183, 1188 (5th Cir. 1977) (binding in this Circuit); Supplemental Admiralty Rule E(9)(a).

## IV. CERTIFICATION OF ACCURACY

10. I have prepared and reviewed the Timestamped Transcript of Auction Video Critical Segments filed as Exhibit R-1. The quoted language and timestamps in that transcript reflect my best listening review of the recording. I certify that the transcript accurately represents the audio events as I heard them on the recording.

11. Exhibit R (the auction video files) is available for the Court's review on physical media (USB drive) or via secure link upon request. Due to file size, the video cannot be uploaded to CM/ECF.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 13, 2026, at Fort Lauderdale, Florida.

/s/ *Charles Jacob Stratmann*

Charles Jacob Stratmann Pro Se Defendant and Party-in-Interest 545 NE 17th Avenue Fort Lauderdale, Florida 33301 Telephone: (954) 873-8546 Email: jake@starboardyacht.com

4