**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**

**CASE NO. 0:26-cv-60289-WPD**

**SEACOAST NATIONAL BANK,**

Plaintiff,

v.

M/V SLOW UR ROLL II, USCG Official No. 1220768, her engines, tackle, apparel, furniture, and appurtenances, in rem,

Defendant.

FILED BY_____ D.C.

JUL 13 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

---

## NOTICE OF ERRATA REGARDING CITATIONS IN CLAIMANT'S OBJECTION TO CONFIRMATION OF JUDICIAL SALE (DE 92) AND PROTEST OF JUDICIAL SALE (DE 97)

Charles Jacob Stratmann ("Claimant"), pro se, respectfully files this Notice of Errata to correct citation errors in: (I) Objection of Charles Jacob Stratmann to Confirmation of Judicial Sale and Request for Evidentiary Hearing (DE 92), and (II) Claimant's Protest of Judicial Sale and Motion to Set Aside or Defer Confirmation of the June 26, 2026 Auction of M/V Slow Ur Roll II (DE 97). 1. Withdrawal of Citation -- Friese v. Boatworks, Inc. In DE 92 and DE 97, Claimant cited Friese v. Boatworks, Inc., No. 09-cv-10296, 2010 WL 1838693 (S.D. Fla. May 7, 2010). Upon further review, Claimant has determined that this citation does not correspond to an actual decision of this Court or any court under that caption. The Westlaw citation 2010 WL 1838693 corresponds to Google, Inc. v. Netlist, Inc., Nos. C 08-4144 SBA, C 09-5718 SBA (N.D. Cal. May 5, 2010), a patent case with no relevance to admiralty law or the issues before this Court. This citation is withdrawn in its entirety. Claimant regrets the error. The proposition for which Friese was cited -- that the Court has an independent duty to scrutinize the adequacy of a judicial sale price before confirmation -- is established by Wong Shing v. M/V Mardina Trader, 564 F.2d 1183, 1188-89 (5th Cir. 1977), and Supplemental Rule E(9)(a), Fed. R. Civ. P. Plaintiff itself relies on Wong Shing in its Response in Opposition (DE 98), confirming this authority governs. 2. Clarification of Remaining Challenged Citations Plaintiff's Response in Opposition (DE 98) challenges five additional citations as inapposite. Claimant addresses each below. 2.1 In re Perez, 30 F.3d 1209 (9th Cir. 1994). This case was cited in DE 92 and DE 97 for the general proposition that a court may decline to confirm a sale or set aside a transaction where the process is tainted by irregularity. Claimant acknowledges that this case does not

1

directly address Supplemental Admiralty Rule E(9) or confirmation of an admiralty judicial sale. The citation is withdrawn. The underlying proposition is independently supported by Wong Shing, 564 F.2d at 1188-89, and Supplemental Rule E(9)(a). 2.2 United States v. 2,116 Boxes of Boned Beef, 516 F. Supp. 321 (D. Kan. 1981). This case was cited in DE 92 and DE 97 for the general proposition that a court may decline to confirm a sale or set aside a transaction where the process is tainted by irregularity. Claimant acknowledges that this case involves a forfeiture action under the Federal Meat Inspection Act and does not arise in the admiralty-sale context. The citation is withdrawn. The underlying proposition is independently supported by Wong Shing, 564 F.2d at 1188-89. 2.3 In re Dierschke, 975 F.2d 181 (5th Cir. 1992). This case was cited in DE 92 and DE 97 for the proposition that the Court has a duty to scrutinize the sale price before confirmation. Claimant acknowledges that In re Dierschke does not support that proposition in the admiralty-sale context. The citation is withdrawn. The Court's duty to scrutinize the adequacy of a judicial sale price is established by Wong Shing, 564 F.2d at 1188-89, which Plaintiff itself cites in DE 98. 2.4 Deckert v. Independence Shares Corp., 311 U.S. 282 (1940). This is a decision of the United States Supreme Court concerning equitable rescission of fraudulent securities transactions. This case was cited in DE 92 and DE 97 for the general equitable principle that courts have inherent power to scrutinize and rescind transactions tainted by fraud or conflict of interest. Claimant acknowledges that Deckert does not arise in the admiralty context. However, the equitable principle that a court may set aside a sale procured through fraud, collusion, or conflict of interest is not limited to securities cases and is confirmed in the admiralty context by Wong Shing, 564 F.2d at 1188 (recognizing fraud, collusion, and irregularity as grounds to set aside a Marshal's sale). Claimant withdraws reliance on Deckert and relies on Wong Shing for this proposition. 2.5 Flury v. Daimler Chrysler Corp., 427 F.3d 939 (11th Cir. 2005). This is a decision of the United States Court of Appeals for the Eleventh Circuit establishing the governing framework for spoliation sanctions in this Circuit. This case was cited in DE 92 and DE 97 for the proposition that a party has an obligation to preserve evidence when litigation is reasonably anticipated. Plaintiff asserts that Flury concerns products-liability spoliation and does not justify delaying confirmation of a Marshal's sale. Claimant respectfully disagrees. The Eleventh Circuit's spoliation framework is not limited by subject matter -- it applies whenever a party has a duty to preserve relevant evidence and litigation is reasonably anticipated, regardless of whether the underlying case involves products liability, admiralty, or any other area. Claimant maintains this citation. 3. Verification of Remaining Citations Claimant has re-verified all other citations in DE 92 and DE 97. Claimant confirms that, apart from the matters addressed in Sections 1 and 2 above, all remaining citations correspond to real decisions and are cited for propositions consistent with

the holdings of those decisions. 4. No Effect on Substantive Arguments The withdrawals and clarifications above do not alter the substance of Claimant's objections. Claimant's core arguments are factual: The sale price of $160,000 represents 16% of the vessel's May 2024 appraised value of $1,000,000 -- a ratio this Court and the Fifth Circuit would find grossly inadequate under Wong Shing; The Exclusive Sales Agent Agreement (DE 86-1) was executed on the day of the auction, making the promised marketing campaign in the Wall Street Journal, Financial Times, and international channels physically impossible; An apparent phone bidder may have been improperly excluded from the auction, as reflected in the forthcoming signed declaration of Bob Wilson; and Proprietary evidence aboard the vessel -- including trade-secret installation architecture and configuration data relevant to five pending federal cases -- requires preservation. These arguments are grounded in the record and do not depend on any of the withdrawn citations. They are supported by Wong Shing, Supplemental Rule E(9)(a), and the Court's inherent supervisory authority over judicial sales conducted under its decree. Respectfully submitted,

*/s/ Charles Jacob Stratmann*

Charles Jacob Stratmann Pro Se Claimant and Party-in-Interest 545 NE 17th Avenue Fort Lauderdale, Florida 33301 Telephone: (954) 873-8546 Email: jake@starboardyacht.com

Dated: July 8, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2026, I caused a true and correct copy of the foregoing Notice of Errata to be filed via the Court's CM/ECF system, which will provide electronic notice to all registered counsel of record, and served via U.S. Mail and email to:

Amanda Klopp, Esq. and Jenna M. Yoss, Esq. Akerman LLP 777 S. Flagler Drive, Suite 1100 -- West Tower West Palm Beach, FL 33401 amanda.klopp@akerman.com jenna.yoss@akerman.com

National Liquidators 800 Old Griffin Road Dania Beach, FL 33004

United States Marshal's Service 299 East Broward Boulevard, Room 101 Fort Lauderdale, FL 33301

*/s/ Charles Jacob Stratmann*



Charles Jacob Stratmann