## IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

**Case No. 0:26-cv-60289-WPD**

SEACOAST NATIONAL BANK,

Plaintiff,

v.

M/V SLOW UR ROLL II, her engines, tackle, furniture, appurtenances, etc., in rem, Defendant.

-------------------------------------------------------------------/

FILED BY_____D.C.

JUL 16 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## EMERGENCY MOTION TO STAY

Claimant-Appellant Charles Jacob Stratmann respectfully moves this Court pursuant to Federal Rule of Appellate Procedure 8(a)(1) to stay enforcement of the Clerk's Confirmation of Sale (DE 109, entered July 15, 2026), to stay the issuance of any Marshal's bill of sale, and to stay the transfer of title to the vessel, pending appeal in the Eleventh Circuit (Appeal No. 26-12270-G).

### 1. RELIEF REQUESTED

Appellant requests an order staying: (a) enforcement of the Order denying sale-related motions (DE 107) and the Clerk's Confirmation of Sale (DE 109, entered July 15, 2026), including all proceedings to implement the sale; (b) issuance of any United States Marshal's bill of sale; and (c) transfer of title to the vessel pending appeal.

Appellant further requests that the stay be granted without bond,

as the sale proceeds remain in the custody of the United States Marshal.

### 2. BACKGROUND

On July 14, 2026, the Court entered an Order (DE 107) denying all sale-related motions without reaching the merits. That same day, Seacoast's counsel filed a Motion for Confirmation of Sale (DE 108) with an unsigned proposed Clerk's Confirmation (DE 108-1). The sale was confirmed by DE 109 on July 15, 2026 -- one day after DE 108 was filed and thirteen days before the response deadline of July 28, 2026. The vessel sold for $160,000, approximately sixteen percent of its $1,000,000 appraised value.

The purchaser has paid the purchase price in full. The United States Marshal has received two certified copies of the Confirmation and may issue a bill of sale at any time. That act is ministerial and requires no further judicial involvement.

Once the Marshal's bill of sale is executed, legal title transfers free and clear as a matter of law. At that point, the Court -- and the Eleventh Circuit -- will be unable to grant effective relief.

### 3. LEGAL STANDARD

A stay pending appeal is governed by the four-factor test set forth in Nken v. Holder, 556 U.S.

1

418, 434 (2009): (1) likelihood of success on the merits; (2) irreparable injury absent a stay; (3) absence of substantial harm to other parties; and (4) the public interest.

The first two factors are the most critical.

4. ARGUMENT

4.1 Irreparable Harm

Irreparable harm is dispositive. The issuance of a United States Marshal's bill of sale is a ministerial act that transfers legal title to a United States Coast Guard documented vessel immediately upon execution.

Once that occurs, the res is transferred beyond the Court's control, and the appeal will be rendered moot as a practical matter. This constitutes irreparable harm.

4.2 Likelihood of Success

Appellant raises substantial issues that have not been adjudicated on the merits. No court has addressed the substance of Appellant's claims:

* The wage lien was struck for citation defects (DE 79, 84);
* The objection to confirmation was denied on jurisdictional grounds (DE 93); * All sale-related motions were denied without an evidentiary hearing (DE 107). The sale was confirmed by DE 109 on July 15, 2026 -- one day after DE 108 was filed and thirteen days before the CM/ECF response deadline of July 28, 2026. An Emergency Motion to Vacate DE 109 has been filed contemporaneously herewith.

Appellant also raises serious questions regarding a structural conflict of interest by opposing counsel. Akerman LLP simultaneously serves as lead counsel for Seacoast in this foreclosure, pro hac vice counsel for SHM LMC LLC in Case No. 0:23-cv-61696-AHS, DIP counsel for the Ivankovich Family LLC in Case No. 24-15755-LMI, and filed a contempt motion against the court-appointed Receiver to whom Appellant reported the conflict. This conflict was raised to the Florida Bar (RFA No. 26-7791, January 7, 2026). The Bar declined to dismiss it and expressly deferred to the federal court as the "proper tribunal," stating that Appellant may resubmit the complaint if the court enters a finding supporting the allegations. (Exhibit Q.) This Court is that proper tribunal. The conflict has never been adjudicated on the merits.

4.3 Balance of Equities

The balance strongly favors a stay.

Seacoast suffers no prejudice because the sale proceeds remain in the custody of the United States Marshal.

The purchaser is fully protected: his $160,000 remains secured by the Marshal. If the sale is upheld, he receives the vessel. If the sale is set aside, the funds are returned.

By contrast, denial of a stay permanently extinguishes Appellant's appellate rights.

4.4 Public Interest

2

The public interest favors preserving appellate jurisdiction and ensuring that judicial sales are subject to meaningful review.

Allowing a ministerial act to moot an appeal before review undermines confidence in the judicial process.

## 5. NO BOND REQUIRED

This motion is brought under FRAP 8, not Rule 62(b). FRAP 8 does not require the posting of a bond.

In any event, a bond would be unnecessary. The sale proceeds are already held by the United States Marshal, fully securing Seacoast's interests. Appellant has also demonstrated indigency in his pending IFP filing.

## 6. CONCLUSION

This motion presents a narrow question: whether to preserve the Court's ability to grant effective relief pending appeal.

A stay maintains the status quo. Denial results in irreversible title transfer and the loss of appellate review.

WHEREFORE, Appellant respectfully requests that the Court grant this Emergency Motion to Stay.

Dated: July 15, 2026

Respectfully submitted,

/s/ Charles Jacob Stratmann

Charles Jacob Stratmann, Pro Se

545 NE 17th Avenue

Fort Lauderdale, FL 33301

(954) 873-8546

jake@starboardyacht.com

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), Appellant conferred with counsel for Plaintiff (Amanda Klopp, Esq.) by email on July 15, 2026. Counsel did not respond. The emergency nature of this motion -- the Marshal's imminent issuance of a bill of sale -- requires immediate Court action.

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2026, a true and correct copy of the foregoing was filed via CM/ECF and served on all counsel of record.

/s/ Charles Jacob Stratmann

Charles Jacob Stratmann, Pro Se