# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY CASE NO.: 0:26-cv-60289-WPD

SEACOAST NATIONAL BANK,

Plaintiff,

v.



M/V SLOW UR ROLL II, a 2008 Everglades 350LX Express, Official No. 1220768, HIN: RJDE00051708, Together with all masts, boilers, cables, engines, machinery, etc., in rem, and

STARBOARD YACHT GROUP LLC, a Florida limited liability company, in personam,

Defendants.

# EMERGENCY MOTION TO VACATE CLERK'S CONFIRMATION OF SALE (DE 109)

Charles Jacob Stratmann ("Claimant"), pro se party-in-interest, respectfully moves this Court on an emergency basis to vacate the Clerk's Confirmation of Sale entered today as DE 109, and to stay transmission of the Confirmation to the United States Marshal for processing of any bill of sale, pending the

Eleventh Circuit's disposition of the emergency stay motion in Appeal No. 26-12270-G. The grounds for this motion are as follows.

## 1. The Confirmation Was Entered Before the Response Deadline Expired

1.1 On July 14, 2026, Plaintiff filed a Motion for Confirmation of Sale (DE 108). The CM/ECF system set a response deadline of **July 28, 2026**. That deadline was generated automatically and appeared on the docket text: "Responses due by 7/28/2026."

1.2 Today, July 15, 2026, the Clerk entered the Confirmation of Sale as DE 109 -- **thirteen days before the response deadline expired**.

1.3 Between the filing of DE 108 and the entry of DE 109, Claimant had no opportunity to file a response. The response deadline had not passed. Claimant was preparing and filing an Opposition to DE 108 today, July 15, 2026 -- within one day of the motion's filing and well within the response period. The Court granted the motion before Claimant could be heard on it.

1.4 The right to respond to a motion before it is granted is not a technicality. It is a component of due process under the Fifth Amendment. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("The fundamental requisite of due process of law is the opportunity to be heard."). A court may shorten a response period or rule before it expires in exigent circumstances -- but no exigency existed here. The vessel was in custody. The purchase funds were in federal custody. No party faced any harm from waiting thirteen days for a response. The only party harmed by the accelerated entry of DE 109 is Claimant -- whose right to oppose

1

confirmation was extinguished before the deadline to do so arrived.

## 2. DE 109 Contains a Factual Misstatement

2.1 DE 109 states: "The records in this action indicate that no objection has been filed to the sale of property conducted by the U.S. Marshal on June 26, 2026."

2.2 This statement is false. Three objections are on the docket:

* **DE 92** -- Objection to Confirmation of Judicial Sale and Request for Evidentiary Hearing, filed June 30, 2026; * **DE 96** -- Motion for Disclosure of Bidder Identities and Auction Records, and for Order Preserving Such Records Pending Appellate Review, filed July 6, 2026; and * **DE 97** -- Protest of Judicial Sale and Motion to Set Aside or Defer Confirmation of the June 26, 2026 Auction of M/V Slow UR Roll II, filed July 6, 2026.

2.3 These objections were denied and overruled by this Court's Order (DE 107), entered July 14, 2026. They were not withdrawn. Overruled objections are still filed objections. The Clerk's Confirmation form recites that "no objection has been filed" -- a statement that does not distinguish between "no objection was filed" and "objections were filed and overruled." The former is what the form states. The latter is what actually occurred. The distinction matters because it misrepresents the record to the United States Marshal, who receives two certified copies of DE 109 and relies on its accuracy.

2.4 Under Federal Rule of Civil Procedure 60(a), the Court may correct a clerical mistake or an error arising from oversight or omission at any time. The statement "no objection has been filed" is, at minimum, an error arising from oversight -- it does not reflect the actual docket. The Clerk's Confirmation should state that objections were filed and overruled, not that no objections were filed.

## 3. An Emergency Stay Motion Is Pending in the Eleventh Circuit

3.1 On June 25, 2026, Claimant filed a Notice of Appeal (DE 88). The appeal is docketed in the Eleventh Circuit as Appeal No. 26-12270-G.

3.2 On July 2, 2026, Claimant filed an Emergency Motion for Stay of Confirmation and Injunction Pending Appeal (Entry 3) in the Eleventh Circuit.

On July 15, 2026, Claimant filed a Supplemental Notice of New District Court Developments and Newly Obtained Evidence in support of the stay motion. Both filings request, among other relief, an administrative stay prohibiting the entry of confirmation and the issuance of any bill of sale pending disposition of the appeal. The emergency stay motion has been flagged for emergency consideration by the Clerk of the Eleventh Circuit.

3.3 The entry of DE 109 while the emergency stay motion is pending before the Eleventh Circuit defeats the appellate court's ability to grant effective relief. Once the Marshal processes the bill of sale and title transfers to the purchaser, the stay motion becomes moot and Claimant's right to meaningful appellate review is extinguished. *See MOAC Mall Holdings LLC v. Transform Holdco LLC*, 143 S. Ct. 927, 935 (2023) ("[O]ur cases disfavor these kinds of mootness arguments" that deprive parties of meaningful appellate review).

3.4 This Court has acknowledged the pending appeal. DE 93 (July 1, 2026) denied Claimant's motions specifically because the "case is on appeal." Yet the Court subsequently entered DE 107 (July 14, 2026) and now DE 109 (July 15, 2026) -- exercising jurisdiction to grant

Plaintiff's motions while previously declining jurisdiction to hear Claimant's. The selective exercise of jurisdiction during the pendency of an appeal is itself a due process concern.

## 4. No Party Is Prejudiced by Vacatur

4.1 The purchase funds -- $160,000.00 -- remain in federal custody. William Wilson holds neither the vessel nor the funds. Vacating DE 109 and holding the confirmation pending the Eleventh Circuit's ruling costs Wilson nothing -- he either receives the vessel upon confirmation after appellate review, or receives his funds back if the sale is set aside.

4.2 Seacoast National Bank's judgment ($168,773.21 per DE 70) exceeds the sale proceeds regardless of timing. Seacoast receives no additional recovery from immediate confirmation. A brief deferral -- measured in days or weeks while the Eleventh Circuit rules on the pending stay motion -- does not diminish Seacoast's recovery by a single dollar.

4.3 National Liquidators' custodial obligations ended upon delivery of the vessel. There are no ongoing custodial costs.

4.4 Claimant is the only party who suffers irreparable harm from DE 109. Once the Marshal issues the bill of sale and title transfers, the vessel -- containing proprietary technology and trade-secret evidence relevant to pending federal cases -- passes irrevocably to a third-party purchaser. The appeal becomes moot. The harm is irreversible.

## 5. The Court's Supervisory Duty Supports Vacatur

5.1 This Court has an independent duty under *Wong Shing v. M/V Mardina Trader*, 564 F.2d 1183, 1188-89 (5th Cir. 1977), and Supplemental Rule E(9)(a), Fed. R. Civ. P., to satisfy itself that a judicial sale conducted under its decree was fairly conducted and the price was adequate before entering confirmation. "A sale may be set aside at any time until confirmation," and "extreme caution should be used before denial of confirmation." *Id.* at 1188.

5.2 The sale price of $160,000.00 represents approximately 16% of the vessel's appraised market value of $1,000,000.00 (Paul R. Anstey, Inc., File No. 15256B, May 8, 2024). National Liquidators' own auction announcement email identified the vessel as a "2008 Everglades 35LX" -- a model designation that does not exist. The correct designation is "Everglades 350LX." This marketing error suppressed the pool of qualified buyers. The sale price reflects a vessel marketed under the wrong identity, not a vessel sold at fair market value.

5.3 DE 109 was entered on the basis of a confirmation motion (DE 108) that was filed less than 24 hours earlier, with a pending response deadline of July 28, 2026, and without the Court having reviewed the marketing record that forms the basis of Claimant's objections. The sole documentary evidence of marketing content in the record -- the auction announcement email -- was the subject of a conferral request sent to Plaintiff's counsel on July 14, 2026 (one day before DE 109 was entered). A Motion for Order Directing National Liquidators to Produce Marketing Materials is being prepared for filing upon expiration of the conferral period (July 21, 2026).

5.4 Vacating DE 109 and holding confirmation until the marketing record is before the Court -- and until the Eleventh Circuit has ruled on the pending stay motion -- would serve this Court's supervisory obligations, not undermine them.

## 6. The Marshal's Bill of Sale Is Imminent

6.1 DE 109 states that two certified copies were sent to the U.S. Marshal. The Marshal's

3

issuance of a bill of sale is the last remaining ministerial act before title transfers to the buyer. Once the bill of sale issues, title transfers as a matter of law. At that point, this Court's ability to grant effective relief is extinguished.

6.2 Vacating DE 109 preserves the status quo -- the sale remains confirmed but the Marshal cannot issue a bill of sale while the confirmation is under challenge. A brief stay protects all parties and preserves the Court's ability to rule on the merits.

## 7. Relief Requested

Claimant respectfully requests that this Court:

a. **VACATE** the Clerk's Confirmation of Sale (DE 109) under Federal Rule of Civil Procedure 60(a) and/or the Court's inherent authority;

b. **DIRECT** the Clerk to withhold transmission of any certified copies of the Confirmation to the United States Marshal, or if copies have already been transmitted, direct the Marshal to hold processing of any bill of sale pending further order of this Court;

c. In the alternative, **STAY** the effect of DE 109 for fourteen (14) days to allow the Eleventh Circuit to rule on the pending emergency stay motion in

Appeal No. 26-12270-G;

d. In the further alternative, **CORRECT** DE 109 under Rule 60(a) to state that objections were filed (DE 92, DE 96, DE 97) and overruled (DE 107), rather than that "no objection has been filed"; and

e. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted

/s/ Charles Jacob Stratmann

Charles Jacob Stratmann

Pro Se Claimant and Party-in-Interest

545 NE 17th Avenue

Fort Lauderdale, Florida 33301 Telephone: (954) 873-8546 Email: jake@starboardyacht.com

Dated: July 15, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2026, I caused a true and correct copy of the foregoing Emergency Motion to be filed via the Court's CM/ECF system, which will provide electronic notice to all registered counsel of record, and served via U.S. Mail and email to:

Amanda Klopp, Esq. Jenna M. Yoss, Esq. Akerman LLP 777 S. Flagler Drive, Suite 1100 -- West Tower West Palm Beach, FL 33401 amanda.klopp@akerman.com jenna.yoss@akerman.com

4

National Liquidators Attn: Frank Kups, Managing Director 800 Old Griffin Road Dania Beach, FL 33004

United States Marshal's Service 299 East Broward Boulevard, Room 101 Fort Lauderdale, FL 33301

/s/ Charles Jacob Stratmann

Charles Jacob Stratmann

# EXHIBIT W

## IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY CASE NO.: 0:26-cv-60289-WPD

**EXHIBIT W**

**National Liquidators Auction Announcement Email**

**Source:** Matthew Valcourt (mvalcourt@valcourtlaw.com), forwarding National Liquidators auction announcement

**Date:** July 3, 2026, 10:36 AM

**From:** info@yachtauctions.com (National Liquidators)

**Subject:** "Another Successful Auction in the Books!"

**Key Content:**

The email distributed by National Liquidators from info@yachtauctions.com announces the successful sale of a vessel identified as a "2008 Everglades 35LX" sold at a live, in-person United States Marshals Service auction.

The exact quote from the email body:

"National Liquidators recently promoted and conducted a live, in-person United States Marshals Service auction for a **2008 Everglades 35LX**, resulting in a successful sale."

**Relevance:**

The correct model designation is "Everglades 350LX" (three hundred fifty LX), as confirmed by:

1. The vessel's marine survey (EXHIBIT_SURVEY_350LX_CORRECT_20260507.pdf)
2. Seacoast National Bank loan documents referencing "350 LX"
3. SYG cease and desist correspondence using "350LX"
4. The vessel's USCG documentation

The incorrect "35LX" designation in National Liquidators' auction announcement suppressed the pool of qualified buyers. A prospective buyer searching for a "2008 Everglades 350LX" would not find a listing for a "2008 Everglades 35LX." This marketing error directly affected sale value and buyer participation.

**Note from forwarding attorney Matthew Valcourt:**

"Don't forget to protest the sale"

**Authentication:**

This exhibit is a true and correct copy of an email forwarded to Charles Jacob Stratmann on July 3, 2026. The original email was distributed by National Liquidators via Constant Contact from info@yachtauctions.com. The .msg source file is preserved at: 02_EVIDENCE/SCB/MODEL_NAME_EVIDENCE_B238/EXHIBIT_NL_AUCTION_35LX _VALCOURT_FW_20260703.msg



# The Florida Bar
**651 East Jefferson Street**
**Tallahassee, FL  32399-2300**

**Joshua E. Doyle**
**Executive Director**

850/561-5600
www.floridabar.org

January 8, 2026

Mr. Charles Jacob Stratmann
850 Northeast 3rd Street
Suite 208
Dania Beach, FL 33004

Re: Amanda Leigh Klopp; RFA No.  26-7791

Dear Mr. Stratmann:

Your correspondence regarding the above-named attorney has been referred to me for review.  The Florida Bar is the licensing agency for attorneys admitted to practice law in the State of Florida.  The Florida Bar regulates attorney conduct and if disciplinary action is warranted, it is taken against the attorney's license to practice law.

The matters upon which your allegations are premised present questions of law and involve a dispute over which a court has jurisdiction.  In the event the proper tribunal enters a finding or order which supports your allegations concerning the attorney in this regard, you may resubmit your complaint along with a copy of such findings or order for consideration.

This determination does not preclude you however, from consulting a private attorney and/or exercising any legal remedies which may be available to you.

In light of the foregoing, this file has been closed effective January 8, 2026.  Pursuant to the Bar's records retention schedule, the computer record and file of this matter will be disposed of one year from the date of closure.

Sincerely,

Richard Coombs, Bar Counsel
Attorney Consumer Assistance Program
ACAP Hotline 866-352-0707

cc:     Ms. Amanda Leigh Klopp (with enclosure)