# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF FLORIDA



FILED BY _____ D.C.

JUL 16 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

SEACOAST NATIONAL BANK,

Plaintiff,

v.

M/V SLOW UR ROLL II, her engines, tackle, furniture, appurtenances, etc., in rem, Defendant,

CHARLES JACOB STRATMANN,

Claimant.

Case No. 0:26-cv-60289-WPD

# CLAIMANT'S OPPOSITION TO MOTION FOR CONFIRMATION

# OF JUDICIAL SALE (DE 108)

Claimant Charles Jacob Stratmann, proceeding pro se, respectfully opposes Seacoast National Bank's Motion for Confirmation of Judicial Sale (DE 108, filed July 14, 2026) and states:

**POSTURE NOTE (July 15, 2026):** The Clerk signed the Confirmation of Sale (DE 109) on July 15, 2026 -- before the response deadline on DE 108 expired. This Opposition is therefore partially mooted as to the requested relief of preventing confirmation. However, it is filed to preserve the record and is attached as Exhibit X to Claimant's concurrently filed Emergency Motion to Vacate DE 109. The due process and factual misstatement arguments herein remain live issues for the Motion to Vacate and for appeal.

## I. INTRODUCTION

On July 14, 2026, the district court entered an Order (DE 107) denying

Claimant's Objection to Confirmation (DE 92), Motion for Disclosure of Bidder Identities (DE 96), and Protest of Judicial Sale (DE 97). That same day, Seacoast's counsel filed the instant Motion for Confirmation of Judicial Sale (DE 108) with an unsigned proposed Clerk's Confirmation (DE 108-1).

Claimant has filed an appeal in the United States Court of Appeals for the

Eleventh Circuit (No. 26-12270-G) and an Emergency Motion for Stay Pending Appeal, which is currently pending before that Court. This Opposition is filed to preserve the record and to alert the district court and the Clerk to the pending appellate stay motion before any ministerial act occurs.

## II. DE 108 MATERIALLY MISREPRESENTS THE RECORD

1. DE 108 states that "no objections to the sale are on file." This is a material misrepresentation. The following objections were on file and were overruled by DE 107 -- not withdrawn:

* **DE 92** -- Objection to Confirmation of Judicial Sale and Request for Evidentiary Hearing (filed June 30, 2026) * **DE 96** -- Motion for Disclosure of Bidder Identities and Auction Records
(filed July 2, 2026) * **DE 97** -- Protest of Judicial Sale and Motion to Set Aside or Defer Confirmation (filed July 2, 2026)

2. Overruled objections are not the same as "no objections on file." The Clerk should not be asked to confirm a sale based on a misrepresentation that objections do not exist when the court's own docket shows they were filed, briefed, and overruled by order entered the same day as the confirmation motion.

## III. THE SALE PRICE IS GROSSLY INADEQUATE

3. The vessel sold for $160,000.00 -- 16% of its independently appraised fair market value of $1,000,000.00 (Paul R. Anstey, Inc., File No. 15256B, May 8, 2024). This is the only professional appraisal in the record.

4. No case in the *Wong Shing v. M/V Mardina Trader*, 564 F.2d 1183 (5th Cir. 1977) (binding via *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc)), line of authority has confirmed a judicial sale at a price-to-value ratio below 40%. The Supreme Court refused confirmation at approximately 14% in *Ballentyne v. Smith*, 205 U.S. 285 (1907).

5. The net proceeds ($147,200.00 after National Liquidators' 8% commission) do not satisfy the judgment of $168,773.21. Confirming this sale produces a deficiency while extinguishing Claimant's superpriority seaman's wage lien preserved by the Final Judgment (DE 70) under Local Admiralty Rule E(18).

## IV. PENDING APPEAL AND STAY MOTION

6. Claimant has filed an appeal (11th Cir. No. 26-12270-G) and a Supplemental Emergency Motion for Stay Pending Appeal, which is currently before the Eleventh Circuit. That motion requests, among other things, an administrative stay preventing the Clerk from signing DE 108-1 pending the panel's consideration.

7. The district court's jurisdiction during a pending appeal is limited to ministerial acts that do not interfere with the appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("the filing of a notice of appeal . . . confers jurisdiction on the court of appeals

and divests the district court of its control over those aspects of the case involved in the appeal").

8. Confirming the judicial sale -- which would lead to transfer of title and extinguishment of the appeal -- is not a ministerial act that preserves the status quo. It is the precise act that will render the appeal moot.

## V. SALE-PROCESS IRREGULARITIES

9. **Marketing deficiency.** National Liquidators marketed the vessel as a "2008 Everglades 35LX" -- a model designation that does not exist. The vessel is a 2008 Everglades 350LX. Any potential buyer searching for an "Everglades 350LX" would not have found this listing.

10. **Same-day Sales Agent Agreement.** The Exclusive Sales Agent Agreement between Seacoast and National Liquidators (DE 86-1) was executed on June 26, 2026 -- the same day as the auction. The marketing promised in the agreement could not have been performed before the sale.

11. **Video evidence contradicts sworn declaration.** Auction video evidence (DE 105) captures a phone bidder, relay confusion, and a rushed close within approximately 10 seconds -- contradicting the sworn declaration of Frank Kups (National Liquidators principal, DE 99-1, paragraph 11) stating he was "unaware of anyone" participating by phone.

12. **HIN discrepancy.** DE 1 and DE 23 list the HIN as RJDE005I708 (three zeros). The correct HIN is RJDE00005I708 (four zeros), as appears in DE 108's own caption and in the Anstey appraisal. The court arrested a vessel with an incorrect HIN.

13. Additionally, Appellant has documented a structural conflict of interest by Plaintiff's counsel that the Florida Bar expressly deferred to this Court as the "proper tribunal." (See Exhibit Q to Claimant's contemporaneously filed Emergency Motion to Stay.)

## VI. RELIEF REQUESTED

WHEREFORE, Claimant respectfully requests that this Court:

a. **Defer ruling on DE 108** until the Eleventh Circuit disposes of the

emergency stay motion in Appeal No. 26-12270-G;

b. In the alternative, if the Court is inclined to grant DE 108, **withhold entry of confirmation for fourteen (14) days** to allow Claimant to seek emergency relief from the Eleventh Circuit under Federal Rule of Appellate Procedure 8(a)(2);

c. In the further alternative, **direct the Clerk to hold the signed Confirmation of Sale** and not transmit it to the U.S. Marshal for processing until the Eleventh Circuit has ruled on the stay motion;

d. Take judicial notice of the pending appeal and stay motion in the Eleventh Circuit; and

e. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Charles Jacob Stratmann

Charles Jacob Stratmann

545 NE 17th Avenue

Fort Lauderdale, Florida 33301

(954) 873-8546

jake@starboardyacht.com

*Pro Se*

Dated: July 15, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2026, I caused a true and correct copy of the foregoing Opposition to be filed via the Court's CM/ECF system, which will provide electronic notice to all registered counsel of record, and served via U.S. Mail and email to:

Amanda Klopp, Esq. and Jenna M. Yoss, Esq. Akerman LLP 777 S. Flagler Drive, Suite 1100 -- West Tower West Palm Beach, FL 33401 amanda.klopp@akerman.com jenna.yoss@akerman.com

National Liquidators 800 Old Griffin Road Dania Beach, FL 33004

United States Marshal's Service 299 East Broward Boulevard. Room 101 Fort Lauderdale, FL 33301

/s/ Charles Jacob Stratmann

Charles Jacob Stratmann