

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA -- FORT LAUDERDALE DIVISION


SEACOAST NATIONAL BANK,

Plaintiff,

v.                                          Case No. 0:26-cv-60289-WPD

IN ADMIRALTY

M/V SLOW UR ROLL II, in rem, et al.,

Defendants.

---

**NOTICE OF INDIVIDUAL APPEARANCE AS PARTY-IN-INTEREST**

**AND ADOPTION OF FRAUD-ON-THE-COURT FACTS SUPPORTING DE 115**


**I. PURPOSE OF THIS NOTICE**

Charles Jacob Stratmann ("Stratmann") files this Notice in his individual capacity as the natural person who personally filed the objections and papers identified in DE 92 (Objection to Confirmation), DE 96 (Motion for Disclosure of Bidder Identities), and DE 97 (Protest of Judicial Sale) in this action.

This Notice is filed for one narrow purpose: to preserve and present, in Stratmann's individual capacity, the same record-based fraud-on-the-court facts set forth in DE 115 (Emergency Supplemental Motion to Vacate DE 109 under Rule 60(d)(3)), so that those facts may be considered by the Court irrespective of any

dispute regarding the litigation status of Starboard Yacht Group, LLC.

This Notice does not seek to expand the issues before the Court, add claims, or relitigate any prior ruling. It presents no new factual matter beyond the docket sequence already before the Court.

## II. STRATMANN IS AN INDIVIDUAL PARTY-IN-INTEREST WHOSE OWN OBJECTIONS WERE ADDRESSED

The objections addressed by the Court in DE 107 were filed by Stratmann individually as claimant/party-in-interest -- DE 92, DE 96, and DE 97. Stratmann's capacity to file and be heard on those objections in his individual capacity is not dependent on, and is separate from, SYG's corporate representation status.

Whatever the Court concludes about SYG's ability to appear through a non-attorney, that conclusion does not reach or resolve the individual objections Stratmann personally filed, which the Court expressly considered in DE 107.

## III. THE RECORD SEQUENCE (INCORPORATED FROM DE 115)

Stratmann adopts and incorporates by reference the factual record set forth in DE 115. In summary, and drawn solely from this Court's own docket:

(a) DE 107 (July 14, 2026): The Court stated it had "carefully reviewed" and ruled upon the pending objections (DE 92, DE 96, DE 97) and directed plaintiff's counsel to submit a proposed confirmation order to Chambers.

(b) DE 108 (July 14, 2026): Plaintiff's counsel represented that "no objections to the sale are on file."

(c) DE 109 (July 15, 2026): The Clerk entered confirmation, ministerially, resting on the premise that no objection had been filed.

The Court's own same-day ruling (DE 107), which expressly addressed the objections, establishes on the face of the docket that the "no objections on file" premise underlying DE 108 and DE 109 was not accurate. This is a record-based contradiction that does not depend on any extrinsic evidence.

## IV. INHERENT AUTHORITY IS NOT LIMITED BY THE FILER'S CAPACITY

A federal court possesses inherent authority to protect the integrity of its own proceedings and to address fraud on the court. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246 (1944). That authority may be exercised regardless of the procedural posture of any particular party's filing.

Accordingly, to the extent any party contends that DE 115 cannot be considered because it was captioned on behalf of SYG, Stratmann -- in his individual capacity as the objector whose filings were referenced in DE 107 -- independently adopts and presents the same record facts and respectfully submits that the Court may consider them under Rule 60(d)(3) and its inherent authority.

## V. RELIEF REQUESTED

Stratmann respectfully requests that the Court:

(a) Recognize Stratmann's individual appearance as party-in-interest and objector (DE 92, DE 96, DE 97);

(b) Consider the DE 107 / DE 108 / DE 109 record sequence set forth in DE 115 irrespective of any dispute regarding SYG's litigation status; and

(c) Grant such relief as the Court deems appropriate under the Federal Rules of Civil Procedure and its inherent authority to protect the integrity of these proceedings.

Nothing herein waives, and Stratmann expressly preserves, all rights, claims, objections, and defenses, including those raised in the pending appeal (11th Cir. No. 26-12270-G) and in DE 115.

Respectfully submitted,

/s/ Charles Jacob Stratmann

Charles Jacob Stratmann, pro se (individual capacity)

545 NE 17th Avenue

Fort Lauderdale, FL 33301

(954) 873-8546

jake@starboardyacht.com

Dated: July 20, 2026

**CERTIFICATE OF SERVICE**

I certify that on July 20, 2026, a true copy of the foregoing was filed via CM/ECF

and served on counsel of record for Seacoast National Bank:

Amanda Klopp, Esq.

Jenna M. Yoss, Esq.

Kristen M. Fiore, Esq.

Akerman LLP

777 S. Flagler Drive, Suite 1100 -- West Tower

West Palm Beach, FL 33401

amanda.klopp@akerman.com

jenna.yoss@akerman.com

kristen.fiore@akerman.com

/s/ Charles Jacob Stratmann

Charles Jacob Stratmann