UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA



FILED BY _____ D.C.

JUL 21 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**IN ADMIRALTY**

**CASE NO.: 0:26-cv-60289-WPD**

SEACOAST NATIONAL BANK,

Plaintiff,

M/Y SLOW UR ROLL II, a 2008 Everglades 350LX Express, Official No. 1220768, HIN: RJDE0005I708, together with all masts, boilers, cables, engines, machinery, etc., in rem, and STARBOARD YACHT GROUP LLC, a Florida limited liability company, in personam,

Defendants.

---

### DEFENDANT'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PREVENTING TRANSFER OF POSSESSION OF VESSEL PENDING RESOLUTION OF RULE 60(d)(3) MOTION (DE 115) AND APPEAL

Defendant Starboard Yacht Group LLC ("SYG"), by and through its authorized representative Charles Jacob Stratmann, proceeding pro se, respectfully moves this Court on an emergency basis, pursuant to Federal Rule of Civil Procedure 65(b), for a temporary restraining order preventing the transfer of physical possession of the vessel M/V Slow UR Roll II to the purchaser, William Wilson / QF Products LLC, and preventing the removal of the vessel from the Southern District of Florida, pending resolution of Defendant's Emergency Supplemental Motion to Vacate DE 109 for Fraud on the Court (DE 115) and the appeal pending before the United States Court of Appeals for the Eleventh Circuit, Case No. 26-12270-G.

**1. Emergency Circumstances Requiring Immediate Relief**

1.1 On July 17, 2026, Defendant filed DE 115 — an Emergency Supplemental Motion to Vacate the Clerk's Confirmation of Sale (DE 109) for Fraud on the Court Pursuant to Rule 60(d)(3), for Order to Show Cause re: Violation of the Court's Order at DE 107, and for Emergency Stay and Protective Order. That motion is pending before this Court.

1.2 On July 17, 2026, Defendant filed a Supplemental Letter to the Motions Panel of the United States Court of Appeals for the Eleventh Circuit (Case No. 26-12270-G), advising the panel of the fraud-on-the-court allegations and requesting a stay pending appeal.

1.3 The Marshal has completed the Bill of Sale transferring title to the vessel to William Wilson / QF Products LLC. Mr. Wilson has contacted Defendant directly to purchase Defendant's boat trailer and has indicated that he intends to take physical possession of the vessel from National Liquidators, 800 Old Griffin Road, Dania Beach, Florida 33004, on or about Thursday, July 24, 2026.

1.4 Once Mr. Wilson takes physical possession of the vessel and removes it from the Southern District of Florida, the relief sought in DE 115 — vacatur of DE 109 and restoration of the status quo — becomes practically meaningless. The vessel is a unique maritime asset that cannot be replaced by money damages. If the vessel is hauled away, modified, relocated to Texas, or resold, no court order can restore it to its prior condition.

1.5 This motion is filed on an emergency basis because the vessel may be removed from the jurisdiction within approximately 48 hours. There is insufficient time to provide full notice and await a response under the normal briefing schedule.

## 2. Standard for Temporary Restraining Order

2.1 Federal Rule of Civil Procedure 65(b)(1) provides that the court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

2.2 The standard for a TRO mirrors the preliminary injunction standard and requires the movant to demonstrate: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction would not be adverse to the public interest.

## 3. Substantial Likelihood of Success on the Merits

3.1 The merits of the fraud-on-the-court claim are set forth in detail at DE 115 and are incorporated herein by reference. In summary:

(i)   On July 14, 2026, this Court entered DE 107, directing Plaintiff to file a motion for confirmation "along with a proposed order emailed to Chambers" — retaining personal control of the confirmation process;

(ii)  On the same day, Plaintiff's counsel Amanda Klopp filed DE 108, representing that no objections to the sale were on file — a statement that was knowingly false, as she had personally responded to three filed objections at DE 98 seven days earlier, and this Court had just ruled on those objections at DE 107;

(iii) The false statement caused the Clerk to process the confirmation ministerially at DE 109, bypassing the judicial review this Court directed at DE 107, without the Court's signature on the proposed order at DE 108-2;

(iv)  The proposed order at DE 108-2 remains unsigned on the docket — the judicial review this Court directed never occurred; and

(v)   Plaintiff's counsel has an undisclosed conflict of interest arising from her personal appointment as DIP counsel for the Ivankovich debtor entities (Case No. 24-15755-LMI, ECF No. 57), whose interests are directly adverse to Defendant.

3.2 Defendant is likely to succeed on the merits of the Rule 60(d)(3) motion because every element of fraud on the court is established by this Court's own docket entries — no inference is required.

## 4. Irreparable Injury

4.1 The vessel M/V Slow UR Roll II is a unique maritime asset — a 2008 Everglades 350LX Express, Official No. 1220768 — that served as SYG's demonstration and R&D platform for marine stabilization and electronics systems, including proprietary Seakeeper-Vessel-Interceptor-Complementary Methodology technology.

4.2 Mr. Wilson intends to take physical possession of the vessel on or about Thursday, July 24, 2026, and remove it from National Liquidators' facility in Dania Beach, Florida. Mr. Wilson has contacted Defendant to purchase Defendant's boat trailer, indicating his intent to haul the vessel out of the jurisdiction.

4.3 Once the vessel is removed from the Southern District of Florida, the following irreparable harms will result:

(i) The vessel will be beyond the practical reach of any order of this Court;

(ii) The vessel may be modified, repainted, re-rigged, or otherwise altered, destroying its identity and condition;

(iii) The vessel may be resold to a third party, creating additional innocent-purchaser complications;

(iv) The relief sought in DE 115 — vacatur of DE 109 and restoration of the status quo — becomes unenforceable as a practical matter; and

(v) Defendant's appeal in the Eleventh Circuit (Case No. 26-12270-G) becomes effectively moot as to the vessel itself, regardless of the merits.

4.4 Money damages cannot compensate for the loss of this vessel. It is unique in configuration, equipment, and modification history. No replacement vessel exists. The injury is irreparable by definition.

## 5. Balance of Equities

5.1 The Marshal has issued the Bill of Sale transferring title to William Wilson / QF Products LLC, but physical possession remains with National Liquidators. A brief restraint preserves the vessel's present location while the Court considers DE 115; it does not finally adjudicate ownership.

5.2 National Liquidators is charging Mr. Wilson storage fees, creating financial pressure to remove the vessel before this Court can rule on the pending Rule 60(d)(3) motion. Those charges are a real burden, but they do not outweigh the need to preserve the Court's ability to provide effective relief.

5.3 Mr. Wilson received the filed Emergency Supplemental Motion to Vacate for Fraud on the Court (DE 115) by email and text message on July 17, 2026. The requested restraint therefore preserves physical possession with notice to the purchaser while the Court considers the pending challenge.

5.4 In contrast, if the TRO is denied and Mr. Wilson removes the vessel from the jurisdiction, Defendant permanently and irreversibly loses a vessel appraised at $1,000,000 — sold for $160,000 through a confirmation that was procured by fraud on this Court.

5.5 The balance of equities overwhelmingly favors preserving the status quo.

## 6. Public Interest

6.1 The public interest is served by preserving the Court's ability to remedy fraud on the court. If the vessel is removed before the Court can rule on DE 115, the fraud — if proven — succeeds permanently. The false statement in DE 108 will have achieved its objective: a fire sale

confirmed without judicial review, executed before any court could intervene, and rendered irreversible by the purchaser's removal of the asset.

6.2 The public interest requires that courts retain the practical ability to undo judgments procured through fraud. Allowing the subject of the fraudulently obtained confirmation to leave the jurisdiction while the fraud motion is pending defeats that interest.

## 7. Notice and Certification Under Rule 65(b)(1)(B)

7.1 Defendant certifies that the following efforts have been made to provide notice of this motion:

(i)   On July 17, 2026, Defendant filed DE 115 — the Rule 60(d)(3) motion — which includes a request for a protective order and stay at paragraphs 12(b) and 12(c). All counsel of record were served via CM/ECF;

(ii)   On July 17, 2026, Defendant emailed the filed motion to Mr. Wilson at Qfproductsllc@yahoo.com and notified him by text message at his cellular telephone number;

(iii)   Defendant does not possess Mr. Wilson's physical mailing address. DE 87 (Marshal's Report of Sale) does not contain the purchaser's street address. A prior motion for disclosure of bidder information (DE 96) was denied at DE 107; and

(iv)   Defendant is filing this emergency motion on July 22, 2026, approximately 48 hours before Mr. Wilson's indicated departure date of Thursday, July 24, 2026. The normal briefing schedule under Local Rule 7.1 would not produce a ruling before Mr. Wilson takes possession.

7.2 Given the emergency circumstances — the imminent removal of the vessel from the jurisdiction — Defendant respectfully requests that this Court rule on this motion without awaiting a response, or alternatively, set an expedited hearing on shortened notice before Thursday, July 24, 2026.

## 8. Relief Requested

Defendant respectfully requests that this Court enter a Temporary Restraining Order:

(i)   Directing that the vessel M/V Slow UR Roll II (Official No. 1220768, HIN: RJDE0005I708) shall not be transferred, released, or surrendered to William Wilson, QF Products LLC, or any other person pending further order of this Court;

(ii)   Directing National Liquidators, 800 Old Griffin Road, Dania Beach, Florida 33004, to retain custody of the vessel and not release it to any person pending further order of this Court;

(iii)   Directing the United States Marshal for the Southern District of Florida to take no further action to facilitate the transfer, registration, or documentation of the vessel pending further order of this Court, and if any bill of sale or transfer documents have already been issued, directing that such documents shall not be relied upon to effectuate physical transfer of the vessel while this motion is pending.

(iv)   Prohibiting Mr. Wilson, QF Products LLC, or any person acting in concert with them from removing the vessel from the Southern District of Florida, altering, modifying, or encumbering the vessel, or transferring title to any third party;

(v)   Setting this matter for a preliminary injunction hearing within fourteen (14) days of the entry of the TRO, as required by Rule 65(b)(2); and

(vi)  Granting such other and further relief as the Court deems just and proper.

## 9. Verification

Under penalty of perjury, I declare that the facts set forth in this motion are true and correct to the best of my knowledge, information, and belief. I have personal knowledge that Mr. Wilson has contacted me to purchase my boat trailer and has indicated his intent to take physical possession of the vessel on or about Thursday, July 24, 2026, from National Liquidators in Dania Beach, Florida.

/s/ Charles Jacob Stratmann
Charles Jacob Stratmann
Authorized Representative, Starboard Yacht Group LLC
545 NE 17th Avenue
Fort Lauderdale, Florida 33301
Telephone: (954) 873-8546
Email: jake@starboardyacht.com
Pro Se Defendant

Date: July 22, 2026

**Certificate of Service**

I HEREBY CERTIFY that on July 22, 2026, the foregoing was filed via CM/ECF, which will send a notice of electronic filing to all counsel of record, and was served by email on:

Amanda Klopp, Esq. Akerman LLP 777 S. Flagler Drive, Suite 1100 — West Tower West Palm Beach, FL 33401 amanda.klopp@akerman.com

William Wilson / QF Products LLC Qfproductsllc@yahoo.com (email and text message — no physical address available)

National Liquidators Attn: Frank Kups, Managing Director 800 Old Griffin Road Dania Beach, FL 33004

United States Marshal's Service 299 East Broward Boulevard, Room 101 Fort Lauderdale, FL 33301

Charles Jacob Stratmann