UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
IN ADMIRALTY

SEACOAST NATIONAL BANK,

Plaintiff,

v.

M/V SLOW UR ROLL II, a 2008 Everglades 350LX Express,
Official No. 1220768, HIN: RJDE00051708, Together with all
masts, boilers, cables, engines, machinery, etc., in rem, and
STARBOARD YACHT GROUP LLC, a Florida limited liability
company, in personam,

Defendants.

FILED BY _____ D.C.

AUG 1 1 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

---

Case No. 0:26-cv-60289-WPD

## CHARLES JACOB STRATMANN'S OPPOSITION TO PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND NON-TAXABLE COSTS [DE 122]

Charles Jacob Stratmann, appearing individually and not as counsel for
Starboard Yacht Group LLC, respectfully opposes the amount of fees and nontaxable
costs sought in Plaintiff's Motion [DE 122], referred to Magistrate Judge Hunt [DE 123].

## I. PRELIMINARY STATEMENT

Plaintiff seeks $63,457.50 in attorneys' fees and $13,858.21 in nontaxable costs
($77,315.71 total) following a preferred-ship-mortgage default foreclosure that produced
a $160,000 judicial sale against a judgment of $168,773.21. Default Judgment DE 70
paragraph 7 established entitlement to recover fees and expenses "to be taxed." Entitlement
is not contested here. The amount remains subject to the lodestar. Hensley v. Eckerhart,
461 U.S. 424, 433-34 (1983); Norman v. Housing Auth. of Montgomery, 836 F.2d 1292,
1299-1303 (11th Cir. 1988).

The Court should grant the Motion only in part and award no more than $45,000.00
in fees and $432.31 in nontaxable costs, because: (1) the requested hourly rates exceed
prevailing Southern District of Florida maritime foreclosure market rates; (2) the hours
include appellate/IFP-labeled time and require billing-judgment reductions for redundant
staffing; (3) Westlaw and PACER charges are overhead; (4) the $12,800 National
Liquidators sales commission is sourced only to a one-page invoice with no documentation
of how the 8% rate was authorized or engaged, and stacks
against a $2,415 Marshal sale commission already sought in DE 120; (5) Local Rule 7.3
forbids recovering bill-of-costs items through a fee motion; and (6) the fee record includes

PKG: SCB-W2590-DE122-OPP                                                    PAGE 1

docketed representation evidence that Plaintiff's cited fee filings do not directly address, supporting reduction or further explanation before any full award.

## II. LEGAL STANDARD

Reasonable fees equal reasonable hours times a reasonable hourly rate, excluding excessive, redundant, or otherwise unnecessary hours. Hensley, 461 U.S. at 433-34. The fee applicant bears the burden of documenting rates and hours. Norman, 836 F.2d at 1299-1303; ACLU of Ga. v. Barnes, 168 F.3d 423, 427-28 (11th Cir. 1999). Fees compensate work that secured benefits for the client. Caplan v. All Am. Auto Collision, Inc., 36 F.4th 1083, 1090-91 (11th Cir. 2022).

S.D. Fla. Local Rule 7.3 requires rate and hour detail, fee-agreement disclosure, invoices for nontaxable expenses, and conferral certification. Within fourteen days after service, the respondent must object with reasonable particularity to each contested time entry and nontaxable expense, with supporting authority. L.R. 7.3(a). Expenses sought under Local Rule 7.3 shall not include costs sought in a bill of costs. Id.

## III. REASONABLE RATES

Plaintiff seeks $550 for Mr. Marks, $500 for Ms. Klopp, and $425 for Ms. Yoss. Recent preferred-ship-mortgage foreclosure fee decisions in this District approve rates of approximately $365 to $450 and have rejected $500 to $600 requests. State-court fee approvals in unrelated Seacoast matters and bankruptcy-court rate approvals cited in the Motion are not controlling comps for a Southern District of Florida preferred-ship-mortgage foreclosure lodestar. A discount from counsel's "standard" rack rates likewise does not prove the Norman market rate.

**A. Seacoast Nat'l Bank v. M/Y Viaggio, No. 22-CV-62311, 2023 WL 6930685, at \*3** (S.D. Fla. Oct. 2, 2023) (Strauss, M.J.), report and recommendation adopted, 2023 WL 6908985 (S.D. Fla. Oct. 19, 2023) - approving $450 and $375 after rejecting requested $600 and $500 rates, yielding a lodestar of $35,820 for 84.8 hours.

**B. Centennial Bank v. M/V Why Not, No. 22-CV-22883, 2024 WL 3072041, at \*5** (S.D. Fla. Mar. 6, 2024), report and recommendation adopted, 2024 WL 3070755 (S.D. Fla. June 20, 2024) - approving $450 and $375 in a maritime foreclosure.

The Court should cap rates at no more than $450 for Mr. Marks and Ms. Klopp, $365 for Ms. Yoss, and $125 to $150 for support timekeepers, then recompute the lodestar.

## IV. REASONABLE HOURS

Particularized objections to time entries are set forth in Exhibit A. Without limiting Exhibit A, the following categories warrant exclusion or reduction:

**A. Appellate / stay-pending-appeal / IFP time. Exhibit A-1 flags four entries as** CUT_APPELLATE_RELATED - appellate, IFP, and stay-pending-appeal work billed inside a collection lodestar. Courts routinely exclude such time from foreclosure fee awards: (1) June 26, 2026, Yoss, 0.2 hours, $85 - review emergency motion re stay pending appeal;

(2) June 26, 2026, Klopp, 2.4 hours, $1,200 - review Emergency Motion for Stay of Judicial Sale Pending Appeal; (3) June 29, 2026, Yoss, 0.5 hours, $212.50 - review Stratmann filings re appeal and IFP application; and (4) June 29, 2026, Klopp, 0.7 hours, $350 - appeal and forma pauperis review. Combined, these four entries total 3.8 hours and $1,847.50 at billed rates. Such time should be excluded from this action's collection lodestar or segregated from recoverable foreclosure collection work.

**B. Counsel-defense / separate-forum time. Plaintiff's Motion acknowledges time spent** monitoring and responding to attacks on counsel in Case No. 0:26-cv-61150-PAB. Work defending counsel in a separate action does not secure Seacoast's mortgage-collection benefits under Caplan. Zero recovery should be awarded for that category; Plaintiff should identify each such entry.

**C. Billing judgment as to redundant response staffing. Plaintiff's own fee exhibit** records eighty-six (86) personal time entries by Ms. Klopp at $500 per hour, alongside one hundred fourteen (114) by Ms. Yoss - not occasional supervisory review. On January 26, 2026, counsel denied any conflict of interest in writing to Stratmann. The invoice pattern forecloses any "nominal supervising partner" defense and bears directly on billing judgment and results obtained under Hensley. Plaintiff argues that Stratmann's filings and alleged citation errors justify an above-typical hour count, citing Heimkes, ByoPlanet, and Mata. Even assuming some response time was caused by additional filings, Hensley, Norman, and Barnes still require exclusion of excessive, redundant, or otherwise unnecessary hours, partner-associate double-staffing, clerical tasks billed at attorney rates, and vague or block-billed descriptions. A Local Rule 7.3 fee motion is not a substitute sanctions proceeding, and opponent-conduct cases do not eliminate billing judgment or particularized review under Local Rule 7.3(a).

**D. Results obtained. The $160,000 judicial sale is approximately 16% of the** $1,000,000 appraised value asserted in DE 92 (Objection to Confirmation), which cites an independent Paul R. Anstey marine appraisal (File No. 152568). A fee request of approximately $63,457.50 is roughly 38% of the judgment amount and roughly 40% of that sale price for a default foreclosure. Under Hensley, those results support a downward adjustment of the lodestar. Hensley, 461 U.S. at 434-37. Stratmann relies on DE 92's filed narrative and does not presently attach DE 92-2 appraisal exhibit pages, which remain unavailable in the working packet. This Opposition does not ask the Magistrate Judge to vacate the sale; it asks the Court to set a reasonable fee and nontaxable expense award against that record.

## V. NON-TAXABLE COSTS

**A. Westlaw ($522.50) and PACER ($103.40) should be disallowed as overhead subsumed** in hourly rates, or alternatively denied for inadequate necessity showings.

**B. Publication ($236.81), recording ($120.50), and abstract ($75.00) may be allowed if** invoiced and not duplicated in DE 120, for a combined $432.31.

**C. The National Liquidators sales commission of $12,800.00 should be denied or** require further support. First, the sworn Marks Declaration paragraph 6 cost table subtotals only $1,058.21 (publication, recording, abstract, PACER, and Westlaw); the $12,800 commission is instead sourced solely to the Motion's narrative text and Exhibit B, not to any verified declaration paragraph. Second, Exhibit B [DE 122-2] attaches National Liquidators Invoice 2105097201 (dated June 26, 2026) for an 8% "Sales Commission US Marshall Promotion Fees" on the $160,000 sale; the invoice's own footer states "Page 1 of 1," so the document is facially complete, but it contains no engagement letter, no signed rate authorization, and no itemized description of services beyond the flat commission line. Third, the produced invoice contains no repair line items for M/V Slow UR Roll II; any repair, storage, or insurance charges belong on the taxable / custodia track (DE 70; DE 120 Composite Exhibit E) and may not inflate this nontaxable ask without a clean cross-walk. Local Rule 7.3(a)(6) requires documentation sufficient to assess reasonableness, which a bare one-line commission invoice does not supply. Fourth, the Exclusive Sales Agent Agreement with National Liquidators [DE 86-1] bears the same date as the June 26, 2026 sale. An 8% "US Marshall Promotion Fees" commission of $12,800 on a same-day engagement, without a documented pre-sale marketing window or rate-authorization backup, is not shown to be a reasonable nontaxable expense under Local Rule 7.3(a)(6). Fifth, the Ship Mortgage's expense language does not override Local Rule 7.3's invoice-documentation and reasonableness requirements, nor does it authorize stacked sale-commission recovery. Separately, DE 120 already seeks a $2,415 Marshal commission on the same $160,000 sale under 28 U.S.C. section 1921(c)(1). The Court should not award stacked sale-commission recoveries without a documentation cross-walk resolving the overlap.

**D. All objections to DE 120 taxable costs ($6,989.80) are reserved under DE 121.** Local Rule 7.3 forbids including bill-of-costs items in this Motion.

## VI. LOCAL RULE 7.3 PROCESS

Plaintiff's conferral certification cites default and absence of representation. To the extent Local Rule 7.3(b) required service of a draft motion and specific conferral efforts directed to known individual filers, Plaintiff should be put to its proof. Fee-agreement disclosure under Local Rule 7.3(a)(4) must state engagement terms, not merely that rates were discounted from "standard" firm rates. These points are secondary to the lodestar and documentation defects above.

## VII. RECORD-TREATMENT MATRIX AND COUNSEL-ROLE EVIDENCE

This Opposition does not ask Magistrate Judge Hunt to re-try every prior conflict filing, to find nondisclosure, or to impose Rule 11 sanctions. It asks the Court to compare the fee request to the existing record and to require explanation where relevant exhibits were not directly addressed in DE 122.

**E. Redirect-to-prior-ruling pattern (why the matrix matters). In this case,** when Stratmann presents new docketed evidence, Plaintiff's responses often do not quote

or engage that evidence on the merits. Instead, briefing directs the Court to a prior filing or order that addressed different evidence or a different theory - for example, incorporating prior "conflict" discussion (CA11 Doc. 14) when DE 115-1 Exhibit J (BK ECF 57) was filed later and is not addressed in DE 122; or citing emergency denials (DE 118) that do not discuss unsigned DE 108-2 or DE 109's different confirmation language. That pattern can leave new exhibits unexamined even when a prior order denied a different motion on different facts. Exhibit B presents the same comparison in tabular form for the Court's review. Stratmann uses "not directly addressed" deliberately: he does not claim every listed item is conceded; he claims Plaintiff has not engaged the exhibit on the merits in the cited filing.

E-1. Record-treatment rows that go to the amount (not fraud). This subsection supplements § VII.E and Exhibit B. It does not ask the Court to adjudicate conflict, fraud on the court, or vacatur of DE 109. Under Local Rule 7.3, Hensley, and Norman, the question is whether the requested hours and expenses are reasonably chargeable for the results obtained.

| # | Record item | Where filed | Does DE 122 directly address it? | Why it goes to lodestar / documentation |
|---|---|---|---|---|
| 1 | Accelerate-and-confirm sequence (DE 108 → DE 109) and emergency cluster (DE 110/111/115/117 → DE 118) | DE 108-118 | Does not directly address how many DE 122 hours were caused by that sequence versus ordinary collection | Hours driven by counsel's chosen pathway are subject to billing-judgment reduction |
| 2 | Personal DIP / estate employment of Klopp-Akerman (BK ECF 57; DE 115-1 Exh. J); Ivankovich-estate rate comps | DE 115-1; DE 122 | Does not directly address DE 115-1 Exh. J while relying on Ivankovich rate history | Whether concurrent-role time is reasonably chargeable - not a fraud finding |
| 3 | Appellate / IFP / separate-forum counsel-defense time | DE 122-1 | Not segregated as non-collection | Exclude or segregate under results-obtained / collection-benefit principles |
| 4 | Emergency / stay / vacatur briefing hours tied to DE 110-117 | DE 122-1 | Does not directly address necessity to collect the note versus defending the confirmation pathway | Billing judgment / necessity |
| 5 | NL nontaxable commission (~$12,800) sourced outside verified cost table | DE 122-2 | Attached but undocumented as to rate authorization | Local Rule 7.3(a)(6) - disallow unless engagement/rate backup produced |
| 6 | Client-side oversight gap (dead-channel / Lang Ryder timing) | Record timing already briefed | Does not directly address whether hours were client-monitored | Fee motive only - not fraud or complicity |

Narrow request: before any full fee award, require Plaintiff to file a short supplemental statement that directly addresses rows 1-2 and 5. Lodestar caps, rate reductions, and Exhibit A objections stand independently. The Court need not adjudicate conflict or fraud to reduce the lodestar. (Marks Decl., DE 122-1: 136 attorney hours + 5.9 paralegal hours; $63,457.50 - primary text. Do not treat any "86 Klopp entries" count as locked until Exhibit 1 is visually counted; the billing-page text layer is garbled.)

**F. Differential counsel and selective enforcement (record-based). The same bank,** in the same district, in admiralty matters filed within weeks of each other, used different counsel and different procedural tracks. This is not characterization; it is verified from the public docket in Case No. 1:25-cv-25958-DPG (Miami, In Admiralty):

| | SCB v. Stratmann (this action) | SCB v. Contessa Marine / Anthony IVANOVICH [sic] |
|---|---|---|
| Case No. | 0:26-cv-60289-WPD (Ft. Lauderdale) | 1:25-cv-25958-DPG (Miami) |
| Complaint filed | Feb. 2, 2026 | Dec. 17, 2025 - filed first |
| Seacoast's counsel | Akerman LLP (Klopp, Fla. Bar 124156) | Fowler White Burnett P.A. (Adam B. Cooke) |
| Fowler White letterhead | Not used | DE 06, 14, 15, 15-1 (verified) |
| Akerman appearances | Yes | Zero in CMR docket extracts reviewed |
| Default posture | Default judgment; seizure and sale | DE 05/06 default motion; DE 09 vacated unopposed |
| Scheduling | None - sale confirmed July 15, 2026 | DE 15 Joint Scheduling Report |
| Trial | None | DE 16 - trial calendar beginning March 8, 2027 (Judge Gayles) |
| Elapsed to disposition | ~5 months (complaint to confirmation) | ~14.7 months to trial date, still pending |

Seacoast's CMR papers spell the defendant "IVANOVICH"; the defendant's own answers spell "IVANKOVICH." Stratmann quotes each filing's spelling and does not normalize. Stratmann does not assert that Anthony IVANOVICH is the same person as Steven Ivankovich (a different first name appearing in separate bankruptcy/receivership records). He asserts only what the docket shows: different counsel, different pace, and cooperative scheduling in the CMR track while this action moved to a confirmed sale in five months. That comparison supports Hensley downward adjustment and fee-equity review; it is not a request to vacate the sale in this Opposition.

**G. Notice-of-default timing (sourced escalation sequence). On December 17, 2025,** Seacoast filed its CMR complaint (DE 1). On December 18, 2025, Stratmann received a Notice of Default/Acceleration from Akerman on behalf of Seacoast (contemporaneous email to Seacoast in the record). Separate January 2026 demand and acceleration entries followed. Stratmann cites this sequence only as timing context for fee-equity and record-treatment analysis, not as a standalone fraud allegation.

**A. Response-coverage matrix (filed exhibits relevant to amount)**

Evidence | Where filed | Directly addressed in DE 122? | Why material to fees/costs DE 115-1 Exh J (BK ECF 57 employment order naming Amanda Klopp / Akerman as DIP

counsel, eff. 6/17/2024) | DE 115-1 | No | Counsel-role evidence; Motion cites Ivankovich rate approvals as comps

DE 86 / 86-1 NL Exclusive Sales Agreement (8%) | DE 86 / 86-1 | Partially (to claim $12,800) | Commission structure authority for nontaxable ask

DE 122-2 NL Invoice 2105097201 ("Page 1 of 1"; complete but no rate-authorization backup) | DE 122-2 | Attached, facially complete | Fee-support documentation sufficiency under L.R. 7.3(a)(6); no engagement letter or rate authorization produced |

DE 120 / 120-1 Marshal commission / custodia invoices | DE 120 / 120-1 | Not reconciled | Prevents stacked sale-commission recovery

DE 92 body (Anstey $1,000,000 / 16% sale; File No. 152568) | DE 92 | No | Hensley results-obtained factor

DE 92-2 Anstey exhibit pages (if separately filed) | DE 92-2 | Not in working packet | Optional corroboration of DE 92 narrative

DE 108 para. 3 / DE 109 confirmation sequence | DE 108 / 109 | Outside fee motion | Fee-equity pathway context only; not a request to vacate DE 109

**B. What DE 115-1 Exhibit J / ECF 57 presently proves. The employment order proves that**

the Bankruptcy Court approved Berger, Klopp, and Akerman as general bankruptcy counsel for the debtor-in-possession. That is representation evidence already on this Court's docket. Stratmann does not, in this Opposition, allege that retention applications or Rule 2014 disclosures omitted required information. Those papers (including BK ECF 23 and any Rule 2014 / 2016 filings) have not been fully reviewed in this packet. Stratmann asks only that the Court note the concurrent representation shown by ECF 57 and the Seacoast appearances in this case, and that Plaintiff explain why Ivankovich-estate rate history is an appropriate comp for Seacoast fees here.

**C. Legal framework for amount, not a completed forfeiture claim. Where counsel**

labors under intolerable conflicts, courts may deny or reduce compensation; "it is no answer to say that fraud or unfairness were not shown to have resulted." Woods v. City Nat'l Bank & Trust Co., 312 U.S. 262, 268 (1941); see In re Prince (Electro-Wire Prods., Inc. v. Sirote & Permutt, P.C.), 40 F.3d 356, 360-61 (11th Cir. 1994). Prince supplies a framework for fee scrutiny. Stratmann does not ask the Magistrate Judge to enter a full fee forfeiture on this Opposition alone without further record development. He asks the Court to (1) reduce the lodestar on documentation and Hensley grounds above, and (2) require Plaintiff to address the counsel-role and invoice exhibits identified in the matrix before any full award.

**D. Prior orders did not decide this fee-amount pillar. DE 28 was denied as moot**

[DE 30], not on the merits of Ivankovich debtor-counsel employment. Judge Singhal's Contessa Marine ruling addressed a different theory - multiple creditors litigating against the same defendant - not DIP employment while representing Seacoast in this fee motion. Any renewed conflict / fee-bar notice for District Judge consideration is separate. This Opposition stays within Mag Hunt's referral: amount, documentation, and record treatment.

**VIII. RELIEF REQUESTED**

WHEREFORE, Charles Jacob Stratmann respectfully requests that the Court:

**1. GRANT IN PART and DENY IN PART DE 122;**

**2. Cap hourly rates as set forth above;**

**3. Exclude appellate/IFP and counsel-defense hours and apply billing-judgment** reductions consistent with Exhibit A;

**4. Award attorneys' fees in an amount not to exceed $45,000.00, or such lesser amount** as the Court deems just after reviewing the response-coverage matrix;

**5. Award nontaxable expenses of $432.31 only; disallow Westlaw, PACER, and the** $12,800 National Liquidators sales commission unless engagement/rate-authorization documentation and a DE 120 crosswalk are produced;

**6. Order that no item also sought in DE 120 be recovered under DE 122;**

**7. Require Plaintiff to file a short supplemental statement addressing DE 115-1** Exhibit J and DE 122-2 engagement / rate-authorization backup if a full fee award is still sought;

**8. Take judicial notice of Exhibit B (Evidence Presented vs. Prior Ruling Cited -** Response-Coverage Matrix) lodged with this Opposition; and

**9. Grant such other and further relief as is just and proper.**

Respectfully submitted this ___ day of August, 2026.


Charles Jacob Stratmann, individually
(wet-ink signature)
545 NE 17th Avenue
Fort Lauderdale, FL 33301
Email: jake@starboardyacht.com
Telephone: (954) 873-8546

## CERTIFICATE OF SERVICE

I certify that on _____, 2026, I served a true and correct copy of the foregoing Opposition by hand delivery / U.S. Mail / CM/ECF (circle one) on counsel of record for Plaintiff Seacoast National Bank:

Amanda Leigh Klopp, Esq. (LEAD)
Jenna Morgan Yoss, Esq. (LEAD)
Akerman LLP
(addresses of record)


Charles Jacob Stratmann
(wet-ink signature)

## E-1. Record-treatment rows that go to the amount (not fraud)

This subsection supplements § VII.E and Exhibit B. It does not ask the Court to adjudicate conflict, fraud on the court, or vacatur of DE 109. Under Local Rule 7.3, *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983), and *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988), the question is whether the requested hours and expenses are reasonably chargeable for the results obtained. The following record items bear on that question because they show (i) a material share of hours was generated by counsel's own procedural sequence, (ii) some categories did not secure collection benefit, and (iii) documentation is incomplete.

| # | Record item | Where filed | Does DE 122 directly address it? | Why it goes to lodestar / documentation |
|---|---|---|---|---|
| 1 | Accelerate-and-confirm sequence (DE 108 → Clerk confirmation DE 109) and the emergency motion cluster it spawned (DE 110 / 111 / 115 / 117 → denial DE 118) | DE 108, 109, 110-118 | Does not directly address how many DE 122 hours were caused by that sequence versus ordinary foreclosure collection | Hours driven by counsel's chosen pathway are subject to billing-judgment reduction under *Hensley* / *Norman* |
| 2 | Personal DIP / estate employment of Klopp-Akerman (BK ECF 57; DE 115-1 Exh. J); DE 122's use of Ivankovich-estate rate comps from the same bankruptcy ecosystem | DE 115-1; DE 122 | Does not directly address DE 115-1 Exh. J while relying on Ivankovich rate history | Goes to whether concurrent-role time is reasonably chargeable and whether estate comps are an appropriate market anchor - not a request for a fraud finding |
| 3 | Appellate / IFP / separate-forum counsel-defense time in DE 122-1 | DE 122-1 | Partially identified in Motion narrative; not segregated as non-collection | Exclude or segregate under results-obtained / collection-benefit principles (*Caplan* framework already briefed) |
| 4 | Emergency / stay / vacatur briefing hours tied to DE 110-117 | DE 122-1 | Does not directly address whether those hours were necessary to collect the note versus defending counsel's confirmation pathway | Billing judgment / necessity |

| 5 | National Liquidators nontaxable commission ask (~$12,800) on bare invoice (DE 122-2) lacking engagement / rate-authorization backup | DE 122-2 | Attached but insufficient under L.R. 7.3(a)(6) | Disallow unless complete supporting docs produced; stacks vs DE 120 Marshal commission |
| 6 | Client-side oversight gap (dead-channel routing after relationship-manager death; ~2.5-year Lang Ryder date context) | Record timing already briefed | Does not directly address whether hours were client-monitored | Fee motive only: was anyone client-side checking the hours? Not fraud or complicity |

Narrow request. Before any full fee award, require Plaintiff to file a short supplemental statement that directly addresses rows 1-2 and 5 (hours attributable to DE 108/109 pathway; DE 115-1 Exh. J; DE 122-2 engagement / rate-authorization backup). Lodestar caps, rate reductions, and Exhibit A objections stand independently of this table.

What the Court need not decide. The Court need not adjudicate conflict, fraud on the court, or enterprise liability to reduce the lodestar. Stratmann asks only for amount, documentation, and record treatment under the Hunt referral.

Verify-before-file gates (do not soften language past these).

**1. Pin § / page for any BK ECF 57 quote used beyond the employment fact already on DE 115-1.**

**2. Do not cite "Page 1 of 4" for DE 122-2 - that footer is not confirmed on OCR; argue L.R. 7.3(a)(6) insufficiency (bare commission line; no rate-authorization backup).**

**3. Do not lock an "86 Klopp entries" count without a visual count of Exhibit 1 (Marks Decl. locks 136 attorney hours + 5.9 paralegal / $63,457.50; rates include Klopp / Yoss / Marks / Graziano per OCR of 122-1).**

**4. Guarantor chain if mentioned: DE 1-5 / 1-6 + 46 U.S.C. § 31325(b)(2)(A) - never "Answer at DE 1" / never "ironclad."**

**5. DE 122-3 proposed order awards fees/costs against SYG LLC in personam only - not Stratmann individually.**

## EXHIBIT A

Particularized Objections to Time Entries - DE 122-1
Case No. 0:26-cv-60289-WPD

Charles Jacob Stratmann submits these particularized objections under
S.D. Fla. Local Rule 7.3(a) to the time entries supporting Plaintiff's
Motion for Attorneys' Fees [DE 122]. Proposed rates: Marks/Klopp $450;
Yoss $365; support $125-$150. Full line-level worksheet is filed as
Exhibit A-1 (CSV).

## I. SUMMARY

OCR-parsed worksheet lines: 219
Claimed on worksheet lines: $59,578.50
Proposed allow after rate caps and cuts: $41,888.50
Proposed cut: $17,690.00
Motion seeks $63,457.50 / 141.9 hours (136 attorney + 5.9 paralegal).
Worksheet OCR is incomplete relative to the motion total; the Court
should require a clean native invoice export and recompute the lodestar
at capped rates after excluding the categories below.

## II. CATEGORIES WARRANTING ZERO OR SUBSTANTIAL REDUCTION

### A. Appellate / stay-pending-appeal / IFP-labeled time (ZERO).
Representative ZERO lines: 8 (see Exhibit A-1 filter cut_action=ZERO).

### B. Redundant Stratmann-response staffing (CUT_40PCT at capped rates).
Lines: 40.

### C. All remaining lines: RATE_CAP_ONLY (maritime comps).

## III. AUTHORITY

Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983);
Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299-1303 (11th Cir. 1988);
ACLU of Ga. v. Barnes, 168 F.3d 423, 427-28 (11th Cir. 1999);
Caplan v. All Am. Auto Collision, Inc., 36 F.4th 1083, 1090-91 (11th Cir. 2022);
Seacoast Nat'l Bank v. M/Y Viaggio, 2023 WL 6930685 (S.D. Fla. Oct. 2, 2023),
R&R adopted, 2023 WL 6908985 (S.D. Fla. Oct. 19, 2023);
Centennial Bank v. M/V Why Not, 2024 WL 3072041 (S.D. Fla. Mar. 6, 2024),
R&R adopted, 2024 WL 3070755 (S.D. Fla. June 20, 2024).

## IV. RELIEF AS TO EXHIBIT A

Exclude ZERO categories; apply rate caps and percentage cuts as stated;
award fees not to exceed $45,000.00 consistent with the Opposition.

/s/ Charles Jacob Stratmann
Charles Jacob Stratmann, individually
545 NE 17th Avenue, Fort Lauderdale, FL 33301

Email: jake@starboardyacht.com
Telephone: (954) 873-8546

Charles Jacob Stratmann
Pro Se Proposed Intervenor
545 NE 17th Avenue
Fort Lauderdale, FL 33301
Telephone: (954) 873-8546
Email: jake@starboardyacht.com

EXHIBIT B

EVIDENCE PRESENTED VS. PRIOR RULING CITED — RESPONSE-COVERAGE MATRIX

Case No. 0:26-cv-60289-WPD | Magistrate Judge Hunt (DE 122 referral)

Charles Jacob Stratmann submits this Exhibit to show, in one place, which docketed exhibits relevant to the fee motion and related record treatment were presented in prior filings, which opposing filing or order Appellee cites instead, and whether Appellee's cited filing directly addresses the exhibit on the merits. Language lock: "not directly addressed" means the cited filing does not quote, distinguish, or engage the exhibit. It does not mean the exhibit is conceded, undisputed, or adjudicated.

I. RECURRING PATTERN (FOR THE COURT'S REVIEW)

When new docketed evidence is presented, Appellee's responses often:

   1. do not quote or engage the new exhibit on the merits; and

   2. direct the Court to a prior filing or order that addressed different evidence,

a different theory, or a different procedural vehicle.

The Court can then treat the prior ruling as dispositive without examining the new exhibit. This matrix identifies that gap record-by-record.

II. MATRIX — FEE / COUNSEL-ROLE / CONFIRMATION CONTEXT

Evidence presented | Where on docket | Material point (one line) | Appellee cites instead | Did that cited filing directly address this exhibit?

DE 115-1 Exh J (BK ECF 57 — Klopp/Akerman DIP employment, eff. 6/17/2024) | DE 115-1 | Personal DIP employment / counsel-role evidence | DE 122 (no); CA11 Doc. 22 → Doc. 14 "conflict" briefing | No — Doc. 14 addressed a different conflict theory; DE 122 does not address Exh J while using Ivankovich rate comps

DE 86 / 86-1 (NL 8% exclusive sales agreement) | DE 86 / 86-1 | Commission structure for $12,800 nontaxable ask | DE 122 (to claim amount only) | Partially — amount claimed; agreement timing / same-day sale not reconciled

DE 122-2 (NL Invoice 2105097201; ECF = 2 pages; bare commission line) | DE 122-2 | Invoice sufficiency under L.R. 7.3(a)(6) | Attached in DE 122 | No — no engagement letter / rate-authorization backup; no repair-line cross-walk; stacks vs DE 120 Marshal commission

DE 120 / 120-1 (Marshal commission / custodia) | DE 120 / 120-1 | Stacked sale-commission risk | Not reconciled in DE 122 | No — no DE 120 cross-walk in DE 122

DE 92 body (16% sale vs. $1,000,000 Anstey narrative; File No. 152568) | DE 92 | Hensley results-obtained factor | Not in DE 122 | No — not directly addressed in fee motion

DE 108 ¶3 ("already overruled" qualifier) vs DE 109 form ("no objection has been filed") | DE 108 / DE 109 | Different confirmation-pathway language | CA11 Doc. 22 (addresses DE 108 characterization) | Partially — Doc. 22 engages DE 108; does not compare DE 109's different language

DE 108-2 (unsigned proposed judicial order) | DE 108-2 | Whether judicial review occurred on signed order | CA11 Doc. 22 → DE 118 | No — DE 118 is a two-sentence emergency denial; does not discuss DE 108-2 signature status

DE 107 (Chambers email of proposed order) | DE 107 | Whether Chambers review preceded DE 109 | Doc. 22 (claims compliance) | No — compliance asserted; whether review occurred before Clerk action not addressed

Differential counsel: CMR matter (Fowler White) vs this action (Akerman) | 1:25-cv-25958-DPG DE 1, 06, 14, 15, 16; 0:26-cv-60289 | Fowler White letterhead in 13 CMR entries; zero Akerman in CMR extracts | Not in Doc. 22 or DE 122 | No — Klopp did not file CMR; cooperative scheduling + March 8, 2027 trial vs five-month sale here

Dead-channel mailbox: lang.ryder@ still CC'd Dec. 9, 2025 | Email exhibit (statement request) | Seacoast left deceased RM address live; no bounce/redirect | Not in DE 122 or Doc. 22 | No — not a claim that death was confirmed by bank reply; documents routing failure only

CA11 Doc. 22 silence on ECF 57 / Exhibit J after 17-day availability | CA11 Doc. 16-2 (on CA11 docket 07/17/2026); dist. ct. DE 115-1 | Klopp individually named as DIP counsel; financial-motive theory (DIP fees from Ivankovich-controlled assets); Ivankovich-estate rate history used as comparator in DE 122 | CA11 Doc. 14 → "completely unrelated bankruptcy case" (3 sentences) | No — Doc. 14 (contemporaneous filing, timing artifact) addressed parallel-plaintiff theory only; Doc. 22 (17 days later) engaged DE 108 but stayed silent on Exhibit J and rate-comparator point

## III. SELECTIVE ENFORCEMENT — SIDE-BY-SIDE (SOURCED FROM PUBLIC DOCKET)

| Complaint | Feb. 2, 2026 | Dec. 17, 2025 |
|---|---|---|
| Seacoast counsel | Akerman (Klopp) | Fowler White (Adam B. Cooke) |
| Default | Default judgment; sale | DE 09 vacated unopposed |
| Scheduling | None | DE 15 Joint Report; DE 16 trial March 8, 2027 |
| Outcome pace | ~5 months to confirmed sale | ~14.7 months to trial, pending |

## IV. WHAT STRATMANN ASKS (MAG HUNT SCOPE ONLY)

1. Treat the matrix as a record-treatment aid, not a sanctions motion.

2. Require Plaintiff, before any full fee award, to file a short supplemental statement that directly addresses DE 115-1 Exhibit J and DE 122-2 completeness.

3. Reduce or deny fees on lodestar, documentation, and Hensley grounds in the Opposition and Exhibit A regardless of this matrix.

IV. HOLDS (DO NOT EXPAND IN THIS EXHIBIT)

No allegation of completed nondisclosure, fraud on the court, or full fee forfeiture on this exhibit alone. No claim that Klopp filed Seacoast v. Contessa / CMR (Fowler White appears on that track).

/s/ Charles Jacob Stratmann

Charles Jacob Stratmann, individually, Pro Se

545 NE 17th Avenue, Fort Lauderdale, FL 33301

Email: jake@starboardyacht.com

Telephone: (954) 873-8546

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION
### IN ADMIRALTY

## SEACOAST NATIONAL BANK,

Plaintiff,

v.

M/V SLOW UR ROLL II, et al.,

Defendants.

_____

Case No. 0:26-cv-60289-WPD

## PROPOSED ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS [DE 122]

THIS MATTER is before the Court on Plaintiff's Motion for Award of Attorneys' Fees and Non-Taxable Costs [DE 122], referred to the undersigned [DE 123]. Having considered the Motion, supporting materials, and the Opposition of Charles Jacob Stratmann, it is ORDERED AND ADJUDGED as follows:

**1. DE 122 is GRANTED IN PART and DENIED IN PART.**

**2. Plaintiff is awarded attorneys' fees in the amount of $45,000.00.**

**3. Plaintiff is awarded nontaxable expenses in the amount of $432.31.** Westlaw and PACER expenses are disallowed. The National Liquidators sales commission of $12,800.00 is disallowed because it is omitted from the Marks Declaration paragraph 6 cost table, Exhibit B is incomplete (bare commission invoice lacking rate-authorization backup), the Exclusive Sales Agent Agreement [DE 86-1] is same-day as the sale (no documented marketing window), and to avoid stacked sale-commission recovery with the Marshal commission sought in DE 120.

**4. No double recovery of any cost also awarded or sought under DE 120** is permitted.

**5. DONE AND ORDERED in Chambers at Fort Lauderdale, Florida, this** 6th day of August, 2026.

_____
**UNITED STATES MAGISTRATE JUDGE**