**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**FORT LAUDERDALE DIVISION**

**IN ADMIRALTY**

FILED BY ___ D.C.
AUG 21 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**SEACOAST NATIONAL BANK,**

Plaintiff, v. M/V SLOW UR ROLL II, a 2008 Everglades 350LX Express, Official No. 1220768, HIN: RJDE0005I708, Together with all masts, boilers, cables, engines, machinery, etc., in rem, and STARBOARD YACHT GROUP LLC, a Florida limited liability company, in personam, Defendants.

______________________________________________/

Case No. 0:26-cv-60289-WPD

**CHARLES JACOB STRATMANN'S OPPOSITION TO PLAINTIFF'S**

**MOTION FOR AWARD OF ATTORNEYS' FEES AND NON-TAXABLE COSTS [DE**

122] Charles Jacob Stratmann, appearing individually and not as counsel for Starboard Yacht Group LLC, respectfully opposes the amount of fees and nontaxable costs sought in Plaintiff's Motion [DE 122], referred to Magistrate Judge Hunt [DE 123].

## I. PRELIMINARY STATEMENT

Plaintiff seeks $63,457.50 in attorneys' fees and $13,858.21 in nontaxable costs ($77,315.71 total) following a preferred-ship-mortgage default foreclosure that produced a $160,000 judicial sale against a judgment of $168,773.21. Default Judgment DE 70 paragraph 7 established entitlement to recover fees and expenses "to be taxed." Entitlement is not contested here. The amount remains subject to the lodestar. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983); Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299-1303 (11th Cir. 1988). The Court should grant the Motion only in part and award no more than $45,000.00 in fees and $432.31 in nontaxable costs, because: (1) the requested hourly rates exceed

prevailing Southern District of Florida maritime foreclosure market rates; (2) the hours include appellate/IFP-labeled time and require billing-judgment reductions for redundant staffing; (3) Westlaw and PACER charges are overhead; (4) the $12,800 National Liquidators sales commission is sourced only to a one-page invoice with no documentation of how the 8% rate was authorized or engaged, and stacks against a $2,415 Marshal sale commission already sought in DE 120; (5) Local Rule 7.3 forbids recovering bill-of-costs items through a fee motion; and (6) the fee record includes No. 0:26-cv-60289-WPD PAGE 1

docketed representation evidence that Plaintiff's cited fee filings do not directly address, supporting reduction or further explanation before any full award.

## II. LEGAL STANDARD

Reasonable fees equal reasonable hours times a reasonable hourly rate, excluding excessive, redundant, or otherwise unnecessary hours. Hensley, 461 U.S. at 433-34. The fee applicant bears the burden of documenting rates and hours. Norman, 836 F.2d at 1299-1303; ACLU of Ga. v. Barnes, 168 F.3d 423, 427-28 (11th Cir. 1999). Fees compensate work that secured benefits for the client. Caplan v. All Am. Auto Collision, Inc., 36 F.4th 1083, 1090-91 (11th Cir. 2022). S.D. Fla. Local Rule 7.3 requires rate and hour detail, fee-agreement disclosure, invoices for nontaxable expenses, and conferral certification. Within fourteen days after service, the respondent must object with reasonable particularity to each contested time entry and nontaxable expense, with supporting authority. L.R. 7.3(a). Expenses sought under Local Rule 7.3 shall not include costs sought in a bill of costs. Id.

## III. REASONABLE RATES

Plaintiff seeks $550 for Mr. Marks, $500 for Ms. Klopp, and $425 for Ms. Yoss. Recent preferred-ship-mortgage foreclosure fee decisions in this District approve rates of approximately $365 to $450 and have rejected $500 to $600 requests. State-court fee approvals in unrelated Seacoast matters and bankruptcy-court rate approvals cited in the Motion are not controlling comps for a Southern District of Florida preferred-ship-mortgage foreclosure lodestar. A discount from counsel's "standard" rack rates likewise does not prove the Norman market rate. A. Seacoast Nat'l Bank v. M/Y Viaggio, No. 22-CV-62311, 2023 WL 6930685, at *3 (S.D. Fla.

Oct. 2, 2023) (Strauss, M.J.), report and recommendation adopted, 2023 WL 6908985 (S.D. Fla. Oct. 19, 2023) - approving $450 and $375 after rejecting requested $600 and $500 rates, yielding a lodestar of $35,820 for 84.8 hours. B. Centennial Bank v. M/V Why Not, No. 22-CV-22883, 2024 WL 3072041, at *5 (S.D. Fla. Mar. 6, 2024), report and recommendation adopted, 2024 WL 3070755 (S.D. Fla. June 20, 2024) - approving $450 and $375 in a maritime foreclosure.

**C. Plaintiff's own comparables do not support the rate requested for Ms. Klopp.**

The Motion offers three rate approvals for Ms. Klopp. Two of the three are below the $500 sought here: In re Norwegian Air Resources, No. 21-11399-SMG (DE 108) (S.D. Fla. Bankr. May 17, 2024) (approving $475), and Seacoast National Bank v. Chaise Investment Group LLC, No. 25-001369-CA (Fla. Cir. Ct. Martin Cty. Mar. 16, 2026) (approving $480). The only comparable exceeding $500 is In re Ivankovich Family, LLC, No. 24-15755-LMI (DE 661) (S.D. Fla. Bankr. Sept. 24, 2025) (approving $600). [DE 122 at 8.] On Plaintiff's own evidence, therefore, the range previously approved for Ms. Klopp in arm's-length engagements is $475 to $480. The single approval carrying the request above that range was obtained in the Ivankovich matter. A rate approved in the Ivankovich No. 0:26-cv-60289-WPD PAGE 2

proceedings is not the prevailing market rate under Norman for a preferred-ship-mortgage foreclosure in this District. Setting the Ivankovich approval aside, Plaintiff's own submission supports no more than $475 to $480 for Ms. Klopp. Ms. Yoss's rate is supported by a single comparable, the same Martin County state-court approval. One state-court approval is thin evidence of the prevailing Southern District of Florida federal admiralty market rate under Norman. D. Plaintiff discloses that the filed invoices carry incorrect rate assignments. The Motion states that the rates "reflected on the invoices" for the two paralegals "have been adjusted from $455/hour for Ms. Graziano and $515/hour for Ms. Perez" to $150/hour. [DE 122 at 8 n.4.] Two paraprofessionals were thus billed on the invoices as filed at roughly three times the rate Plaintiff now concedes is the market rate. Plaintiff identified and corrected those two assignments. Where the filed invoices are shown to contain rate assignments wrong by a factor of three, the Court cannot presume the remaining assignments are correct, and a timekeeper-

and-rate reconciliation is warranted rather than a spot correction. The Court should cap rates at no more than $450 for Mr. Marks and $475 to $480 for Ms. Klopp, $365 for Ms. Yoss, and $125 to $150 for support timekeepers, then recompute the lodestar.

## IV. REASONABLE HOURS

Particularized objections to time entries are set forth in Exhibit A. Without limiting Exhibit A, the following categories warrant exclusion or reduction: A. Appellate / stay-pending-appeal / IFP time. Exhibit A-1 flags four entries as CUT_APPELLATE_RELATED - appellate, IFP, and stay-pending-appeal work billed inside a collection lodestar. Courts routinely exclude such time from foreclosure fee awards: (1) June 26, 2026, Yoss, 0.2 hours, $85 - review emergency motion re stay pending appeal; (2) June 26, 2026, Klopp, 2.4 hours, $1,200 - review Emergency Motion for Stay of Judicial Sale Pending Appeal; (3) June 29, 2026, Yoss, 0.5 hours, $212.50 - review Stratmann filings re appeal and IFP application; and (4) June 29, 2026, Klopp, 0.7 hours, $350 - appeal and forma pauperis review. Combined, these four entries total 3.8 hours and $1,847.50 at billed rates. Such time should be excluded from this action's collection lodestar or segregated from recoverable foreclosure collection work. B. Counsel-defense / separate-forum time. Plaintiff's Motion acknowledges time spent monitoring and responding to attacks on counsel in Case No. 0:26-cv-61150-PAB. Work defending counsel in a separate action does not secure Seacoast's mortgage-collection benefits under Caplan. Zero recovery should be awarded for that category; Plaintiff should identify each such entry.

**C. The filed billing records do not permit entry-level review. Local Rule 7.3(a)**

requires a respondent to object "with reasonable particularity to each contested time entry." Two features of DE 122-1 as filed prevent Stratmann from discharging that duty. No. 0:26-cv-60289-WPD PAGE 3

First, the text layer is not machine-readable. Of the thirty-two pages of DE 122-1, only page 2 - the Declaration itself - yields readable text. Every page of time records and disbursement records renders as systematically substituted characters, and the substitution differs between each monthly invoice batch. By way of illustration, the firm name renders as `"1(&23'#44.` and a December 19, 2025 entry

renders as `N>K(8CI "#Q +%'7(&('8(#]-$X#LH#E3),%&#&(# =HN= I=H==`. Stratmann has reconstructed portions of the records by aligning repeated headers and by checking recovered hours against the stated rates, which is how the entries identified in subsection A above were obtained. That reconstruction is partial and is not a substitute for the document. Second, a number of narratives omit the subject of the work. Entries recovered to date include "Conference with J. Taylor re [subject omitted]" (0.10; $50.00), "Email J. Taylor re [subject omitted]" (0.10; $50.00), "Review analysis re [subject omitted]" (0.20; $100.00), "Correspondence with client re [subject omitted]" (0.10; $50.00), "Further research re [subject omitted]" (1.00; $425.00), and several entries reading "Analyze [subject omitted]." Plaintiff did not seek leave to redact, file a privilege log, or move to seal. An entry stating only that counsel analyzed an unidentified subject does not permit the Court to assess whether the work was reasonable or whether it benefited the client. Norman, 836 F.2d at 1303; Barnes, 168 F.3d at 427-28. Stratmann states candidly that he cannot determine from the filed document whether it contains entries for the separate-forum work described in subsection B. Keyword searches of the filed text layer return no results, but that reflects the encoding rather than the absence of such entries. He does not represent that those entries exist, and he does not represent that they do not. The point is that the form in which Plaintiff filed the records makes the question unanswerable, while Plaintiff simultaneously relies on that category of work to justify the hour count. [DE 122 at 10.] The appropriate remedy is production in native, text-searchable, and unredacted form, with Stratmann's Local Rule 7.3(a) particularity deadline extended fourteen days from production - not forfeiture of objections to entries that cannot be read. D. Billing judgment. Plaintiff argues that Stratmann's filings justify an above-typical hour count, citing Heimkes, ByoPlanet, and Mata. Stratmann does not dispute that a court may consider an opposing party's conduct in assessing whether hours were reasonably expended. Even so, Hensley, Norman, and Barnes require exclusion of excessive, redundant, or unnecessary hours, clerical tasks billed at attorney rates, and vague or block-billed descriptions. And under Caplan, conduct-driven hours remain compensable only where the work secured a benefit for the client in this action. A Local Rule 7.3 fee motion is not a substitute sanctions proceeding, and opponent-conduct cases do not displace billing judgment or particularized review under Local Rule 7.3(a). E. Results obtained. The $160,000 judicial sale is approximately 16% of the $1,000,000 appraised value asserted in DE 92

(Objection to Confirmation), which cites an independent Paul R. Anstey marine appraisal (File No. 152568). A fee request of No. 0:26-cv-60289-WPD PAGE 4

approximately $63,457.50 is roughly 38% of the judgment amount and roughly 40% of that sale price for a default foreclosure. Under Hensley, those results support a downward adjustment of the lodestar. Hensley, 461 U.S. at 434-37. Stratmann relies on DE 92's filed narrative and does not presently attach DE 92-2 appraisal exhibit pages, which remain unavailable in the working packet. This Opposition does not ask the Magistrate Judge to vacate the sale; it asks the Court to set a reasonable fee and nontaxable expense award against that record.

**V. NON-TAXABLE COSTS**

A. Westlaw ($522.50) and PACER ($103.40) should be disallowed as overhead subsumed in hourly rates, or alternatively denied for inadequate necessity showings. B. Publication ($236.81), recording ($120.50), and abstract ($75.00) may be allowed if invoiced and not duplicated in DE 120, for a combined $432.31.

**C. The National Liquidators sales commission of $12,800.00 should be denied or**

require further support. First, the sworn Marks Declaration paragraph 6 cost table subtotals only $1,058.21 (publication, recording, abstract, PACER, and Westlaw); the $12,800 commission is instead sourced solely to the Motion's narrative text and Exhibit B, not to any verified declaration paragraph. Second, Exhibit B [DE 122-2] attaches National Liquidators Invoice 2105097201 (dated June 26, 2026) for an 8% "Sales Commission US Marshall Promotion Fees" on the $160,000 sale; the invoice's own footer states "Page 1 of 1," so the document is facially complete. The Motion states the commission was paid "pursuant to the Exclusive Sales Agreement-Court Ordered Sale [DE 86]," and Stratmann does not contend otherwise. The defect is that the charge is described as being for the "promotion and advertisement" of the sale, yet neither the Motion nor the invoice itemizes any promotional or advertising service performed, and DE 86-1 was executed the same day as the June 26, 2026 sale, leaving no pre-sale marketing window the commission could have funded. Third, the produced invoice contains no repair line items for M/V Slow UR Roll II; any repair, storage, or insurance charges belong on the taxable / custodia track (DE 70; DE 120 Composite Exhibit E) and may not

inflate this nontaxable ask without a clean cross-walk. Local Rule 7.3(a)(6) requires documentation sufficient to assess reasonableness, which a bare one-line commission invoice does not supply. Fourth, the Exclusive Sales Agent Agreement with National Liquidators [DE 86-1] bears the same date as the June 26, 2026 sale. An 8% "US Marshall Promotion Fees" commission of $12,800 on a same-day engagement, without a documented pre-sale marketing window or rate-authorization backup, is not shown to be a reasonable nontaxable expense under Local Rule 7.3(a)(6). Fifth, the Ship Mortgage's expense language does not override Local Rule 7.3's invoice-documentation and reasonableness requirements, nor does it authorize stacked sale-commission recovery. Separately, DE 120 already seeks a $2,415 Marshal commission on the same $160,000 sale under 28 U.S.C. section 1921(c)(1). The Court should not award stacked sale-commission recoveries without a documentation cross-walk resolving the overlap. No. 0:26-cv-60289-WPD PAGE 5

D. All objections to DE 120 taxable costs ($6,989.80) are reserved under DE 121. Local Rule 7.3 forbids including bill-of-costs items in this Motion.

## VI. LOCAL RULE 7.3 PROCESS

Plaintiff's conferral certification cites default and absence of representation. To the extent Local Rule 7.3(b) required service of a draft motion and specific conferral efforts directed to known individual filers, Plaintiff should be put to its proof. Fee-agreement disclosure under Local Rule 7.3(a)(4) must state engagement terms, not merely that rates were discounted from "standard" firm rates. These points are secondary to the lodestar and documentation defects above.

## VII. RECORD-TREATMENT MATRIX AND COUNSEL-ROLE EVIDENCE

This Opposition does not ask Magistrate Judge Hunt to re-try every prior conflict filing, to find nondisclosure, or to impose Rule 11 sanctions. It asks the Court to compare the fee request to the existing record and to require explanation where relevant exhibits were not directly addressed in DE 122. E. Redirect-to-prior-ruling pattern (why the matrix matters). In this case, when Stratmann presents new docketed evidence, Plaintiff's responses often do not quote or engage that evidence on the merits. Instead, briefing directs the Court to a prior filing or order that

addressed different evidence or a different theory - for example, incorporating prior "conflict" discussion (CA11 Doc. 14) when DE 115-1 Exhibit J (BK ECF 57) was filed later and is not addressed in DE 122; or citing emergency denials (DE 118) that do not discuss unsigned DE 108-2 or DE 109's different confirmation language. That pattern can leave new exhibits unexamined even when a prior order denied a different motion on different facts. Exhibit B presents the same comparison in tabular form for the Court's review. Stratmann uses "not directly addressed" deliberately: he does not claim every listed item is conceded; he claims Plaintiff has not engaged the exhibit on the merits in the cited filing. E-1. Record-treatment rows that go to the amount (not fraud). This subsection supplements § VII.E and Exhibit B. It does not ask the Court to adjudicate conflict, fraud on the court, or vacatur of DE 109. Under Local Rule 7.3, Hensley, and Norman, the question is whether the requested hours and expenses are reasonably chargeable for the results obtained. Record item Where filed Does DE 122 directly address it? Why it goes to lodestar / documentation No. 0:26-cv-60289-WPD PAGE 6

1 Billing period is December 15, 2025 through June 30, 2026 [DE 122 at 6; DE 122-1 ¶ 4], which closes before the confirmation and emergency cluster at DE

**108-118**

(July 2026) DE 122 at 6; DE 122-1 ¶ 4 Motion does not state whether a supplemental request will be made for July 2026 work Objections to any later supplemental request are preserved; no July 2026 time is properly awarded on this Motion 2 Personal DIP / estate employment of Klopp-Akerman (BK

**ECF 57; DE 115-1**

Exh. J); Ivankovich-estate rate comps

**DE 115-1; DE 122**

Does not directly address DE 115-1 Exh. J while relying on Ivankovich rate history Whether concurrent-role time is reasonably chargeable - not a fraud finding 3 Appellate / IFP / separate-forum counsel-defense time

**DE 122-1**

Not segregated as non-collection Exclude or segregate under results-obtained / collection-benefit principles 4 Pre-suit time from December 15, 2025 to the February 2, 2026 filing of the Verified Complaint [DE 122 at 1]

**DE 122-1**

Does not segregate pre-suit demand and loan-review time from post-filing collection work Billing judgment / necessity as to the pre-complaint period 5 NL nontaxable commission (~$12,800) sourced outside verified cost table

**DE 122-2**

Attached but undocumented as to rate authorization Local Rule 7.3(a)(6) - disallow unless engagement/rate backup produced 6 Client-side oversight gap (dead-channel / Lang Ryder timing) Record timing already briefed Does not directly address whether hours were client-monitored Fee motive only - not fraud or complicity Narrow request: before any full fee award, require Plaintiff to file a short supplemental statement that directly addresses rows 2 and 5, and to produce the billing records in native, text-searchable, and unredacted form as set out in § IV.C. Lodestar caps, rate reductions, and Exhibit A objections stand independently. The Court need not adjudicate conflict or fraud to reduce the lodestar. Figures relied on: Marks Declaration, DE 122-1 ¶ 4 (136 attorney hours plus 5.9 paralegal hours; $63,457.50) and DE 122 at 6 (Marks 5.6 at $550; Klopp 54.3 at $500; Yoss 76.1 at $425; Graziano 2.4 and Perez 3.5 at $150; total 141.9 hours). Stratmann asserts no count of individual time entries by any timekeeper, because the filed records do not permit one. F. Differential counsel and selective enforcement (record-based). The same bank, in the same district, in admiralty matters filed within weeks of each other, used different counsel and different procedural tracks. This is not characterization; it is verified from the public docket in Case No. 1:25-cv-25958-DPG (Miami, In Admiralty): No. 0:26-cv-60289-WPD PAGE 7

SCB v. Stratmann (this action) SCB v. Contessa Marine / Anthony IVANOVICH [sic] Case No. 0:26-cv-60289-WPD (Ft. Lauderdale) 1:25-cv-25958-DPG (Miami) Complaint filed Feb. 2, 2026 [DE 122 at 1] Dec. 17, 2025 - filed first Seacoast's counsel Akerman LLP (Klopp, Fla. Bar 124156) Fowler White Burnett P.A. (Adam B. Cooke) Fowler White letterhead Not used DE 06,

14, 15, 15-1 (verified) Akerman appearances Yes Zero in CMR docket extracts reviewed Default posture Default judgment; seizure and sale DE 05/06 default motion; DE 09 vacated unopposed Scheduling None - sale confirmed July 15, 2026 DE 15 Joint Scheduling Report Trial None DE 16 - trial calendar beginning March 8, 2027 (Judge Gayles) Elapsed to disposition ~5 months (complaint to confirmation) ~14.7 months to trial date, still pending Seacoast's CMR papers spell the defendant "IVANOVICH"; the defendant's own answers spell "IVANKOVICH." Stratmann quotes each filing's spelling and does not normalize. Stratmann does not assert that Anthony IVANOVICH is the same person as Steven Ivankovich (a different first name appearing in separate bankruptcy/receivership records). He asserts only what the docket shows: different counsel, different pace, and cooperative scheduling in the CMR track while this action moved to a confirmed sale in five months. That comparison supports Hensley downward adjustment and fee-equity review; it is not a request to vacate the sale in this Opposition. F-1. Akerman's concurrent representation structure (fee-equity context only). The differential treatment described above does not exist in isolation. The public record shows that Akerman LLP maintained at least three concurrent or overlapping representations adverse to Stratmann during the billing period (December 15, 2025 through June 30, 2026): (a) Akerman represented Seacoast National Bank in this foreclosure action through Amanda Klopp and Jenna Yoss; (b) Akerman represented SHM LMC LLC d/b/a Lauderdale Marine Center - a facility identified as an "Other Affiliate" of the Ivankovich enterprise in a Rule 7.1 Certificate of Interested Parties filed September 18, 2023 in Case No. 0:23-cv-61696-AHS - through James Rogers and Sean Cichowski (pro hac vice); (c) In the related bankruptcy proceeding (Case No. 24-15755-LMI), the Bankruptcy Court approved Akerman attorneys - including Klopp - as general bankruptcy counsel for the Ivankovich debtor-in-possession (BK ECF 57, effective June 17, 2024; filed in this case as DE 115-1 Exhibit J). Stratmann does not ask the Magistrate Judge to enter a conflict finding on this Opposition alone. He observes that the same law firm that aggressively prosecuted his $168,773 Seacoast debt to a five-month confirmed sale simultaneously served as DIP counsel in Ivankovich proceedings where $1.55M in related Seacoast exposure No. 0:26-cv-60289-WPD PAGE 8

received cooperative scheduling and vacated defaults. That structural asymmetry is relevant to the fee-equity analysis under Hensley and the billing-judgment inquiry

under Norman. It is not a request to vacate DE 109, and it does not depend on a fraud finding. G. Notice-of-default timing (sourced escalation sequence). On December 17, 2025, Seacoast filed its CMR complaint (DE 1). On December 18, 2025, Stratmann received a Notice of Default/Acceleration from Akerman on behalf of Seacoast (contemporaneous email to Seacoast in the record). Separate January 2026 demand and acceleration entries followed. Stratmann cites this sequence only as timing context for fee-equity and record-treatment analysis, not as a standalone fraud allegation. A. Response-coverage matrix (filed exhibits relevant to amount) Evidence | Where filed | Directly addressed in DE 122? | Why material to fees/costs DE 115-1 Exh J (BK ECF 57 employment order naming Amanda Klopp / Akerman as DIP counsel, eff. 6/17/2024) | DE 115-1 | No | Counsel-role evidence; Motion cites Ivankovich rate approvals as comps DE 86 / 86-1 NL Exclusive Sales Agreement (8%) | DE 86 / 86-1 | Partially (to claim $12,800) | Commission structure authority for nontaxable ask DE 122-2 NL Invoice 2105097201 ("Page 1 of 1"; facially complete) | DE 122-2 | Attached, facially complete | L.R. 7.3(a)(6) sufficiency; charge omitted from the sworn cost schedule at DE 122-1 para 6 and no promotional services itemized | DE 120 / 120-1 Marshal commission / custodia invoices | DE 120 / 120-1 | Not reconciled | Prevents stacked sale-commission recovery DE 92 body (Anstey $1,000,000 / 16% sale; File No. 152568) | DE 92 | No | Hensley results-obtained factor DE 92-2 Anstey exhibit pages (if separately filed) | DE 92-2 | Not in working packet | Optional corroboration of DE 92 narrative DE 108 para. 3 / DE 109 confirmation sequence | DE 108 / 109 | Outside fee motion | Fee-equity pathway context only; not a request to vacate DE 109 B. What DE 115-1 Exhibit J / ECF 57 presently proves. The employment order proves that the Bankruptcy Court approved Berger, Klopp, and Akerman as general bankruptcy counsel for the debtor-in-possession. That is representation evidence already on this Court's docket. Stratmann does not, in this Opposition, allege that retention applications or Rule 2014 disclosures omitted required information. Those papers (including BK ECF 23 and any Rule 2014 / 2016 filings) have not been fully reviewed in this packet. Stratmann asks only that the Court note the concurrent representation shown by ECF 57 and the Seacoast appearances in this case, and that Plaintiff explain why Ivankovich-estate rate history is an appropriate comp for Seacoast fees here.

**C. Legal framework for amount, not a completed forfeiture claim. Where counsel**

labors under intolerable conflicts, courts may deny or reduce compensation; "it is no answer to say that fraud or unfairness were not shown to have resulted." Woods v. City Nat'l Bank No. 0:26-cv-60289-WPD PAGE 9

& Trust Co., 312 U.S. 262, 268 (1941); see In re Prince (Electro-Wire Prods., Inc. v. Sirote & Permutt, P.C.), 40 F.3d 356, 360-61 (11th Cir. 1994). Prince supplies a framework for fee scrutiny. Stratmann does not ask the Magistrate Judge to enter a full fee forfeiture on this Opposition alone without further record development. He asks the Court to (1) reduce the lodestar on documentation and Hensley grounds above, and (2) require Plaintiff to address the counsel-role and invoice exhibits identified in the matrix before any full award. D. Prior orders did not decide this fee-amount pillar. DE 28 was denied as moot [DE 30], not on the merits of Ivankovich debtor-counsel employment. Judge Singhal's Contessa Marine ruling addressed a different theory - multiple creditors litigating against the same defendant - not DIP employment while representing Seacoast in this fee motion. Any renewed conflict / fee-bar notice for District Judge consideration is separate. This Opposition stays within Mag Hunt's referral: amount, documentation, and record treatment. H. Response-coverage: matters addressed and matters not directly addressed. This subsection is offered as a record-treatment aid under the Hensley and Norman framework, not as a request that the Court adjudicate any conflict, disqualification, or fraud question. It identifies, for the limited purpose of the fee inquiry, which items in the record Plaintiff's briefing has engaged on the merits and which it has not directly addressed, so that the Court may weigh whether Plaintiff's fee comparators and cost documentation are adequately supported. Matters Plaintiff has addressed. Plaintiff has engaged, on the merits, the parallel-representation theory - that counsel represents two clients with claims against the same defendant - and relies for that purpose on the ruling in the Contessa Marine matter that "[t]here is no per se conflict between two or more people who both have claims against the same entity," and on this Court's prior orders [DE 84]. Plaintiff has likewise briefed the seaman's-wage and vessel-interest questions. Claimant does not suggest those matters are unaddressed. A matter not directly addressed: the concurrent debtor-in-possession employment (BK ECF No. 57 / DE 115-1, Exhibit J). The Bankruptcy Court's order approving employment of

counsel (Case No. 24-15755-LMI, ECF No. 57), filed in this record as DE 115-1, Exhibit J, names Amanda Klopp individually - together with Eyal Berger and Akerman LLP - as general bankruptcy counsel for the debtor-in-possession, effective June 17, 2024. Plaintiff's Motion [DE 122] cites Ivankovich-estate rate approvals as comparators supporting the reasonableness of the fees sought here, yet the Motion does not directly address Exhibit J or reconcile the use of debtor-estate rate history as a comparator for the fees requested in this action. Proof-status limitation. Claimant states the following with deliberate precision. Plaintiff's response in the appellate proceeding dated July 17, 2026 (CA11 Doc. 14) was filed the same day the concurrent-employment evidence was first placed in the appellate record; Claimant does not characterize that response as an avoidance of Exhibit J. Plaintiff's later response dated August 3, 2026 (CA11 Doc. 22), however, was filed after No. 0:26-cv-60289-WPD

**PAGE 10**

Exhibit J had been of record for approximately seventeen days, and it engages the confirmation-pathway question while it does not directly address Exhibit J or the rate-comparator point identified above. Claimant offers this only as record context bearing on the adequacy of Plaintiff's fee support, and not as a finding that any nonresponse was deliberate. Why this bears on amount. Where a fee movant relies on comparators drawn from an engagement it has not reconciled with the record, the Court may, consistent with Hensley and Local Rule 7.3(a), require the movant to supply the missing explanation before fixing an amount. Claimant does not ask the Court to resolve the counsel-role question; Claimant asks only that, before any full award, Plaintiff be directed to file a short supplemental statement addressing (i) Exhibit J and (ii) the basis for treating Ivankovich-estate rate approvals as appropriate comparators for the fees sought here.

## VIII. RELIEF REQUESTED

WHEREFORE, Charles Jacob Stratmann respectfully requests that the Court:

**1. GRANT IN PART and DENY IN PART DE 122;**

**2. Cap hourly rates as set forth above;**

**3. Exclude appellate/IFP and counsel-defense hours and apply billing-judgment**

reductions consistent with Exhibit A;

**4. Award attorneys' fees in an amount not to exceed $45,000.00, or such lesser amount**

as the Court deems just after reviewing the response-coverage matrix;

**5. Award nontaxable expenses of $432.31 only; disallow Westlaw, PACER, and the**

$12,800 National Liquidators sales commission unless engagement/rate-authorization documentation and a DE 120 crosswalk are produced;

**6. Order that no item also sought in DE 120 be recovered under DE 122;**

**7. Require Plaintiff to file a short supplemental statement addressing DE 115-1**

Exhibit J and DE 122-2 engagement / rate-authorization backup if a full fee award is still sought;

**8. Take judicial notice of Exhibit B (Evidence Presented vs. Prior Ruling Cited -**

Response-Coverage Matrix) lodged with this Opposition;

**9. GRANT the companion Motion to Compel Production of Local Rule 7.3(a)(6) Fee**

Documentation and for an Evidentiary Hearing, filed concurrently herewith, and DEFER fixing any amount until the documentation identified in that motion is produced or the Court determines it will not be. Stratmann's Local Rule 7.3(a) particularity objections as to individual time entries are preserved and cannot be fully discharged until the DE 122-1 billing records are produced in legible, text-searchable form, because the text layer of the filed exhibit is garbled and entry-level extraction is not presently possible; and

**10. Grant such other and further relief as is just and proper.**

Respectfully submitted this 21 day of August, 2026. No. 0:26-cv-60289-WPD

**PAGE 11**

______________________________________/

Charles Jacob Stratmann, individually, Pro Se (wet-ink signature) 545 NE 17th Avenue Fort Lauderdale, FL 33301 Email: jake@starboardyacht.com Telephone: (954) 873-8546

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2026, I served the foregoing.

I certify that on Aug 21, 2026, I served a true and correct copy of the foregoing Opposition by CM/ECF on counsel of record for Plaintiff Seacoast National Bank: Amanda Leigh Klopp, Esq. (LEAD) Jenna Morgan Yoss, Esq. (LEAD) Akerman LLP (addresses of record)

______________________________________/

Charles Jacob Stratmann, Pro Se (wet-ink signature) No. 0:26-cv-60289-WPD

**PAGE 12**