**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**FORT LAUDERDALE DIVISION**

**IN ADMIRALTY**

FILED BY ___ D.C.

AUG 21 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**SEACOAST NATIONAL BANK,**

Plaintiff,

v.

M/V SLOW UR ROLL II, a 2008 Everglades 350LX Express, Official No. 1220768, HIN: RJDE0005I708, Together with all masts, boilers, cables, engines, machinery, etc., in rem, and STARBOARD YACHT GROUP LLC, a Florida limited liability company, in personam,

Defendants.

_____________________________________________/

Case No. 0:26-cv-60289-WPD

**CHARLES JACOB STRATMANN'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISBURSEMENT OF SALE PROCEEDS [DE 124] AND ALTERNATIVE REQUEST TO HOLD DISBURSEMENT IN ABEYANCE PENDING ELEVENTH CIRCUIT JURISDICTIONAL RULING**

Charles Jacob Stratmann, appearing individually as the appellant in Eleventh Circuit Case No. 26-12270-G and as a person directly affected by the requested disbursement of the substitute res, and not as counsel for Starboard Yacht Group LLC, pursuant to his Notice of Individual Appearance [DE 116], respectfully opposes Plaintiff Seacoast National Bank's Motion for Disbursement of Sale Proceeds [DE 124], or, in the alternative, asks the Court to hold any disbursement of the $160,000.00 sale proceeds in abeyance until the United States Court of

Appeals for the Eleventh Circuit resolves the pending jurisdictional question in Case No. 26-12270-G.

## I. PRELIMINARY STATEMENT

**1. On August 11, 2026, Seacoast moved for an order directing the U.S.**

Marshal and/or Clerk of Court to disburse all $160,000.00 in judicial-sale proceeds currently held from the sale of the Vessel, in three tranches: (a) $2,907.30 to Seacoast as reimbursement for U.S. Marshal fees; (b) $7,736.00 to National Liquidators for custodia legis expenses; and (c) $149,356.70 to Seacoast in partial satisfaction of the Default Judgment [DE 70]. [DE 124 at 4.]

**2. Those proceeds are the substitute res. The Vessel sold for $160,000.00**

on June 26, 2026, and the sale proceeds were deposited with the U.S. Marshal. [DE 87.] Seacoast's own filing confirms that purchaser William Wilson paid the full $160,000.00 sale price. [DE 98 at 10.] The proceeds remain undisbursed; DE 124 seeks the first distribution order that would empty the fund.

**3. Stratmann's appeal from this Court's orders is pending in the Eleventh**

Circuit as Case No. 26-12270-G. That Court issued a jurisdictional inquiry (Doc. 21). Stratmann's Response explains that the undisbursed sale proceeds supply a live in rem pathway under Point Landing, Inc. v. Alabama Dry Dock & Shipbuilding Co., 261 F.2d 861, 864 (5th Cir. 1958) (binding in this Circuit as Fifth Circuit precedent), and Taylor v. Tracor Marine, Inc., 683 F.2d 1361, 1362 (11th Cir. 1982). If this Court grants DE 124 before the Court of Appeals rules, disbursement extinguishes that substitute res and threatens to moot the appeal.

**4. Stratmann does not ask this Court to unwind the confirmed sale or to**

restore physical possession of the Vessel. He asks only that the Court deny DE 124 without prejudice, or hold disbursement in abeyance, until the Eleventh Circuit resolves whether appellate jurisdiction remains live over controversies tied to the undisbursed proceeds.

## II. BACKGROUND RELEVANT TO DISBURSEMENT

**5. Default Judgment entered May 21, 2026. [DE 70.] The Court ordered sale**

and authorized credit bidding. [DE 70 ¶¶ 8-11.] The Marshal sold the Vessel for $160,000.00; proceeds were deposited with the Marshal. [DE 87.] The Clerk entered confirmation of sale on July 15, 2026. [DE 109.] The Default Judgment provides that, absent other claims filed prior to sale, the Clerk shall pay Plaintiff out of the proceeds. [DE 70 ¶ 14.]

**6. Parallel cost and fee proceedings remain pending before Magistrate Judge**

Hunt: Bill of Costs [DE 120] / referral [DE 121], and attorneys' fees [DE 122] / referral [DE 123], with Stratmann's Opposition filed at DE 125. Those proceedings concern claims that may affect the overall allocation, accounting, and ultimate disposition of funds connected to the judgment enforcement process. Immediate total disbursement under DE 124 would prejudice orderly resolution of those referred matters by removing the fund while the amounts remain contested.

**7. On June 30, 2026, Stratmann noticed appeal pathways culminating in**

Eleventh Circuit Case No. 26-12270-G. The Court of Appeals has not dismissed the appeal. A jurisdictional question is pending. DE 124 does not mention the appeal, Case No. 26-12270-G, or the pending jurisdictional inquiry.

## III. ARGUMENT

A. Disbursement Now Threatens to Moot a Live Appeal and Extinguish the Substitute Res

**8. In admiralty, in rem jurisdiction may be supplied by the vessel, the**

sale proceeds, or substitute security. Point Landing, 261 F.2d at 864; Taylor, 683 F.2d at 1362; Nehring v. Steamship M/V Point Vail, 901 F.2d 1044 (11th Cir. 1990) (judgment may be satisfied from substitute security posted for release of vessel, confirming in rem jurisdiction over substitute res). The $160,000.00 deposited with the Marshal [DE 87] is that substitute res. Buyer payment is confirmed. [DE 98 at 10.] No distribution order has yet extinguished the fund.

**9. Once a notice of appeal is filed, the district court is divested of**

jurisdiction over the aspects of the case involved in the appeal and may not alter the status of the case as it rests before the Court of Appeals. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). Ordering complete disbursement

of the substitute res while the appellate court is actively examining jurisdiction risks materially altering the posture presented to the Court of Appeals in a way that this Court should avoid while the appeal — and this Court's own jurisdictional question to the panel — remains pending.

**10. Courts avoid actions that moot pending appeals when a narrower**

protective order will preserve the status quo. See Chafin v. Chafin, 568 U.S. 165, 172 (2013) (case is moot only when it is impossible to grant any effectual relief); Church of Scientology of Cal. v. United States, 506 U.S. 9, 12-13 (1992). Holding disbursement in abeyance is the least intrusive means of preserving the Court of Appeals' ability to decide the question it raised.

**11. Stratmann is not asking this Court to decide the Eleventh Circuit's**

jurisdiction. He asks this Court not to destroy the factual predicate — an undisbursed proceeds fund — while that question is under submission.

B. Taylor Does Not Compel Immediate Disbursement; Binding Post-Taylor Authority Limits Any Race to Empty the Substitute Res

**12. Seacoast's mootness theory elsewhere relies on Taylor v. Tracor Marine,**

Inc., 683 F.2d 1361 (11th Cir. 1982). Taylor does not require this Court to grant DE 124 now. In Taylor, the sale proceeds had already been disbursed when the appeal was heard, and the appellants had neither obtained extraordinary relief nor posted a supersedeas bond. Id. at 1362. Taylor itself recognizes that in rem jurisdiction "may be furnished by a vessel, the proceeds of the judicial sale of the vessel, or security furnished in lieu thereof," citing Point Landing, 261 F.2d at 864. Id. As long as the $160,000.00 remains undisbursed, Taylor supports — rather than defeats — preservation of the substitute res.

**13. Even after transfer or loss of physical control over a res, appellate**

jurisdiction is not automatically destroyed. Republic Nat'l Bank of Miami v. United States, 506 U.S. 80, 84, 88-89 (1992) (rejecting the asserted rule that continued control of the res is an absolute jurisdictional prerequisite in an in rem proceeding; transfer of the res by the prevailing party does not divest the court of appeals of jurisdiction). The Eleventh Circuit has applied that principle in the admiralty

attachment context: departure of the res from the district does not automatically moot the appeal. World Wide Supply OU v. Quail Cruises Ship Mgmt., 802 F.3d 1255, 1260-61 (11th Cir. 2015) (citing Republic Nat'l Bank, 506 U.S. at 84).

**14. Taylor further acknowledges the longstanding exception that removal of**

the res that is accidental, fraudulent, or improper does not destroy jurisdiction. Taylor, 683 F.2d at 1362 (citing The Rio Grande, 90 U.S. (23 Wall.) 458 (1874)). DE 124 seeks to empty the substitute res while the Eleventh Circuit's jurisdictional question [Doc. 21] remains pending, and DE 124 does not mention Case No. 26-12270-G. Stratmann does not ask this Court to label DE 124 as fraudulent. He asks the Court to decline a strategic extinguishment of the fund that supplies the live controversy the Court of Appeals is presently examining — or, at minimum, to hold disbursement in abeyance until that Court rules.

**C. Alternatively, the Court Should Enter an Indicative Ruling Under Rule 62.1**

**15. Separately, and without waiving the foregoing, Stratmann requests that**

if this Court is inclined to grant any post-judgment relief affecting the proceeds while the appeal is pending, the Court enter an indicative ruling under Fed. R. Civ. P. 62.1 stating whether it would deny DE 124, hold disbursement in abeyance, or find that the motion raises a substantial issue, so that Stratmann may notify the Court of Appeals under Fed. R. App.

**P. 12.1.**

D. Pending Cost and Fee Referrals Make Total Disbursement Premature

**16. Magistrate Judge Hunt is presently considering taxable costs [DE 120 /**

DE 121] and fees/nontaxable costs [DE 122 / DE 123 / DE 125]. Stratmann's Objection to the Bill of Costs [DE 120] has been prepared and is ready for filing (or re-filing if not yet reflected on the docket), and his Opposition to fees is already of record at DE 125. DE 124 seeks to distribute $149,356.70 to Seacoast as "partial satisfaction" — and to pay $2,907.30 and $7,736.00 from the same fund based on DE 120 cost categories — while those amounts and related documentation disputes remain live. Prudence favors keeping the proceeds intact until the referred matters

are resolved or the Court enters a coordinated distribution plan. Fee and cost awards, if any, affect allocation of the same $160,000.00 fund DE 124 seeks to empty now. Subsequent post-judgment motion activity continues to occur on the docket, confirming that administration of the judgment remains active.

E. Seacoast's Own Motion Confirms Pre-Sale Claims and a Continuing In Personam Controversy

**17. DE 124 relies on Default Judgment paragraph 14 ("Absent the filing of**

any other claims prior to the sale..."). [DE 124 at 3; DE 70 ¶ 14.] The immediately preceding paragraph provides that, under Local Admiralty Rule E(18), "claims against the proceeds of a sale, except for seamen's wages, will not be admitted on behalf of lienors who file and serve their claims after the sale." [DE 70 ¶ 13.] Seacoast's own motion acknowledges that Stratmann filed claims prior to the sale, including the Verified Claim for Seaman's Wages [DE 72], and that those claims were later disposed of by this Court. [DE 124 at 3 (citing DE 41, 53, 72, 79).] DE 72 was filed June 5, 2026; the sale occurred June 26, 2026. On June 23, 2026 — three days before the sale — this Court struck DE 72 as untimely under Supplemental Rule C(6) / Local Admiralty Rule C(6) and denied it on the merits under Sasportes v. M/V Sol de Copacabana, 581 F.2d 1204, 1208 (5th Cir. 1978). [DE 79.] Stratmann noticed appeal pathways that include DE 79. Emptying the substitute res while that appellate pathway remains open would prejudice any effectual relief if the Court of Appeals disagrees with the striking order. Stratmann does not ask this Court to re-decide DE 79 in this Opposition; he asks the Court not to treat paragraph 14 as if paragraph 13 and the pre-sale filing of DE 72 never existed.

**18. Separately, DE 124 expressly "reserves the right to seek a deficiency**

judgment against Starboard Yacht Group LLC, in personam, consistent with the Default Judgment." [DE 124 at 4.] Taylor itself recognizes that where a case also involves claims in personam, "jurisdiction might still lie." Taylor, 683 F.2d at 1362 n.2 (citing Treasure Salvors, Inc. v. Unidentified Wrecked & Abandoned Sailing Vessel, 569 F.2d 330 (5th Cir. 1978), and Inland Credit Corp. v. M/T Bow Egret, 552 F.2d 1148 (5th Cir. 1977)). Seacoast cannot simultaneously treat the

controversy as extinguished for appellate purposes while preserving in personam deficiency rights against the judgment debtor in the same action.

F. Local Rule 7.1 Conferral Was Incomplete and Names the Wrong Entity

**19. Seacoast's Local Rule 7.1(a)(3) certificate states that counsel "was**

unable to confer with Defendant Starboard Yacht Group, LLC (misnamed with an "Inc." suffix in DE 124), pursuant to Local Rule 7.1(a)(3), due to the default of the party in the case and absence of representation by counsel." [DE 124 at 5.] The defendant in this action is Starboard Yacht Group LLC, a Florida limited liability company — not an "Inc." [DE 1; DE 70.] More significantly, Stratmann has filed a Notice of Individual Appearance [DE 116], is the appellant in Case No. 26-12270-G, and filed DE 125 on August 12, 2026. Seacoast's certificate does not reflect any attempt to confer with Stratmann regarding DE 124. The Court may deny or defer the motion on that independent ground, or require a supplemental conferral certificate before granting any disbursement.

G. Undisputed Record Facts Regarding Payment Application and Reconciliation Further Support Holding Disbursement

**20. Separately from the jurisdictional and fee/cost grounds above, and**

without asking this Court in this Opposition to vacate the Default Judgment [DE 70] or to adjudicate a full accounting trial, Stratmann places before the Court undisputed or Seacoast-originated facts showing that payment application, acceleration, and the amount necessary to cure or pay off the loan were actively disputed before foreclosure proceeded, and that those disputes remain material to any claim to empty the substitute res.

**21. The following facts appear from Seacoast's own counsel correspondence**

and from the loan history Seacoast's counsel produced (BATES DOCKET-SCB-000031 / "Loan History Starboard Yacht Group"; Exhibits filed herewith):

(a) On December 9, 2025, Stratmann requested a current statement and AutoPay update from Seacoast, copying Lang Ryder as the established relationship contact. On December 19, 2025 and January 4, 2026, Stratmann again requested updated

statements, confirmation of payment receipt, and payoff information, and identified a December 18, 2025 Notice of Default/Acceleration.

(b) On January 5, 2026, Seacoast Special Assets Officer Jonathan Taylor redirected all account communications to Amanda Klopp, Esq. of Akerman LLP, without answering the payment, statement, payoff, or acceleration-status questions then pending.

(c) On January 7, 2026, Ms. Klopp stated that she could provide a loan history, that the last payment on that history was made December 2, 2025, that the November 17 and December 17, 2025 payments "were not received," and that "the loan remains accelerated." She provided a loan history.

(d) On January 8-9, 2026, Stratmann requested the promissory note, security agreement, UCC filings, insurance addenda, a current payoff statement, and written confirmation of how the December 2, 2025 payment was applied. On January 9, 2026, Ms. Klopp wrote that the December 2, 2025 payment "paid the 10/17/2025 Loan Bill and a partial bill pay of $99.92 toward the 11/17/2025 Loan Bill," referenced a payoff "as of yesterday" in separate correspondence, and continued to maintain acceleration. The stated application means $1,000.08 of the $1,100.00 December 2 payment was applied to the October installment, and only $99.92 was applied toward November — creating a traceable accounting dispute over payment sequencing.

(e) Seacoast's own FIS Global loan history (SCB-000031) reflects multiple manual payments in the second half of 2025 (including October 27 and December 2, 2025 entries of $1,100), ACH reversals on installment due dates, and a principal balance of $143,054.75 after the December 2, 2025 credit -- facts that confirm payment activity and create a documented dispute over application sequencing, including whether the December 2 payment was applied to an October installment after a separate October 27 payment had already posted. The loan history referenced by Ms. Klopp was provided as a 13-page scanned PDF; the legibility of that document is itself part of the reconciliation dispute.

**22. Stratmann does not ask this Court, on DE 124 alone, to decide the**

precise cure amount or to declare acceleration improper. He asks the Court not to distribute the entire $160,000.00 substitute res to Seacoast while: (i) the Eleventh Circuit's jurisdictional question remains pending; (ii) fee and cost referrals remain pending; and (iii) Seacoast's own documents show an unresolved payment-application and reconciliation dispute that bears on what portion of the proceeds Seacoast may equitably claim. The supporting exhibits and Undisputed / Unresponded Facts Index are filed with this Opposition (and/or by separate Notice of Filing).

H. Commercial Reasonableness Preservation Issue

**23. Stratmann further notes that the Commercial Reasonableness & Market Exposure Package (B238 evidence) concerning auction marketing, vessel identification, listing nomenclature, search visibility, auction reach, and bidder exposure raises substantial questions regarding the commercial reasonableness of the disposition process. Stratmann does not ask the Court to resolve those questions in connection with DE 124. They provide an additional reason to preserve the substitute res pending appellate jurisdictional review and while post-judgment proceedings remain pending.**

## IV. RELIEF REQUESTED

**24. Stratmann respectfully requests that the Court:**

(a) DENY DE 124 without prejudice; or

(b) HOLD IN ABEYANCE any order disbursing the $160,000.00 sale proceeds until the Eleventh Circuit issues a ruling on the pending jurisdictional question in Case No. 26-12270-G, and until Magistrate Judge Hunt resolves or reports on DE 120 and DE 122; and

(c) in the alternative, enter an indicative ruling under Fed. R. Civ. P. 62.1 stating that the Court would deny DE 124, hold disbursement in abeyance, or that DE 124 raises a substantial issue, so Stratmann may proceed under Fed. R. App. P. 12.1; and

(d) grant such other and further relief as the Court deems just and proper, including, if the Court is inclined to authorize any interim payment of undisputed

Marshal fees only, preserving the balance of the proceeds intact pending the appellate and referred proceedings identified above.

**25. Stratmann does not, by this Opposition, seek a stay of all district-court**

proceedings, does not seek to set aside the sale confirmation [DE 109], and does not purport to appear for Starboard Yacht Group LLC.

Certificate of Conferral

Pursuant to Local Rule 7.1(a)(3), the undersigned certifies that he attempted to confer with counsel for Plaintiff regarding this Opposition by email on August 12, 2026, and has separately filed or intends to file a Notice of Conferral Record and Pro Se Access Limitations documenting multiple written conferral attempts and requests for verification that remain unresolved. As of filing, no agreement has been reached. Stratmann opposes DE 124 for the reasons stated herein.

Respectfully submitted,

/s/ Charles Jacob Stratmann Charles Jacob Stratmann, individually, Pro Se 545 NE 17th Avenue Fort Lauderdale, FL 33301 Telephone: (954) 873-8546 Email: jake@starboardyacht.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2026, a true and correct copy of the foregoing document was served on counsel of record for Plaintiff by electronic mail and first-class U.S. Mail, and that the original will be lodged with the Clerk of the Court for filing.

Amanda Leigh Klopp, Esq. (LEAD) Jenna Morgan Yoss, Esq. (LEAD) Akerman LLP 777 S. Flagler Dr., Ste 1100 - West Tower West Palm Beach, FL 33401 Email: amanda.klopp@akerman.com Email: jenna.yoss@akerman.com

Kristen M. Fiore, Esq. Akerman LLP 777 S. Flagler Dr., Ste 1100 - West Tower West Palm Beach, FL 33401 Email: kristen.fiore@akerman.com

I further certify that a copy was served via U.S. Mail on Defendant Starboard Yacht Group LLC at 545 NE 17th Ave., Ft. Lauderdale, FL 33301.

/s/ Charles Jacob Stratmann Charles Jacob Stratmann

---

DECLARATION UNDER 28 U.S.C. § 1746

I, Charles Jacob Stratmann, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

/s/ Charles Jacob Stratmann

Charles Jacob Stratmann

Dated: August 20, 2026