**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**IN ADMIRALTY**

SEACOAST NATIONAL BANK,
Plaintiff,
v.
M/V SLOW UR ROLL II, a 2008 Everglades 350LX Express, Official No. 1220768, HIN: RJDE0005I708, Together with all masts, boilers, cables, engines, machinery, etc., in rem, and STARBOARD YACHT GROUP LLC, a Florida limited liability company, in personam,
Defendants.

FILED BY EB D.C.
AUG 21 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

---

Case No. 0:26-cv-60289-WPD

**CHARLES JACOB STRATMANN'S OBJECTION TO PLAINTIFF'S BILL OF COSTS [DE 120]**

Charles Jacob Stratmann, appearing individually and not as counsel for Starboard Yacht Group LLC, respectfully objects, with reasonable particularity, to Plaintiff's Bill of Costs [DE 120], referred to Magistrate Judge Hunt [DE 121], and states:

**I. PRELIMINARY STATEMENT**

Plaintiff's AO 133 Bill of Costs [DE 120] seeks $6,989.80 in taxable costs under 28 U.S.C. Sec. 1920 and Local Admiralty Rule E(14), entered on the docket July 28, 2026. This Objection is tendered with a motion for leave. The docket set responses to DE 120 due August 11, 2026; that date has passed. Default Judgment DE 70 paragraph 7 established entitlement to recover costs "to be taxed." Entitlement is not contested here. The amount is subject to statutory limitation and documentation requirements, and one line item -- the $2,415.00 Marshal's commission on sale -- must be considered together with Plaintiff's separately requested $12,800.00 National Liquidators sales commission in the companion fee motion [DE 122], to prevent a double recovery of commission on the same $160,000 judicial sale.

The Court should tax, at this time, only the $1,007.30 in uncontested Clerk, service, and

Marshal-arrest/publication fees, and defer taxation of the remaining $5,982.50, because: (1) the $2,415.00 Marshal's sale commission [Sec. 1920(1)/Sec. 1921(c)(1)] duplicates, in substantial part, the function of the $12,800.00 private brokerage commission Plaintiff simultaneously seeks from National Liquidators for the identical sale, and Plaintiff has not shown both were independently necessary; and (2) the $3,567.50 in custodia legis storage and insurance charges must be cross-checked against amounts already included in the underlying judgment [DE 70] to avoid re-taxing costs already reduced to judgment.

## II. LEGAL STANDARD

Costs taxable under 28 U.S.C. Sec. 1920 are limited to the six enumerated categories, and a prevailing party's discretion to recover them is not unlimited; the burden is on the party seeking costs to justify each category and amount. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987); Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988) ("the presumption is in favor of awarding costs, but the burden is on the losing party to demonstrate that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party"). In admiralty foreclosure and judicial-sale proceedings, marshal's fees and custodia legis expenses are taxable, but only to the extent reasonable, documented, and not duplicative of other cost or fee recovery sought in the same case. Local Admiralty Rule E(14).

Local Rule 7.3(a) forbids recovering, through a fee motion, any cost properly sought in a bill of costs -- the converse likewise applies: a bill of costs should not be used, nor should its taxation proceed in isolation, where doing so would permit the same economic function (a commission on the identical $160,000 sale) to be recovered twice through two different procedural vehicles referred to the same Magistrate Judge.

## III. THE $2,415.00 MARSHAL'S SALE COMMISSION DUPLICATES THE $12,800.00 NATIONAL LIQUIDATORS COMMISSION SOUGHT FOR THE SAME SALE

DE 120-1 itemizes a U.S. Marshal's commission on sale of $2,415.00 under 28

**U.S.C. Sec. 1921(c)(1), arising from the same June 26, 2026 judicial sale of the M/V Slow** UR Roll II for $160,000. In the companion fee motion referred to this Court [DE 122], Plaintiff separately seeks $12,800.00 -- 8% of the identical $160,000 sale price -- as a "National Liquidators sales commission," sourced to a one-page invoice under an Exclusive Sales Agreement [DE 86]. Both charges are commissions calculated as a function of the same sale of the same vessel on the same date. Plaintiff has not explained, in either DE 120 or DE 122, why the estate needed to pay both a statutory Marshal's commission for conducting the judicial sale and a private 8% brokerage commission to National Liquidators for the same sale, nor has Plaintiff documented that the National Liquidators engagement was authorized as an addition to, rather than a substitute for, the Marshal's sale function.

Stratmann does not ask the Court to strike the Marshal's statutory commission outright, since Sec. 1921(c)(1) commissions are ordinarily taxable as a matter of course following a judicial sale conducted by the Marshal. Stratmann asks that taxation of the $2,415.00 item be held pending, or granted subject to, a requirement that Plaintiff demonstrate the National Liquidators commission sought in DE 122 was not a duplicate private substitute for the same marshal-sale function, so that the Court does not tax one commission here while a second commission on the identical transaction is awarded under a separate referral without any crosswalk between the two.

## IV. THE $3,567.50 CUSTODIA LEGIS CHARGES REQUIRE A JUDGMENT CROSSWALK BEFORE TAXATION

DE 120-1 seeks $3,027.50 in National Liquidators storage charges and $540.00 in insurance charges as custodia legis expenses under Local Admiralty Rule E(14). Custodia legis expenses incurred and already reduced to judgment may not be taxed a second time as costs. Stratmann is not presently able to confirm from the record before him whether some or all of these storage and insurance charges were already included within the $168,773.21 default judgment amount

in DE 70, because DE 70 does not itemize its components with sufficient particularity to permit that comparison on this record. Stratmann objects to taxation of the $3,567.50 custodia legis subtotal to the extent it duplicates any amount already reduced to judgment, and requests that the Court require Plaintiff to certify, with supporting invoices and a judgment crosswalk, that no portion of the $3,567.50 sought here was already included in the DE 70 judgment.

## V. THE REMAINING $1,007.30 IN CLERK, SERVICE, AND PUBLICATION FEES IS NOT CONTESTED

Stratmann does not contest the following DE 120 line items, which are straightforward Sec. 1920 categories supported by the record: the $405.00 Clerk's filing fee [Sec. 1920(1)]; the $110.00 service of process charge [Sec. 1920(1)]; the $8.70 Marshal mileage charge; the $325.00 Marshal arrest-service charge; the $138.60 publication charge for notice of the judicial sale; and the $20.00 bill-of-sale fee. These items total $1,007.30 and should be taxed now. The remaining $5,982.50 ($2,415.00 Marshal sale commission plus $3,567.50 custodia legis) should be deferred pending the crosswalk and certification requested in Parts III and IV.

## VI. RELIEF REQUESTED

**WHEREFORE, Charles Jacob Stratmann respectfully requests that the Court:**

1. GRANT IN PART and DEFER IN PART DE 120;

2. Tax the uncontested $1,007.30 in Clerk, service, mileage, arrest, publication, and bill-of-sale fees now;

3. Defer taxation of the $2,415.00 Marshal's sale commission until Plaintiff demonstrates, by crosswalk to DE 122, that it does not duplicate the $12,800.00 National Liquidators sales commission sought for the identical sale;

4. Defer taxation of the $3,567.50 custodia legis subtotal until Plaintiff certifies, with supporting invoices, that no portion duplicates any amount already included in the DE 70 judgment;

5. Order that no cost item taxed under DE 120 also be recovered as a nontaxable expense under DE 122, and vice versa; and

6. Grant such other and further relief as is just and proper.

Respectfully submitted this 21 day of August, 2026.

Charles Jacob Stratmann, Pro Se 545 NE 17th Avenue Fort Lauderdale, FL 33301 Email: jake@starboardyacht.com Telephone: (954) 873-8546

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.3(b), the undersigned certifies that on August 10, 2026, he served a draft of this Objection on counsel for Plaintiff by email at kristen.fiore@akerman.com, amanda.klopp@akerman.com, and jenna.yoss@akerman.com, and attempted to confer in good faith. No response was received as of the date of filing.

Charles Jacob Stratmann, Pro Se (wet-ink signature)

**CERTIFICATE OF SERVICE**

I certify that on Au, 21, 2026, I served a true and correct copy of the foregoing Objection by hand delivery / U.S. Mail / CM/ECF (circle one) on counsel of record for Plaintiff Seacoast National Bank:

Amanda Leigh Klopp, Esq. (LEAD) Jenna Morgan Yoss, Esq. (LEAD) Akerman LLP 777 S. Flagler Dr., Ste 1100 - West Tower West Palm Beach, FL 33401 Email: amanda.klopp@akerman.com Email: jenna.yoss@akerman.com

Kristen M. Fiore, Esq. Akerman LLP 777 S. Flagler Dr., Ste 1100 - West Tower West Palm Beach, FL 33401 Email: kristen.fiore@akerman.com

Charles Jacob Stratmann, Pro Se (wet-ink signature)