**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

IN ADMIRALTY
CASE NO.: 0:26-cv-60289-WPD

**SEACOAST NATIONAL BANK,**

Plaintiff,

vs.

**M/V SLOW UR ROLL II**, a 2008 Everglades 350LX Express, Official No. 1220768, HIN: RJDE0005I708, Together with all masts, boilers, cables, engines, machinery, etc., *in rem*, and **STARBOARD YACHT GROUP LLC**, a Florida limited liability company, *in personam*,

Defendants.
_________________________________________/

**PLAINTIFF SEACOAST NATIONAL BANK'S OMNIBUS RESPONSE IN SUPPORT OF MOTION FOR DISBURSEMENT OF SALE PROCEEDS**

Plaintiff Seacoast National Bank ("Seacoast" or "Plaintiff"), by and through undersigned counsel, files this Omnibus Response in Support of its Motion for Disbursement of Sale Proceeds [DE 124], which has been referred to Magistrate Judge Hunt for review [DE 129]. Plaintiff files the instant Response following the Opposition of *pro se* non-party Charles Jacob Stratmann ("Stratmann") and related filings [DE 134, 135, 138, and 139], and states as follows:

**Introduction**

On August 11, 2026, Seacoast filed its Motion for Disbursement of Sale Proceeds [DE 124], seeking distribution of the $160,000.00 in proceeds from the confirmed judicial sale of the M/V SLOW UR ROLL II ("Vessel") in accordance with the Default Judgment [DE 70]. The sale was conducted by the U.S. Marshal on June 26, 2026 [DE 87], and confirmed by the Clerk on July 15, 2026 [DE 109]. No stay of any kind is in effect. Stratmann responded to Plaintiff's Motion for

Disbursement of Sale Proceeds with four overlapping and largely duplicative filings: an Opposition [DE 134], a duplicate of that same Opposition [DE 135], a Motion for Indicative Ruling under Rule 62.1 [DE 138], and a Notice of Filing Exhibits [DE 139]. These filings raise no new arguments that warrant denial or delay of disbursement of the sale proceeds, as already fully adjudicated by this Court in the Final Judgment [DE 70], and which adjudication has not been appealed or stayed.

**Argument and Incorporated Memorandum of Law**

**I. The District Court Retains Full Authority to Disburse the Sale Proceeds**

Stratmann's central argument is that disbursement would "extinguish the substitute res" and moot his pending appeal (No. 26-12270-G). Stratmann cites *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), for the proposition that this Court is divested of jurisdiction over the sale proceeds. But *Griggs* divestiture extends only to "those aspects of the case involved in the appeal." *Id*. at 58. Enforcement of a judgment is not divested by a notice of appeal absent a stay. *U.S. Commodity Futures Trading Comm'n v. Escobio*, 946 F.3d 1242, 1251 (11th Cir. 2020) ("Absent entry of a stay, a district court retains jurisdiction to enforce its judgment . . . during the pendency of an appeal."). Here, Plaintiff seeks disbursement of confirmed sale proceeds as ordered within the Default Judgment. [DE 70 ¶ 14.] Stratmann has never obtained a stay from this Court or from the Eleventh Circuit. This Court has repeatedly denied his stay requests. [DE 82, 85, 91, 118.]

Stratmann attempts to recast *Taylor v. Tracor Marine, Inc.*, 683 F.2d 1361 (11th Cir. 1982), as authority requiring preservation of the proceeds. In *Taylor*, the Eleventh Circuit held that after a vessel is sold and the proceeds are disbursed, the *in rem* action becomes moot. *Id.* at 1362. The court did *not* hold that a district court must defer disbursement pending appeal in the absence of a stay or supersedeas bond. Instead, *Taylor* noted that the appellants had resisted disbursement of

proceeds, and were unsuccessful at the trial court level. *Id.* The Eleventh Circuit commented that the appellants could have filed any supersedeas bond to obtain a stay upon appeal, but failed to do so—and likewise, neither has Stratmann. *Id.* "A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder,* 556 U.S. 418, 433 (2009) (citing *Virginian Ry. Co. v. U.S.*, 272 U.S. 658, 672 (1926)). Stratmann has had every opportunity to seek—and has repeatedly failed to obtain—a stay. He has filed no fewer than four (4) emergency stay motions in this Court [DE 75, 85, 110, 115, 117] and three (3) stay motions in the Eleventh Circuit [Doc 2, 3, 20]. None of which have been granted.[1] [DE 84, 91, 118.] Nor has he filed a supersedes bond. Just as the district court did in *Taylor*, this Court may order disbursement of proceeds.

Stratmann further argues that the Eleventh Circuit's jurisdictional inquiry [Doc 21] requires this Court to hold disbursement in abeyance. An appellate court's inquiry into its own jurisdiction does not operate as a stay, does not divest this Court of enforcement authority, and does not impose any obligation on this Court to withhold the proceeds. If the Eleventh Circuit wished to preserve the proceeds, it could have entered a stay, but it has not done so.

## II. A Rule 62.1 Indicative Ruling is Unwarranted

Stratmann further asks this Court to issue an indicative ruling under Federal Rule of Civil Procedure 62.1 stating that it would deny or hold disbursement in abeyance. An indicative ruling is appropriate only where the district court lacks authority to grant a motion due to a pending appeal, and concludes it would grant a motion "if the court of appeals remands for that purpose." Fed. R. Civ. P. 62.1(a)(3). That has not occurred and this Court has no basis to indicate it would deny disbursement. The Default Judgment [DE 70] directs the Clerk to pay Seacoast from the

[1] The appellate court has not ruled on Stratmann's stay motions, and, instead, issued a Jurisdiction Question posing that the appeal may be "moot given that the judicial sale of the subject vessel has been completed and the district court has confirmed the sale." [Doc 21.]

proceeds. The sale was confirmed [DE 109]. No valid claims remain against the proceeds. The pending appeal does not alter these facts.

**III. Stratmann's Remaining Arguments Lack Merit**

In no cognizable relation to the disbursement issue, Stratmann also introduces new allegations regarding pre-suit payment application and loan reconciliation. [DE 134, ¶¶ 20–22; DE 139.] These are defenses to the underlying foreclosure which has already been fully resolved by entry of Default Judgment against Starboard Yacht Group LLC ("SYG") and the Vessel. [DE 70.] Payment-application disputes, cure-amount questions, and loan-reconciliation theories are defenses that SYG—the Borrower—forfeited by defaulting. Stratmann, who is not a party to the underlying Ship Mortgage or the Default Judgment, and whose individual claims in this lawsuit have been denied [DE 30, 53, 79], cannot resurrect SYG's waived defenses through the back door of a disbursement opposition filed months after final judgment.

Stratmann argues that the pendency of the Bill of Costs [DE 120] and attorneys' fees motion [DE 122] before Magistrate Judge Hunt makes disbursement premature. Those proceedings concern amounts that may be awarded *in addition to* the Default Judgment amount. The disbursement sought by Seacoast is in partial satisfaction of the adjudicated Default Judgment amount of $168,773.21. Subsequent fee and cost awards do not reduce the Default Judgment amount or require that the proceeds be held.

Lastly, Stratmann objects that Plaintiff's Local Rule 7.1 certificate refers to "Starboard Yacht Group, Inc." rather than "LLC." This scrivener’s error is inconsequential and does not provide a basis for denying or deferring disbursement, nor impose a requirement to confer with Stratmann, a *pro se* non-party who has been repeatedly denied his attempted representation of SYG in this lawsuit, regarding effectuating relief that has already been ordered by the Court in the Default Judgment.

## Conclusion

**WHEREFORE**, Plaintiff Seacoast National Bank respectfully requests that this Court enter an Order granting the full relief requested in Plaintiff's Motion for Disbursement of Sale Proceeds [DE 124], deny Stratmann's motions and requests [DE 134, 135, 138, 139], and grant such other and further relief as deemed just and proper.

Dated: August 28, 2026

Respectfully submitted,

*/s/ Amanda Klopp*

Amanda Klopp, Esq.
Florida Bar Number: 124156
amanda.klopp@akerman.com
Jenna M. Yoss, Esq.
Florida Bar Number: 1049858
jenna.yoss@akerman.com
**AKERMAN LLP**
777 S. Flagler Dr., Ste 1100 - West Tower
West Palm Beach, FL 33401
Tel: (561) 653-5000
Fax: (561) 659-6313
*Attorneys for Seacoast National Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served the same day via transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case, and via US Mail to those listed below.

Charles Jacob Stratmann
Starboard Yacht Group LLC
545 NE 17th Ave.
Ft. Lauderdale, FL 33301

/s/ *Amanda Klopp*
Amanda Klopp, Esq.