Charles Jacob Stratmann
545 NE 17th Avenue
Fort Lauderdale, FL 33301
Telephone: (954) 873-8546
Email: jake@starboardyacht.com
Pro Se, Individually

FILED BY VB D.C.
SEP 11 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**FORT LAUDERDALE DIVISION**

**IN ADMIRALTY**

CASE NO. 0:26-cv-60289-WPD

SEACOAST NATIONAL BANK,

Plaintiff,

v.

M/V SLOW UR ROLL II, in rem, and STARBOARD YACHT GROUP LLC, in personam,

Defendants.

# CHARLES JACOB STRATMANN'S OPPOSITION TO PLAINTIFF'S RENEWED MOTION TO STRIKE (DE 142)

Charles Jacob Stratmann, appearing individually and not as counsel for Starboard Yacht Group LLC, opposes Plaintiff's Renewed Motion to Strike [DE 142].

## I. What DE 142 asks

DE 142, entered August 28, 2026, renews Plaintiff's Motion to Strike [DE 127] and asks the Court to strike three filings: (1) Stratmann's Opposition to Plaintiff's Motion for Award of Attorneys' Fees and Non-Taxable Costs [DE 125]; (2) his later Opposition to the same fee motion [DE 133]; and (3) his Objection to Plaintiff's Bill of Costs [DE 136]. DE 142 expressly incorporates DE 127 by reference and advances the same standing theory: fees and costs are sought against SYG LLC only, and Stratmann therefore lacks standing to oppose. DE 142 at ¶1-¶6.

By DE 141 (entered August 27, 2026), Magistrate Judge Hunt has DE 127, DE 135, and DE 138 for disposition or report and recommendation. DE 142 is a renewed strike vehicle that does not change the merits briefing already pending before the Magistrate.

## II. DE 142 renews the same standing attack three times

The standing theory in DE 142 is identical to DE 127. Plaintiff argues: (1) Stratmann is not a party; (2) he cannot represent SYG; (3) his individual claims have been dismissed or stricken (citing DE 15, 30, 53, 79); therefore (4) he lacks standing to oppose fees and costs sought only against SYG. DE 142 at ¶6.

The response is the same as Stratmann's Opposition to DE 127 [Paper A]: non-party status does not eliminate standing to oppose a fee motion directed at one's own conduct. DE 127 at 3 n.1 attributes the fee size to Stratmann's individual actions. Plaintiff cannot use Stratmann's individual filings to enlarge the request and then treat him as a stranger to the amount. Local Rule 7.3(a) requires particularized objections to time entries and nontaxable expenses; DE 133 and DE 133-1 are that record.

Although no published Eleventh Circuit decision directly addresses a non-party's standing to oppose a fee motion directed at a different party, the principle follows from the recognized interest of a non-party whose own conduct is the basis for the fee request. The fee motion here attributes its size to Stratmann's individual filings. That attribution creates a sufficient interest to oppose the amount.

## III. Rule 12(f) reaches pleadings, not memoranda

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The pleadings are those listed in Rule 7(a). A post-judgment opposition memorandum is not among them.

The Eleventh Circuit has read the same words that way in an unpublished decision: "motions to strike are only appropriately addressed towards matters contained in the pleadings." Polite v. Dougherty Cnty. Sch. Sys., 314 F. App'x 180, 184 n.7 (11th Cir. 2008). That opinion is not binding, see 11th Cir. R. 36-2, but it applied Rules 7(a) and 12(f) to a filing that, like DE 125, DE 133, and DE 136, is not a pleading. A copy is attached.

DE 125, DE 133, and DE 136 are memoranda opposing a referred Local Rule 7.3 fee motion and bill of costs. They are not complaints, answers, or other Rule 7(a) pleadings. A motion styled as a "strike" does not convert them into one.

## IV. DE 133 is the live paper on the referred fee motion

DE 125 was entered August 12, 2026. DE 127 named that filing and no later one. On August 24, 2026, Stratmann filed a fifteen-page opposition to DE 122 with particularized Local Rule 7.3 objections (DE 133, DE 133-1, DE 133-2). DE 127 does not mention DE 133. DE 142 now seeks to strike DE 133 directly, but DE 133 is the operative opposition on the referred fee motion.

Striking DE 125, DE 133, and DE 136 would leave the Court without a usable fee record. The Court should decide DE 122 on DE 133 and DE 133-1, not through a strike vehicle.

## V. Conferral

Plaintiff's August 27, 2026 conferral email constituted threshold-only conferral under Local Rule 7.1(a)(3). It did not address the merits of the renewed strike request. Stratmann responded by email on September 8, 2026, advising Plaintiff that he opposes the requested relief and explaining that DE 133 is the operative opposition on the referred fee motion. The parties did not reach agreement. This opposition is filed in accordance with the Local Rules.

## VI. Requested relief

1. Deny DE 142.

2. Decide DE 122 on the existing referred record, including DE 133, DE 133-1, and DE 133-2.

3. Do not strike DE 125, DE 133, or DE 136.

4. Nothing in this response asks the Court to set aside the confirmation of sale, to stay the case, or to treat Stratmann as counsel for SYG.

## Exhibit List

Exhibit A — Polite v. Dougherty Cnty. Sch. Sys., 314 F. App'x 180 (11th Cir. 2008). Supports Rule 12(f) argument — motions to strike reach pleadings only, not memoranda. Attached.

Exhibit B — DE 127, Motion to Strike (Aug. 17, 2026). Shows the original standing theory renewed by DE 142 — fees attributed to Stratmann's individual conduct at 3 n.1. Attached.

## CERTIFICATE OF CONFERRAL

I certify that I have conferred with counsel for Plaintiff Seacoast National Bank in compliance with Local Rule 7.1(a)(3) regarding the relief requested in this Opposition. Plaintiff's August 27, 2026 conferral email constituted threshold-only conferral and did not address the merits. The parties did not reach agreement.

Dated: September 11, 2026.

______________________________

Charles Jacob Stratmann, individually, Pro Se

545 NE 17th Avenue

Fort Lauderdale, FL 33301

Email: jake@starboardyacht.com

Telephone: (954) 873-8546

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 11, 2026, I served a true and correct copy of the foregoing upon counsel of record for Plaintiff Seacoast National Bank by U.S. Mail and by electronic mail:

Amanda Leigh Klopp, Esq.

Akerman LLP — amanda.klopp@akerman.com

Jenna Morgan Yoss, Esq. — Akerman LLP — jenna.yoss@akerman.com

Akerman LLP

Charles Jacob Stratmann, Pro Se

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 11, 2008
THOMAS K. KAHN
CLERK

No. 07-14108
Non-Argument Calendar

D.C. Docket No. 05-00174-CV-WLS-1

DR. FREDERICK POLITE,

Plaintiff-Appellant,

versus

DOUGHERTY COUNTY SCHOOL SYSTEM,
SALLY WHATLEY, Individually and in her
Official Capacity as Superintendent of the
Doughtery County School System,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Georgia

**(August 11, 2008)**

Before EDMONDSON, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Frederick Polite, an African-American male, appeals the district court's grant of summary judgment in favor of his former employer Dougherty County School System ("DCSS") and DCSS superintendent Sally Whatley, ending his discrimination and retaliation claims under Title VII, 42 U.S.C. § 2000e-2(a)(1), and 42 U.S.C. §§ 1981, 1983, and dismissing several state law claims.[1] No reversible error has been shown; we affirm.

Polite formerly worked for DCSS as a math and science teacher. His claims stem from his failure to be hired as a principal or assistant principal after applying for several such positions at certain schools in DCSS. Whatley is responsible for recommending to DCSS persons to be hired. For assistant principals, Whatley depends on the principal of the hiring school to make a recommendation to her. Principals generally rely on a leadership committee at their school to assist them with interviewing and recommending candidates. The principal makes a recommendation to Whatley; and she then makes a recommendation to the school board. In selecting a principal, a selection committee at the school interviews qualified applicants and recommends its top two or three choices to Whatley. She

---

[1] Claims against state actors for violations of section 1981 must be brought pursuant to section 1983. Butts v. County of Volusia, 222 F.3d 891, 892-94 (11th Cir. 2000). Title VII and section 1983 claims have the same elements where the claims are based on the same set of facts. Rioux v. City of Atlanta, Ga., 520 F.3d 1269, 1275 n.5 (11th Cir. 2008).

then evaluates whether the top selection is appropriate and makes a recommendation to the Board. In her tenure as superintendent, Whatley has endorsed to the Board every recommendation made to her by principals and selection committees. According to Whatley, no one ever had recommended Polite to her for a principal or assistant principal position; and she never told anyone not to recommend Polite for a position.

Polite interviewed with selection committees to be considered for various principal and assistant principal positions within DCSS. Based on a conversation he had with Valerie Overstreet-Thomas, the principal at Lamar Reese Elementary School, he understood that Overstreet-Thomas had recommended him for the assistant principal position at that school; but Polite never interviewed personally with Overstreet-Thomas. She informally interviewed Polite over the phone and planned to recommend him and one other person for the assistant principal position, but after checking his references, decided against recommending Polite. Though she initially told Whatley she planned to recommend Polite, she ultimately did not recommend him. Polite also stated that Johnny Scott, the principal at Southside Middle School, "basically promised" him the assistant principal position there; but then, according to Polite, Scott told him that Whatley would not allow his recommendation to go through. Scott stated that he told Polite he had

decided to recommend another person for the position and that he never promised Polite the position.

In his complaint, Polite alleged that DCSS and Whatley, by failing to hire him, unlawfully discriminated against him because of his sex and race. The district court concluded that Polite had not made a prima facie case of discriminatory failure to hire.

On appeal, Polite argues that the district court erred in determining that he did not make a prima facie case of failure to hire because he was recommended for the positions in question,[2] but Whatley rejected him. We review a district court's grant of summary judgment de novo; we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party. Maniccia v. Brown, 171 F.3d 1364, 1367 (11th Cir. 1999).

A prima facie case of hiring or promotion discrimination requires a plaintiff to prove the following things: (1) he belonged to a protected class, (2) he applied for and was qualified for a job for which the employer was seeking applicants, (3) despite these qualifications, he was rejected, and (4) after the rejection, the

---

[2]Polite abandoned the following claims by failing to offer argument on them: hostile work environment under Title VII, violations of freedom of speech, association and to petition the government under section 1983 and the Georgia Constitution, equal protection and due process violations under section 1983, and state law breach of contract. See Denney v. City of Albany, 247 F.3d 1172, 1182 (11th Cir. 2001) (explaining that issues not briefed on appeal are abandoned).

employer continued to seek applications from persons with similar qualifications or promoted a person outside the protected class. Perryman v. Johnson Prods. Co., Inc., 698 F.2d 1138, 1142 nn.6-7 (11th Cir. 1983).[3]

The district court committed no error when it concluded that Polite did not make a prima facie case of discriminatory failure to hire. That Polite never was recommended to Whatley -- either by a principal or selection committee -- for a position is undisputed; and thus, Whatley never rejected him for a position. See id.[4] As per hiring policy, Whatley recommended to the Board a candidate who a principal or selection committee had recommended to her. Because Polite never was recommended to her, she never considered him in her recommendations to the Board.[5] In his affidavit opposing summary judgment, Polite alleged that Overstreet-Thomas and Scott recommended him to Whatley; but these allegations were not based on personal knowledge and were contradicted directly by the deposition testimony of Overstreet-Thomas and Scott, who did have personal

[3]No direct evidence of discrimination is alleged. Because this case is a circumstantial evidence case, the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 93 S.Ct. 1817 (1973), applies.

[4]The district court concluded that, because Polite never was recommended for a position pursuant to DCSS hiring practices, he had not "applied" for the positions. It is clear that Polite did apply for the positions but was not recommended for them. This misconstruction of the word "apply" does not impact on the ultimate correctness of the district court's decision.

[5]Polite made clear in his complaint and deposition that he believed only Whatley had discriminated against him.

knowledge of whether they made such recommendations. See Fed.R.Civ.P. 56(e)(1) (an affidavit opposing summary judgment must be made on personal knowledge and set out facts that would be admissible in evidence).

We now address Polite's retaliation claim. He alleged that, during his employment with DCSS, he complained to Whatley about her "discriminatory hiring practices." And shortly after his complaints, he was transferred to a different school in DCSS. He alleged that the transfer was in retaliation for complaining about Whatley's hiring practices. On appeal, Polite argues that the transfer violated DCSS policy and, thus, was direct evidence of retaliation.

To establish a prima facie case of retaliation under Title VII, a plaintiff must show, among other things, that he suffered an adverse employment act. Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001). An adverse employment act is "[a] tangible employment action [that] constitutes a significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits." Webb-Edwards v. Orange County Sheriff's Office, 525 F.3d 1013, 1031 (11th Cir. 2008) (internal quotation and citation omitted). The act must be such that "a reasonable employee would have found the

challenged action materially adverse." Burlington N. & Santa Fe. Ry. Co. v. White, 126 S.Ct. 2405, 2415 (2006).

The district court committed no error in granting summary judgment on Polite's retaliation claim because he suffered no adverse employment act. His teaching job after the transfer involved the same responsibilities, and he had the same pay. He stated in his deposition that he got along well with the principal at his new school. Thus, his employment status was not materially adversely affected by the transfer.[6]

On appeal, Polite also challenges the district court's dismissal of his state law claims on sovereign immunity grounds. He contends that because DCSS had liability insurance, it waived its sovereign immunity. Sovereign immunity extends to the state and all of its departments and agencies and can be waived only by a legislative act specifically delineating the waiver. Ga. Const. Art. I, § 2, ¶ IX(e). While the Georgia Tort Claims Act provides for a limited waiver of the state's sovereign immunity for torts of its officers and employees, this waiver expressly

---

[6]The district court correctly granted summary judgment on all Title VII claims against Whatley in her individual capacity: Title VII does not provide for suits against persons in their individual capacities. Cross v. State of Ala., 49 F.3d 1490, 1504 (11th Cir. 1995). Because the section 1981 claims, brought pursuant to section 1983, against Whatley were brought as a "parallel remedy" for Title VII violations, summary judgment also was appropriate on those claims. See Underwood v. Perry County Comm'n, 431 F.3d 788, 793 (11th Cir. 2005) (Title VII and section 1983 use the same analytical framework when section 1983 is used as a parallel remedy for a Title VII violation).

excludes school districts. O.C.G.A. § 50-21-22(5). Polite has not shown that DCSS waived its immunity because he points to no legislative act providing for a waiver. In addition, because Whatley was a state employee whose alleged tort was committed while acting within the scope of her employment, she also was entitled to immunity. O.C.G.A. § 50-21-25(a).

AFFIRMED.[7]

---

[7]We briefly address Polite's remaining arguments. He argues that the district court erred in denying his motion to increase the number of depositions he could take from 10 to 20. But Polite offers no substantive argument on why this decision was in error; we deem this argument waived. See Flanigan's Enters., Inc. of Ga. v. Fulton County, Ga., 242 F.3d 976, 987 n.16 (11th Cir. 2001) (a party waives an issue where, although the issue was mentioned in passing, the party did not elaborate or provide any citation of authority in support of the issue). He also argues that the district court erred in denying his motion to strike Watley's affidavit in support of summary judgment. But motions to strike are only appropriately addressed towards matters contained in the pleadings; here, the affidavit was submitted as part of the motion for summary judgment, which is not a pleading. See Fed.R.Civ.P. 7(a), 12(f). Contrary to Polite's unsupported assertions on appeal, nothing evidences that the district court viewed the evidence in the light most favorable to Defendants or that Defendants did not seek summary judgment on all of his claims. The record shows that the district court adequately evaluated and considered the evidence before it and applied the correct legal standards in deciding the summary judgment motion.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

IN ADMIRALTY
CASE NO.: 0:26-cv-60289-WPD

**SEACOAST NATIONAL BANK,**

Plaintiff,

vs.

**M/V SLOW UR ROLL II**, a 2008 Everglades 350LX Express, Official No. 1220768, HIN: RJDE0005I708, Together with all masts, boilers, cables, engines, machinery, etc., *in rem*, and **STARBOARD YACHT GROUP LLC**, a Florida limited liability company, *in personam*,

Defendants.
_______________________________________/

**PLAINTIFF SEACOAST NATIONAL BANK'S MOTION TO STRIKE CHARLES JACOB STRATMANN'S OPPOSITION TO PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND NON-TAXABLE COSTS**

Plaintiff Seacoast National Bank ("Seacoast"), by and through undersigned counsel, respectfully moves to strike non-party Charles Jacob Stratmann's ("Stratmann") Opposition to Plaintiff's Motion for Award of Attorneys' Fees and Non-Taxable Costs [DE 125] (the "Opposition") because Stratmann lacks standing to oppose a fee-and-cost award sought against Defendant Starboard Yacht Group LLC ("SYG"). In support, Seacoast states as follows:

**INTRODUCTION**

Stratmann's latest filing is another procedurally improper attempt to inject himself into this litigation after this Court has repeatedly held that he lacks standing to do so. [DE 15, 30, 53, 57, 61, 79, 84]. Although Stratmann alleges he is "appearing individually and not as counsel for [SYG]," Plaintiff's Motion for Award of Attorneys' Fees and Non-Taxable Costs (the "Motion")



88033002;1

only seeks an award against SYG. [DE 125, 122.] Stratmann cannot oppose relief sought only against SYG, nor may he use Plaintiff's Motion as another opportunity to reassert arguments this Court has already rejected. The opposition must be stricken.

**BACKGROUND**

1. On July 29, 2026, Seacoast moved for an award of attorneys' fees and non-taxable costs. The Motion requests $63,457.50 in attorneys' fees and $13,858.21 in non-taxable costs, and the proposed order awards those sums against SYG, *in personam*. [DE 122.].

2. On August 12, 2026, Stratmann filed his Opposition, challenging the amount of the requested award. [DE 125.]

3. Prior to filing his Opposition, Stratmann has been repeatedly admonished by this Court that he cannot appear to represent SYG's interests, including orders striking his filings as improperly filed by a non-attorney purporting to act for SYG, denying intervention because SYG's inability to defend itself is a "natural consequence of Stratmann's failure to obtain counsel," and striking his verified claim and answer since "Stratmann, as a member of [SYG], may not assert counterclaims on behalf of the entity without counsel." [DE 15 at 2-3; DE 30 at 3; DE 53 at 2.]

4. Nevertheless, Stratmann continued to file motions "ostensibly in his personal capacity and on behalf of [SYG]." [DE 61.] The Court struck those filings, explaining "[a]s this Court has repeatedly admonished, it is well-settled principle of law that a corporation cannot appear pro se and must be represented by counsel," and holding that "[a]ny future filings on behalf of Defendant(s) must be filed by counsel or will otherwise be automatically stricken." *Id.*

5. In another case concurrently proceeding in this District, Judge Singhal found Stratmann had "repeatedly been told that he may not file pro se on behalf of [SYG]" yet filed another pro se motion only five days after he was advised in open court that such filings were

improper. *See Starboard Yacht Group LLC v. Contessa Marine Research LLC*, No. 0:23-cv-61696-CIV-Singhal, ECF 299 at n.1 (S.D. Fla. February 20, 2026).

## ARGUMENT

Plaintiff's Motion seeks relief against SYG, *in personam*. [DE 122.] Because Stratmann is not the party against whom the requested fee-and-cost award is sought, and because he cannot represent SYG, the Court should strike his Opposition for lack of standing.

Stratmann's Opposition seeks to reduce or defeat an award of attorneys' fees and costs against SYG.[1] That is precisely the procedural maneuver this Court has already rejected. Stratmann cannot avoid this Court's orders by adding the phrase "individually and not as counsel for [SYG]" to the first page of a filing whose only practical purpose is to prevent as award against SYG. [DE 125.] Plaintiff's Motion presents a narrow post-judgment issue: the amount of Seacoast's recoverable attorneys' fees and non-taxable expenses under the Default Judgment. [DE 122.] The Court therefore should strike the Opposition or, at minimum, disregard it and adjudicate Plaintiff's Motion without giving effect to an unauthorized filing by a nonparty.

## CONCLUSION

For the foregoing reasons, Seacoast respectfully requests that the Court enter an order striking Charles Jacob Stratmann's Opposition to Plaintiff's Motion for Award of Attorneys' Fees and Non-Taxable Costs [DE 125] for lack of standing; (2) granting Plaintiff's Motion for Award of Attorneys' Fees and Non-Taxable Costs [DE 122]; and (3) granting such other and further relief as the Court deems just and proper.

---

[1] As explained in the Motion, Plaintiff's attorneys' fees were substantially increased as a result of Stratmann's actions.

**Local Rule 7.1(a)(3) Certificate**

I was unable to confer with non-party Charles Jacob Stratmann pursuant to Local Rule 7.1(a)(3) due to the absence of representation by counsel.

Dated: August 17, 2026

Respectfully submitted,

*/s/ Amanda Klopp*
Amanda Klopp, Esq.
Florida Bar Number: 124156
amanda.klopp@akerman.com
Jenna M. Yoss, Esq.
Florida Bar Number: 1049858
jenna.yoss@akerman.com
**AKERMAN LLP**
777 S. Flagler Dr., Ste 1100 - West Tower
West Palm Beach, FL 33401
Tel: (561) 653-5000 /Fax: (561) 659-6313
*Attorneys for Seacoast National Bank*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served the same day via transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case, and via US Mail to those listed below.

Charles Jacob Stratmann
545 NE 17th Ave.
Ft. Lauderdale, FL 33301

*/s/ Amanda Klopp*
Amanda Klopp, Esq.



88033002;1

Charles Jacob Stratmann

545 NE 17th Avenue

Fort Lauderdale, FL 33301

Telephone: (954) 873-8546

Email: jake@starboardyacht.com

Pro Se, Individually

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

IN ADMIRALTY

CASE NO. 0:26-cv-60289-WPD

SEACOAST NATIONAL BANK,

Plaintiff,

v.

M/V SLOW UR ROLL II, in rem, and STARBOARD YACHT GROUP LLC, in personam,

Defendants.

CHARLES JACOB STRATMANN'S MOTION FOR LEAVE TO FILE SURREPLY

Charles Jacob Stratmann, appearing individually and not as counsel for Starboard Yacht Group LLC, moves for leave to file a surreply to Plaintiff's Omnibus Response in Support of Motion for Disbursement of Sale Proceeds [DE 143], pursuant to S.D. Fla. Local Rule 7.1(c). The proposed surreply is attached as Attachment A and addresses matters raised in DE 143 that were not addressed in Stratmann's prior opposition (DE 134).

I. Basis for surreply

DE 143, entered August 28, 2026, is Plaintiff's reply in support of DE 124 (Motion for Disbursement). Under S.D. Fla. Local Rule 7.1(c), 'no further or additional memoranda shall be filed without prior leave of Court.' Stratmann seeks leave to file a surreply because DE 143 raises new arguments regarding Taylor v. Tracor Marine, the Griggs 'aspect involved in the appeal' test, and the 'Starboard Yacht Group, Inc.' naming defect that were not addressed in his prior opposition (DE 134). The proposed surreply is attached.

II. Good cause

DE 143 introduces legal arguments not raised in Plaintiff's initial motion (DE 124) that Stratmann had no opportunity to address in DE 134. Specifically, DE 143 cites Taylor, Griggs, Escobio, and Nken for propositions that, if unaddressed, may prejudice Stratmann's appellate rights. The proposed surreply is limited to responding to those new arguments and does not introduce new claims or evidence.

III. Requested relief

1. Grant leave to file the attached surreply.

2. Consider the attached surreply in ruling on DE 124.

CERTIFICATE OF CONFERRAL

I certify that I have conferred with counsel for Plaintiff Seacoast National Bank in compliance with Local Rule 7.1(a)(3) regarding the relief requested in this Motion. The parties did not reach agreement.

Dated: September 11, 2026.

______________________________

Charles Jacob Stratmann, individually, Pro Se

545 NE 17th Avenue

Fort Lauderdale, FL 33301

Email: jake@starboardyacht.com

Telephone: (954) 873-8546

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 11, 2026, I served a true and correct copy of the foregoing upon counsel of record for Plaintiff Seacoast National Bank by U.S. Mail and by electronic mail:

Amanda Leigh Klopp, Esq.

Akerman LLP — amanda.klopp@akerman.com

Jenna Morgan Yoss, Esq. — Akerman LLP — jenna.yoss@akerman.com

______________________________

Charles Jacob Stratmann, Pro Se