UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 26-60289-CIV-DIMITROULEAS/HUNT

SEACOAST NATIONAL BANK,

Plaintiff,

v.

M/V SLOW UR ROLL II, a 2008 Everglades 350LX Express, Official No. 1220768, HIN: RJDE0005I708, Together with all masts, boilers, cables, engines, machinery, etc., in rem, and STARBOARD YACHT GROUP LLC, a Florida limited liability company, *in personam*,

Defendants.
_____________________________________/

**ORDER**

THIS CAUSE is before this Court on a Motion to Strike and a Renewed Motion to Strike filed by Plaintiff Seacoast National Bank. ECF Nos. 127; 142. The Honorable William P. Dimitrouleas, United States District Judge, referred these Motions to the undersigned United States Magistrate Judge. ECF Nos. 123; 141; *see* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having reviewed the Motions, the Responses, applicable law, and being otherwise fully advised in the premises, it is hereby ORDERED that the Motions are GRANTED for the reasons set forth below.

**BACKGROUND**

This is an admiralty action brought by Plaintiff Seacoast National Bank against Defendant M/V Slow UR Roll II and Defendant Starboard Yacht Group LLC. ECF No. 63. Charles Jacob Stratmann, who is proceeding *pro se*, previously sought to intervene in this case as "the sole member, sole manager, and sole personal guarantor" of Starboard

Yacht Group LLC. ECF No. 17 at 2. The district judge in this case denied Stratmann's motion to intervene. ECF No. 30.

The district judge has struck multiple filings by Stratmann throughout this litigation. In doing so, he stated that "to the extent Stratmann seeks to represent either named defendant, it is a well-settled principle of law that a corporation cannot appear *pro se* and must be represented by counsel." ECF No. 15 at 2. The district judge found that "Stratmann lacks standing to file claim of interest pursuant to Supplemental Rule C, because only 'a person who asserts a right of possession or any ownership interest in the property that is the subject of the action' has standing to file a claim of interest." ECF No. 53 at 1 (citations omitted). He expressly warned Stratmann that "[a]ny future filings on behalf of Defendant(s) must be filed by counsel or will otherwise be automatically stricken." ECF No. 61 at 1. Nevertheless, Stratmann has continued to file various motions, objections, and responses in this litigation. He has purported to appear as an individual "claimant/party-in-interest" since July 20, 2026. ECF No. 116 at 2.

The Court resolved the merits issues of this case when it entered a final default judgment in favor of Plaintiff.[1] ECF No. 70. Afterwards, Plaintiff moved for an award of attorney's fees and a bill of costs. ECF Nos. 120; 122. Stratmann filed an opposition to Plaintiff's fees and costs motions. ECF No. 125. Plaintiff promptly moved to strike that opposition. ECF No. 127. Later, Stratmann filed another objection. ECF Nos. 136; 137. Plaintiff renewed its motion to strike. ECF No. 142. The matter is now fully briefed and ripe for determination.

[1] Stratmann attempted to vacate the default judgment but was unsuccessful. *See* ECF No. 118 (denying various emergency motions brought to challenge default judgment and judicial sale of marine vessel).

## DISCUSSION

Plaintiff now asks this Court to strike both Stratmann's opposition and objection to the fees and costs motions. Plaintiff asserts that "Stratmann is not the party against whom the requested fee-and-cost award is sought." ECF No. 127 at 3. Plaintiff's motions boil down to a straightforward argument: "Stratmann has no standing to object to costs taxed against [Starboard Yacht Group LLC] for the same reasons this Court has articulated throughout this litigation: he is not a party, he cannot represent [Starboard Yacht Group LLC], and his individual claims have been dismissed or stricken." ECF No. 142 at 2. Plaintiff characterizes Stratmann's filings as "another procedurally improper attempt to inject himself into this litigation." ECF No. 127 at 1.

In opposition, Stratmann argues that "non-party status does not eliminate standing to oppose a fee motion directed at one's own conduct." ECF No. 144 at 2. Stratmann contends that Plaintiff "cannot use Stratmann's individual filings to enlarge the [attorney's fees and costs] request and then treat him as a stranger to the amount." *Id.*

The undersigned agrees with Plaintiff that Stratmann does not have any authority to represent Starboard Yacht Group LLC. "[A] corporation is an artificial entity that can act only through agents, cannot appear *pro se,* and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). In a different case, another district judge from this Court noted that Stratmann "has repeatedly been told" that he may not file *pro se* on behalf of Starboard Yacht Group LLC. *Starboard Yacht Grp. LLC v. Contessa Marine Rsch., LLC*, No. 23-61696-CIV-SINGHAL, 2026 WL 482679, at *1 n.1 (S.D. Fla. Feb. 20, 2026). Stratmann does not argue otherwise, but it appears that he did not take that admonishment to heart.

As to Stratmann's argument, it is true that Plaintiff's fees motion references his filings as a basis for its fee award. For example, Plaintiff argues that "while 141.9 hours may seem high for a case that ultimately resulted in default, the hours expended and fees incurred were substantially increased by the conduct of non-party Charles Jacob Stratmann, who has pursued a relentless campaign of meritless, frivolous, and harassing litigation against Plaintiff, Plaintiff's counsel, and the orderly administration of this case." ECF No. 122 at 9. But that alone does not mean it is proper for Stratmann, a non-party, to oppose the Motions. *See United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 430 (2023) ("[N]on-parties typically cannot do much of anything in a lawsuit."). Any fees and costs judgment would be entered against the named corporate defendants only—not Stratmann himself—so Stratmann's opposition to the entry of that judgment would be a prohibited action taken *pro se* in defense of another's interest.

On the record before the undersigned, Stratmann lacks an independent basis upon which to oppose Plaintiff's fees and costs motions. "[I]ntervention is the requisite method for a nonparty to become a party to a lawsuit," and Stratmann already failed to meet his burden in a motion to intervene. *United States ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 933 (2009). Stratmann poses no legitimate reason to allow late-game intervention now. And Stratmann does not provide any legal authority supporting his assertion that he has "standing to oppose a fee motion directed at one's own conduct." ECF No. 144 at 2. For all of these reasons, Plaintiff's motions to strike are due to be granted.

## CONCLUSION

Accordingly, it is hereby ORDERED and ADJUDGED that:

1. The Motion to Strike, ECF No. 127, is GRANTED.
2. The Renewed Motion to Strike, ECF No. 142, is GRANTED.
3. The following docket entries filed by Charles Jacob Stratmann are STRICKEN from the record:
    a. Opposition to Plaintiff's Motion for Award of Attorneys' Fees and Non-Taxable Costs, ECF No. 125;
    b. Opposition to Plaintiff's Motion for Award of Attorneys' Fees and Non-Taxable Costs, ECF No. 133;
    c. Objection to Plaintiff's Bill of Costs, ECF No. 136; and
    d. Notice of Errata and Filing of Corrected Exhibit B, ECF No. 137.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 6th day of October 2026.

PATRICK M. HUNT
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
Counsel of record