UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 26-60289-CIV-DIMITROULEAS/HUNT

SEACOAST NATIONAL BANK,

Plaintiff,

v.

M/V SLOW UR ROLL II, a 2008 Everglades 350LX Express, Official No. 1220768, HIN: RJDE0005I708, Together with all masts, boilers, cables, engines, machinery, etc., in rem, and STARBOARD YACHT GROUP LLC, a Florida limited liability company, *in personam*,

Defendants.
_______________________________________/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before this Court on the Motion for Bill of Costs ("Motion") filed by Plaintiff Seacoast National Bank. ECF No. 120. The Honorable William P. Dimitrouleas, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for appropriate disposition. ECF No. 121; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motion, the record, and being otherwise fully advised in the premises, the undersigned hereby RECOMMENDS that the Motion be GRANTED as set forth below.

Plaintiff Seacoast National Bank ("Plaintiff") brought an admiralty action against Defendants M/V Slow Ur Roll II (the "Vessel") and Starboard Yacht Group LLC. ECF No. 63. The Court entered final default judgment in favor of Plaintiff and against Defendants. ECF No. 70. The judgment states that "Plaintiff is also entitled to recover its attorneys'

fees, costs and expenses herein to be taxed, and any additional custodial, storage and insurance fees and expenses." *Id.* at 2.

Now, Plaintiff seeks costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, S.D. Fla. L. R. 7.3(c), 28 U.S.C. § 1920, and 28 U.S.C. § 1821. ECF No. 120. The Motion is unopposed.[1] Plaintiff requests taxable costs in the amount of $6,989.80, consisting of $405.00 in filing fees, $110.00 in service fees, $2,907.30 in fees of the U.S. Marshal, and $3,567.50 in *custodia legis* fees.

Rule 54(d) of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54 "creates a presumption in favor of awarding costs to the prevailing party which [the opposing party] must overcome." *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). The Court may tax costs for the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

[1] *Pro se* litigant Charles Jacob Stratmann filed oppositions to the Motion, but those filings were stricken as procedurally improper. *See* ECF No. 146.

> In admiralty cases, the prevailing party is entitled to additional costs:
>
> (a) *Expenses of Sureties as Costs.* If costs are awarded to any party, then all reasonable premiums or expenses paid by the prevailing party on bonds, stipulations and/or other security shall be taxed as costs in the case.
>
> (b) *Costs of Arrest or Attachment.* If costs are awarded to any party, then all reasonable expenses paid by the prevailing party incidental to, or arising from the arrest or attachment of any vessel, property and/or cargo shall be taxed as costs in the case.

Local Admiralty Rule 14.

Filing fees are routine litigation expenses compensable as fees of the Clerk, so Plaintiff should be awarded that $405.00 amount. *See* 28 U.S.C. § 1920(1). As to the service costs, such costs are recoverable provided the rate charged does not exceed the cost of having a U.S. Marshal effect service. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Here, Plaintiff requests costs for having a private entity complete two instances of service at a cost of $55.00 each. ECF No. 120-1 at 10–11. The requested service costs are consistent with the statutory cap, so Plaintiff should be awarded $110.00 in service fees.

Next, Plaintiff seeks $2,907.30 as fees of the U.S. Marshal. The request includes $8.70 in mileage for the arrest of the Vessel, $325.00 in service fees for the arrest of the Vessel, $138.60 for publication of Vessel sale, $20.00 for the bill of sale of the Vessel, and $2,415.00 in commission on sale of the Vessel. Courts may tax fees of the U.S. Marshal Service. *See* 28 U.S.C. § 1920(1); *see also* 28 U.S.C. § 1921(a)(1). Also, reasonable expenses arising from the arrest of a vessel are allowable as taxable costs. *See* Local Admiralty Rule 14(b). "[T]he fees for the arrest of the Vessel in this case are clearly compensable under 28 U.S.C. § 1920(1) as fees of the U.S. Marshal." *Seacoast Nat'l Bank v. M/Y VIAGGIO*, No. 22-62311-CIV-RUIZ/STRAUSS, 2023 WL 6930685, at

*7 (S.D. Fla. Oct. 2, 2023), *report and recommendation adopted*, No. 22-62311-CIV-RUIZ, 2023 WL 6908985 (S.D. Fla. Oct. 19, 2023). Further, the undersigned has reviewed the invoice for the publication of the Vessel sale and the U.S. Marshal Service civil process worksheet. ECF No. 120-1 at 6–9. The identified costs are reasonable, so the requested $2,907.30 in fees of the U.S. Marshal should be awarded.

Finally, Plaintiff requests $3,567.50 in *custodia legis* fees. "*Custodia legis* expenses are 'the expenses incurred in operating and caring for a vessel while in the custody of a court.'" *Seacoast Nat'l Bank*, 2023 WL 6930685, at *7 (citation omitted). *Custodia legis* expenses "are paid from the fund within the court's control 'only to the extent that they are reasonable.'" *Julien v. M/Y Pacific II*, No. 09-22457-CIV MORENO/TORRES, 2010 WL 11647170, at *5 (S.D. Fla. July 2, 2010) (citation omitted). Indeed, the Court must "use its broad equitable powers to ensure that the expenses are reasonable, and that justice is served." *Robbie's of Key West v. M/V Komedy III*, No. 19-10193-CIV-MOORE, 2020 WL 13389894, at *3 (S.D. Fla. Nov. 4, 2020) (cleaned up).

Here, Plaintiff states that the *custodia legis* fees are inclusive of $3,027.50 in storage fees and $540.00 in insurance fees. Storage fees are recoverable. *See, e.g., Staats v. M/Y GOLDEN COMPASS*, No. 16-62202-CIV-BLOOM/VALLE, 2017 WL 6508385, at *2 (S.D. Fla. Dec. 20, 2017) (awarding $13,625.00 in storage fees as a *custodia legis* expense). Similarly, "insurance expenses incurred by a court-appointed custodian to protect an arrested vessel would normally be allowable under the doctrine of *custodia legis*." *Century Bank v. M/V Summer 69*, No. 23-61616-CIV-SINGHAL/MCCABE, 2026 WL 2170457, at *11 (S.D. Fla. May 22, 2026), *report and recommendation adopted*, No. 23-61616-CIV-SINGHAL/MCCABE, 2026 WL 2819754

(S.D. Fla. Sept. 21, 2026). The undersigned has reviewed the third-party invoices supporting this cost request and finds that the requested amounts are reasonable. ECF No. 120-1 at 12–14. Plaintiff should be awarded $3,027.50 in *custodia legis* fees. The full amount of this cost request should be granted.

**RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Plaintiff's Motion for Bill of Costs, ECF No. 120, be GRANTED, such that Plaintiff Seacoast National Bank be awarded taxable costs in the amount of $6,989.80.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above finding and recommendations as provided by the Local Rules for this district. 28 U.S.C. §636(b)(1); S.D. Fla. Mag. R. 4(b). The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 19th day of November 2026.

PATRICK M. HUNT
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record